JOHN P. REITMAN (State Bar No. 80579)
jreitman@landaufirm.com
MONICA RIEDER (State Bar No. 263250)
mrieder@landaufirm.com
JACK A. REITMAN (State Bar No. 283746)
jareitman@landaufirm.com
LANDAU LAW LLP
1880 Century Park East, Suite 1101
Los Angeles, California 90067
Telephone: (310) 557-0050
Facsimile: (310) 557-0056

Special Litigation Attorneys for
Plaintiff Richard A. Marshack,
Chapter 7 Trustee for Eagan Avenatti, LLP

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP<br><br>Debtor | Case No. 8:19-bk-13560-CB<br><br>Chapter 7<br><br>Adv. No. 8:20-ap-01086-CB<br><br>**SUMMONS SERVICE EXECUTED RE SERVICE OF:**<br><br>**1) COMPLAINT;** |
| RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE FOR EAGAN AVENATTI, LLP,<br><br>Plaintiff,<br><br>v.<br><br>THE X-LAW GROUP, PC, a professional corporation; FILIPPO MARCHINO, an individual; ELBA HERNANDEZ, individually and as personal representative and successor in interest to Andres Ramirez, deceased; YOUNG BLUE LLC, a limited liability company; and SANDY LE, individually and on behalf of Tina Ngan Le, decedent,<br><br>Defendant. | **2) SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004−1]; AND**<br><br>**3) PLAINTIFF'S NOTICE OF REQUIRED COMPLIANCE WITH FRBP 7026 AND LBR 7026-1**<br><br>**Status Conference Date and Time:**<br>Date:  August 4, 2020<br>Time:  1:30 p.m.<br>Place:  Courtroom 5D<br>            411 W Fourth St.<br>            Santa Ana, CA 92701 |

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Plaintiff Richard A. Marshack, Chapter 7 Trustee submits the Declaration of Vanessah

2  Richmond reflecting the Plaintiff's service of:

3    1.    Complaint for Preliminary Injunction, Declaratory Judgment, and Further Relief;

4    2.    Summons and Notice of Status Conference; and

5    3.    Notice of Required Compliance with Federal Rule of Bankruptcy Procedure 7026

6  and Local Bankruptcy Rule 7026-1.

7

8  Dated: May 21, 2020                LANDAU LAW LLP

9

10                    By_____/s/ John P. Reitman_____

11                          John P. Reitman

                       Special Litigation Attorneys for

12                     Plaintiff Richard A. Marshack,

13                     Chapter 7 Trustee for Eagan Avenatti, LLP

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

## **DECLARATION OF VANESSAH RICHMOND**

I, Vanessah Richmond, hereby declare as follows:

1.      I am over 18 years of age, and I am not a party to the above-captioned bankruptcy case or adversary proceeding.  My business address is Landau Law LLP ("Firm"), 1880 Century Park East, Suite 1101, Los Angeles, CA 90067.

2. On May 21, 2020, as shown by the attached Proof of Service, I served the *Complaint for Preliminary Injunction, Declaratory Judgment, and Further Relief* [Docket No. 1]; the *Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004–1];* issued by the Clerk of the Court [Docket No. 2]; and the *Plaintiff's Notice of Required Compliance with FRBP 7026 and LBR 7026-1* on the defendants listed on the attached Proof of Service.  I did so by placing true and correct copies of those documents in an envelope with first class postage thereon fully prepaid, addressed to the defendants at the addresses shown on the attached Proof of Service.  On the same day correspondence is placed for collection and mailing in that outgoing mail box, such correspondence is deposited in the ordinary course of business in a United States Postal Service mailbox by a Firm employee.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed this 21st day of May 2020, at Los Angeles, California.


Vanessah Richmond

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2

EXHIBIT 1

1 | JOHN P. REITMAN (State Bar No. 80579)
jreitman@landaufirm.com
2 | MONICA RIEDER (State Bar No. 263250)
mrieder@landaufirm.com
3 | JACK A. REITMAN (State Bar No. 283746)
jareitman@landaufirm.com
4 | LANDAU LAW LLP
1880 Century Park East, Suite 1101
5 | Los Angeles, California 90067
Telephone: (310) 557-0050
6 | Facsimile: (310) 557-0056

7 | Special Litigation Attorneys for
Richard A. Marshack,
8 | Chapter 7 Trustee for Eagan Avenatti, LLP

9

10 | **UNITED STATES BANKRUPTCY COURT**

11 | **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| 12  In re | Case No.: 8:19-bk-13560-CB |
| 13  EAGAN AVENATTI, LLP, | Chapter 7 |
| 14                       Debtor. | Adv. No.: |
| 15 | |
| 16  RICHARD A. MARSHACK, Chapter 7 | **COMPLAINT FOR PRELIMINARY INJUNCTION, DECLARATORY JUDGMENT, AND FURTHER RELIEF** |
| 17  Trustee for Eagan Avenatti, LLP, | |
| 18                       Plaintiff, | |
| 19           v. | |
| 20  THE X-LAW GROUP, PC, a professional | |
| 21  corporation; FILIPPO MARCHINO, an individual; ELBA HERNANDEZ, | |
| 22  individually and as personal representative and successor in interest to Andres | |
| 23  Ramirez, deceased; YOUNG BLUE LLC, a limited liability company; and SANDY | |
| 24  LE, individually and on behalf of Tina Ngan Le, decedent, | |
| 25 | |
| 26                       Defendants. | |
| 27 | |
| 28 | |

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

EXHIBIT 1
3

Plaintiff is Richard A. Marshack, chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of Eagan Avenatti, LLP ("EA"). As the Trustee was not appointed until after EA filed bankruptcy on September 13, 2019 (the "Petition Date"), the Trustee does not have personal knowledge of the facts alleged herein that occurred prior to the Petition Date and therefore makes those allegations on information and belief. Such allegations are based on the following: EA's files; the records of EA's former equity receiver, Brian Weiss; the testimony of EA's former managing partner, Michael J. Avenatti, in various proceedings; information provided by other attorneys who worked at EA; and documents filed with the Los Angeles County Superior Court, the United States Bankruptcy Court for the Central District of California, and the United States District Court for the Central District of California.

## JURISDICTION AND VENUE

1. In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Santa Ana Division of the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court") has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334, because the claims asserted arise under Title 11 of the United States Code or arise in or relate to the Chapter 7 case of the debtor, EA, currently pending in the Bankruptcy Court as Case No. 8:19-bk-13560-CB ("EA Bankruptcy Case"). The outcome of this adversary proceeding will have a significant effect on the Estate because it asserts claims for the establishment and protection of the Estate's property rights and recovery of the proceeds of those rights. The claims for relief in this Complaint constitute a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O). Regardless of whether this is a core proceeding, consent is given to the entry of final orders and judgment by the Bankruptcy Court. The defendants are notified that Fed. R. Bankr. P. 7012(b) requires each defendant to state whether the defendant does or does not consent to entry of final orders or judgment by the Bankruptcy Court.

2. Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409 because the EA Bankruptcy Case is pending in this district and division. This Court also has personal jurisdiction over defendants.

Landau Law LLP
Attorneys at Law
Los Angeles, California

2

EXHIBIT 1
4

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**PARTIES**

3.   Plaintiff, Richard A. Marshack, is the chapter 7 trustee of the Estate.

4.   Defendant The X-Law Group, PC ("X-Law"), is a California professional corporation with a primary place of business in Los Angeles County, California.

5.   Defendant Filippo Marchino ("Marchino") is an individual with a primary place of business in Los Angeles County, California, and the president of X-Law.

6.   Defendant Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased ("Hernandez"), is an individual who resides in Los Angeles County, California.  Hernandez is a former client of EA.

7.   Defendant Young Blue, LLC ("Young Blue") is a Delaware limited liability company that owns or owned real estate in Los Angeles County.  Young Blue is a former client of EA.

8.   Defendant Sandy Le, individually and on behalf of Tina Ngan Le, decedent ("Le"), is an individual who resides in Los Angeles County, California.  Le is a former client of EA.

**GENERAL ALLEGATIONS**

9.   EA was a California based litigation law firm formed in the mid-2000s.  From approximately 2012 through 2019, the managing partner of EA was Michael J. Avenatti ("Avenatti").

10.   EA primarily handled plaintiff contingency matters, whereby the firm only received legal fees after a case was resolved in favor of EA's client.  EA's general business practice was to enter into a fee agreement with each client providing that EA would be paid a certain percentage of the proceeds of any judgment or settlement obtained on behalf of the client and granting EA a lien on those proceeds to secure its right to fees.

11.   In 2016, an arbitration claim was filed against EA and Avenatti by Jason Frank Law ("JFL"), the professional corporation of Jason Frank, an attorney who previously worked at EA.  EA fared badly in the early stages of the arbitration due to Avenatti's refusal to comply with discovery requests.  Two days before a major discovery deadline in the arbitration, Avenatti orchestrated the filing of an involuntary bankruptcy case against EA in the Middle District of Florida on March 1, 2017, thereby staying the arbitration.

3

EXHIBIT 1
5

12.     Avenatti consented to EA being placed into Chapter 11 bankruptcy on March 10, 2017, and the case was subsequently transferred to this Bankruptcy Court on May 16, 2017 (*In re Eagan Avenatti, LLP*, Case No. 8:17-bk-11961-CB) ("2017 Bankruptcy").

13.     The 2017 Bankruptcy was dismissed on March 15, 2018, as part of a structured settlement approved by the Bankruptcy Court.  That structured settlement required EA, following the dismissal of the bankruptcy, to pay certain debts it owed to creditors, including JFL.  Shortly after the 2017 Bankruptcy was dismissed, EA defaulted on its obligations under the settlement agreement.  As a result of EA failing to make any of the required payments to JFL, the Bankruptcy Court entered a judgment in favor of JFL and against EA in the amount of $10 million on May 22, 2018 (the "JFL Judgment").

14.     On June 11, 2018, JFL filed a motion in the 2017 Bankruptcy, seeking assignment of EA's fee rights to JFL to satisfy the JFL Judgment.  On July 11, 2018, the Bankruptcy Court entered an order denying the request for an assignment but restraining EA from transferring its fee rights in a number of cases and requiring EA to disclose the receipt of fees by EA or Avenatti.

15.     On August 31, 2018, the JFL Judgment was registered before the United States District Court for the Central District of California and was assigned to Chief Judge Virginia A. Phillips [*In re Eagan Avenatti*, 8:18-cv-01644-VAP-KES] (the "Judgment Enforcement Case").

16.     As part of the Judgment Enforcement Case, JFL moved for the appointment of an independent receiver for the assets of EA.  Avenatti stipulated to the appointment of Brian Weiss as the equity receiver for EA (the "Receiver").  Pursuant to that stipulation, on February 13, 2019, the District Court entered a Receivership and Restraining Order against EA and Avenatti.

17.     On September 13, 2019, the Receiver filed a voluntary petition under Chapter 7 of Title 11 initiating this case.

**X-Law's Participation in Avenatti's Theft of $2.5 Million Belonging to EA and One of EA's Clients**

18.     X-Law and Marchino have had an intimate and multifaceted relationship with EA

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4

EXHIBIT 1
6

1   and Avenatti since at least 2013.[1]  Among other things, Avenatti asserted during the 2017

2   Bankruptcy that EA had entered into an agreement with X-Law under which EA purportedly

3   agreed to assign a portion of its fee rights to X-Law, pay the salaries of X-Law employees, and

4   pay the entire rent for office space shared by EA and X-Law.  After the dismissal of the 2017

5   Bankruptcy and entry of the JFL Judgment, Avenatti and Marchino signed an agreement dated "as

6   of August 1, 2018" under which EA purported to transfer all of its personal property, including the

7   computer servers on which its client files were stored, to X-Law.

8        19.      Prior to the Petition Date, X-Law aided Avenatti in transferring millions of dollars

9   between his various entities, including EA.  X-Law also used $1,000,000 it received from an

10  Avenatti entity that operated coffeeshops to pay personal expenses for Avenatti.

11       20.      On approximately January 25, 2017, EA received a settlement payment of

12  $2,750,000 on behalf of one of its clients, Alexis Gardner ("Gardner").  EA was entitled to a

13  portion of those funds for its 33% contingency fee plus costs, and Gardner was entitled to the rest.

14  On January 26, 2017, Avenatti caused EA to transfer almost the entire settlement payment

15  ($2,500,000) from EA's client trust account to X-Law's client trust account.  The same day, X-

16  Law transferred the entire $2,500,000 it received from EA to Honda Aircraft Company, LLC

17  ("Honda"), to purchase a partial ownership interest in a private jet for Avenatti through Passport

18  420, LLC, an entity Avenatti controlled and in which he had an interest.  Neither EA nor Gardner,

19  the owners of the transferred funds, received any benefit from X-Law's transfer to Honda.

20  **EA's Representation of Hernandez**

21       21.      EA represented Hernandez in her capacity as guardian ad litem for her minor son,

22  Andres Ramirez ("Ramirez"), who was severely injured when he was struck by a car while riding

23  his bicycle through an intersection in the city of Pasadena, California ("Pasadena").

24       22.      EA performed at least the following legal services on behalf of Hernandez:  filing a

25  tort claim with Pasadena on October 7, 2016; when the claim was rejected as untimely, filing an

26

27  ───────────────

   [1] Full details of that relationship can be found in the Trustee's *Motion for Issuance of an Order Under Bankruptcy*
28  *Rule 2004 Compelling the Production of Documents by and the Examination of (1) The X-Law Group, PC, and (2)*
   *Filippo Marchino*, EA Bankruptcy Case docket no. 119.

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

                                          5

EXHIBIT 1
7

1  application with Pasadena for leave to file a late claim; when that application was denied, filing a

2  petition in the Los Angeles Superior Court (the "Superior Court") for leave to file a complaint

3  against Pasadena, which was granted; filing a complaint against Pasadena in the Superior Court;

4  amending the complaint to add as a defendant Jacquelyn Licea, the driver of the car that struck

5  Ramirez; and litigating the Superior Court case from its inception in June 2017 until June 2018.

6      23.    On June 1, 2018, less than two weeks after the JFL Judgment was entered against

7  EA, Avenatti signed a substitution of attorney under which X-Law became Hernandez' counsel in

8  place of EA.  Marchino signed the substitution on behalf of X-Law.  The substitution was filed

9  with the Superior Court on July 26, 2018, *after* the Bankruptcy Court had entered the order

10  restraining EA from transferring its fee rights in a number of cases, specifically including

11  Hernandez' case.

12      24.    Hernandez' case remains pending in the Superior Court under case no. BC664114

13  (the "Hernandez Case").[2]

14  **EA's Representation of Young Blue**

15      25.    Young Blue was another of EA's clients.  Young Blue owned residential property

16  at 2587 Cascadia Drive, Glendale, CA.  Young Blue retained EA to represent it in asserting claims

17  against Karen Pena ("Pena"), the owner of the neighboring property, and Elizabeth Herron /

18  Elizabeth Herron Architect (collectively, "Herron"), who performed work on Pena's property that

19  damaged Young Blue's property.

20      26.    EA performed at least the following legal services on behalf of Young Blue:  filing

21  a complaint against Pena and Herron in the Superior Court; obtaining entry of default against

22  Pena; and obtaining a default judgment against Pena in November 2018.

23      27.    On September 30, 2019, X-Law filed a substitution of attorney indicating that

24  Young Blue consented to X-Law becoming counsel.  Marchino signed the substitution on behalf

25  of X-Law.  The section of the form for former counsel to consent to the substitution is blank.

26

27  _____
[2]  After Ramirez passed away on February 25, 2019, the complaint was amended to reflect Hernandez' new status as
28  survivor of and personal representative and successor in interest to Ramirez.

6

EXHIBIT 1
8

1    (Since the Trustee was then in sole legal control of EA, Avenatti could no longer sign the

2    substitution on EA's behalf.)

3        28.    Young Blue's case remains pending in the Superior Court under case no.

4    BC693618 (the "Young Blue Case").

5    **EA's Representation of Sandy Le**

6        29.    EA represented Le in connection with claims arising from the death of Le's

7    daughter, Tina Ngan Le ("Tina Le"), in a multi-vehicle automobile accident.

8        30.    EA performed at least the following legal services on behalf of Le:  filing a

9    complaint in the Superior Court against Mario Martin Saldivar, the driver of the car that struck the

10    car in which Tina Le was a passenger, and against various Doe defendants who contributed to the

11    accident; obtaining an order to examine, photograph, and download information from the vehicles

12    involved in the accident; and litigating the case from its inception in January 2018 until October

13    2018.

14        31.    On October 1, 2018, Avenatti signed a substitution of attorney under which X-Law

15    became Le's counsel in place of EA.  Marchino signed the substitution on behalf of X-Law.  The

16    substitution of attorney occurred after the JFL Judgment had been entered against EA, the

17    Bankruptcy Court had entered the order restraining EA from transferring fee rights, and JFL had

18    filed the Judgment Enforcement Case and was seeking discovery from EA and Avenatti.

19        32.    Le's case remains pending in the Superior Court under case no. BC691517 (the "Le

20    Case," and, with the Hernandez Case and the Young Blue Case, the "Cases").

21    **X-Law Opposes the Estate's Claim to Fees**

22        33.    X-Law has sent multiple communications to the Receiver and the Trustee

23    contesting the Estate's right to fees and/or to receive a portion of the proceeds of a settlement,

24    judgment, or other recovery in the Cases.  Marchino signed and/or sent each of these

25    communications.  Marchino also made statements to opposing counsel in at least one of the Cases

26    contesting the Estate's rights.

27

28

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

7

EXHIBIT 1
9

**FIRST CLAIM FOR RELIEF**

**(Against X-Law and Marchino, For Preliminary Injunction Under 11 U.S.C. § 105(a))**

34.    The Trustee incorporates by reference and realleges paragraphs 1-33 of this Complaint.

35.    Under California law, as the former attorneys for Hernandez, Young Blue, and Le (the "Clients"), EA has a right to payment for the reasonable value of the services it provided to the Clients, regardless of whether or not EA has a written fee agreement with the Clients and/or a lien on the proceeds of any recovery.

36.    Under California law, when the contingency fee in an action "is insufficient to meet the quantum meruit claims of both discharged and existing counsel, the proper . . . rule is to use an appropriate pro rata formula which distributes the contingent fee among all discharged and existing attorneys."[3]

37.    When EA filed bankruptcy, its right to compensation in the Cases became property of the Estate.  Any action to exercise control over that right is stayed pursuant to 11 U.S.C. § 362.

38.    Under California Rule of Professional Conduct 1.15(c)(2), when a lawyer or law firm is holding funds in its trust account and "a client or other person disputes the lawyer or law firm's right to receive a portion of trust funds, the disputed portion shall not be withdrawn until the dispute is finally resolved."

39.    Accordingly, if a recovery is obtained in any of the Cases, the correct procedure would be for X-Law to receive the complete recovery into its trust account, disburse to the client the net recovery remaining after deduction of costs and the contingency fee, and then hold the contingency fee amount in its trust account pending a judicial determination of the appropriate allocation of the contingency fee between the Estate and X-Law.

40.    However, based on (1) X-Law and Marchino's expressed belief that the Estate is not entitled to fees and/or to receive a portion of the proceeds of a settlement, judgment, or other recovery in the Cases, and (2) X-Law's history of assisting Avenatti in misappropriating money

---

[3]  *Spires v. Am. Bus Lines*, 158 Cal. App. 3d 211, 216 (1984).

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

8

EXHIBIT 1
10

1 that should have been used to pay EA's fees, the Trustee believes that there is a strong risk of X-

2 Law and Marchino retaining for their own benefit the entire contingency fee portion of any

3 recovery in the Cases (likely without even notifying the Trustee that such a recovery has

4 occurred).

5      41.    Under 11 U.S.C. § 105(a), a bankruptcy court may enter "any order, process, or

6 judgment that is necessary or appropriate to carry out the provisions of this title."

7      42.    In the present case, issuance of a preliminary injunction is necessary to prevent

8 contingency fee funds that are proceeds of the Estate's fee rights from being misappropriated or

9 dissipated and to ensure that those funds are preserved intact until the court can rule on the

10 Trustee's substantive claims for relief under the Declaratory Judgment Act.

11     43.    The Trustee has a strong likelihood of success on the merits of his claims under the

12 Declaratory Judgment Act.  Because California law provides that a discharged law firm is entitled

13 to payment for the reasonable value of its services, and because EA provided substantial services

14 in the Cases, the Estate is entitled to some portion of the contingency fee in each Case.

15     44.    Based on the fact that X-Law already participated in the misappropriation of

16 hundreds of thousands of dollars to which EA was entitled as a contingency fee, there is a

17 substantial risk of X-Law similarly misappropriating the Estate's share of the contingency fees in

18 the Cases absent the entry of the requested preliminary injunction.

19     45.    The balance of hardships favors the Trustee.  If the preliminary injunction is not

20 issued, the Trustee may be unable to recover the pro rata share of the contingency fees in the

21 Cases that are proceeds of property of the Estate.  In contrast, if X-Law was already planning to

22 comply with its ethical obligation to hold the contingency fee portion of any recovery in its trust

23 account pending resolution of the competing claims, then the preliminary injunction will not cause

24 any hardship whatsoever to X-Law or Marchino.

25     46.    Because the proposed preliminary injunction relates only to the contingency fee

26 portion of any recovery, the injunction should affect only the Estate, X-Law, and Marchino.  The

27 injunction will have no effect on the Clients' rights to receive the net amount remaining after

28 deduction of costs and the contingency fee from the total recovery.

9

EXHIBIT 1
11

47.    Accordingly, the Court should issue a preliminary injunction requiring X-Law and Marchino to (a) file a notice with the Court when a recovery is obtained in any of the Cases; (b) advise the Court of the total amount of the recovery, the amount of costs to be paid, the contingency fee amount, and the amount remaining for the Client; and (c) deposit the entire amount of the contingency fee portion of the recovery with the Clerk of the Court until the Court can hear and determine the Trustee's claim for a declaratory judgment allocating those fees between the Estate and X-Law.

## SECOND CLAIM FOR RELIEF

### (Against Hernandez and X-Law, For Declaratory Judgment Under 28 U.S.C. § 2201)[4]

48.    The Trustee incorporates by reference and realleges paragraphs 1-33 of this Complaint.

49.    EA represented Hernandez in the Hernandez Case and performed substantial services on her behalf.

50.    If and when a recovery is received in the Hernandez Case, the Estate and X-Law will be entitled to receive pro rata shares of the contingency fee portion of that recovery, to be calculated based on California law and evidence provided by each party at that time regarding the reasonable value of its services in the context of the overall case, the basis for the recovery, and the firms' relative contributions to that recovery.

51.    The Trustee will then request that the Court enter a declaratory judgment under 28 U.S.C. § 2201 establishing the amount of fees to which the Estate is entitled and allocating the contingency fee in the Hernandez Case between the Estate and X-Law.

## THIRD CLAIM FOR RELIEF

### (Against Young Blue and X-Law, For Declaratory Judgment Under 28 U.S.C. § 2201)

52.    The Trustee incorporates by reference and realleges paragraphs 1-33 of this

---

[4]  Hernandez is named solely because California law may require the client to be a party to any declaratory relief action seeking to establish the respective fee rights of successive contingency law firms retained by the client. The Trustee does not believe that it will be necessary for Hernandez to take any active part in the litigation. The same is true of Young Blue with respect to the Third Claim for Relief and Le with respect to the Fourth Claim for Relief.

10

EXHIBIT 1
12

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Complaint.

2      53.    EA represented Young Blue in the Young Blue Case and performed substantial

3  services on its behalf.

4      54.    If and when a recovery is received in the Young Blue Case, the Estate and X-Law

5  will be entitled to receive pro rata shares of the contingency fee portion of that recovery, to be

6  calculated based on California law and evidence provided by each party at that time regarding the

7  reasonable value of its services in the context of the overall case, the basis for the recovery, and

8  the firms' relative contributions to that recovery.

9      55.    The Trustee will then request that the Court enter a declaratory judgment under 28

10  U.S.C. § 2201 establishing the amount of fees to which the Estate is entitled and allocating the

11  contingency fee in the Young Blue Case between the Estate and X-Law.

12                  **FOURTH CLAIM FOR RELIEF**

13      **(Against Le and X-Law, For Declaratory Judgment Under 28 U.S.C. § 2201)**

14      56.    The Trustee incorporates by reference and realleges paragraphs 1-33 of this

15  Complaint.

16      57.    EA represented Le in the Le Case and performed substantial services on her behalf.

17      58.    If and when a recovery is received in the Le Case, the Estate and X-Law will be

18  entitled to receive pro rata shares of the contingency fee portion of that recovery, to be calculated

19  based on California law and evidence provided by each party at that time regarding the reasonable

20  value of its services in the context of the overall case, the basis for the recovery, and the firms'

21  relative contributions to that recovery.

22      59.    The Trustee will then request that the Court enter a declaratory judgment under 28

23  U.S.C. § 2201 establishing the amount of fees to which the Estate is entitled and allocating the

24  contingency fee in the Le Case between the Estate and X-Law.

25                   **FIFTH CLAIM FOR RELIEF**

26            **(For Further Relief Under 28 U.S.C. § 2202)**

27      60.    The Trustee incorporates by reference and realleges paragraphs 1-33 of this

28  Complaint.

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

11

EXHIBIT 1
13

61.     If and when a declaratory judgment is entered in favor of the Trustee on the Second, Third, or Fourth Claims for Relief, the Trustee requests that the Court also grant further relief under 28 U.S.C. § 2202 by directing the Clerk of the Court to disburse the deposited fees in accordance with the allocation established by the declaratory judgment.

**WHEREFORE,** the Trustee, on behalf of the Estate, prays for judgment against defendants as follows:

1.     On the First Claim for Relief, for a preliminary injunction requiring X-Law and Marchino to (a) file a notice with the Court when a recovery is obtained in any of the Cases; (b) advise the Court of the total amount of the recovery, the amount of costs to be paid, the contingency fee amount, and the amount remaining for the client; and (c) deposit the entire amount of the contingency fee portion of the recovery with the Clerk of the Court until the Court can hear and determine the Trustee's claim for a declaratory judgment allocating those fees between the Estate and X-Law;

2.     On the Second Claim for Relief, for a declaratory judgment against Hernandez and X-Law establishing the amount of fees to which the Estate is entitled and allocating the contingency fee in the Hernandez Case between the Estate and X-Law;

3.     On the Third Claim for Relief, for a declaratory judgment against Young Blue and X-Law establishing the amount of fees to which the Estate is entitled and allocating the contingency fee in the Young Blue Case between the Estate and X-Law;

4.     On the Fourth Claim for Relief, for a declaratory judgment against Le and X-Law establishing the amount of fees to which the Estate is entitled and allocating the contingency fee in the Le Case between the Estate and X-Law;

5.     On the Fifth Claim for Relief, for an order directing the Clerk of the Court to disburse the deposited fees in accordance with any declaratory judgment entered on the Second, Third, or Fourth Claims for Relief; and

/ / /

/ / /

/ / /

Landau Law LLP
Attorneys At Law
Los Angeles, California

12

EXHIBIT 1
14

1   6.  For such other relief as the Court deems just and proper.

2

3  Dated: May 19, 2020       LANDAU LAW LLP

4              By ____/s/  John P. Reitman_____

5                John P. Reitman
              Special Litigation Attorneys for

6              Richard A. Marshack,
              Chapter 7 Trustee for Eagan Avenatti, LLP

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

13

EXHIBIT 1
15

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>Richard A. Marshack, Chapter 7 Trustee for Eagan Avenatti, LLP | DEFENDANTS<br>The X-Law Group PC, a professional corporation; Filippo Marchino, an individual; Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased; Young Blue LLC, a limited liability company; and Sandy Le, individually and on behalf of Tina Ngan Le, decedent |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>John P. Reitman, Monica Rieder, Jack A. Reitman<br>Landau Law LLP,1880 Century Park East, Suite 1101, Los Angeles, CA 90067 | **ATTORNEYS** (If Known) |

| PARTY (Check One Box Only)<br>□ Debtor        □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor     □ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>□ Debtor        □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor     ☒ Other<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Preliminary injunction, 11 U.S.C. 105; Declaratory judgment, 28 U.S.C. 2201; Further relief, 28 U.S.C. 2202

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
         actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation
         (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court
         if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $     TBD |
| Other Relief Sought | |

EXHIBIT 1
16

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Eagan Avenatti, LLP | BANKRUPTCY CASE NO.<br>8:19-bk-13560-CB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Catherine Bauer |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ John P. Reitman | | |
| DATE<br><br>5/19/2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>John P. Reitman | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on Form 1040 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

EXHIBIT 1
17

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JOHN P. REITMAN (State Bar No. 80579)<br>jreitman@landaufirm.com<br>MONICA RIEDER (State Bar No. 263250)<br>mrieder@landaufirm.com<br>JACK A. REITMAN (State Bar No. 283746)<br>jareitman@landaufirm.com<br>LANDAU LAW LLP<br>1880 Century Park East, Suite 1101<br>Los Angeles, California 90067<br>Telephone: (310) 557-0050<br>Facsimile: (310) 557-0056<br>*Attorney for Plaintiff*   Richard A. Marshack, Ch. 7 Trustee | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br>EAGAN AVENATTI, LLP, | |
|---|---|
| | CASE NO.: 8:19-bk-13560-CB<br><br>CHAPTER: 7<br><br>ADVERSARY NO.: |
| Debtor(s). | |
| RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE FOR EAGAN AVENATTI, LLP,<br><br><br><br>Plaintiff(s)<br>Versus<br>THE X-LAW GROUP, PC, a professional corporation; FILIPPO MARCHINO, an individual; ELBA HERNANDEZ, individually and as personal representative and successor in interest to Andres Ramirez, deceased; YOUNG BLUE LLC, a limited liability company; and SANDY LE, individually and on behalf of Tina Ngan Le, decedent,<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING<br>[LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _____<br>Time: _____<br>Courtroom: _____ | **Address:**<br>☐  255 East Temple Street, Los Angeles, CA 90012<br>☐  3420 Twelfth Street, Riverside, CA 92501<br>☒  411 West Fourth Street, Santa Ana, CA 92701<br>☐  1415 State Street, Santa Barbara, CA 93101<br>☐  21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                        **KATHLEEN J. CAMPBELL
CLERK OF COURT**


Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____


By: _____
                       Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 2    **F 7004-1.SUMMONS.ADV.PROC**
EXHIBIT 1
19

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____   _____   _____
Date                                      Printed Name                                       Signature

_____
This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

EXHIBIT 2

Case 8:20-ap-01086-CB   Doc 2   Filed 05/19/20   Entered 05/19/20 12:40:34   Desc
AP-Summons    Page 1 of 4

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| John P. Reitman<br>Landau Law LLP<br>1880 Century Park East Ste 1101<br>Los Angeles, CA 90067<br><br>310–557–0050<br><br><br><br><br><br><br>_Plaintiff or Attorney for Plaintiff_ | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

| In re:<br><br><br>Eagan Avenatti, LLP<br><br><br><br>Debtor(s). | CASE NO.:  8:19–bk–13560–CB<br><br>CHAPTER:  7<br><br><br>ADVERSARY NUMBER: 8:20–ap–01086–CB |
|---|---|
| Richard A. Marshack<br><br><br>Plaintiff(s)<br>Versus<br>The X–Law Group, PC, a professional corporation<br><br>**(See Attachment A for names of additional defendants)**<br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **06/18/2020.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| Date: | **August 4, 2020** |
| Time: | **01:30 PM** |
| Hearing Judge: | **Catherine E. Bauer** |
| Location: | **411 W Fourth St., Crtrm 5D, Santa Ana, CA 92701** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_December 2016_        Page 1        **F 7004–1.SUMMONS.ADV.PROC**

EXHIBIT 2
21

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>May 19, 2020</u>

By: _____ <u>"s/" James Le</u> _____

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                        Page 2                        **F 7004–1.SUMMONS.ADV.PROC**

EXHIBIT 2
22

## ATTACHMENT A
Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Richard A. Marshack | The X–Law Group, PC, a professional corporation<br>Filippo Marchino<br>Sandy Le, individually and on behalf of Tina Ngan Le, decedent<br>Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased<br>Young Blue LLC, a limited liability company |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## ATTACHMENT A

EXHIBIT 2
23

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____    _____
*Date*                                    *Printed Name*                                          *Signature*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                                **F 7004–1.SUMMONS.ADV.PROC**

EXHIBIT 2
24

EXHIBIT 3

JOHN P. REITMAN (State Bar No. 80579)
jreitman@landaufirm.com
MONICA RIEDER (State Bar No. 263250)
mrieder@landaufirm.com
JACK A. REITMAN (State Bar No. 283746)
jareitman@landaufirm.com
LANDAU LAW LLP
1880 Century Park East, Suite 1101
Los Angeles, California 90067
Telephone: (310) 557-0050
Facsimile: (310) 557-0056

Special Litigation Attorneys
Plaintiff Richard A. Marshack,
Chapter 7 Trustee for Eagan Avenatti, LLP

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. 8:19-bk-13560-CB |
| EAGAN AVENATTI, LLP, | Chapter 7 |
| Debtor | Adv. No. 8:20-ap-01086-CB |
| | **PLAINTIFF'S NOTICE OF REQUIRED COMPLIANCE WITH FRBP 7026 AND LBR 7026-1** |
| RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE FOR EAGAN AVENATTI, LLP, | **Status Conference Date and Time:** |
| Plaintiff, | Date:    August 4, 2020 |
| v. | Time:    1:30 p.m. |
| THE X-LAW GROUP, PC, a professional corporation; FILIPPO MARCHINO, an individual; ELBA HERNANDEZ, individually and as personal representative and successor in interest to Andres Ramirez, deceased; YOUNG BLUE LLC, a limited liability company; and SANDY LE, individually and on behalf of Tina Ngan Le, decedent, | Place:  Courtroom 5D<br>         411 W Fourth St.<br>         Santa Ana, CA 92701 |
| Defendant. | |

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

EXHIBIT 3
25

**TO ALL DEFENDANTS:**

**PLEASE TAKE NOTICE** that Richard A. Marshack, Chapter 7 Trustee for Eagan Avenatti, LLP, and the plaintiff in the above-captioned adversary proceeding hereby gives notice that compliance with the requirements under Rule 7026 of the Federal Rules of Bankruptcy Procedure as well as Local Bankruptcy Rule ("LBR") 7026-1 is required.  A copy of LBR 7026-1 is attached hereto as Exhibit "A."

Dated: May 21, 2020                      LANDAU LAW LLP


                                         By____/s/ John P. Reitman_____
                                                John P. Reitman
                                         Special Litigation Attorneys for
                                         Plaintiff Richard A. Marshack,
                                         Chapter 7 Trustee for Eagan Avenatti, LLP

1

EXHIBIT 3
26

# EXHIBIT A

EXHIBIT 3
27

LBR 7026-1

(2)    Other Parties.  Any party other than plaintiff who has not received plaintiff's proposed pretrial stipulation within the time limits set forth in subsection (c) of this rule must prepare, file, and serve at least 14 days prior to the trial or pretrial conference, if one is ordered, a declaration attesting to plaintiff's failure to prepare and serve a proposed pretrial stipulation in a timely manner.

(f)    **Sanctions for Failure to Comply with Rule.**  In addition to the sanctions authorized by F.R.Civ.P. 16(f), if a status conference statement or a joint proposed pretrial stipulation is not filed or lodged within the times set forth in subsections (a), (b), or (e), respectively, of this rule, the court may order one or more of the following:

(1)    A continuance of the trial date, if no prejudice is involved to the party who is not at fault;

(2)    Entry of a pretrial order based conforming party's proposed description of the facts and law;

(3)    An award of monetary sanctions including attorneys' fees against the party at fault and/or counsel, payable to the party not at fault; and/or

(4)    An award of non-monetary sanctions against the party at fault including entry of judgment of dismissal or the entry of an order striking the answer and entering a default.

(g)    **Failure to Appear at Hearing or Prepare for Trial.**  The failure of a party's counsel (or the party, if not represented by counsel) to appear before the court at the status conference or pretrial conference, or to complete the necessary preparations therefor, or to appear at or to be prepared for trial may be considered an abandonment or failure to prosecute or defend diligently, and judgment may be entered against the defaulting party either with respect to a specific issue or as to the entire proceeding, or the proceeding may be dismissed.

## LBR 7026-1.  DISCOVERY

(a)    **General.**  Compliance with FRBP 7026 and this rule is required in all adversary proceedings.

(1)    Notice.  The plaintiff must serve with the summons and complaint a notice that compliance with FRBP 7026 and this rule is required.

(2)    Proof of Service.  The plaintiff must file a proof of service of this notice together with the proof of service of the summons and complaint.

(b)    **Discovery Conference and Disclosures.**

(1)    Conference of Parties.  Unless all defendants default, the parties must conduct the meeting and exchange the information required by FRBP 7026 within the time limits set forth therein.  Unless otherwise ordered, the initial status conference

EXHIBIT 3
28

**LBR 7026-1**

constitutes the "scheduling conference" referred to in FRCP 26(f)(1) (incorporated by FRBP 7026).

(2)  <u>Joint Status Report</u>.  Within 7 days after such meeting, the parties must prepare a joint status report containing the information set forth in LBR 7016-1(a)(2).  The joint status report will serve as the written report of the meeting required by FRBP 7026.

**(c)      <u>Failure to Make Disclosures or Cooperate in Discovery</u>.**

(1)  <u>General</u>.  Unless excused from complying with this rule by order of the court for good cause shown, a party must seek to resolve any dispute arising under FRBP 7026-7037 or FRBP 2004 in accordance with this rule.

(2)  <u>Meeting of Parties</u>.  Prior to the filing of any motion relating to discovery, the parties must meet in person or by telephone in a good faith effort to resolve a discovery dispute.  It is the responsibility of the moving party to arrange the conference.  Unless altered by agreement of the parties or by order of the court for cause shown, the opposing party must meet with the moving party within 7 days of service upon the opposing party of a letter requesting such meeting and specifying the terms of the discovery order to be sought.

(3)  <u>Moving Papers</u>.  If the parties are unable to resolve the dispute, the party seeking discovery must file and serve a notice of motion together with a written stipulation by the parties.

    (A)  The stipulation must be contained in 1 document and must identify, separately and with particularity, each disputed issue that remains to be determined at the hearing and the contentions and points and authorities of each party as to each issue.

    (B)  The stipulation must not simply refer the court to the document containing the discovery request forming the basis of the dispute.  For example, if the sufficiency of an answer to an interrogatory is in issue, the stipulation must contain, verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions, separately stated.

    (C)  In the absence of such stipulation or a declaration of a party of noncooperation by the opposing party, the court will not consider the discovery motion.

(4)  <u>Cooperation of Parties; Sanctions</u>.  The failure of any party either to cooperate in this procedure, to attend the meeting of parties, or to provide the moving party the information necessary to prepare the stipulation required by this rule within 7 days of the meeting of parties will result in the imposition of sanctions, including the sanctions authorized by FRBP 7037 and LBR 9011-3.

EXHIBIT 3
29

   (5)   <u>Contempt</u>.  LBR 9020-1 governing contempt proceedings applies to a discovery motion to compel a non-party to comply with a deposition subpoena for testimony and/or documents under FRBP 7030 and 7034.

## LBR 7026-2.  <u>DISCOVERY DOCUMENTS – RETENTION, FILING, AND COPIES</u>

**(a)**    <u>**Retention by Propounding Party.**</u>  The following discovery documents and proof of service thereof must not be filed with the clerk until there is a proceeding in which the document or proof of service is in issue:

   (1)   Transcripts of depositions upon oral examination;
   (2)   Transcripts of depositions upon written questions;
   (3)   Interrogatories;
   (4)   Answers or objections to interrogatories;
   (5)   Requests for the production of documents or to inspect tangible things;
   (6)   Responses or objections to requests for the production of documents or to inspect tangible things;
   (7)   Requests for admission;
   (8)   Responses or objections to requests for admission;
   (9)   Notices of Deposition, unless filing is required in order to obtain issuance of a subpoena in another district; and
  (10)   Subpoena or Subpoena Duces Tecum.

**(b)**    <u>**Period of Retention for Discovery Documents.**</u>  Discovery documents must be held by the attorney for the propounding party pending use pursuant to this rule for the period specified in LBR 9070-1(b) for the retention of exhibits, unless otherwise ordered by the court.

**(c)**    <u>**Filing of Discovery Documents.**</u>

   (1)   When required in a proceeding, only that part of the document that is in issue must be filed with the court.

   (2)   When filed, discovery documents must be submitted with a notice of filing that identifies the date, time, and place of the hearing or trial in which it is to be offered.

   (3)   Original deposition transcripts are treated as trial exhibits and must be delivered to the judge for use at the hearing or trial.  The original deposition transcript and a copy must be lodged with the clerk pursuant to LBR 7030-1(b).

**(d)**    <u>**Copies of Discovery Documents.**</u>

   (1)   Unless an applicable protective order otherwise provides, any entity may obtain a copy of any discovery document described in subsection (a) of this rule by making a written request therefor to the clerk and paying duplication costs.

EXHIBIT 3
30

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
    **LANDAU LAW LLP, 1880 Century Park East, Suite 1101, Los Angeles, CA 90067.**

A true and correct copy of the foregoing document entitled (*specify*):
***1. Complaint for Preliminary Injunction, Declaratory Judgment, and Further Relief***
***2 Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004-1]***
***3. Plaintiff's Notice of Required Compliance with FRBP 7026 and LBR 7026-1***
will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **May 21, 2020,** I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

Filippo Marchino, Esq.                    The X-Law Group P.C.
The X-Law Group P.C.                    625 Fair Oaks Ave, Ste 390
625 Fair Oaks Ave, Ste 390            South Pasadena, CA 91030-5817
South Pasadena, CA 91030-5817

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 21, 2020 | Vanessah Richmond | /s/ Vanessah Richmond |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**LANDAU LAW LLP, 1880 Century Park East, Suite 1101, Los Angeles, CA 90067.**

A true and correct copy of the foregoing document entitled (*specify*): **_Summons Service Executed Re Service of:_**
**_1. Complaint for Preliminary Injunction, Declaratory Judgment, and Further Relief_**
**_2. Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004-1]_**
**_3. Plaintiff's Notice of Required Compliance with FRBP 7026 and LBR 7026-1_**
will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**May 21, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@iq7technology.com**
- **John P. Reitman    jreitman@landaufirm.com,**
  **srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com**
- **United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **May 21, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

**Honorable Catherine E. Bauer**
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085/ Courtroom 5D
Santa Ana, CA 92701-4593

**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 21, 2020 | Vanessah Richmond | /s/ Vanessah Richmond |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**