Kurt Ramlo (State Bar No. 166856)
David Golubchik (State Bar No. 185520)
**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Tel: (310) 229-1234; Fax: (310) 229-1244
KR@LNBYB.com; DG@LNBYB.com

Attorneys for Defendants The X-Law
Group, P.C. and Filippo Marchino

Filippo Marchino (SBN 256011)
Thomas E. Gray (SBN 299898)
**THE X-LAW GROUP, P.C.**
625 Fair Oaks Ave, Suite 390
South Pasadena, CA 91030
Tel: (213) 599-3380; Fax: (213) 599-3370
FM@XLAWX.COM; TG@XLAWX.COM

Attorneys for Defendants Young Blue LLC, Elba Hernandez, The Estate of Andres Ramirez, and Sandy Le

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP,<br><br>Debtor.<br><br>_____<br><br>RICHARD A. MARSHACK, Chapter 7 Trustee for Eagan Avenatti, LLP,<br><br>Plaintiff,<br><br>v.<br><br>THE X-LAW GROUP, P.C., a professional corporation; et al,<br><br>Defendants. | Case No. 8:19-bk-13560-SC<br>Chapter 7<br><br>Adv. No.: 8:20-ap-01086-SC<br><br>**Notice of Motion and Motion to Strike Plaintiff Richard A. Marshack's Liens; Memorandum of Points and Authorities; Declarations of Elba Hernandez, Sandy Le, Filippo Marchino, and Kurt Ramlo**<br><br>Judge: Scott C. Clarkson<br>Date: October 7, 2020<br>Time: 10:00 a.m.<br>Place: Courtroom 5 C<br>      411 W. Fourth St.<br>      Santa Ana, CA 92701 |

**PLEASE TAKE NOTICE** that on October 7, 2020, at 10:00 a.m., in Courtroom 5C of the United States Bankruptcy Court for the Central District of California, Santa Ana Division, located at 411 West Fourth Street, Santa Ana, California 92701, Defendants The X-Law Group, P.C., Filippo Marchino, Young Blue LLC, Elba Hernandez, The Estate of Andres Ramirez, and Sandy Le will and hereby do move the Court for an order striking the purported attorneys' liens asserted by Richard A. Marshack (hereinafter "**Trustee**"), Chapter 7 Trustee for Eagan Avenatti, LLP (the "**Debtor**" or "**EA**") in the cases <u>Ramirez v. City of Pasadena</u> Los Angeles County Superior Court Number BC664114, <u>Young Blue LLC v. Herron</u>, Los Angeles County Superior Court Number BC693618, and <u>Le v. Saldivar</u>, Los Angeles County Superior Court Number BC691517 on the following grounds:

(1) this Court is the proper venue to strike the liens;

(2) there are not any valid contracts containing lien provisions;

(3) even if contracts of some sort did exist, EA did not comply with the extensive requirements of Cal. Bus. & Prof. Code § 6147, rendering them voidable at the option of the clients;

(4) EA failed to obtain court approval of any contract with the minor Andres Ramirez and thus lacked any lien and the applicable statute of limitations has expired.

This motion is based on this notice of motion, the following memorandum of points and authorities, the previously filed request for judicial notice (Dkt. No. 32), declarations of Elba Hernandez, Sandy Le, Filippo Marchino, and Kurt Ramlo, all pleadings and documents on file with the Court, and such further written and/or oral evidence and argument as the Court may allow.

Defendants The X-Law Group, P.C., Filippo Marchino, Young Blue LLC, Elba Hernandez, The Estate of Andres Ramirez, and Sandy Le, and each them, do not consent to entry of final orders or judgment by the bankruptcy court.

///

///

1

1     **PLEASE TAKE FURTHER NOTICE** that LBR 9013-1(f) requires a written response to be filed and served at least 14 days before the hearing.

DATED: September16, 2020

                **LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**

                By:_____*/s/ Kurt Ramlo*_____
                KURT RAMLO
                Attorneys for Defendants The X-Law Group, P.C.
                and Filippo Marchino

                **THE X-LAW GROUP, P.C.**

                By:_____
                FILIPPO MARCHINO
                Attorneys for Defendants Young Blue LLC, Elba Hernandez, The Estate of Andres Ramirez, and
                Sandy Le

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Richard A. Marshack, chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate of Eagan Avenatti, LLP ("**EA**") has filed an adversary proceeding that attempts to recover attorneys' fees from Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased, Young Blue LLC, and Sandy Le (collectively, the "**Clients**").  Despite knowing otherwise and despite being unable to produce any supporting documents, the Trustee maintains that EA has valid liens in <u>Ramirez v. City of Pasadena</u> Los Angeles County Superior Court Number BC664114, <u>Young Blue LLC v. Herron</u>, Los Angeles County Superior Court Number BC693618, and <u>Le v. Saldivar</u>, Los Angeles County Superior Court Number BC691517.  The Court must strike these purported liens for at least the following reasons:

*First*, this Court is able to rule on the validity of the Trustee's purported liens because the Trustee is asking the Court to determine EA's entitlement to fees.

*Second*, the liens must be struck because under California law, attorneys' liens are contractual and there are no valid contracts containing lien provisions here.

*Third*, even if valid contracts containing liens did exist, and they do not, the Clients all exercise their right to void the contracts, thereby extinguishing the purported liens.  Specifically, they were never "provide[d] a duplicate copy of the contract, signed by both the attorney and the client, or the client's guardian or representative, to the plaintiff, or to the client's guardian or representative" as is required by Cal. Bus. & Prof. Code § 6147.

*Fourth*, the Trustee's lien claim pertaining to the <u>Ramirez</u> litigation is even weaker.  The only purported client EA attempted to represent in that litigation was a minor, but EA never obtained a court's approval of any contract with the minor, which now precludes EA from asserting a lien.  In addition, after EA withdrew from the case, the minor passed away, and the one-year period for bringing claims against a deceased individual expired prior to EA filing the instant complaint.  Finally, the Trustee seeks to obtain fees from any recovery Ramirez's mother, Hernandez, may obtain from the wrongful death case she filed upon the death of her son.  While the mother of Ramirez was his guardian during the time of purported representation by EA, the

1

1  Trustee cannot argue that EA has a claim in the current wrongful death litigation because EA never
2  represented the mother. The guardian of a minor is not a client of an attorney and EA had no
3  privity of contract whatsoever with the wrongful death heirs, including Ramirez's mother, as EA
4  withdrew from representing Ramirez while he was still alive. In any event, EA disclaimed any
5  interest in the recovery of the Ramirez litigation.

## II.  FACTUAL BACKGROUND

The Trustee alleges that "EA **primarily** handled plaintiff contingency matters, whereby the firm only received legal fees after a case was resolved in favor of EA's client. EA's **general business practice** was to enter into a fee agreement with each client providing that EA would be paid a certain percentage of the proceeds of any judgment or settlement obtained on behalf of the client and granting EA a lien on those proceeds to secure its right to fees." [Complaint ¶ 10, emphasis added.] Thus, by its own admission, EA had cases where these procedures *were not followed*…where there was no contingent fee agreement, and where there was no lien.

The Trustee alleges that EA represented Elba Hernandez ("**Hernandez**") "in her capacity as guardian ad litem for her minor son, Andres Ramirez ("**Ramirez**"), who was severely injured when he was struck by a car." [Complaint at ¶ 21.] EA claims that it performed services on behalf of Hernandez, but that is plainly false. [Id. ¶ 22.] EA represented Ramirez. [Dkt. No. 32 Ex. 2; Declaration of Elba Hernandez ("**Hernandez Decl.**") ¶ 3, 5.] Hernandez was not a party in the personal injury lawsuit while her son was alive, and her only role was that of the guardian of Ramirez while EA purported to represent him. [Dkt. No. 32 Exs. 1-3; Hernandez Decl. ¶¶ 3, 5, 6.] Ramirez passed away on February 25, 2019, *after* EA had withdrawn as counsel for Ramirez. [Complaint ¶ 23 & n.2.] Notably, the Trustee has never identified a valid contract, signed by EA. Nor does the Trustee allege that EA sought approval from the court of its contract to represent the child in his personal injury action. The failure to do so is not surprising because court records reveal that this mandatory procedure was not followed. [Dkt. No. 32 Exs. 1, 3, 4; Hernandez Decl. ¶ 6.] In addition, EA has waived any entitlement to fees relating to the Ramirez case. [Hernandez Decl. ¶ 4, Ex. 1.] Hernandez denies that she ever entered into a valid contract with EA that contained a lien provision. [Hernandez Decl. ¶ 3.] Moreover, even if a contract did exist,

2

Hernandez never received a copy of it and has exercised her right to void it. [Hernandez Decl. ¶¶ 3, 8.]

The Trustee also alleges that EA represented Young Blue, LLC ("**Young Blue**"). [Complaint ¶ 25.] Young Blue denies that it ever entered into a valid contract containing a with EA that contained a lien provision. [Marchino Decl. ¶¶ 3, 5.] In fact, the Trustee has admitted that he has been unable to locate a contract between EA and Young Blue, much less one containing a lien provision. [Declaration of Kurt Ramlo ("**Ramlo Decl.**") ¶¶ 5-8, Ex. 17.] This is not surprising because Young Blue was represented by EA on a pro bono basis. [Marchino Decl. ¶ 3.] Moreover, even if a contract did exist, Young Blue never received a copy of it and has exercised its right to void it. [Marchino Decl. ¶ 5.]

Finally, the Trustee also alleges that EA represented Sandy Le ("**Le**"). [Complaint ¶ 29.] Notably, the Trustee has never identified a contract signed by EA. Le denies that she ever entered into a valid contract containing a with EA that contained a lien provision. [Declaration of Sandy Le ("**Le Decl.**") ¶ 2.] Moreover, even if a contract did exist, Le never received a copy of it and has exercised her right to void it. [Le Decl. ¶ 6.]

### III. ARGUMENT

#### A. This Court Has the Ability to Strike the Liens.

When a client's former counsel files a notice of lien in an underlying case that court is unable to determine the existence of the lien. See Carroll v. Interstate Brands Corp., 99 Cal. App. 4th 1168, 1174, 121 Cal. Rptr. 2d 532 (2002). Instead, "[u]nder California law, the validity of a predecessor attorney's purported lien over the proceeds of an underlying lawsuit is appropriately adjudicated through an independent action between the predecessor attorney and the client." Grant & Eisenhofer, P.A. v. Brown, No. CV175968PSGPJWX, 2018 WL 3817859, at *2 (C.D. Cal. Mar. 27, 2018); see Carroll, 99 Cal. App. 4th at 1174 (former clients could not file motion to expunge lien in underling action; the issue had "to be decided in an independent action brought by McCoy to enforce his lien claim.") "Motions to adjudicate attorney's liens are available in federal court pursuant to a noticed motion." Grant & Eisenhofer, P.A., 2018 WL 3817859, at *2. Such a motion is typically called a "'motion to strike' an attorney's lien" in federal court and a

3

"motion to expunge" or "motion to quash" in California state courts. Id. at *2 n. 2.

Here, the Trustee seeks to Have the Court determine "the amount of fees to which the Estate is entitled" in each of the cases. [Complaint ¶¶ 51, 55, 59.] Accordingly, because this adversary proceeding constitutes an independent action between the predecessor firm's estate and the Clients, it is the appropriate venue to rule on a motion to strike the liens.

### B. The Liens Must Be Struck Because Under California Law, Attorneys' Liens Are Contractual in Nature and There Are No Valid Contracts Here.

"Without an enforceable lien, plaintiff cannot prove that he has a right to a portion of the settlement money." Mojtahedi v. Vargas, 228 Cal. App. 4th 974, 977, 176 Cal. Rptr. 3d 313 (2014). "Unlike other liens, 'an attorney's lien is not created by the mere fact that an attorney has performed services in a case.' An attorney's lien is created only by an attorney fee contract with an express provision regarding the lien or by implication in a retainer agreement that provides the attorney will be paid for services rendered from the judgment itself." Id. at 977–78 (quoting Carroll, 99 Cal. App. 4th at 1172). This is not in any way automatic. "[A]n attorney under a contingent fee agreement has no special or charging lien, unless it has been specifically contracted for." Jones v. Martin, 41 Cal. 2d 23, 27, 256 P.2d 905 (1953), overruled on other grounds by Fracasse v. Brent, 6 Cal. 3d 784, 494 P.2d 9 (1972). "Unlike a service lien or a mechanic's lien, for example (Civ.Code, §§ 3051, 3110), an attorney's lien is not created by the mere fact that an attorney has performed services in a case." Carroll, 99 Cal. App. 4th at 1172. "Because an attorney's lien is not automatic and requires a contract for its creation, **a direct contractual relationship between the attorney and the client is essential**." Id. at 535 (emphasis added).

Where a law firm cannot establish that it has a valid lien, it "is no different from any other plaintiff who claims the defendant [former client] owes it money; it has the right to pursue its claims, but not to deprive the defendant of possession and use of her property and assets in the meantime." Grant & Eisenhofer, P.A., 2018 WL 3817859, at *9; cf. In re Bailey, 197 F.3d 997, 1002 (9th Cir. 1999) (where predecessor counsel's contract was void, there could be no valid lien and successor counsel could not have committed conversion). This is significant because without a lien, it is impossible for a law firm to sue successor counsel. See Mark L. Tuft et al., CALIFORNIA

4

PRACTICE GUIDE: PROFESSIONAL RESPONSIBILITY ¶ 5:799 (The Rutter Group 2019); Matter of Respondent H, No. 89-O-11979, 1992 WL 348560, at *9 (Cal. Bar Ct. Nov. 13, 1992) (attorney could not be disciplined for failing to keep in trust the amount of fees due to former counsel while knowing of "lien" claim when there was not adequate proof that the lien in fact existed).

The well-settled rule in California is that "'[i]f the evidence shows that the signatures of other parties were required as one of the conditions of the completed agreement, it is incomplete and not binding upon those who sign until the others sign.'" Roth v. Garcia Marquez, 942 F.2d 617, 626 (9th Cir. 1991) (quoting 1 Witkin, SUMMARY OF CAL. LAW, *Contracts* § 143 (9th ed. 1987)); see also PSM Holding Corp. v. Nat'l Farm Fin. Corp., 339 F. App'x 693, 695 (9th Cir. 2009) (where "plain terms of the agreement dictate that no contract was formed because the signature lines for" various parties "were left blank[,]" holding that "none of the parties could be liable under its terms."). Stated differently, "[w]hen it is clear, both from a provision that the proposed written contract would become operative *only* when signed by the parties as well as from any other evidence presented by the parties that both parties contemplated that acceptance of the contract's terms would be signified by signing it, the failure to sign the agreement means no binding contract was created." Banner Entm't, Inc. v. Superior Court (Alchemy Filmworks, Inc.), 62 Cal. App. 4th 348, 358, 72 Cal. Rptr. 2d 598 (1998).

Here, Hernandez, Le, and Young Blue each deny having ever entered into valid contracts with EA that contained lien provisions. [Hernandez Decl. ¶ 3, Marchino Decl. ¶ 3, Le Decl. ¶ 2.] The Trustee has previously identified a purported unexecuted draft contract as the relevant contract for the Ramirez case. [Dkt. No. 4, Reitman Decl., Exs. 15, 16.] Subsequently, the Trustee's counsel has claimed to have located retainer agreements that "bear client signatures but not Avenatti's signatures" that pertain to the Ramirez and Le cases, but not the Young Blue case. [Ramlo Decl. Ex. 17.] Even assuming the Trustee could authenticate the two purported retainer agreements he claims to have located, he would still run into the obstacle that they were not signed by EA, and hence no binding contract was created. Because there are not any valid retainer agreements containing lien provisions, the Court must strike the purported lien in each case.

5

**C. Even if Contracts *Did* Exist, The Clients Exercise Their Right to Void the Contracts, Thereby Extinguishing the Purported Liens.**

Under California law

    (a) An attorney who contracts to represent a client on a contingency fee basis shall, at the time the contract is entered into, ***provide a duplicate copy of the contract, signed by both the attorney and the client, or the client's guardian or representative, to the plaintiff, or to the client's guardian or representative***. The contract shall be in writing and shall include, but is not limited to, all of the following:

    (1) A statement of the contingency fee rate that the client and attorney have agreed upon.

    (2) A statement as to how disbursements and costs incurred in connection with the prosecution or settlement of the claim will affect the contingency fee and the client's recovery.

    (3) A statement as to what extent, if any, the client could be required to pay any compensation to the attorney for related matters that arise out of their relationship not covered by their contingency fee contract. This may include any amounts collected for the plaintiff by the attorney.

    (4) Unless the claim is subject to the provisions of Section 6146, a statement that the fee is not set by law but is negotiable between attorney and client.

    (5) If the claim is subject to the provisions of Section 6146, a statement that the rates set forth in that section are the maximum limits for the contingency fee agreement, and that the attorney and client may negotiate a lower rate.

    (b) ***Failure to comply with any provision of this section renders the agreement voidable at the option of the plaintiff***, and the attorney shall thereupon be entitled to collect a reasonable fee.

Cal. Bus. & Prof. Code § 6147 (emphasis added). Hernandez, Le, and Young Blue dispute the existence of the purported contracts that supposedly contain the lien provisions but, if such contracts *did* exist, they each exercise their right to void their respective contracts as they never received copies of these purported contingent fee contracts, signed by both themselves and EA.[1] [Hernandez Decl. ¶ 8., Marchino Decl. ¶ 5, Le Decl. ¶ 6.] Once again, the Trustee could only locate two purported contracts, in the Ramirez and Le matters, and the Trustee admits that neither is signed by EA. [Ramlo Decl. Ex. 17.]

    In addition, the Clients, through their counsel, ***have already voided the contracts*** (if they

---

[1] It is possible that, if the Trustee does produce purported contracts, they will violate other provisions of Cal. Bus. & Prof. Code § 6147 as well. These other violations will only provide further bases for voiding the contracts.

6

ever existed in the first place) by informing the Trustee that the Estate was not entitled to any recovery pursuant to contract and demanding that the Trustee produce the purported contracts. [Marchino Decl. Ex. 2-15; Ramlo Decl. Ex. 16.] See Alderman v. Hamilton, 205 Cal. App. 3d 1033, 1038, 252 Cal. Rptr. 845 (1988) (clients had exercised right to void contract when they "denied that the contract was enforceable and refused to pay any moneys to Alderman after the sale of the real property").

Section 6147's voidability provision applies regardless of whether the client understood the contract, and there is no "substantial compliance" exception, and there is no time limit on exercising this right. O&C Creditors Grp., LLC v. Stephens & Stephens XII, LLC, 42 Cal. App. 5th 546, 566, 255 Cal. Rptr. 3d 596 (2019); see also Arnall v. Superior Court, 190 Cal. App. 4th 360, 369, 118 Cal. Rptr. 3d 379 (2010) (instructing trial court to grant summary adjudication in favor of plaintiff where "sole deficiency was the absence of the fee negotiability statement"). "Irrespective of whether the client has knowledge of the information required to be in the contingency fee agreement, the agreement is voidable if it fails to set forth that information in writing." Fergus v. Songer, 150 Cal. App. 4th 552, 572, 59 Cal. Rptr. 3d 273 (2007). Therefore, the Trustee cannot argue that EA's failure to comply with Section 6147 is technical and that it is somehow still able to assert a lien.

"If the contingency fee agreement is void, there is no contingency fee arrangement. 'A void contract is no contract at all; it binds no one and is a mere nullity. [Citation.] Consequently, such a contract cannot be enforced.'" Id. at 573 (quoting Guthman v. Moss, 150 Cal. App. 3d 501, 507, 198 Cal. Rptr. 54 (1984)).

Notably, a court cannot recognize a lien based upon a void contract. See In re Bailey, 197 F.3d 997, 1002 (9th Cir. 1999). Likewise, a client's "decision to void the [contingent fee a]greement also extinguished any lien that might have attached as a result." Grant & Eisenhofer, P.A., 2018 WL 3817859, at *8. Accordingly, there are no valid liens in any of the cases and they must be expunged.

### D. Any Lien Related to Ramirez Is Especially Invalid Because EA Has Failed to Comply with the Rules Governing Representation of Minors and Claims Brought Against Deceased Individuals.

Although all of EA's purported liens are invalid, the ones pertaining to the Ramirez case are especially deficient. EA in fact waived, in writing, any claims to fees it *may* have had at the end of the representation of Ramirez. [Hernandez Decl. ¶ 4 Ex. 1.] Because it has waived its entitlement to any fees, EA could not possibly now seek to maintain a lien.

Under California law, "[a] contract for attorney's fees for services in litigation, made by or on behalf of a minor, is void unless the contract is approved, on petition by an interested person, by the court in which the litigation is pending or by the court having jurisdiction of the guardianship estate of the minor. If the contract is not approved and a judgment is recovered by or on behalf of the minor, the attorney's fees chargeable against the minor shall be fixed by the court rendering the judgment." Cal. Fam. Code § 6602.

Here, the Complaint itself reveals that this procedure was not followed: there is not even an allegation that this was done. Moreover, there is no evidence of this procedure being followed in the Ramirez personal injury case. [Dkt. No. 32 Exs. 1, 3, 4.] Ms. Hernandez, Andres' guardian ad litem, can also confirm that that this procedure was not followed in any court. [Hernandez Decl. ¶ 6.] Therefore, any contingent fee contract that might have existed is void and no lien could have been created by it. See In re Bailey, 197 F.3d 997, 1002 (9th Cir. 1999) (successor counsel could not have committed conversion when predecessor's counsel's contractual lien was void because contract had not been approved under Cal. Fam. Code § 6602).

If this was not enough, the Trustee has an additional problem: "[i]f a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply." Cal. Civ. Proc. Code § 366.2(a). Now, more than a year after Ramirez's death, the Trustee wants to sue. He has waited too long and certainly cannot assert a valid lien at this point.

8

1    Finally, in an apparent attempt to avoid these dispositive issues, the Trustee attempts to imply that EA somehow represented Hernandez, Ramirez's mother and Guardian to him while he was purportedly represented by EA. This argument is rather disingenuous and fares no better. EA represented Ramirez, not Ms. Hernandez in her personal capacity. [Hernandez Decl. ¶ 3, 5.] It is beyond dispute that "[a] guardian *ad litem* is not a party to an action, but merely the representative of record of a party." J.W. v. Superior Court, 17 Cal. App. 4th 958, 964, 22 Cal. Rptr. 2d 527 (1993). "Attorneys for a minor . . . may be selected by a guardian or conservator, but the attorney-client relationship exists with the minor or incompetent person, not the guardian or conservator." Mark L. Tuft, Ellen R. Peck, and Kevin E. Mohr, CALIFORNIA PRACTICE GUIDE: PROFESSIONAL RESPONSIBILITY ¶ 3:122.1 (2019).

EA has absolutely no valid lien on the proceeds of Hernandez's wrongful death claim and the Trustee has no cause to sue her here. EA's client was Ramirez, not Hernandez, and EA withdrew as counsel while he was still alive. Hernandez had no claim until after Ramirez passed away, and he did not pass away until nine months after EA was no longer involved in the case. See Baxter v. Superior Court, 19 Cal. 3d 461, 466, 563 P.2d 871 (1977) (declining to recognize loss of consortium claims brought by parents). Therefore, setting aside the fact that the Trustee has not produced even a draft of a contract pertaining to the purported relationship between Hernandez and EA, the notion that EA entered into a contract with Hernandez in her personal capacity that contained a lien provision while Ramirez was alive is entirely implausible because there would have been no possibility of monetary recovery that a lien could be asserted against.

## IV.    CONCLUSION

For the foregoing reasons, the liens asserted in the cases Ramirez v. City of Pasadena, Los Angeles County Superior Court Number BC664114, Young Blue LLC v. Herron, Los Angeles

///

///

///

///

County Superior Court Number BC693618, and <u>Le v. Saldivar</u>, Los Angeles County Superior Court Number BC691517 must be struck in their entirety.

DATED: September 16, 2020

        **LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**

        By:      */s/ Kurt Ramlo*
        DAVID B. GOLUBCHIK
        KURT RAMLO
        Attorneys for Defendants The X-Law Group, P.C.
        and Filippo Marchino

        **THE X-LAW GROUP, P.C.**

        By: _[signature]_
        FILIPPO MARCHINO
        Attorneys for Defendants Young Blue LLC, Elba Hernandez,
        The Estate of Andres Ramirez, and Sandy Le

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **Notice of Motion and Motion to Strike Plaintiff Richard A. Marshack's Liens; Memorandum of Points and Authorities; Declarations of Elba Hernandez, Sandy Le, Filippo Marchino, and Kurt Ramlo** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 16, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **David B Golubchik**   dbg@lnbyb.com, stephanie@lnbyb.com
- **D Edward Hays**   ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Filippo Marchino**   fm@xlawx.com, tc@xlawx.com
- **Richard A Marshack (TR)**   pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Kurt Ramlo**   kr@lnbyb.com, kr@ecf.inforuptcy.com
- **John P. Reitman**   jreitman@landaufirm.com, srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com
- **Monica Rieder**   mrieder@landaufirm.com, vrichmond@landaufirm.com;avedrova@landaufirm.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **September 16, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 16, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Served by Overnight Mail*
Hon. Scott C. Clarkson
United States Bankruptcy Court
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 16, 2020 | Kurt Ramlo | /s/ Kurt Ramlo |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          **F 9013-3.1.PROOF.SERVICE**