1

Kurt Ramlo (State Bar No. 166856)
David Golubchik (State Bar No. 185520)

2

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067

3

Tel: (310) 229-1234; Fax: (310) 229-1244
KR@LNBYB.com

4

5

Attorneys for Defendants The X-Law
Group, P.C. and Filippo Marchino

6

Filippo Marchino (SBN 256011)
Thomas E. Gray (SBN 299898)

7

**THE X-LAW GROUP, P.C.**
625 Fair Oaks Ave, Suite 390

8

South Pasadena, CA 91030
Tel: (213) 599-3380; Fax: (213) 599-3370

9

FM@XLAWX.COM; TG@XLAWX.COM

10

Attorneys for Defendants Young Blue LLC,
Elba Hernandez, The Estate of Andres Ramirez and Sandy Le

11

12

**UNITED STATES BANKRUPTCY COURT**

13

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP,<br><br>    Debtor. | Case No. 8:19-bk-13560-SC<br><br>Chapter 7<br><br>Adv. No.: 8:20-ap-01086-SC<br><br>**Declaration of Filippo Marchino in Support of Defendants Elba Hernandez, Sandy Le, and Young Blue LLC's Motion to Strike Plaintiff Richard A. Marshack's Liens**<br><br>Judge: Scott C. Clarkson<br>Date: October 7, 2020<br>Time: 10:00 a.m.<br>Place: Courtroom 5 C<br>   411 W. Fourth St.<br>   Santa Ana, CA 92701 |
| RICHARD A. MARSHACK,<br>Chapter 7 Trustee for Eagan<br>Avenatti, LLP,<br><br>    Plaintiff,<br> v.<br><br>THE X-LAW GROUP, P.C., a professional<br>corporation; et al,<br><br>    Defendants. | |

I, FILIPPO MARCHINO, declare as follows:

1.    I am a defendant in this action and counsel for Defendants Elba Hernandez, Sandy Le, and Young Blue LLC, and I make this declaration in support of *Defendants Elba Hernandez, Sandy Le, and Young Blue LLC's Motion to Strike Plaintiff Richard A. Marshack's Liens*. I am over the age of eighteen years old and I have personal knowledge of all the matters asserted herein. If called as a witness, I could and would competently testify thereto under oath.

2.    I have been counsel for Young Blue LLC in <u>Young Blue LLC v. Herron</u>, Los Angeles County Superior Court Number BC693618 since the inception of the dispute that resulted in the lawsuit.  I also represent it in transactional matters and serve as its agent when necessary.

3.    I represented Young Blue LLC on a pro bono basis and was permitted by Eagan Avenatti, LLP to list the firm name on the pleadings.  Young Blue LLC never signed a retainer agreement with *anyone*.

4.    No other attorney has worked on <u>Young Blue LLC v. Herron</u>.

5.    In my capacity as attorney and agent of Young Blue LLC, Young Blue LLC exercises its right to void any purported contract between Young Blue LLC and EA pursuant to California Business and Professions Code § 6147 on the basis that it was never "provide[d] a duplicate copy of the contract, signed by both the attorney and the client, or the client's guardian or representative, to the plaintiff, or to the client's guardian or representative."

6.    I began asking counsel for the Plaintiff, Mr. John Reitman, to provide retainers on the liens filed in the matters at issue here since June of 2019. At the time, Mr. Reitman was counsel for the Receiver of EA, Brian Weiss. Subsequently Mr. Reitman became counsel for the Plaintiff here.

7.    Since June 2019, I have sent copious correspondence to Mr. Reitman (in his capacity as counsel for the Receiver and then the Trustee, Plaintiff here), to Mr. Hays (counsel for the Trustee, Plaintiff here) and directly to Mr. Marshack (Trustee and Plaintiff here) attempting to obtain copies of the retainer agreements giving rise to the liens, all to no avail. This correspondence included, but was not limited to, the following:

    a.    September 9, 2019 – Letter to Mr. John Reitman;

b.  A true and correct copy of the aforementioned letter is attached hereto as **Exhibit 2**;

c.  January 6, 2020 – Email to Mr. John Reitman and Mr. Jack Reitman;

d.  A true and correct copy of the aforementioned email is attached hereto as **Exhibit 3**;

e.  January 10, 2020 – Email to Mr. John Reitman and Mr. Jack Reitman;

f.  A true and correct copy of the aforementioned email is attached hereto as **Exhibit 4**;

g.  January 29, 2020 – Email to the Plaintiff Mr. Richard Marshack, Mr. John Reitman and Mr. Ed Hays;

h.  A true and correct copy of the aforementioned email is attached hereto as **Exhibit 5**;

i.  March 16, 2020 – Letter to the Plaintiff Mr. Marshack and Mr. Hays;

j.  A true and correct copy of the aforementioned letter is attached hereto as **Exhibit 6**;

k.  March 24, 2020 – Email to the Plaintiff Mr. Richard Marshack and Mr. Ed Hays;

l.  A true and correct copy of the aforementioned email is attached hereto as **Exhibit 7**;

m.  March 27, 2020 – Email to the Plaintiff Mr. Richard Marshack, Mr. John Reitman and Mr. Ed Hays;

n.  A true and correct copy of the aforementioned email is attached hereto as **Exhibit 8**;

o.  April 4, 2020 – Email to the Plaintiff Mr. Richard Marshack, Mr. John Reitman and Mr. Ed Hays;

p.  A true and correct copy of the aforementioned email is attached hereto as **Exhibit 9**;

q.  April 18, 2020 – Email to the Plaintiff Mr. Richard Marshack, Mr. John Reitman and Mr. Ed Hays;

r.   A true and correct copy of the aforementioned email is attached hereto as **Exhibit 10**;

s.   April 27, 2020 – Email to the Plaintiff Mr. Richard Marshack, Mr. John Reitman and Mr. Ed Hays;

t.   A true and correct copy of the aforementioned email is attached hereto as **Exhibit 11**;

u.   April 30, 2020 – Email to the Plaintiff Mr. Richard Marshack, and Mr. Ed Hays alerting them to the lack of reply to other correspondence;

v.   A true and correct copy of the aforementioned email is attached hereto as **Exhibit 12**;

w.   May 7, 2020 – Email to the Plaintiff Mr. Richard Marshack, Mr. John Reitman and Mr. Ed Hays;

x.   A true and correct copy of the aforementioned email is attached hereto as **Exhibit 13**;

y.   May 7, 2020 – Email to the Plaintiff Mr. Richard Marshack and Mr. Ed Hays;

z.   A true and correct copy of the aforementioned email is attached hereto as **Exhibit 14**;

aa. May 18, 2020 – Email to the Plaintiff Mr. Richard Marshack, Mr. John Reitman and Mr. Ed Hays; and

bb. A true and correct copy of the aforementioned email is attached hereto as **Exhibit 15.**

8.    Despite sending copious emails to the Plaintiff directly, and to his two separate attorneys, the only response I received was on March 26 of 2020, when Mr. Reitman stated that "… last week the [Plaintiff] was able to make arrangements to have the images reviewed to locate engagement agreements. We expect that review to be made in the next few weeks." In response to that statement I offered to wait for the Plaintiff to produce the retainers by April 27, 2020.

9.    My last correspondence to the Plaintiff and his attorneys, Mr. Reitman and Mr. Hays, was on May 18, 2020, and sought a reply by close of business on May 20, 2020.

10.   Instead of replying and producing the retainers to substantiate the liens, the Plaintiff ignored months of correspondence and instead filed the instant action on May 19, 2020.

I declare, under penalty of perjury and under the laws of the United States of America, that the foregoing is true and correct.  I have executed this declaration on September 16, 2020.


_____
FILIPPO MARCHINO

# EXHIBIT 2



THE X —LAW GROUP
A Professional Corporation
www.XLAWX.com

Los Angeles - New York - Las Vegas

625 Fair Oaks Ave. Suite 390
South Pasadena, California 91030
Phone | 213.599.3380
Fax | 213.599.3370
E-Mail | FM@xlawx.com

September 9, 2019

**_VIA E-Mail Only_**

John Reitman
Landau Gottfried & Berger LLP
1880 Century Park East, Suite 1101
Los Angeles, CA 90067

jreitman@lgbfirm.com

Re:    Your Correspondence of September 6, 2019

Mr. Reitman,
thank you for your email.

First, at the opening of your email you reference a letter that I sent to Mr. Jack Reitmean via email. I don't recall doing that, and don't have an email from me to him, so I'm uncertain as to what you are referring to.

Second, not knowing what document you are referencing in your email, it is hard to understand where you get the notion of a "ghost-writer." My letters are either my writing or my dictation to one of my paralegals, so I'm not sure what you are attempting to say.

Are you saying my office is not capable of writing a letter to you? Or a series of letters? It is unclear from your correspondence as to what you're implying but, needless to say, if you have something to add, please simply say so. I welcome the banter. Also - to be clear - when I say "we," from here on out, I'm referring to my office and my staff.

Third, we have indeed sent you multiple letters because we had not heard back from you. In your own email you reference correspondence from the beginning of June. That is over 3 months ago. You have actively interjected yourself in litigation that does not pertain to you, and a prompt reply on future matters would be appreciated.

*Reitman John*
September 9, 2019
Page 2 of 8



Los Angeles - New York - Las Vegas

Fourth, I have provided you ample law that addresses the creation of a right to a lien for fees. The law on this matter is clear, and that is that a lien is a product of a contract. That is regardless of who is filing it and for what reason.

We understand the argument you make, and have previously made, pertaining to Mr. Weiss's appointment by the Court. That however, is not a justification for you to violate the law or ignore established and well documented requirements for legal instruments, like liens for fees. Mr. Weiss steps in the proverbial "shoes" of EA, and does not, somehow, gain additional powers seeking fees that it is otherwise not entitled to.

In fact, the Bankruptcy court did not give you, nor did it give Mr. Weiss, the right to invent new standards by which to operate. So much so that your own liens all state as follow: "*PLEASE TAKE NOTICE that Brian Weiss, Federal Court Appointed Receiver Eagan Avenatti, LLP ("EA"), by virtue of a written fee agreement with Plaintiff, claims a lien…*" (emphasis added) This, on its face, shows that you recognize that the lien is being asserted as a result of a contract between EA and the client. It therefore resolves that, if there is no contract, there is no lien, regardless of the intervention of the Court in your matter.

Regardless of the representations of Mr. Avenatti, you have personally filed, as counsel for Mr. Weiss, liens in multiple cases and have done so without any basis. Further, you have now been put specifically on notice that there is no such contract with at least three clients. It is upon you then to substantiate the contracts giving rise to the liens, or upon Mr. Weiss. Either way, we see this approaching the threshold of tortious interference and akin to malicious prosecution.

Moreover - to be clear – we are not saying that EA (and/or Mr. Weiss) may not otherwise be entitled to compensation for the work done. That is an independent matter from the lien issue.

Fifth - in your letter you state that in fact Mr. Weiss has access to the hard copy client files. In there, one would presume the retainer agreements exist. Hence, we would ask that the receiver produce those that substantiate the liens immediately.

Additionally, we would ask that those files be made available for pickup as they belong to our clients, not EA. Please advise of when and where they can be picked up.

Ex. p. 8

*Reitman John*
September 9, 2019
Page 3 of 8



Sixth, I can tell you that the following clients do NOT have any agreements with EA for fees, and that accordingly the lien notice is invalid and should be immediately withdrawn as EA is not entitled to fees from these matters:

- Elba Hernandez in The Estate of Andres Ramirez v. City of Pasadena et al.
- Young Blue LLC in Young Blue LLC v. Karen Pena et al

Seventh, for the remaining cases you sent notice on. We are not certain, one way or the other, as to whether or not EA maintains retainer contracts with the clients, and, if they do retain contracts, whether these include or not a right to a lien. I would ask that you promptly vet the issue and revert back to me.

Eighth, while the issue of the existence of a lien is fairly straight forward, the quantification of it is not. That requires that your client provide an amount of time, and a value of that time, to us. As you know, and as indicated above, upon termination EA would only be entitled to quantum meruit on the case, and not to the original contingent amount.

We hence have asked multiple times for a reference as to what EA's fee would be. I understand that your son has been saying to third parties that EA would be entitled to "40% or 50% of the recovery" to the client. That is absolutely not the case.

First, EA was discharged from each and every one of the cases you have filed liens on. Accordingly, even if there was an underlying contingency fee contract, the contingency fee portion would cease to exist. When a contingency attorney is discharged, the general measure of recovery is quantum meruit--the reasonable value of attorney's services rendered to the time of discharge. (*Fracasse v. Brent* (1972) 6 Cal.3d 784, 790-792.)

Second, it is upon you to quantify the work done on the matter, and the applicable hourly rate. To facilitate this, we ask again that you set forth what you believe EA did in each of the cases you have filed liens in, and what the value of that work is (i.e. hourly rate applicable for the work done).

Last, I have seen repeated instances of you interjecting yourself and Mr. Weiss in a multitude of matters in a manner that is uncalled for and that damages clients' interests. For example, I have now learned that you have requested correspondence and threatened to subpoena opposing counsel on a matter that we are handling for a client. That is uncalled for, and something to which you have no right to.



It is well established law that a discharged attorney in most cases must maintain a separate action to enforce his or her lien rights and may not intervene in the underlying action in order to establish his lien interest in the anticipated recovery. (See, e.g., *Siciliano v. Fireman's Fund Insurance Co.* (1976) 62 Cal.App.3d 745.)

Hence, there is no grand power to interfere while harming clients' cases. In the matter of Young Blue v. Pena, you are about to derail a settlement on a walk away case that otherwise is going to result in our client having to expend copius amounts of money in litigation. Again, this is tantamount to a tortious interference, and an aiding and abetting of breach of fiduciary duty on your part and that of Mr. Weiss. In the face of repeated threats, disparagements, and insults by your office, we have remained civil and courteous. I would encourage you to discuss these matters with me, as there is no sense in generating liability on your behalf, and additional litigation, when you're actually seeking to increase the assets of the debtor.

I look forward to your reply.

With Best Regards,

Filippo Marchino

# EXHIBIT 3

 Gmail

**Thomas Gray <tgrayxlaw@gmail.com>**

---

## In RE Eagan Avenatti LLP
1 message

---

**Filippo Marchino** <fm@xlawx.com>                                          Mon, Jan 6, 2020 at 4:46 PM
To: John Reitman <jreitman@lgbfirm.com>, jareitman@lgbfirm.com
Cc: Tom Cassaro <tc@xlawx.com>, Thomas Gray <tg@xlawx.com>

Dear Messers John and Jack Reitman,
I trust this email finds you well.

I wanted to forward you an email to which I never obtained a reply from you. We responded to your correspondence of September 6, 2019, but unfortunately never heard back from you.

Nonetheless, we were recently informed, that you have continued to represent to third parties that the liens you had filed were indeed valid, despite failing to substantiate the liens.

It has now been over 4 months since the attached correspondence was sent to you and, to date, you have been unable to produce a retainer backing up the liens. We assume that is the circumstance because such retainers do not exist.

At this time, we wanted to reach out one last time in an attempt to verify if in fact you can substantiate these liens. If you can't, then the correct thing to do is withdraw them, and allow the clients to resolve their matters without interference from you. If and when the estate finds retainers, and can substantiate the work done, then we can verify the compensation owed to EA, if any.

But your actions at this point are beyond uncalled for. You're actively harming clients with no grounds to do so, and, on their behalf, we reserve all rights against you both, and your firm.

With Regards,
F. Marchino

--



Filippo Marchino

Attorney

The X-Law Group P.C.

625 Fair Oaks Ave, Suite 390

South Pasadena, CA - 91030 - U.S.A.

Tel: +1 213 599 3380

Fax: +1 213 599 3370

*"Cela existe. Pas ici, mais maintenant."*

*POTENTIAL CLIENT:*

If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law.  Please be advised, however, that The X-Law Group P.C. and its lawyers do not represent you until you have signed a retainer agreement with the firm.  Until that time, you are responsible for any statutes of limitations or other deadlines for your case or potential case.

*CONFIDENTIALITY NOTICE:*

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

 **Reitman Reply 9.9.19.pdf**
663K

# EXHIBIT 4

                                    **Thomas Gray <tgrayxlaw@gmail.com>**

---

## Re: In RE Eagan Avenatti LLP
1 message

**Filippo Marchino** <fm@xlawx.com>                                    Fri, Jan 10, 2020 at 9:05 AM
To: John Reitman <jreitman@lgbfirm.com>, jareitman@lgbfirm.com
Cc: Tom Cassaro <tc@xlawx.com>, Thomas Gray <tg@xlawx.com>

Messrs,
Any particular reason why you can't seem to respond timely to emails?


On Mon, Jan 6, 2020, 16:46 Filippo Marchino <fm@xlawx.com> wrote:
Dear Messers John and Jack Reitman,
I trust this email finds you well.

I wanted to forward you an email to which I never obtained a reply from you. We responded to your correspondence of
September 6, 2019, but unfortunately never heard back from you.

Nonetheless, we were recently informed, that you have continued to represent to third parties that the liens you had
filed were indeed valid, despite failing to substantiate the liens.

It has now been over 4 months since the attached correspondence was sent to you and, to date, you have been unable
to produce a retainer backing up the liens. We assume that is the circumstance because such retainers do not exist.

At this time, we wanted to reach out one last time in an attempt to verify if in fact you can substantiate these liens. If you
can't, then the correct thing to do is withdraw them, and allow the clients to resolve their matters without interference
from you. If and when the estate finds retainers, and can substantiate the work done, then we can verify the
compensation owed to EA, if any.

But your actions at this point are beyond uncalled for. You're actively harming clients with no grounds to do so, and, on
their behalf, we reserve all rights against you both, and your firm.

With Regards,
F. Marchino


--



Filippo Marchino

Attorney


The X-Law Group P.C.

625 Fair Oaks Ave, Suite 390

South Pasadena, CA - 91030 - U.S.A.

Tel: +1 213 599 3380

Fax: +1 213 599 3370

*"Cela existe. Pas ici, mais maintenant."*

*POTENTIAL CLIENT:*

If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law.  Please be advised, however, that The X-Law Group P.C. and its lawyers do not represent you until you have signed a retainer agreement with the firm.  Until that time, you are responsible for any statutes of limitations or other deadlines for your case or potential case.

*CONFIDENTIALITY NOTICE:*

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

# EXHIBIT 5

 **Gmail**

**Thomas Gray <tgrayxlaw@gmail.com>**

# Liens
1 message

**Filippo Marchino** <fm@xlawx.com>                                            Wed, Jan 29, 2020 at 1:15 PM
To: Ed Hays <EHays@marshackhays.com>, Richard Marshack <rmarshack@marshackhays.com>, John Reitman
<jreitman@lgbfirm.com>
Cc: Thomas Gray <tg@xlawx.com>

Dear Messers,
this is a second and separate email from the first one.

I've tried to address this with you individually but to no avail. As for before, I'd like to proceed with a call or a meeting to
discuss this as well.

We have a few of your liens on file for cases that we know EA does not maintain a retainer for. We would like to address
these. Not only was there limited to no work done by EA on the vast majority of these cases, but to date we have been
unable to obtain from you any backing as to the work done, existence of retainers or costs incurred if any.

Additionally, as you know, there is at least one of these cases the resolution of which is currently being delayed and
impeded by your lien. In the specific, the case is Young Blue LLC v. Pena et al.

While the transaction resolving the dispute involves the transfer of property, our client is actually paying for the land. The
land is not in lieu of the judgement. That said, the land is being sold with a "discount" of around $10,000 from market
value (possibly less). Hence, our client is transacting the current judgment of $50,000 for 10% or 20% of it's value.

While I can personally attest to the lack of work by EA on this particular case, I am certain that you will not agree to waive
your lien.

Here is what I would propose:

We would want you to quantify the amount you claim is owed (what percentage), and the split you propose of that with our
office. My client would then agree to deposit those funds into our trust account, pending your corroboration of the work
done and the retainer (which we understand you believe is in the servers).

This solution would allow us to close the client's deal without further ado and without exposing EA and yourselves to any
further liability.

Additionally, for the other cases, please let me know where you stand in terms of obtaining the alleged retainer
agreements, and how you propose corroborating the work done by EA, if any.

Please let me know ASAP how we can proceed.

Look forward to resolving these maters in short order.

thank you,
F. Marchino

--



Filippo Marchino

Attorney

The X-Law Group P.C.

625 Fair Oaks Ave, Suite 390

South Pasadena, CA - 91030 - U.S.A.

Tel: +1 213 599 3380

Fax: +1 213 599 3370

*"Cela existe. Pas ici, mais maintenant."*

**POTENTIAL CLIENT:**

If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law.  Please be advised, however, that The X-Law Group P.C. and its lawyers do not represent you until you have signed a retainer agreement with the firm.  Until that time, you are responsible for any statutes of limitations or other deadlines for your case or potential case.

**CONFIDENTIALITY NOTICE:**

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

# EXHIBIT 6



THE X — LAW GROUP
A Professional Corporation
w w w . X L A W X . c o m

Los Angeles · New York · Las Vegas

625 Fair Oaks Ave. Suite 390
South Pasadena, California 91030
Phone | 213.599.3380
Fax | 213.599.3370
E-Mail | FM@xlawx.com

March 16, 2020

**_VIA FedEx, Anticipated via E-Mail_**

Richard Marshack, Esq
Edward Hays, Esq.
**MARSHACK HAYS LLC**
870 Roosevelt,
Irvine, CA 92620

Re:     Former Clients of Eagan Avenatti LLP

Dear Mr. Marshack and Mr. Hays,

I write as counsel for Young Blue LLC, The Estate of Andres Ramirez, Mrs. Elba Hernandez and ███████. Additionally, please note that we also represent Ms. Sandy Le (*The Estate of Tina Le v. Mario Martin Saldivar, et al.*) and Mrs. Eryn Walsh (*The Estate of Kevin Walsh v. California Department of Transportation, et al.*). Please direct any and all correspondence pertaining to these matters to my attention, and do not contact my Clients.

EA has filed liens in a multitude of cases in which it has no right to do so. As you well know, I have tried to address these issues with John Reitman and his son, Jack Reitman, since the middle of last year, all to no avail. At this point, we are left with truly little room to move.

Two of these are very problematic and we would like to address immediately. The law on this matter is clear, and well established. An attorney's lien is not automatically created upon the lawyer's provision of legal services to a client but requires a contract for its creation. (*Carroll v. Interstate Brands Corp.* (2002) 99 Cal.App.4th 1168, 1172.)  Without an agreement between the client and the attorney "there is neither an express nor an implied basis for impressing a lien against [the client] in [the attorney's] favor."  (*Trimble v. Steinfeldt* (1986) 178 Cal.App.3d 646, 651.)

Additionally, an attorney's lien claim must be litigated in a separate action, even where the attorney has a contract with the client.   (*Hansen v. Jacobsen* (1986) 186 Cal.App.3d 350, 356 ["Because the discharged attorney is not a party to the pending action and may not intervene, the trial court has no jurisdiction to award fees to that attorney. Therefore, even though a contractual lien continues to be viable after discharge, a subsequent, independent action is required to

*Marshack, Esq.*
March 15, 2020
Page 2 of 7



Los Angeles · New York · Las Vegas

establish the amount of the lien and to enforce it."]; *Bandy v. Mt. Diablo Unified Sch. Dist.*
(1976) 56 Cal.App.3d 231, 235.)

There is a distinct difference between the right to claim an attorney's lien and the right to
payment for services rendered. The right to claim an attorney's lien depends only upon whether
the lien was validly created in the contract between the attorney and client. By contrast, the right
to be paid a fee for services rendered depends on the occurrence of the contingency defined in
the agreement giving rise to the right to be paid (e.g., judgment or settlement of the case). Thus,
the creation of a lien does not itself give the attorney the right to claim payment, but rather
gives the attorney only the right to be paid from a specific source of funds should a fee otherwise be
earned. Until a fee is earned, no right to enforce the claim of lien exists. (*Fracasse v. Brent*
(1972) 6 Cal.3d 784, 792.) If the contingency never occurs, no fee is earned, and the lien is of no
value. (*Ibid.*)

The indebtedness, if any, would have to be from our clients towards Eagan Avenatti if there was
a resolution of a case <u>and</u> there was a recovery of funds in that manner ... meaning, from the
Defendant to the Plaintiff.

The two cases that I need to address with you today are *Young Blue LLC v. Pena* and *The Estate
of Andres Ramirez v. The City of Pasadena*, as well as the situation pertaining to EA's claim on
the funds of ██████████.

**Young Blue**
In the matter of Young Blue, EA never maintained a retainer agreement with the client, because
it was a simple case, with a straightforward action that required no effort and no time. The
outcome of the case was a $55k default judgment. Since obtaining the judgment, the Defendant
has surfaced, and threatened to engage the client in more litigation to remove the judgment, and
possibly sue the client for malicious prosecution. The client has indicated that is not what they
want and has agreed instead to settle the matter by purchasing the disputed land from the
defendant for FMV (Fair Market Value). In other words, dismiss the case, and end their dispute
with the Defendant.

On point, the law states that a third party (e.g., the defendant or the defendant's insurer) with
notice of the plaintiff's former counsel's attorney's lien, may be civilly liable to the
lienholder **for paying out the funds directly to successor counsel and the plaintiff**. (See *Levin
v. Gulf Ins. Group* (1999) 69 Cal.App.4th 1282, 1287-1288.) This is not the case in the opposite
direction.

Since August of 2019, Mr. Reitman has been actively insisting that EA be paid upwards of
$25,000 for services rendered, and has proactively stalled this process while, at the same time,
failing to proffer the retainer agreement or, in any manner, substantiating the amount claimed.



Los Angeles - New York - Las Vegas

Given that we know that there is no retainer, and that we know the work by EA was minimal at best, there is no valid basis to keep this action from closing. Our client has authorized us to accept service of any complaint against it for services rendered, if and when EA will find the retainer and/or be able to substantiate the lien in any manner. But damaging the client, with the insistence on a non-viable lien, is simply not right and unethical.

I would hence propose that, given the fact that there will be no flow of monies from the defendant to the plaintiff, and given that the amounts at play are truly de minimis, you agree to allow the matter to close forthwith, without further ado, and without further damage to the client. In the event you deem it appropriate, the client has authorized me to offer $2,500 to be held in our trust account for the benefit of EA, in the event EA was able to substantiate costs and/or fees.

Absent your agreement, we are left with no option but to seek relief in court, and subsequently seek indemnification for the damages against the individual actors that are now acting on behalf of Eagan Avenatti.

**The Estate of Andres Ramirez**
As indicated in an email a few days ago to Mr. Reitman, the matter of Mr. Ramirez is tragic. The child was injured for many years prior to his passing. Eagan Avenatti represented the child in a personal injury litigation, but the representation ceased in the fall of 2018.

In February of 2019, the child passed, and the case hence ceased to exist. The new case, which involves his estate and, more importantly, his parents, started again in March of 2019 with a new government tort claim. The parties, and the causes of action, are now completely different.

It cannot be disputed that EA has never had an attorney/client relationship with the estate or with the parents of Mr. Ramirez, and that hence the filing of a lien was (and is) highly improper.

For all the reasons listed herein above, we believe that EA has no right to interfere in any manner with the parents of Mr. Ramirez and their current counsel.  (*Trimble v. Steinfeldt* (1986) 178 Cal.App.3d 646, 651 [lawyer who performed services on case, but who was never attorney of record and had no contract with client, *not* entitled to lien.].)

We ask that you remove the lien and cease any further interference in Ms. Hernandez's case.



*Marshack, Esq.*
March 15, 2020
Page 4 of 7



*Marshack, Esq.*
March 15, 2020
Page 5 of 7



*Marshack, Esq.*
March 15, 2020
Page 6 of 7



Los Angeles - New York - Las Vegas



Again, as previously stated, ultimately, we would like to be able to have a civil conversation about this with you. We understand your desire to maximize the recovery for the estate of EA but doing so at the expense of the victims of EA is simply not right. Additionally, the situation here is unlike a normal trustee situation. You, as an attorney, have stepped into the shoes of a law firm, and you must abide by the ethical rules that govern our profession when dealing with the former clients of the law firm.

As you probably know, California recognizes a claim for aiding and abetting breach of fiduciary duties, regardless of independent duties. For example, in *Neilson v. Union Bank of California*, N.A. (C.D.Cal. 2003) 290 F.Supp.2d 1101, the court thoroughly reviewed California case law and concluded that under California law a defendant can be liable for aiding and abetting a breach of fiduciary duty in the absence of an independent duty owed to the plaintiff. (*Id.* at p. 1135.)  Likewise, in *American Master Lease LLC v. Idanta Partners, Ltd. et al.* (2014) 225 Cal.App.4th 1451, the court held that

> [T]here are two different theories pursuant to which a person may be liable for aiding and abetting a breach of fiduciary duty. One theory, like conspiracy to breach a fiduciary duty, requires that the aider and abettor owe a fiduciary duty to the victim and requires only that the aider and abettor provide substantial assistance to the person breaching his or her fiduciary duty. (*Casey v. U.S. Bank Nat. Assn, supra,* 127 Cal.App.4th at p. 1144; *Coffman v. Kennedy* (1977) 74 Cal.App.3d 28, 32.) On this theory, California law treats aiding and abetting a breach of fiduciary duty and conspiracy to breach a fiduciary duty similarly. Courts impose liability for concerted action that violates the aider and abettor's fiduciary duty. (See *Janken v. GM Hughes*

*Marshack, Esq.*
March 15, 2020
Page 7 of 7



Los Angeles · New York · Las Vegas

> *Electronics, supra, 46 Cal.App.4th at p. 78; In re County of Orange, supra,*
> *203 B.R. at p. 999.)*
>
> *The second theory for imposing liability for aiding and abetting a breach of*
> *fiduciary duty arises when the aider and abettor commits an independent tort.*
> *(See Casey, supra, at p. 1144; Saunders v. Superior Court, supra, 27*
> *Cal.App.4th at p. 846.) This occurs when the aider and abettor makes "'a*
> *conscious decision to participate in tortious activity for the purpose of*
> *assisting another in performing a wrongful act.'" (Berg & Berg Enterprises,*
> *LLC v. Sherwood Partners, Inc., supra, 131 Cal.App.4th at p. 823, fn. 10;*
> *accord, Central Bank v. First Inter. Bank (1994) 511 U.S. 164, 181.)*

Needless to say, we are not here to threaten or impede your progress. We represent creditors of EA and are creditors ourselves. However, our collective first duty is to our clients, and yours is to EA's former clients to not harm them in any manner. I hope that we can help you in your endeavor to recover funds (we do have a few ideas that could help you quite a bit) while at the same time avoiding harming people that have already been harmed once.

Please let me know if you would like to discuss in short order. We are happy to host you in our offices or come meet with you in yours. If you do not, and would rather continue on your route, then please note that ████████, Ms. Hernandez, The Estate of Andres Ramirez and Young Blue LLC reserve all rights.


With Regards,



Filippo Marchino

# EXHIBIT 7

 **Filippo Marchino <filippo.marchino@gmail.com>**

---

## In re: EA - Correspondence

**Filippo Marchino** <fm@xlawx.com>    Tue, Mar 24, 2020 at 9:16 AM
To: Richard Marshack <rmarshack@marshackhays.com>, Ed Hays <EHays@marshackhays.com>
Cc: Thomas Gray <TG@xlawx.com>

Counsel - it has been 8 days since my correspondence to you. Please acknowledge receipt.

thank you.

--



Filippo Marchino

Attorney

The X-Law Group P.C.

625 Fair Oaks Ave, Suite 390

South Pasadena, CA - 91030 - U.S.A.

Tel: +1 213 599 3380

Fax: +1 213 599 3370

*"Cela existe. Pas ici, mais maintenant."*

*POTENTIAL CLIENT:*

If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law.  Please be advised,
however, that The X-Law Group P.C. and its lawyers do not represent you until you have signed a retainer agreement with the firm.  Until that time, you are responsible for
any statutes of limitations or other deadlines for your case or potential case.

*CONFIDENTIALITY NOTICE:*

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly
prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this
message.

[Quoted text hidden]

# EXHIBIT 8

 **Gmail**

**Thomas Gray <tgrayxlaw@gmail.com>**

## Re: EA: Young Blue
1 message

**Filippo Marchino** <fm@xlawx.com>                                          Fri, Mar 27, 2020 at 8:19 PM
To: John Reitman <jreitman@landaufirm.com>
Cc: Richard Marshack <RMarshack@marshackhays.com>, Ed Hays <EHays@marshackhays.com>, Thomas Gray
<TG@xlawx.com>

John,
thank you for your email.

Given the subject matter limitations indicated in your email, I too will limit this reply to just the Young Blue case.

First - I don't dispute the good faith of your work when your office originally filed the lien in the Young Blue matter in June 2019.
Likewise, I understand the difficulties of dealing with Mr. Avenatti, and his refusal to provide to you the documents you rightfully were
entitled to, including the servers and the retainer agreements for the various cases. Additionally, I understand the testimony you
refer to.

While I think you know as well as I do, that the vast majority of Avenatti's testimony and practice lacks any credibility, as you yourself
have disputed the vast majority of his testimony and legal practice, it is reasonable for you to rely on it back then. However, at this
juncture, I'd like to put those matters behind us and focus on resolving these issues. I am not here to impede your progress or that
of the trustee. I've also offered to help the trustee and Mr. Hays monetize properly the only true asset that EA has, the KC litigation.
At the end of the day, your work tangentially helps our clients and us too. We're here to cleanup a mess that is not the doing of
either of us.

When it comes to Young Blue, it was a matter that was handled as a favor, nothing else. There was no retainer with EA, as this was
a micro case at best in the universe of things EA was doing at the time.

Second - I'm afraid you're mistaken as to whether EA in fact did any work on this case. You are correct in that EA was attorney of
record. However, that does not mean it did any work. The did not. The ENTIRETY of the work you proffer as done by EA, was
actually done by X-Law and myself. I have all the drafts of the documents, and did the entirety of the work. When you search the EA
files, you will not find any in their system as to Young Blue, as they were drafted by my office, and by me personally.

Again, Young Blue is and was a client of mine, and EA had only acted as attorney of record because of my closeness with the
client.

Third - I'm glad that the trustee will finally have the ability to review the forensic image of the records. With that in mind, please let
me know if 2 weeks suffice for this. I'm inclined to advise my clients to wait for another 2 to 4 weeks for your production of the
retainer, or to verify that a retainer, in fact, does not exist.

This is your lien to verify and substantiate, so I'm happy to allocate the time you require. However, if by April 27, 2020, you fail to
find or produce a written retainer on this matter, then I would expect you to immediately remove the lien. This does not mean that my
client would not be willing to reimburse EA for the work done, but that too would require EA to verify and back up the work done,
which I can attest was none.

Fourth - We have recently obtained a FMV analysis of the property in question. It is in fact a few thousand dollars less than the
sums I had discussed with defendant's counsel. I will share that with you as soon as I have permission to, if in fact you insist on
seeing that.

Last, I'm unclear about the $25,000 demand you reference. If it is to my comment in a previous email, I was referencing a
conversation to which I was not party to, between you and the attorney for the defendant in this matter, whereby you indicated that
the claim for fees for EA would be 50% of the judgment. Either way, that is not the cruz of the matter here.

With regards,
Filippo

--
Filippo Marchino

Attorney

The X-Law Group P.C.

625 Fair Oaks Ave, Suite 390

South Pasadena, CA - 91030 - U.S.A.

Tel: +1 213 599 3380

Fax: +1 213 599 3370

*"Cela existe. Pas ici, mais maintenant."*

*POTENTIAL CLIENT:*

If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law.  Please be advised, however, that The X-Law Group P.C. and its lawyers do not represent you until you have signed a retainer agreement with the firm.  Until that time, you are responsible for any statutes of limitations or other deadlines for your case or potential case.

*CONFIDENTIALITY NOTICE:*

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

On Thu, Mar 26, 2020 at 1:48 PM John Reitman <jreitman@landaufirm.com> wrote:

Sent from my iPhone

Mr. Marchino:

I am writing at Mr. Marshack's instruction in response to your March 16 letter to him and his general bankruptcy counsel, Mr. Hays.  Mr. Marshack, as the Trustee for Eagan Avenatti LLP ("EA"), is the client, and I am his lawyer for the matters that relate to you, The X-Law Group and your respective clients.   For this reason, as I previously informed you in writing, please direct all of your communications regarding EA to me (with a copy to them).

Your letter raises three separate issues.  In this email, I am addressing only the Young Blue LLC issue. Please send this email to your client.  I will address the other issues you have raised later this week or next week.

As you know, EA represented Young Blue in its litigation against Pena, et al.  EA prepared and filed the complaint and obtained a default judgment against the defendants.  That judgment had not been satisfied when the U.S. District Court appointed a receiver for EA.

When you and I first discussed the Young Blue matter I explained that (1) the receivership order required the receiver to protect the financial and property interests of the EA estate, including the right to attorney fees in cases in which EA represented a party; (2) in violation of the federal court receivership order Mr. Avenatti failed to make EA's business records (including engagement agreements with clients) available to the receiver; (3) when the receiver finally obtained a forensic copy of those records, because Mr. Avenatti had stripped EA of its liquid assets, the receiver lacked the financial resources to enable him to access the images (to do so is a time consuming process and requires expensive computer hardware); and (4) the receiver filed attorney liens in those cases in which EA had represented a plaintiff based on a reasonable belief that he was entitled to do so based on EA's agreements with those clients, including Young Blue.  The basis for that belief includes Mr. Avenatti's sworn testimony that EA's practice was to have written engagement agreements with all of its clients for each matter in which it represented the client and that those agreements included required language to enable EA to assert an attorney lien.  When asked, Mr. Avenatti was not able to identify any instance in which EA had not followed this practice.  I will provide you with a copy of that testimony, if your client wants to see it.

As matters now stand, the Trustee also has not reviewed the forensic image of EA's records because of a lack of funds to do so.  However, last week the Trustee was able to make arrangements to have the images reviewed to locate engagement agreements.  We expect that review to be made in the next few weeks.

If your client is not willing to wait for the results of that review, the Trustee is willing to release the attorney lien in the Young Blue case on the following conditions (upon which the Trustee will rely in releasing the lien) (1) receipt of a declaration under penalty of perjury signed by a duly authorized senior officer of Young Blue before a California Notary Public stating without equivocation that there is no written engagement agreement between  Young Blue and EA and (2) evidence of the fair market value of the property being transferred to Young Blue and the threats made by the defendant.  The Trustee has not told me that he wants to accept or reject the $2,500 offer.  We will deal with that after he knows how your client wants to proceed.

My decision to not respond to the remainder of your comments regarding this or any other matter does not mean that I agree with any of them.  But I do want to make clear that at no time have I ever stated or implied you or anyone else that EA is entitled to any specific sum or a range of sums, or made any offer of compromise  -- much less a $25,000 demand – in this or any other matter.

# EXHIBIT 9

 Gmail                                              **Thomas Gray <tgrayxlaw@gmail.com>**

---

## Re: EA: Young Blue
1 message

---

**Filippo Marchino** <fm@xlawx.com>                          Sat, Apr 4, 2020 at 7:47 PM
To: John Reitman <jreitman@landaufirm.com>
Cc: Richard Marshack <RMarshack@marshackhays.com>, Ed Hays <EHays@marshackhays.com>, Thomas Gray
<TG@xlawx.com>

> Mr. Reitman,
> it's now been 8 days since this email was sent to you.
>
> Please promptly reply.
>
> thank you.
>
>
> --



| | Filippo Marchino |
|---|---|
| | Attorney |
| | The X-Law Group P.C. |
| | 625 Fair Oaks Ave, Suite 390 |
| | South Pasadena, CA - 91030 - U.S.A. |
| | Tel: +1 213 599 3380 |
| | Fax: +1 213 599 3370 |
| | *"Cela existe. Pas ici, mais maintenant."* |

*POTENTIAL CLIENT:*

If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law.  Please be advised, however, that The X-Law Group P.C. and its lawyers do not represent you until you have signed a retainer agreement with the firm.  Until that time, you are responsible for any statutes of limitations or other deadlines for your case or potential case.

*CONFIDENTIALITY NOTICE:*

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

On Fri, Mar 27, 2020 at 8:19 PM Filippo Marchino <fm@xlawx.com> wrote:
> John,
> thank you for your email.
>
> Given the subject matter limitations indicated in your email, I too will limit this reply to just the Young Blue case.
>
> First - I don't dispute the good faith of your work when your office originally filed the lien in the Young Blue matter in June 2019. Likewise, I understand the difficulties of dealing with Mr. Avenatti, and his refusal to provide to you the documents you rightfully

were entitled to, including the servers and the retainer agreements for the various cases. Additionally, I understand the testimony
you refer to.

While I think you know as well as I do, that the vast majority of Avenatti's testimony and practice lacks any credibility, as you
yourself have disputed the vast majority of his testimony and legal practice, it was reasonable for you to rely on it back then.
However, at this juncture, I'd like to put those matters behind us and focus on resolving these issues. I am not here to impede
your progress or that of the trustee. I've also offered to help the trustee and Mr. Hays monetize properly the only true asset that
EA has, the KC litigation. At the end of the day, your work tangentially helps our clients and us too. We're here to cleanup a mess
that is not the doing of either of us.

When it comes to Young Blue, it was a matter that was handled as a favor, nothing else. There was no retainer with EA, as this
was a micro case at best in the universe of things EA was doing at the time.

Second - I'm afraid you're mistaken as to whether EA in fact did any work on this case. You are correct in that EA was attorney of
record. However, that does not mean it did any work. The did not. The ENTIRETY of the work you proffer as done by EA, was
actually done by X-Law and myself. I have all the drafts of the documents, and did the entirety of the work. When you search the
EA files, you will not find any in their system as to Young Blue, as they were drafted by my office, and by me personally.

Again, Young Blue is and was a client of mine, and EA had only acted as attorney of record because of my closeness with the
client.

Third - I'm glad that the trustee will finally have the ability to review the forensic image of the records. With that in mind, please let
me know if 2 weeks suffice for this. I'm inclined to advise my clients to wait for another 2 to 4 weeks for your production of the
retainer, or to verify that a retainer, in fact, does not exist.

This is your lien to verify and substantiate, so I'm happy to allocate the time you require. However, if by April 27, 2020, you fail to
find or produce a written retainer on this matter, then I would expect you to immediately remove the lien. This does not mean that
my client would not be willing to reimburse EA for the work done, but that too would require EA to verify and back up the work
done, which I can attest was none.

Fourth - We have recently obtained a FMV analysis of the property in question. It is in fact a few thousand dollars less than the
sums I had discussed with defendant's counsel. I will share that with you as soon as I have permission to, if in fact you insist on
seeing that.

Last, I'm unclear about the $25,000 demand you reference. If it is to my comment in a previous email, I was referencing a
conversation to which I was not party to, between you and the attorney for the defendant in this matter, whereby you indicated
that the claim for fees for EA would be 50% of the judgment. Either way, that is not the cruz of the matter here.

With regards,
Filippo

--



Filippo Marchino

Attorney

The X-Law Group P.C.

625 Fair Oaks Ave, Suite 390

South Pasadena, CA - 91030 - U.S.A.

Tel: +1 213 599 3380

Fax: +1 213 599 3370

*"Cela existe. Pas ici, mais maintenant."*

*POTENTIAL CLIENT:*

If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law.  Please be

advised, however, that The X-Law Group PLC and its lawyers do not represent you until you have signed a retainer agreement with the firm.  Until that time, you are responsible for any statutes of limitations or other deadlines for your case or potential case.

*CONFIDENTIALITY NOTICE:*

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

On Thu, Mar 26, 2020 at 1:48 PM John Reitman <jreitman@landaufirm.com> wrote:

Sent from my iPhone

Mr. Marchino:

I am writing at Mr. Marshack's instruction in response to your March 16 letter to him and his general bankruptcy counsel, Mr. Hays.  Mr. Marshack, as the Trustee for Eagan Avenatti LLP ("EA"), is the client, and I am his lawyer for the matters that relate to you, The X-Law Group and your respective clients.   For this reason, as I previously informed you in writing, please direct all of your communications regarding EA to me (with a copy to them).

Your letter raises three separate issues.  In this email, I am addressing only the Young Blue LLC issue. Please send this email to your client.  I will address the other issues you have raised later this week or next week.

As you know, EA represented Young Blue in its litigation against Pena, et al.  EA prepared and filed the complaint and obtained a default judgment against the defendants.  That judgment had not been satisfied when the U.S. District Court appointed a receiver for EA.

When you and I first discussed the Young Blue matter I explained that (1) the receivership order required the receiver to protect the financial and property interests of the EA estate, including the right to attorney fees in cases in which EA represented a party; (2) in violation of the federal court receivership order Mr. Avenatti failed to make EA's business records (including engagement agreements with clients) available to the receiver; (3) when the receiver finally obtained a forensic copy of those records, because Mr. Avenatti had stripped EA of its liquid assets, the receiver lacked the financial resources to enable him to access the images (to do so is a time consuming process and requires expensive computer hardware); and (4) the receiver filed attorney liens in those cases in which EA had represented a plaintiff based on a reasonable belief that he was entitled to do so based on EA's agreements with those clients, including Young Blue.  The basis for that belief includes Mr. Avenatti's sworn testimony that EA's practice was to have written engagement agreements with all of its clients for each matter in which it represented the client and that those agreements included required language to enable EA to assert an attorney lien.  When asked, Mr. Avenatti was not able to

identify any instance in which EA had not followed this practice. I will provide you with a copy of that testimony, if your client wants to see it.

As matters now stand, the Trustee also has not reviewed the forensic image of EA's records because of a lack of funds to do so.  However, last week the Trustee was able to make arrangements to have the images reviewed to locate engagement agreements.  We expect that review to be made in the next few weeks.

If your client is not willing to wait for the results of that review, the Trustee is willing to release the attorney lien in the Young Blue case on the following conditions (upon which the Trustee will rely in releasing the lien) (1) receipt of a declaration under penalty of perjury signed by a duly authorized senior officer of Young Blue before a California Notary Public stating without equivocation that there is no written engagement agreement between  Young Blue and EA and (2) evidence of the fair market value of the property being transferred to Young Blue and the threats made by the defendant.  The Trustee has not told me that he wants to accept or reject the $2,500 offer.  We will deal with that after he knows how your client wants to proceed.

My decision to not respond to the remainder of your comments regarding this or any other matter does not mean that I agree with any of them.  But I do want to make clear that at no time have I ever stated or implied you or anyone else that EA is entitled to any specific sum or a range of sums, or made any offer of compromise  -- much less a $25,000 demand – in this or any other matter.

# EXHIBIT 10



**Thomas Gray <tgrayxlaw@gmail.com>**

---

## Re: EA: Young Blue
1 message

---

**Filippo Marchino** <fm@xlawx.com>                                      Sat, Apr 18, 2020 at 10:52 AM
To: John Reitman <jreitman@landaufirm.com>
Cc: Richard Marshack <rmarshack@marshackhays.com>, Ed Hays <EHays@marshackhays.com>, Thomas Gray
<TG@xlawx.com>

John,
It's now been weeks since this email was sent to you. Can you please respond?

Thank you

On Sat, Apr 4, 2020, 19:47 Filippo Marchino <fm@xlawx.com> wrote:
Mr. Reitman,
it's now been 8 days since this email was sent to you.

Please promptly reply.

thank you.

--



Filippo Marchino

Attorney


The X-Law Group P.C.

625 Fair Oaks Ave, Suite 390

South Pasadena, CA - 91030 - U.S.A.

Tel: +1 213 599 3380

Fax: +1 213 599 3370

*"Cela existe. Pas ici, mais maintenant."*

*POTENTIAL CLIENT:*

If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law. Please be advised, however, that The X-Law Group P.C. and its lawyers do not represent you until you have signed a retainer agreement with the firm. Until that time, you are responsible for any statutes of limitations or other deadlines for your case or potential case.

*CONFIDENTIALITY NOTICE:*

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

On Fri, Mar 27, 2020 at 8:19 PM Filippo Marchino <fm@xlawx.com> wrote:

# EXHIBIT 11

 Gmail

**Filippo Marchino <filippo.marchino@gmail.com>**

---

## URGENT - Re: EA: Young Blue

**Filippo Marchino** <fm@xlawx.com>                                     <mark>Mon, Apr 27, 2020</mark> at 4:55 AM
To: John Reitman <jreitman@landaufirm.com>
Cc: Richard Marshack <rmarshack@marshackhays.com>, Ed Hays <EHays@marshackhays.com>, Thomas Gray
<TG@xlawx.com>
Bcc: Damon Rogers <Dr@xlawx.com>

Dear Mr. Retiman,
On March 27th I replied to your email of March 26th pertaining to this matter. I then followed up with you on April 4th and
on April 18th. All to no avail.

<mark>Please respond to this email, and advise as to what the trustee intends to do, and whether you have obtained a copy of
the retainer as indicated in your March 26th, 2020 email.</mark>

I look forward to hearing from you.

With kind regards,
F. Marchino

--



Filippo Marchino

Attorney

The X-Law Group P.C.

625 Fair Oaks Ave, Suite 390

South Pasadena, CA - 91030 - U.S.A.

Tel: +1 213 599 3380

Fax: +1 213 599 3370

*"Cela existe. Pas ici, mais maintenant."*

*POTENTIAL CLIENT:*

If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law.  Please be advised,
however, that The X-Law Group P.C. and its lawyers do not represent you until you have signed a retainer agreement with the firm.  Until that time, you are responsible for
any statutes of limitations or other deadlines for your case or potential case.

*CONFIDENTIALITY NOTICE:*

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly
prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this
message.

On Sat, Apr 18, 2020 at 10:52 AM Filippo Marchino <fm@xlawx.com> wrote:
John,
It's now been weeks since this email. Can you please respond?

# EXHIBIT 12

 **Gmail**                                        **Filippo Marchino <filippo.marchino@gmail.com>**

---

## Emails

**Filippo Marchino** <fm@xlawx.com>                                    Thu, Apr 30, 2020 at 1:05 PM
To: Richard Marshack <rmarshack@marshackhays.com>, Ed Hays <EHays@marshackhays.com>
Cc: Thomas Gray <TG@xlawx.com>

Hello Richard and Ed,
I hope you are well and safe.

I have now sent a total of 8 emails to Mr. Reitman over the last month, all of which have not been replied to. I'm unclear as to why Mr. Retiman is not responding to emails or correspondence sent to him from this office.

Here is a list of the emails that I reference above.

- ████████████████████████
  - ████████
  - ████████████
  - ████████████.
- 4 emails on the Young Blue Matter:
  - March 27
  - April 4
  - April 18
  - April 27

As you know, there are other matters between EA and other clients of ours, but the matters of ███████ and Young Blue are, for different reasons, rather urgent.

On the Young Blue matter, Mr. Reitman specifically stated that you were in the process of reviewing the servers of EA, and would remove the lien if there was no retainer found. As you well know, a retainer is necessary to maintain a lien on a case. Happy to forward you the law on that.

To date, despite repeated requests, we have not received any follow up to these requests on Young Blue, and despite being promised that there would be such a follow up, none was received.

████████████████████████████████████████████████████████

At your convenience please advise if we can work directly with either of you to advance these matters, as the absence of response is creating a problematic situation for all.

With regards,
F. Marchino

--



Filippo Marchino

Attorney


The X-Law Group P.C.

625 Fair Oaks Ave, Suite 390

South Pasadena, CA - 91030 - U.S.A.

Tel: +1 213 599 3380

Fax: +1 213 935 3975

*"Cela existe. Pas ici, mais maintenant."*

*POTENTIAL CLIENT:*

If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law.  Please be advised, however, that The X-Law Group P.C. and its lawyers do not represent you until you have signed a retainer agreement with the firm.  Until that time, you are responsible for any statutes of limitations or other deadlines for your case or potential case.

*CONFIDENTIALITY NOTICE:*

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

# EXHIBIT 13

 **Filippo Marchino <filippo.marchino@gmail.com>**

---

## URGENT - Re: EA: Young Blue

**Filippo Marchino** <fm@xlawx.com>                    Thu, May 7, 2020 at 5:25 AM
To: John Reitman <jreitman@landaufirm.com>
Cc: Richard Marshack <rmarshack@marshackhays.com>, Ed Hays <EHays@marshackhays.com>, Thomas Gray
<TG@xlawx.com>

Mr. Retiman,
I trust this email finds you well.

We have not heard from you on this matter. Another 10 days have elapsed since our last correspondence. Any reason
why you're refusing to respond to this office's requests and followups?

With regards,
F. Marchino

--



Filippo Marchino

Attorney


The X-Law Group P.C.

625 Fair Oaks Ave, Suite 390

South Pasadena, CA - 91030 - U.S.A.

Tel: +1 213 599 3380

Fax: +1 213 599 3370

*"Cela existe. Pas ici, mais maintenant."*

*POTENTIAL CLIENT:*

If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law.  Please be advised, however, that The X-Law Group P.C. and its lawyers do not represent you until you have signed a retainer agreement with the firm.  Until that time, you are responsible for any statutes of limitations or other deadlines for your case or potential case.


*CONFIDENTIALITY NOTICE:*

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

[Quoted text hidden]

# EXHIBIT 14

     **Filippo Marchino <filippo.marchino@gmail.com>**

---

# Emails

**Filippo Marchino** <fm@xlawx.com>                                          <mark>Thu, May 7, 2020</mark> at 5:25 AM
To: Richard Marshack <rmarshack@marshackhays.com>, Ed Hays <EHays@marshackhays.com>
Cc: Thomas Gray <TG@xlawx.com>

Richard and Ed,
hope you guys are well.

Any chance you can please respond to this email? Or give us a call?

Not sure why we're being completely ignored. Your actions are interfering with former clients' of EA, and are doing so with absolutely no right to do so. We've now advised you of it, and asked that the actions be substantiated, but have been met with utter silence. We know that Mr. Reitman is receiving our correspondence, but for some reason he's ignoring all of it.

This seems to be an indication of bad faith towards ████████, Ms. Hernandez, Young Blue LLC, etc.

I would politely ask that you get in touch with me to discuss this. There is no reason why this cannot be civilized and worked on.

Thank you,
Filippo

--



Filippo Marchino

Attorney

The X-Law Group P.C.

625 Fair Oaks Ave, Suite 390

South Pasadena, CA - 91030 - U.S.A.

Tel: +1 213 599 3380

Fax: +1 213 599 3370

*"Cela existe. Pas ici, mais maintenant."*

*POTENTIAL CLIENT:*

If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law.  Please be advised, however, that The X-Law Group P.C. and its lawyers do not represent you until you have signed a retainer agreement with the firm.  Until that time, you are responsible for any statutes of limitations or other deadlines for your case or potential case.

*CONFIDENTIALITY NOTICE:*

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

[Quoted text hidden]

# EXHIBIT 15

 **Gmail**

**Filippo Marchino <filippo.marchino@gmail.com>**

---

## URGENT - Re: EA: Young Blue

**Filippo Marchino** <fm@xlawx.com>                                      Mon, May 18, 2020 at 8:00 AM
To: John Reitman <jreitman@landaufirm.com>
Cc: Richard Marshack <rmarshack@marshackhays.com>, Ed Hays <EHays@marshackhays.com>, Thomas Gray
<TG@xlawx.com>

Mr. Reitman,
another 11 days have elapsed, with absolutely no response from you.

Will you reply to this string of emails or will you continue to ignore us? You have filed multiple liens, including the one
against the case of Young Blue LLC, and you're refusing to substantiate the lien.

If we do not hear from you by COB on Thursday, May 20, 2020, we will proceed without further ado.

With regards.
F. Marchino

--



Filippo Marchino

Attorney

The X-Law Group P.C.

625 Fair Oaks Ave, Suite 390

South Pasadena, CA - 91030 - U.S.A.

Tel: +1 213 599 3380

Fax: +1 213 599 3370

*"Cela existe. Pas ici, mais maintenant."*

*POTENTIAL CLIENT:*

If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law.  Please be advised,
however, that The X-Law Group P.C. and its lawyers do not represent you until you have signed a retainer agreement with the firm.  Until that time, you are responsible for
any statutes of limitations or other deadlines for your case or potential case.

*CONFIDENTIALITY NOTICE:*

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly
prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this
message.

[Quoted text hidden]