RICHARD L. KELLNER (State Bar No. 171416)
rlk@kellnerlaw.com
KELLNER LAW GROUP PC
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 780-6759
Facsimile: (310) 277-0635

Special Litigation Attorneys for Plaintiff and
Chapter 7 Trustee, RICHARD A. MARSHACK

D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
870 Roosevelt
Irvine, CA 92620
Telephone: 949-333-7777
Facsimile: 949-333-7778

General Counsel for Plaintiff and Chapter 7 Trustee,
RICHARD A. MARSHACK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP,<br><br>Debtor. | Case No.: 8:19-bk-13560-SC<br><br>Chapter 7<br><br>Adv. No.: 8:20-ap-01086-SC |
| RICHARD A. MARSHACK, Chapter 7 Trustee for Eagan Avenatti, LLP,<br><br>Plaintiff,<br><br>v.<br><br>THE X-LAW GROUP, PC, a professional corporation; FILIPPO MARCHINO, an individual; ELBA HERNANDEZ, individually and as personal representative and successor in interest to Andres Ramirez, deceased,<br><br>Defendants. | **SECOND AMENDED COMPLAINT FOR (1) DECLARATORY JUDGMENT; (2) QUANTUM MERUIT; (3) VIOLATION OF THE AUTOMATIC STAY AND OTHER COURT ORDERS; (4) AVOIDANCE, RECOVERY, AND PRESERVATION OF FRAUDULENT TRANSFER** |

Plaintiff is Richard A. Marshack, chapter 7 trustee ("Trustee") for the bankruptcy estate

("Estate") of Eagan Avenatti, LLP ("EA"). Because the Trustee was not appointed until after EA

filed bankruptcy on September 13, 2019 ("Petition Date"), the Trustee does not have personal

knowledge of alleged facts that occurred prior to the Petition Date and therefore makes those

allegations on information and belief. Such allegations are based on the following:  EA's files; the

records of EA's former equity receiver, Brian Weiss ("Receiver"); the testimony of EA's former

managing partner, Michael J. Avenatti, in various proceedings; information provided by other

attorneys who worked at EA; information provided by counsel for the City of Pasadena in the

Hernandez case, and documents filed with the Los Angeles County Superior Court, the United

States Bankruptcy Court for the Central District of California, and the United States District Court

for the Central District of California.

## JURISDICTION AND VENUE

1.   In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Santa Ana

Division of the United States Bankruptcy Court for the Central District of California ("Bankruptcy

Court") has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334, because the

claims asserted arise under Title 11 of the United States Code or arise in or relate to the Chapter 7

case of the debtor, EA, currently pending in the Bankruptcy Court as Case No. 8:19-bk-13560-CB

("EA Bankruptcy Case"). The outcome of this adversary proceeding will have a significant effect

on the Estate because it asserts claims for the establishment and protection of the Estate's property

rights and recovery of the proceeds of those rights. The claims for relief in this Complaint

constitute a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O). Regardless of whether

this is a core proceeding, consent is given to the entry of final orders and judgment by the

Bankruptcy Court. The defendants are notified that Fed. R. Bankr. P. 7012(b) requires each

defendant to state whether the defendant does or does not consent to entry of final orders or

judgment by the Bankruptcy Court.

2.   Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409

because the EA Bankruptcy Case is pending in this district and division. This Court also has

personal jurisdiction over defendants.

/ / /

SECOND AMENDED COMPLAINT

**PARTIES**

3.   Plaintiff, Richard A. Marshack, is the chapter 7 trustee of the Estate.

4.   Defendant The X-Law Group, PC ("X-Law"), is a California professional corporation with a primary place of business in Los Angeles County, California.

5.   Defendant Filippo Marchino ("Marchino") is an individual with a primary place of business in Los Angeles County, California, and the president of X-Law.

6.   Defendant Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased ("Hernandez"), is an individual who resides in Los Angeles County, California. Hernandez is a former client of EA.

**GENERAL ALLEGATIONS**

7.   EA was a California based litigation law firm formed in the mid-2000s. From approximately 2011 through 2019, the managing partner of EA was Michael J. Avenatti ("Avenatti").

8.   EA primarily handled plaintiff contingency matters, whereby the firm customarily received legal fees after a case was resolved in favor of EA's client. EA's general business practice was to enter into a fee agreement with each client providing that EA would be paid a certain percentage of the proceeds of any judgment or settlement obtained on behalf of the client and granting EA a lien on those proceeds to secure its right to fees.

**A.    Co-Defendant Filippo Marchino Was An EA Attorney Who Held Himself Out as an EA Partner**

9.   Beginning in or around August 2016, co-defendant Filippo Marchino was an attorney at EA who expressly represented himself as an EA partner.  In emails, Mr. Marchino would customarily include the following signature block representing himself as an EA partner:



Filippo Marchino, Esq.
Partner

Eagan
Avenatti LLP

1910 W. Sunset Blvd,
Suite 450
Los Angeles, CA 90026

520 Newport Center Drive,
Suite 1400
Newport Beach, CA 92660

Tel +1 (949) 706-7000
Fax +1 (949) 706-7050

3

10.     Marchino sent out emails to publicize that he had joined EA and also identified himself in his e-mail signature block as a "Partner" of EA.

11.     Consistent with the foregoing, Marchino used the EA email address of fmarchino@eaganavenatti.com in connection with his work on EA cases, had access to the EA server, worked at EA offices, and had EA legal assistants, law clerks, and attorneys providing him with services in connection with his litigation of EA cases.  Notwithstanding his recent representations to the contrary, Marchino was an EA attorney who informed colleagues and the public that he was an EA partner.

12.     Consistent with his employment as an agent, attorney and/or partner of EA, Marchino received biweekly payments of approximately $4,800 on the EA payroll, at least through July or August 2017, as shown in the monthly operating reports filed in the 2017 Bankruptcy.

**B.      Co-Defendant Marchino Worked On and Supervised Other EA Attorneys in Connection with the Hernandez/Ramirez Action for EA**

13.     From 2016 through late 2018, Marchino continued to work as an EA attorney and represent himself as an EA partner.

14.     From 2016 through late 2018, Marchino supervised EA's prosecution of numerous EA contingency litigation matters – including the Hernandez/Ramirez matter.

15.     From retention in 2016 through mid-2018, Marchino was the EA attorney supervising the prosecution of the Hernandez/Ramirez matter.  Marchino supervised other EA attorneys who were working on the case – and those attorneys would not only report developments in the case, but also seek his advice and consent regarding many litigation issues. Marchino edited, prepared, and directed the content and filing of various pleadings in the Hernandez/Ramirez matter. Marchino supervised and was involved in the propounding and responding of discovery requests, and conducted multiple depositions stating his appearance as an attorney for EA, without any mention of the X-Law Group.

16.     During this time period, Marchino received compensation in the form of paychecks from EA.  Indeed, in post-petition filings, Marchino was listed as being on the payroll of EA as an

attorney – including the time period when Marchino was handling the Hernandez/Ramirez case for EA. Specifically, in several monthly operating reports filed by EA, Marchino was listed as receiving biweekly payments for "Payroll" in the approximate amount of $4,877.

17.    Further, in its Third Chapter 11 Status Report filed on October 18, 2017, EA represented that X-Law (of which Marchino is the principal) has unsecured claims against EA's contingency attorneys' fees "from certain of its litigation assets."

18.    As a result, Marchino had a direct financial and professional interest in the recoveries generated by EA cases, including the Hernandez/Ramirez matter.

**C.    EA and Marchino (As an EA Attorney) Performed Significant Work on the Hernandez/Ramirez Matter and, By the Spring of 2018, Had Determined That It Had Substantial Value.**

19.    EA represented Hernandez both in her individual capacity and in her capacity as guardian *ad litem* for her minor son, Andres Ramirez ("Ramirez"), who was severely injured when he was struck by a car while riding his bicycle through an intersection in the city of Pasadena, California ("Pasadena").

20.    In 2015, Ramirez was twelve years old and was riding his bicycle alongside an unreasonably dangerous traffic intersection located in Pasadena.  Ramirez was critically injured by a car and was in a state of unresponsive wakefulness (commonly referred to as a vegetative state). Accordingly, Ramirez's mother, Elba Hernandez ("Hernandez") acted as Ramirez's guardian *ad litem* and retained EA to represent him.

21.    In or around June 2016, EA substituted as counsel for Hernandez/Ramirez in place of Jacobs & Jacobs LLP ("Jacobs Firm").  EA rejected the Jacobs Firm's position that the case was not viable against the City of Pasadena, and worked up the case so that it had significant value against the City of Pasadena.

22.    In a letter dated January 20, 2016, the Jacobs Firm stated that it represented "Elba Hernandez, as the mother ***and*** on behalf of Andres Ramirez, a minor." (emphasis added).

23.    Trustee is in possession of an executed retainer agreement (in Spanish) executed by Hernandez with EA. Paragraph 8 of the retainer agreement contains an attorney lien provision.

The Trustee has yet to locate a copy of the retainer agreement that was countersigned by EA.

24.     Hernandez's primary language is Spanish, not English, and EA attorney Carlos X. Colorado acted as primary communicator with Hernandez due to his fluency in the Spanish language.

25.     The subject case has been litigated in the Los Angeles Superior Court under Case No. BC664114 ("Hernandez Case"), which case remains pending as to only the "driver." A true and correct copy of the state court docket for the Hernandez Case is attached as Exhibit "1."

26.     Marchino was the attorney in charge of the Hernandez/Ramirez matter from the time of EA's retention in June 2016 through at least August 2018.

27.     The initial trial date of December 5, 2018, was still on as of the Spring of 2018.

28.     Under Marchino's supervision, EA performed substantial work in the litigation of the Hernandez/Ramirez matter.  Among other things, EA performed at least the following legal services on behalf of Ramirez and Hernandez:

> a.  filing a tort claim with Pasadena on October 7, 2016, including discussion and legal research regarding the filing of a late claim against the city, including the legal exceptions and excuses for the late-filing, which EA ultimately prevailed on;
>
> b.  when the claim was rejected as untimely (an administrative prerequisite for filing a petition against the city), filing an application with Pasadena for leave to file a late claim;
>
> c.  when that application was denied (i.e. exhausting administrative remedies), filing a petition in the Los Angeles Superior Court ("Superior Court") for leave to file a complaint against Pasadena, which was granted based on arguments generated by EA attorneys;
>
> d.  preparing and filing the operative complaint against Pasadena in the Superior Court;
>
> e.  amending the complaint to add as a defendant Jacquelyn Licea, the driver of the car that struck Ramirez, and corresponding with counsel for Ms. Licea;

      f.   conducting independent discovery, including the acquisition and review of public records underlying the accident;

      g.   retaining, paying, and working with experts regarding accident reconstruction, medical issues, and biomechanical issues;

      h.   making inquiries regarding a life-planning expert for the case;

      i.   conducting depositions of multiple parties, including the two first responders;

      j.   exchanging written discovery; and

      k.   otherwise preparing the case for trial.

29.     Indeed, the billing of costs – including the depositions and experts – were sent directly to Marchino – at his EA law firm and email address.

30.     Notably, Marchino himself conducted the two depositions and stated that he was doing so in his capacity as "Filippo Marchino from Eagan Avenatti." With respect to litigation questions on the case, EA attorneys sought and obtained Marchino's advice and consent.

31.     EA and Marchino were aware of the substantial attorneys' fees that were likely recoverable in the Hernandez case. In fact, on April 27, 2018, EA filed a Statement of Damages of $116,801,000 for the case. This included a claim of $40 million in future medical expenses and $30 million in emotional distress.

32.     During the litigation, Hernandez advised EA that she did not expect Ramirez to survive the litigation and still had EA continue to provide legal representation in the case (which was expected to solely compensate her for the damages suffered). Ramirez was in a vegetative state with no true hope of recovery. These discussions began no later than May 2018.

33.     Further, Hernandez maintains that she is the sole heir of her son, Andres Ramirez. As a result, she would be the person to receive any financial benefit for the damages recovered in the litigation upon her son's anticipated death.

34.     Thus, both Hernandez and EA were aware that the representation that EA was providing in the litigation was for Hernandez's ultimate benefit.

/ / /

**D.      The JFL Judgment of $10 Million Against EA.**

35.      On June 1, 2018, less than two weeks after the JFL Judgment was entered against EA, X-Law obtained a substitution of attorney from Avenatti pursuant to which it became Hernandez' counsel in place of EA in the Hernandez Case. Marchino signed the substitution on behalf of X-Law. The substitution was filed with the Superior Court on July 26, 2018, fifteen days *after* the Bankruptcy Court had entered the order restraining EA from "assigning, encumbering, or in any way transferring" its fee rights in a number of cases, specifically including the Hernandez Case.

36.      Nonetheless, Marchino continued to work on the Hernandez Case and continued to represent that he was a partner of EA on emails relating to the case – through at least August 2018.

37.      Even in October 2018, EA continued to participate in the case, including the tender of jury fees by EA and filing of notices, instead of X-Law.

**D.      The JFL $10 Million Judgment Against EA.**

38.      In 2016, an arbitration claim was filed against EA and Avenatti by Jason Frank Law ("JFL"), the professional corporation of Jason Frank.  Mr. Frank is an attorney who previously worked at EA. EA fared badly in the early stages of the arbitration due to Avenatti's refusal to comply with discovery requests. Two days before a major discovery deadline in the arbitration, Avenatti orchestrated the filing of an involuntary bankruptcy case against EA in the Middle District of Florida on March 1, 2017, thereby staying the arbitration.

39.      Avenatti consented to EA being placed into Chapter 11 bankruptcy on March 10, 2017, and the case was subsequently transferred to the Bankruptcy Court on May 16, 2017 (*In re Eagan Avenatti, LLP*, Case No. 8:17-bk-11961-CB) ("2017 Bankruptcy"). Upon the filing of the 2017 Bankruptcy, all assets of EA became property of the bankruptcy estate subject to the automatic stay of 11 U.S.C. § 362.

40.      The 2017 Bankruptcy was dismissed on March 15, 2018, as part of a structured settlement approved by the Bankruptcy Court. That structured settlement required EA, following the dismissal of the bankruptcy, to pay certain debts it owed to creditors, including JFL. The dismissal order specifically provides that the Court would retain post-dismissal jurisdiction.

Shortly after the 2017 Bankruptcy was dismissed, EA defaulted on its obligations under the settlement agreement. As a result of EA failing to make any of the required payments to JFL, the Bankruptcy Court entered a judgment in favor of JFL and against EA in the amount of $10 million on May 22, 2018 ("JFL Judgment").

41.    For Marchino, the JFL Judgment of $10 million against EA directly affected his financial interests.  Until the $10 million JFL Judgment against EA was satisfied, the revenues from EA would first have to be used to satisfy the judgment – before Marchino could receive compensation for his services and any percentage interest in any EA contingency fees.

42.    As a result, as long as the contingency cases remained at EA, Marchino knew that he could potentially be working on matters for which he would receive no compensation – with all of the EA fees/revenues going to satisfy the $10 million JFL judgment.

43.    Further, at the time the JFL Judgment was entered, Marchino was aware of the substantial potential value of the Hernandez/Ramirez matter – because he was the supervising attorney working on the case through discovery and depositions.

44.    Accordingly, the only way that Marchino could be guaranteed the ability to retain his interest in the Hernandez/Ramirez case would be to prevent the JFL Judgment from being enforced against the fee rights in the case, which was sought to be accomplished by: (a) moving the case to his separate law firm entity – X Law; (b) stripping EA of its interest in the fees on the case; and (c) X-Law continuing to work on the case until its conclusion with substantially the same EA attorneys that previously worked on the case.

45.    Indeed, the same EA attorneys and staff who worked on the Hernandez/Ramirez case while at EA (including Marchino), continued to litigate the case on behalf of X-Law when the case was moved over to that firm.

46.    However, EA/Marchino/X-Law took actions relating to the Hernandez/Ramirez matter that were done in direct violation of Bankruptcy Court Orders.

47.    On June 20, 2018, as Docket No. 470 in the 2017 Bankruptcy (post-dismissal), JFL filed a motion in the 2017 Bankruptcy, seeking assignment of EA's fee rights to JFL to satisfy the JFL Judgment or entry of a restraining order against EA regarding certain specified "Lawsuit

Receivables." Among the Lawsuit Receivables were the following two specifically identified actions:

|  | Case Name | Court | Case Number | Date Commenced | Source |
|---|---|---|---|---|---|
| 45. | Ramirez v. City of Pasadena | LASC | BC644094 | 12/20/2016 | Andres Ramirez, a minor |
| 46. | Ramirez v. City of Pasadena | LASC | BC664114 | 6/5/2017 | Andres Ramirez, a minor; Elba Hernandez, Guardian |

48.     On July 11, 2018, as Docket No. 498 in the 2017 Bankruptcy, the Bankruptcy Court entered an order restraining EA from "assigning, encumbering, or in any way transferring any proceeds, attorney's fees, costs, rights to payments and accounts receivable it is or may be entitled to receive from the lawsuits and clients listed on Exhibit A to the Frank Declaration attached to the Motion" (including the two actions identified above) and requiring EA to disclose the receipt of fees by EA or Avenatti ("July 11th Order"). A copy of the July 11th Order is attached as Exhibit "2." No appeal of the July 11th Order was ever filed.

49.     On August 31, 2018, the JFL Judgment was registered before the United States District Court for the Central District of California and was assigned to Chief Judge Virginia A. Phillips [*In re Eagan Avenatti*, 8:18-cv-01644-VAP-KES] ("Judgment Enforcement Case").

50.     As part of the Judgment Enforcement Case, JFL moved for the appointment of an independent receiver for the assets of EA. Avenatti stipulated to the appointment of Brian Weiss as the equity receiver for EA ("Receiver"). Pursuant to that stipulation, on February 13, 2019, the District Court entered a Receivership and Restraining Order against EA and Avenatti.

51.     On September 13, 2019 ("Petition Date"), the Receiver filed a voluntary petition under Chapter 7 of Title 11, initiating this case. Richard A. Marshack is the duly appointed and acting Chapter 7 Trustee for the Debtor.

52.     Marchino had knowledge of the JFL arbitration award and the JFL Judgment at or around the time of entry.  Marchino also had knowledge that the only assets that might be sufficient to satisfy the entire $10 million JFL Judgment would come from EA attorneys' fees derived from its pending contingency matters. Marchino also knew or should have known of the

1    directive in the July 11th Order, and its application to pending actions in which EA represented

2    clients, including any action on behalf of Ramirez. In fact, notice of the July 11th Order was served

3    on Marchino's attorneys of record in the bankruptcy, the Levene Neale firm.

4    **E.      X-Law/Marchino Enter Agreements with EA to Circumvent the JFL Judgment**

5           53.     Marchino's scheme was likely hatched even before entry of the JFL Judgment.

6           54.     On February 2, 2018, one of the experts in the Hernandez case wrote to EA, "I

7    understand that your firm has requested all items from us to be sent to a Los Angeles location: The

8    X Law Group – 1910 W. Sunset Blvd., Suite 450, Los Angeles, CA 90026." **At the time, it is**

9    **undisputed that EA was the law firm handling the case, and Marchino was the partner in**

10   **charge of the matter.**

11          55.     In fact, during this period of time (approximately 2016 through 2018), EA was

12   paying the rent for X-Law at the address on Sunset Boulevard directly to the landlord, the

13   International Church of the Four Square, despite EA not being a party to the lease agreement.

14          56.     After entry of the JFL Judgment and July 11th Order, and with knowledge of the

15   same, Marchino and EA (by and through Michael Avenatti) entered into a series of agreements

16   with the intent to strip EA of its financial interest in attorneys' fees derived from its large

17   contingency fee cases – and provide them to Marchino without any referral fee or other

18   consideration.

19          57.     Among other things, Avenatti asserted during the 2017 Bankruptcy that EA had

20   entered into an agreement with X-Law under which EA purportedly agreed to assign a portion of

21   its fee rights to X-Law, pay the salaries of X-Law employees, and pay the entire rent for office

22   space shared by EA and X-Law.   In fact, Avenatti testified that during the pendency of the

23   bankruptcy, there were X-Law attorneys who remained on EA's payroll and provided attorney

24   services to EA for EA cases.

25          58.     Avenatti and Marchino signed an agreement dated "as of August 1, 2018" under

26   which EA purported to transfer all of its personal property, including the computer servers on

27   which its client files were stored, to X-Law.

28

59.     On July 26, 2018 (after the entry of the $10 million JFL Judgment), Marchino arranged for his separate firm (co-defendant X-Law) to be substituted as counsel in the Hernandez action.

60.     The substitution was executed on June 1, 2018 (shortly after the JFL Judgment was entered), and Marchino continued to work on the Ramirez matter as an EA attorney (representing himself to be an EA partner) through at least August 8, 2018 (weeks after the substitution was filed and entered).

61.     On September 18, 2018, Avenatti and Marchino prepared and transmitted a letter ("Fee Waiver Letter") written to "Andres Ramirez, c/o The X-Law Group" – stating that EA was waiving its claim to attorneys' fees for a case that it had been litigating for well over one year because EA had provided a "limited amount of time" on the case.  This was an untrue statement, as EA had provided considerable substantive work in the Ramirez matter, including motion practice, the conduct of depositions, retention and work with experts, the production of documents and other written discovery.  Indeed, the case was being fully "worked up" by EA for trial.

62.     In preparing the Fee Waiver Letter, Avenatti and Marchino intended to strip EA of its right or interest in fees or contingent receivables owed to EA, which constituted property of EA.  These actions were taken with actual intent to hinder, delay, or defraud creditors of EA including JFL.

63.     Additionally, the Fee Waiver Letter was in direct violation of the Court's July 11th Order and constituted an actual and constructive fraudulent transfer. Moreover, when the Fee Waiver Letter was written, EA and its principals actually knew or should have known of the July 11th Order restraining EA from transferring its fee rights.  The existence of the Fee Waiver Letter was not disclosed to the Receiver prior to bankruptcy or the Trustee after the bankruptcy until September 16, 2020, in connection with X-Law's motion to strike the EA liens.

64.     Also, EA was not provided a referral fee by X-Law - which is customarily provided in a situation where (a) it is a high damages case; (b) where the prior law firm had done substantial work on the case; and (c) where there is a "friendly" relationship between the law firms. X-Law and Marchino were aware that such referral fees are enforceable with client approval – which was

SECOND AMENDED COMPLAINT

not sought by X-Law and Marchino.  Absent Marchino's relationship, EA would have sought to negotiate and receive a referral fee as part of the transition of the case to a new firm.

65.    There is no reason to believe that Hernandez would have rejected the provision of a referral fee to EA if that referral fee would not reduce the total amount of attorneys' fees that would be charged in the case.

66.    Notwithstanding the purported substitution, on November 19, 2018, EA filed and served a notice of case management conference on behalf of "Plaintiffs" in the Hernandez Case.

67.    EA also conversed about experts on the case following the substitution.

68.    Further, even though he ostensibly claimed to work on the Ramirez matter as a partner of X-Law, Marchino continued to work on other EA cases **as an EA attorney** through at least November 2018.

69.    At the same time, EA acted as counsel for Marchino and X-Law in an action relating to a fee dispute they had with Dordick Law Corporation in the Los Angeles Superior Court, Case No. BC 689324.  The last filing of record that has been located is a February 15, 2019 demurrer that was filed by EA for X-Law and Marchino in the Dordick action.

**F.    X-Law/Marchino Continue EA's Representation of Hernandez/Ramirez**

70.    The EA team working on the Hernandez/Ramirez matter (including Marchino) continued to litigate the case at X-Law.

71.    Unfortunately, as anticipated, 13-year-old Ramirez passed away on February 25, 2019. Prior to passing away, Ramirez never fully regained consciousness and persisted in a state of unresponsive wakefulness from November 30, 2015, to February 25, 2019.

72.    On April 26, 2019, Hernandez filed an action in the Probate Court of the Los Angeles Superior Court under Case Number 19STPB03950, seeking to be appointed the personal representative of her son's estate ("Probate Action"). Hernandez contends that she is the sole heir and has the sole right to any proceeds generated in the Hernandez Case on behalf of her deceased son.

73.    On May 30, 2019, Hernandez was appointed the personal representative of Ramirez's estate – based upon the representation that he had died intestate.

SECOND AMENDED COMPLAINT

74. On June 12, 2019, the Receiver filed a Notice of Lien in the Hernandez Case – based upon EA's quantum meruit entitlement to fees.

75. Consistent with the foregoing, as well as her prior conversations with EA attorney, Hernandez filed an amended complaint in the Hernandez Case on July 16, 2019, in which she was added as a party and asserted her sole claim to damages that she was the sole heir to son (Ramirez). A true and correct copy of the amended complaint filed by Hernandez on July 16, 2019 is attached as Exhibit "3." Specifically, Hernandez alleged in paragraph 9:

> 9. Plaintiff ELBA HERNANDEZ is the mother of decedent Andres Ramirez. She is also the personal representative of the ESTATE OF ANDRES RAMIREZ and is a successor in interest of Ramirez. She is entitled to bring this wrongful death/survivorship action pursuant to Code of Civil Procedure Sections 377.60 and 377.30 on behalf of Plaintiff The Estate of ANDRES RAMIREZ, on behalf of Andres Ramirez, deceased, and on behalf of herself and the other Andres Ramirez heirs. Ramirez died without issue, and ELBA HERNANDEZ would be entitled to Ramirez's estate through the rules of intestate succession."

76. Upon the filing of Debtor's bankruptcy petition on September 13, 2019, all assets of EA, including any contingent right to payment or creditor claims in probate became property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a), to which the automatic stay of 11 U.S.C. § 362 applied.

77. From the latter part of 2019 through August 2020, first the Receiver and then the Trustee (by and through his counsel) attempted to get information regarding the status of the Hernandez Case. In response, X-Law (through Mr. Marchino) denied the existence of any valid lien and even stated that it wanted the Trustee to produce a copy of the retainer – even though X-Law had continued representation of Hernandez (and, until his passing, Hernandez's son).

78. On August 6, 2020, Mr. Marchino made the following representation to Trustee's counsel:

> I write today to inform you and the Trustee that our case, *The Estate of Andres Ramirez v. City of Pasadena*, has now concluded and the Estate of Andres Ramirez received no net recovery. There being no recovery, the Estate of Eagan Avenatti LLP is not entitled to assert a lien in the matter. . . .

79. Upon information and belief, Mr. Marchino's representation and statement on August 6, 2020, was false and deceitful. Upon further information and belief, the Hernandez Case was actually settled for approximately $10.35 million – and the attorney fees that X-Law is claiming for the Hernandez Case (that originated and was litigated by EA) is likely to be in excess of $4 million.

80. Upon further information and belief, the settlement was structured so that the Estate of Ramirez received nothing – but Hernandez would receive the entirety of the $10.35 million (less attorneys' fees and costs). To date, the Trustee has not been provided a copy of the settlement agreement but expects that it will include releases of the claims filed by Hernandez in her capacity as guardian *ad litem*.

81. As a wrongful death action, all of Hernandez's recovery is derivative of those to which her son (Ramirez) would have been entitled.

82. Indeed, Hernandez's claims in the action were expressly (and entirely) based upon her status as the sole heir to Ramirez.

83. In or about May 2020, a petition was filed by Hernandez in the Probate Action for a Court determination that Hernandez is the sole heir and entitled to all distributions of the Decedent's Estate (as her deceased son's only legal heir). In the Petition, there is no mention in the Petition about the settlement in the Hernandez Case or EA's claim to fees from settlement proceeds in the Hernandez Case.

84. The Trustee has no knowledge whether X-Law has already appropriated all of the fees generated in the Hernandez Case, or if the funds remain in an X-Law trust account.

**FIRST CLAIM FOR RELIEF**

**(Against Hernandez and X-Law, For Declaratory Judgment**

**Under 28 U.S.C. § 2201)**

85. The Trustee incorporates by reference and realleges paragraphs 1-84 of this Second Amended Complaint.

86. In or around June 2016, EA was retained to represent Hernandez in her capacity as guardian ad litem for her minor son, Andres Ramirez ("Ramirez"), who was severely injured when

1   he was struck by a car while riding his bicycle through an intersection in the city of Pasadena,

2   California ("Pasadena").

3          87.    Trustee is in possession of an executed retainer agreement (in Spanish) executed by

4   Hernandez with EA. Paragraph 8 of the retainer agreement contains an attorney lien provision.

5   The Trustee has yet to locate a copy of the retainer agreement that was countersigned by EA.

6          88.    EA provided representation to Hernandez as a representative of the Andres

7   Ramirez in the Hernandez Case and performed substantial services on her behalf.

8          89.    The Trustee has a valid and enforceable quantum meruit claim for services

9   rendered by EA in the Hernandez Case.

10         90.    Upon information and belief, the Hernandez Case has settled, and X-Law Group

11  received and/or is in possession of the entirety of the attorneys' fees generated in the Hernandez

12  case – believed to be in excess of $4 million.  Only the minor portion of the case relating to claims

13  against the driver survive (with limited insurance coverage).

14         91.    Marchino was the attorney in charge of the Hernandez/Ramirez matter from the

15  time of EA's retention in June 2016 through at least August 2018.

16         92.    Under Marchino's supervision, EA performed substantial work in the litigation of

17  the Hernandez/Ramirez matter.  Among other things, EA performed at least the following legal

18  services on behalf of Ramirez and Hernandez:

19             a.  filing a tort claim with Pasadena on October 7, 2016, including discussion and

20                 legal research regarding the filing of a late claim against the city, including the

21                 legal exceptions and excuses for the late-filing, which EA ultimately prevailed

22                 on;

23             b.  when the claim was rejected as untimely (an administrative prerequisite for

24                 filing a petition against the city), filing an application with Pasadena for leave

25                 to file a late claim;

26             c.  when that application was denied (i.e. exhausting administrative remedies),

27                 filing a petition in the Los Angeles Superior Court ("Superior Court") for leave

28                 to file a complaint against Pasadena, which was granted based on arguments

generated by EA attorneys;

    d.  preparing and filing a tort complaint against Pasadena in the Superior Court;

    e.  amending the complaint to add as a defendant Jacquelyn Licea, the driver of the car that struck Ramirez, and corresponding with counsel for Ms. Licea;

    f.  conducting independent discovery, including the acquisition and review of public records underlying the accident;

    g.  retaining, paying, and working with experts regarding accident reconstruction, medical issues, and biomechanical issues;

    h.  making inquiries regarding a life-planning expert for the case;

    i.  conducting depositions of multiple parties, including the two first responders;

    j.  exchanging written discovery; and

    k.  otherwise preparing the case for trial.

93.     Indeed, the billing of costs – including the costs of depositions and fees for experts – were sent directly to Marchino at his EA law firm and email address.

94.     Notably, Marchino himself conducted the two depositions and stated that he was doing so in his capacity as an EA attorney.  With respect to litigation questions on the case, EA attorneys sought and obtained Marchino's advice and consent.

95.     EA and Marchino were aware of the substantial attorneys' fees that were likely recoverable in the Hernandez case.  In fact, on April 27, 2018, EA filed a Statement of Damages of $116,801,000 for the case.  This included a claim of $40 million in future medical expenses and $30 million in emotional distress.

96.     During the litigation, Hernandez advised EA that she did not expect Ramirez to survive the litigation and she still had EA continue to provide legal representation in the case (which was expected to solely benefit her).  Ramirez was in a vegetative state with no hope of recovery.  These discussions began no later than May 2018.

97.     Further, Hernandez maintains that she is the sole heir of her son, Andres Ramirez. As a result, she would financially benefit from any recovery in the litigation upon her son's anticipated death.

98.     Thus, both Hernandez and EA were aware that the representation that EA was providing in the litigation was for Hernandez's ultimate financial benefit.  Pursuant to that understanding, EA continued to provide legal services for Hernandez's ultimate benefit.

99.     Hernandez, in her individual capacity and as the alleged sole heir to Ramirez has benefited from the legal services provided by EA, and was actually represented in her individual capacity by EA.

100.    EA provided legal services to Hernandez at her explicit and/or implicit request for the legal services. Even if there were no valid and enforceable contract for EA's representation in the Hernandez Case, the amount owed to EA may still be fixed by the court pursuant to Cal. Fam. Code § 6602.

101.    The services provided by EA to Hernandez contributed to a substantial benefit to her, in the full amount of the ultimate recovery in the Hernandez Case, which is believed to be $10.35 million. The amount of the contribution by EA is subject to further court determination.

102.    X-Law Group and Marchino have disavowed the attorney lien filed by the Trustee in the Hernandez Case (which lien has been stricken by this Court given the Trustee's inability to date to locate a countersigned copy of the retainer agreement), and have stated that they will not provide any payment to the Trustee for EA's quantum meruit claim. In fact, X-Law Group and Marchino have actually materially lied to the Trustee by falsely stating that there has been no recovery in the Hernandez case.

103.    The Fee Waiver Letter violated the July 11th Order by seeking to assign, encumber, or in any way transfer or otherwise dispose of specified property of EA without specific authorization by the Court. At the time the Fee Waiver Letter was prepared, executed, and transmitted, the parties to the Fee Waiver Letter, including Avenatti and Marchino, knew or should have known of the existence, scope, and application of the July 11th Order to the subject matter of the Fee Waiver Letter.

104.    Because the Fee Waiver Letter violated the July 11th Order, any transfer, waiver, assignment, or hypothecation intended to be effectuated by the Fee Waiver Letter and any subsequent actions based thereon was void *ab initio* or voidable as a fraudulent transfer.

Specifically, to the extent that Defendants claim that the Fee Waiver Letter resulted in a valid and enforceable waiver of EA's right to any recovery from the Hernandez Case, such argument fails.

105.    Accordingly, an actual controversy has arisen and exists between the Trustee and the Hernandez/the Attorney Defendants concerning EA's right to a portion of the monies recovered from the settlement in the Hernandez case.

106.    A judicial determination is necessary and appropriate at this time under the circumstances so that the parties can ascertain the extent of the Trustee/EA's right to a portion of the proceeds from the settlement of the Hernandez case.

107.    The Trustee seeks a declaratory judgment under 28 U.S.C. § 2201 establishing the reasonable value of fees to which the Estate is entitled.

## SECOND CLAIM FOR RELIEF

### (For Quantum Meruit Against Hernandez)

108.    The Trustee incorporates by reference and realleges paragraphs 1-107 of this Second Amended Complaint.

109.    In or around June 2016, EA was retained to represent Hernandez in her capacity as guardian *ad litem* for her minor son, Andres Ramirez ("Ramirez"), who was severely injured when he was struck by a car while riding his bicycle through an intersection in the city of Pasadena, California ("Pasadena").  It was also understood by Hernandez and EA that EA's legal services would be provided for her individual benefit.

110.    Trustee is in possession of an executed retainer agreement (in Spanish) executed by Hernandez with EA. Paragraph 8 of the retainer agreement contains an attorney lien provision. The Trustee has yet to locate a copy of the retainer agreement that was countersigned by EA. Notwithstanding any defect in any retainer agreement between Hernandez and EA (including any failure to have the retainer agreement approved by a court of competent jurisdiction pursuant to California statutes), EA provided substantial legal services to Hernandez both in her individual capacity and in her capacity as guardian *ad litem* for Ramirez.

111.    Marchino was the attorney in charge of the Hernandez/Ramirez matter from the time of EA's retention in June 2016 through at least August 2018.

112.    Under Marchino's supervision, EA performed substantial work in the litigation of the Hernandez/Ramirez matter.  Among other things, EA performed at least the following legal services on behalf of Ramirez and Hernandez:

    a.  filing a tort claim with Pasadena on October 7, 2016, including discussion and legal research regarding the filing of a late claim against the city, including the legal exceptions and excuses for the late-filing, which EA ultimately prevailed on;

    b.  when the claim was rejected as untimely (an administrative prerequisite for filing a petition against the city), filing an application with Pasadena for leave to file a late claim;

    c.  when that application was denied (i.e. exhausting administrative remedies), filing a petition in the Los Angeles Superior Court ("Superior Court") for leave to file a complaint against Pasadena, which was granted based on arguments generated by EA attorneys;

    d.  preparing and filing a tort complaint against Pasadena in the Superior Court;

    e.  amending the complaint to add as a defendant Jacquelyn Licea, the driver of the car that struck Ramirez, and corresponding with counsel for Ms. Licea;

    f.  conducting independent discovery, including the acquisition and review of public records underlying the accident;

    g.  retaining, paying, and working with experts regarding accident reconstruction, medical issues, and biomechanical issues;

    h.  making inquiries regarding a life-planning expert for the case;

    i.  conducting depositions of multiple parties, including the two first responders;

    j.  exchanging written discovery; and

    k.  otherwise preparing the case for trial.

113.    Indeed, the billing of costs – including the depositions and experts – were sent directly to Marchino – at his EA law firm and email address.

/ / /

SECOND AMENDED COMPLAINT

114.    Notably, Marchino himself conducted the two depositions and stated that he was doing so in his capacity as an EA attorney.  With respect to litigation questions on the case, EA attorneys sought and obtained Marchino's advice and consent.

115.    EA and Marchino were aware of the substantial attorneys' fees that were likely recoverable in the Hernandez case.  In fact, on April 27, 2018, EA filed a Statement of Damages of $116,801,000 for the case.  This included a claim of $40 million in future medical expenses and $30 million in emotional distress.

116.    During the litigation, Hernandez advised EA that she did not expect Ramirez to survive the litigation and still had EA continue to provide legal representation in the case (which was expected to solely benefit her).  Ramirez was in a vegetative state with no hope of recovery.  These discussions began no later than May 2018.

117.    Further, Hernandez maintains that she is the sole heir of her son, Andres Ramirez.  As a result, she would financially benefit from any recovery in the litigation upon her son's anticipated death.

118.    Thus, both Hernandez and EA were aware that the representation that EA was providing in the litigation was for Hernandez's ultimate financial benefit. Hernandez, either individually or on behalf of her son Ramirez, requested and received legal services from EA in connection with an accident in which he was severely injured when he was struck by a car while riding his bicycle through an intersection in the city of Pasadena, California.

119.    Hernandez, in her individual capacity and as the alleged sole heir to Ramirez has benefited from the legal services provided by EA, notwithstanding the filing of an amended complaint after Ramirez passed away on February 25, 2019. The benefit conferred on Hernandez resulted from the substantial litigation efforts of EA prior to Ramirez's death including, without limitation, those set forth in paragraphs 112-114 above.

120.    EA provided legal services to Hernandez at her explicit and/or implicit request for the legal services. Even if there were no valid and enforceable contract for EA's representation in the Hernandez Case, the amount owed to EA may still be fixed by the court including pursuant to Cal. Fam. Code § 6602.

121.    The services provided by EA to Hernandez contributed to a substantial benefit to her, in the full amount of the ultimate recovery in the Hernandez Case, which is believed to be $10.35 million. The value of the contribution by EA is subject to further court determination according to proof at the time of trial.

122.    Accordingly, the Estate is entitled to an award of the reasonable value of EA's legal services that benefited Hernandez, from the recovery obtained by Hernandez from Pasadena.

123.    To the extent that Hernandez obtains any future recovery from any co-defendant, the Trustee reserves the right to file a claim against Hernandez for such future recoveries.

### THIRD CLAIM FOR RELIEF

**(Against X-Law and Marchino For Violations of Automatic Stay and the July 11th Order – 11 U.S.C. §§ 362, 105)**

124.    The Trustee incorporates by reference and realleges paragraphs 1-123 of this Second Amended Complaint.

125.    The July 11th Order qualified as a specific and definite order of the Court which prohibited EA and Avenatti from "assigning, encumbering, or in any way transferring any proceeds, attorney's fees, costs, rights to payments and accounts receivable it is or may be entitled to receive from the lawsuits and clients listed on Exhibit A to the Frank Declaration attached to the Motion." The July 11th Order specifically applied to the Hernandez Case.

126.    The Fee Waiver Letter violated the July 11th Order, which prohibited Avenatti and any party from transferring (including waiving) any fee rights of EA in the Hernandez Case. As a violation of a federal court order, the Fee Waiver Letter and any attempt to waive EA's fee rights through the Fee Waiver Letter or any other action, such as the substitution of attorney from EA to X-Law, was void *ab initio* and of no legal force and effect or subject to avoidance as a fraudulent transfer.

127.    On the Petition Date, EA had a right to fees, whether based on contract, claim in probate, or, at a minimum, under a quantum meruit theory in connection with the Hernandez Case and any recoveries therefrom.

/ / /

128.    EA has a written fee agreement executed by Hernandez which grants EA a right to payment of fees, and includes an attorney's lien provision.

129.    EA's right to fees and any enforceable lien on the recovery constitutes property of the Estate that is protected by 11 U.S.C. § 362(a)(3).

130.    The automatic stay broadly enjoins any type of action, formal or informal, which interferes with the administration of a bankruptcy estate and bankruptcy estate property. *Delpit v. Commissioner*, 18 F.3d 768, 771 (9th Cir. 1994).

131.    The Fee Waiver Letter was intended to provide X-Law/Marchino with control over property of the Estate, and the structure of the settlement with the City of Pasadena, was intended to result in the destruction of property of the Estate (i.e. the Estate's contingent right to payment from recoveries in the Hernandez Case based on services rendered).  The Trustee alleges that the City of Pasadena conditioned the settlement and $10.35 million payment on releases for the claims prosecuted by EA on behalf of Hernandez.

132.    Plaintiff alleges that the case was settled and that X-Law/Marchino received all attorneys' fees likely in excess of $4 million. Because some portion of the settlement constitutes estate property, X-Law/Marchino have exercised control over and are in possession of property of the Estate.

133.    X-Law/Marchino have failed and refused to turn over any portion of the attorneys' fees to the estate even though such fees are property that the trustee can use for the benefit of the estate.

134.    Defendants' violations of the automatic stay were willful, because Defendants had knowledge of the existence of both the 2017 Bankruptcy and this current bankruptcy case, and knowledge of the scope, extent, and application of the automatic stay is imputed on Defendants based on their knowledge of the existence of the bankruptcy case. Additionally, Defendants had actual knowledge of the July 11th Order (notice of which was served on Marchino's and X-Law's attorneys of record at the Levene, Neale firm, *see* Docket No. 508 in the 2017 Bankruptcy showing electronic service of the July 11th Order completed on attorneys for X Law Group) and knew or should have known that it applied to the Hernandez Case.

135.    As a result of X-Law/Marchino's violations of the stay, the bankruptcy estate has suffered damages including attorneys' fees and costs in seeking to remedy the stay violations.

136.    Plaintiff is entitled to recover all such damages according to proof pursuant to 11 U.S.C. § 105(a). *Havelock v. Taxel (In re Pace)*, 67 F.3d 187, 193 (9th Cir. 1995).

### **FOURTH CLAIM FOR RELIEF**

**(Against X-Law and Marchino to Avoid, Recover, and Preserve Fraudulent Transfers**

**11 U.S.C. §§ 544, 548, 550, and 551 and Civil Code § 3439, et seq.)**

137.    The Trustee incorporates by reference and realleges paragraphs 1-136 of this Second Amended Complaint.

138.    On May 22, 2018, the Bankruptcy Court entered a judgment in favor of JFL and against EA in the amount of $10 million ("JFL Judgment").

139.    Beginning in or around August 2016, co-defendant Filippo Marchino was an attorney at EA who expressly represented himself as an EA partner.  In emails, Mr. Marchino would customarily include the following signature block representing himself as an EA partner:



Filippo Marchino, Esq.
Partner

Eagan Avenatti LLP

1910 W. Sunset Blvd,
Suite 450
Los Angeles, CA 90026

520 Newport Center Drive,
Suite 1400
Newport Beach, CA 92660

Tel  +1 (949) 706-7000
Fax +1 (949) 706-7050

140.    Marchino sent out emails to publicize that he had joined EA and also identified himself in his e-mail signature block as a "Partner" of EA.

141.    Consistent with the foregoing, Marchino used the EA email address of fmarchino@eaganavenatti.com in connection with his work on EA cases, had access to the EA server, worked at EA offices and had EA legal assistants, law clerks, and attorneys providing him with services in connection with his litigation EA cases.  **Notwithstanding his representations to**

**the contrary, Marchino was an EA attorney who informed colleagues that he was an EA partner.**

142.    From 2016 through late 2018, Marchino continued to work as an EA attorney and represent himself as an EA partner.

143.    From 2016 through late 2018, Marchino supervised EA's prosecution of numerous EA contingency litigation matters – including the Hernandez/Ramirez matter.

144.    From retention in 2016 through mid-2018, Marchino was the EA attorney supervising the prosecution of the Hernandez/Ramirez matter.  Marchino supervised other EA attorneys who were working on the case – and those attorneys would not only report developments in the case, but also seek his advice and consent regarding many litigation issues.

145.    During this time period, Marchino received compensation in the form of paychecks from EA.  Indeed, in post-petition filings, Avenatti and Marchino were both listed as being on the payroll of EA as attorneys – including the time period when Marchino was handling the Hernandez/Ramirez case for EA.

146.    Further, in its Third Chapter 11 Status Report filed on October 18, 2017, EA represented that X-Law (of which Marchino is the principal) has unsecured claims against EA's contingency attorneys' fees "from certain of its litigation assets."

147.    Marchino's law firm and codefendant X-Law also had a close, entangled relationship with EA such that it should be considered an insider of the Debtor. For example, Debtor and X-Law shared office space at 1910 W. Sunset Blvd., Suite 450, Los Angeles, CA – and Debtor paid the rent for this location on behalf of X-Law from 2016 to 2018 directly to the landlord.

148.    X-Law also shared staff and attorneys with Debtor, and the current attorneys working at X-Law include a substantial number of attorneys who were formerly employed by Debtor.

149.    As a result, Marchino had a direct financial and professional interest in the recoveries generated by EA cases, including the Hernandez/Ramirez matter. After entry of the JFL Judgment and July 11th Order, and with knowledge of the same, Marchino and EA (by and

through Michael Avenatti) entered into a series of agreements with the intent to strip EA of its financial interest in attorneys' fees derived from its large contingency fee cases – and provide them to Marchino without any referral fee or other consideration.

150.    Among other things, Avenatti asserted during the 2017 Bankruptcy that EA had entered into an agreement with X-Law under which EA purportedly agreed to assign a portion of its fee rights to X-Law, pay the salaries of X-Law employees, and pay the entire rent for office space shared by EA and X-Law.   In fact, Avenatti testified that during the pendency of the bankruptcy, there were X-Law attorneys who remained on EA's payroll and provided attorney services to EA for EA cases.

151.    On July 26, 2018 (after the entry of the $10 million JFL Judgment), Marchino arranged for his separate firm (co-defendant X-Law) to be substituted as counsel in the Hernandez Case.

152.    The substitution was executed on June 1, 2018 (shortly after the JFL Judgment was entered), and Marchino continued to work on the Ramirez matter as an EA attorney (representing himself to be an EA partner) through at least August 8, 2018 (weeks after the substitution was filed and entered).

153.    On September 18, 2018, Avenatti transmitted a letter ("Fee Waiver Letter") written to "Andres Ramirez, c/o The X-Law Group" – stating that EA was waiving its claim to attorneys' fees for a case that it had been litigating for well over one year because EA had provided a "limited amount of time" on the case.  This was an untrue statement, as EA had provided considerable work in the Ramirez matter.

154.    This was part of a scheme by Avenatti and Marchino to strip EA of its right or interest in fees or contingent receivables owed to EA, which constituted property of EA that should have been available to pay EA's creditors.

155.    Additionally, the Fee Waiver Letter was in direct violation of the Court's July 11th Order and constituted an actual and constructive fraudulent transfer. Moreover, when the Fee Waiver Letter was written, EA and its principals actually knew and should have known of the July 11th Order restraining EA from transferring its fee rights.

156.    Also, EA was not provided a referral fee by X-Law - which is customarily provided in a situation where (a) it is a high damages case; (b) where the prior law firm had done substantial work on the case; and (c) where there is a "friendly" relationship between the law firms. X-Law and Marchino were aware that such referral fees are enforceable upon client approval – which was not sought by X-Law and Marchino.

157.    There is no reason to believe that Hernandez would have rejected the provision of a referral fee to EA if that referral fee would not reduce the total amount of attorneys' fees that would be charged in the case.

158.    Notwithstanding the purported substitution, on November 19, 2018, EA filed and served a notice of case management conference on behalf of "Plaintiffs" in the Hernandez Case.

159.    EA also conversed about experts on the case following the substitution.

160.    Further, even though he ostensibly claimed to work on the Ramirez matter as a partner of X-Law, Marchino continued to work on other EA cases **as an EA attorney** through at least November 2018.

161.    Marchino was an attorney/partner at EA at the time the JFL Judgment was entered. Irrespective of whether he was an employee or partner of EA, Marchino qualifies as an insider of the Debtor.

162.    In fact, Marchino was the attorney in charge of the Hernandez case at EA, was paid by EA for his work on the case, had direct knowledge of the substantial potential attorneys' fees that would be generated by EA on the Hernandez case, had direct knowledge of the high settlement value of the case, and had a personal interest in the EA attorneys' fees that would be generated by the case.

163.    On July 11, 2018, the Bankruptcy Court entered an order that, among other things, restrained EA from transferring its fee rights in a number of cases. X-Law's and Marchino's counsel were served with notice of entry of this Order.

164.    Though at least August 8, 2018, Marchino worked on the Hernandez case as an EA partner and/or attorney.

/ / /

165.    In violation of the July 11th Order and with full knowledge of the $10 million JFL Judgment, Avenatti and Marchino entered into an agreement where the Hernandez Case was transferred to Marchino's firm (X-Law).  Pursuant to their agreement, EA waived its right to fees in the Hernandez Case.  If the Fee Waiver Letter is upheld (i.e. to the extent that it is not void as alleged in the Third Claim for Relief above), it would result in no division of compensation between EA and X-Law based on EA's quantum meruit contribution to the result obtained in any future settlement, and constitutes a transfer pursuant to 11 U.S.C. § 101(54).

166.    Additionally, to the extent that X-Law and EA engaged in any transaction whatsoever whereby EA's contingent right to receive compensation from the cases for which it performed valuable services was abandoned in favor of X-Law, such transaction, abandonment, or waiver constitutes a transfer pursuant to 11 U.S.C. § 101(54) to the extent that X-Law asserts that it is entitled to compensation which would otherwise be collected by EA.

167.    The transfer or the Hernandez case and the waiver of the right to fees occurred after the JFL Judgment was entered and in contempt of the Court's July 11th Order.

168.    The aforesaid transfer and waiver was made with actual intent to hinder, delay and defraud JFL – a creditor of the debtor holding the $10 million JFL Judgment.

169.    The aforesaid transfer and waiver were made without Debtor receiving any value, let alone equivalent value, in exchange for the transfer.

170.    At the time of the transfer and waiver, EA, X-Law, and Marchino believed or reasonably should have believed that the JFL Judgment was beyond the ability of EA to pay the obligation when due.

171.    At the time of the transfer and waiver, Marchino had full knowledge of the value of the Hernandez case, the JFL judgment against EA, EA's insolvency, and EA's quantum meruit claims as a result of his work on the case as a partner at EA.

172.    In addition, at around the same time of the transfer and waiver, EA entered a separate agreement that transferred many of its other assets of EA to X-Law and/or Marchino for no actual consideration. Upon information and belief, Marchino is the sole principal of X-Law.

/ / /

173.    The transfer and waiver of EA's rights to a portion of the fees in the Hernandez case has been concealed until it was recently revealed in a Motion to Strike that was filed by X-Law and Marchino in this case.

174.    At the time of the transfer and waiver of EA's rights to portion of the fees in the Hernandez case, EA was insolvent.

175.    Pursuant to 11 U.S.C. §§ 544, 548, 550, and 551, and Cal. Civ. Code § 3439.07, the waiver of EA's claim to fees should be avoided, recovered, and preserved for the benefit of the Estate.

176.    Pursuant to Cal. Civ. Code § 3439.07, Plaintiff is further entitled to injunctive and other equitable relief as provided by statute.

**WHEREFORE,** the Trustee, on behalf of the Estate, prays for judgment against defendants as follows:

1.    On the First Claim for Relief, for a declaratory judgment against Hernandez and X-Law establishing the amount of fees to which the Estate is entitled and allocating the contingency fee in the Hernandez Case between the Estate and X-Law;

2.    On the Second Claim for Relief, for damages from Hernandez to the Estate in the amount of the benefit conferred on Hernandez by the services performed by EA attorneys, and the various costs expended by EA in connection with the Hernandez Case;

3.    On the Third Claim for Relief, for a determination that the Fee Waiver Letter and all actions taken in violation of the July 11th Order and the automatic stay are void *ab initio*, for compensatory damages (including the imposition of reasonable attorneys' fees) for X-Law and Marchino's violations of the automatic stay in amounts to be determined by the Court;

4.    On the Fourth Claim for Relief, the avoidance, recovery, and preservation any and all transfer of assets, including the value of the Hernandez Case, from EA to X-Law, and all other relief and remedies as provided under Cal. Civ. Code § 3439.07 and 11 U.S.C. §§ 544, 550, and 551.

/ / /

/ / /

SECOND AMENDED COMPLAINT

5.      On all claims for relief, to the extent not otherwise requested herein, for such other and further relief as the Court deems just and proper.

Dated: February 25, 2021                                KELLNER LAW GROUP PC
                                                        RICHARD L. KELLNER


                                                        In Association with,

                                                        MARSHACK HAYS LLP

                                                        By ___ */s/ D. Edward Hays*_____
                                                                D. EDWARD HAYS
                                                                TINHO MANG
                                                        General Counsel for Plaintiff and
                                                        Chapter 7 Trustee Richard A. Marshack,
                                                        Chapter 7 Trustee for Eagan Avenatti, LLP

**EXHIBIT "1"**

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** BC664114
ANDRES RAMIREZ VS CITY OF PASADENA

**Filing Courthouse:** Stanley Mosk Courthouse

**Filing Date:** 06/05/2017
**Case Type:** Other PI/PD/WD (General Jurisdiction)
**Status:** Pending

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**04/06/2021** at 08:30 AM in Department D at 600 East Broadway, Glendale, CA 91206
Trial Setting Conference

**04/06/2021** at 08:30 AM in Department D at 600 East Broadway, Glendale, CA 91206
Order to Show Cause Re: Dismissal

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

A - J   L - R

ABELTIN & MIGOYA LLP - Attorney for Cross-Defendant

ABELTIN JAMES BRUCE - Attorney for Cross-Complainant

AGUADO CARMEN M - Attorney for Defendant

AVENATTI MICHAEL J. ESQ - Attorney for Plaintiff

AVENATTI MICHAEL J. ESQ. - Attorney for Plaintiff/Petitioner

BAGNERIS MICHELE BEAL - Former Attorney for Deft & X-Compl

BURKE WILLIAMS & SORENSEN - Attorney for Defend/XDefd/XComp

BURKE WILLIAMS & SORENSEN LLP - Attorney for Defendant/Respondent

CITY OF PASADENA - Cross-Defendant

CITY OF PASADENA - Defendant

CITY OF PASADENA A PUBLIC ENTITY - Defendant

CITY OF PASADENA A PUBLIC ENTITY - Cross-Defendant

CITY OF PASADENA A PUBLIC ENTITY - Cross-Defendant

DOES 1 TO 100 - Defendant/Respondent

HAMBLET BRIAN I - Attorney for Defendant

HAMBLET BRIAN INMAN - Attorney for Cross-Complainant

HERNANDEZ ELBA - Guardian

HERNANDEZ INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE AND SUCCESSOR IN INTEREST TO
ANDRES RAMIREZ DECEASED ELBA - Plaintiff

JACLQUELYN LICEA (DOE 1) - Defendant

JACLQUELYN LICEA DOE 1 - Defendant

JACQUELYN LICEA - Cross-Complainant

JACQUELYN LICEA - Cross-Defendant

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   A - J   L - R

LICEA AN INDIVIDUAL JACQUELYN - Defendant

LICEA JACQUELYN - Defendant/Cross-Defendant

LICEA JACQUELYN - Cross-Complainant

LICEA JACQUELYN - Cross-Defendant

LICEA JACQUELYN - Cross-Complainant

LICEA JACQUELYN - Cross-Complainant

LICEA JACQUELYN - Cross-Defendant

LICEA JACQUELYN - (DOE 2) - Defendant/Respondent

LICEA JACQUELYN - DOE 2 - Defendant

MARCHINO FILIPPO - Attorney for Plaintiff

MICHELE BEAL BAGNERIS CITY ATTORNEY - Former Attorney for Def/Respondent

PASADENA CITY OF - Cross-Complainant

PASADENA CITY OF - Cross-Complainant

PASADENA CITY OF - Defendant and Cross-Complainant

PASADENA CITY OF A PUBLIC ENTITY - Defendant

RAMIREZ ANDRES - Minor Plaintiff

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   A - J   L - R

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed |
Proceedings Held

## Documents Filed (Filing dates listed in descending order)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

03/11/2020   11/13/2019   07/30/2019   11/19/2018   03/12/2018

**02/05/2021** Notice of Ruling
Filed by JACQUELYN LICEA, an individual (Defendant)

**02/04/2021** Minute Order ( (Trial Setting Conference; Order to Show Cause Re: Dismissal i...))
Filed by Clerk

**11/06/2020** Minute Order ( (Trial Setting Conference))
Filed by Clerk

**10/30/2020** Notice (Of Striking Of Attorneys' Lien)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**09/25/2020** RETURNED MAIL

**09/16/2020** Certificate of Mailing for ((Non-Appearance Case Review Court Order pursuant to Stipulatio...) of
09/16/2020)
Filed by Clerk

**09/16/2020** Minute Order ( (Non-Appearance Case Review Court Order pursuant to Stipulatio...))
Filed by Clerk

**09/14/2020** Stipulation and Order (Stipulation and Request For Court Order Continuing Hearings Set for
September 25, 2020; Order)
Filed by JACQUELYN LICEA, an individual (Defendant)

**09/04/2020** Notice (Notice of Entry of Judgment Or Order)
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/04/2020** Notice (Notice of Entry of Judgment Or Order)
Filed by CITY OF PASADENA, a public entity (Defendant)

**08/20/2020** Request for Dismissal (Cross-complaint by City of Pasadena filed on 10/4/2019)
Filed by Pasadena, City of (Cross-Complainant)

**08/19/2020** Request for Dismissal
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba
Hernandez (Plaintiff)

**07/08/2020** Certificate of Mailing for ((Ex-Parte Proceedings to Continue Hearing Date filed on behalf...) of
07/08/2020)
Filed by Clerk

**07/08/2020** Minute Order ( (Ex-Parte Proceedings to Continue Hearing Date filed on behalf...))
Filed by Clerk

**07/06/2020** Ex Parte Application (To Continue Hearing Date)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**04/30/2020** RETURNED MAIL

**04/16/2020** Certificate of Mailing for ((Non-Appearance Case Review Court Order Continuing Civil, Tria...) of 04/16/2020)
Filed by Clerk

**04/16/2020** Minute Order ( (Non-Appearance Case Review Court Order Continuing Civil, Tria...))
Filed by Clerk

**04/15/2020** Notice (of Continuance of Motion for Court Order to Release Documents)
Filed by JACLQUELYN LICEA (DOE 1) (Defendant)

**04/02/2020** Certificate of Mailing for ((Non-Appearance Case Review Court Order Continuing Civil, Tria...) of 04/02/2020)
Filed by Clerk

**04/02/2020** Minute Order ( (Non-Appearance Case Review Court Order Continuing Civil, Tria...))
Filed by Clerk

**03/25/2020** Minute Order ( (Non-Appearance Case Review))
Filed by Clerk

**03/23/2020** Notice of Ruling
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/20/2020** Plaintiffs' Reply in Support of Motion to Quash Deposition Subpoena Seeking Business Records from Pasadena Unified School District
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**03/20/2020** Plaintiffs' Reply in Support of Motion for Issue Sanctions and Evidence Sanctions Against Defendant City of Pasadena
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**03/16/2020** Declaration (of David Royer ISO City of Pasadena's Opposition to Plaintiff's Motion for Issue)
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/16/2020** Declaration (of Brian Hamblet ISO City of Pasadena's Opposition to Plaintiff's Motion for Issue)
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/16/2020** Opposition (to Plaintiffs' Motion for Issue Sanctions and Evidence Sanctions)
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/16/2020** Declaration (Declaration of Keiko J. Kojima)
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/16/2020** Opposition (Response to Separate Statement in Opposition to Motion to Quash)
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/16/2020** Response (Response to Separate Statement in Opposition to Motion to Quash)
Filed by CITY OF PASADENA, a public entity (Defendant)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   03/11/2020   11/13/2019   07/30/2019   11/19/2018   03/12/2018

**03/11/2020** Declaration (Declaration of James Abeltin in Response to Motion to Quash A Subpoena of School Records)
Filed by JACQUELYN LICEA, an individual (Defendant)

**03/11/2020** Response (Response of Jacquelyn Licea to Motion to Quash Subpoena of School Records)
Filed by JACQUELYN LICEA, an individual (Defendant)

**03/04/2020** Notice (Notice of Continuance of Motion for A Court Order to Release Documents)
Filed by JACQUELYN LICEA, an individual (Defendant)

**02/28/2020** Objection (Plaintiff's Evidentiary Objections in Opposition To The Evidence Submitted in Support of
The Motion for Filed by Defendant City of Pasadena and Order Thereon)

**02/28/2020** Objection (To Plaintiffs' And Jacquelyn Licea's Evidence In Support of Defendant City of Pasadena''s
Motion For Summary Judgment, or In The Alternative Summary Adj. and Order Thereon)
Filed by CITY OF PASADENA, a public entity (Defendant)

**02/28/2020** Stipulation and Order to use Certified Shorthand Reporter (Ingrid Saracione, CSR No. 11960 for
2/28/2020 Hearing in Department D)

**02/28/2020** Minute Order ( (Hearing on Motion to Bifurcate filed on behalf of Defendant/C...))
Filed by Clerk

**02/21/2020** Declaration (Declaration of Carmen M. Aguado in Support of Defendant City of Pasadena's Reply in
Support of Its Motion for Bifurcation)
Filed by CITY OF PASADENA, a public entity (Defendant)

**02/21/2020** Reply (Defendant City of Pasadena's Reply in Support of Its Motion to Bifurcate)
Filed by CITY OF PASADENA, a public entity (Defendant)

**02/14/2020** Opposition (Plaintiffs' Opposition to Defendant City of Pasadena's Motion to Bifurcate)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba
Hernandez (Plaintiff)

**02/05/2020** Notice (Notice of Continuing Motion for a Court Order to Release Documents)
Filed by JACLQUEYEN LICEA (DOE 1) (Defendant)

**01/30/2020** Proof of Personal Service
Filed by Pasadena, City of, a public entity (Defendant)

**01/30/2020** Proof of Personal Service
Filed by Pasadena, City of, a public entity (Defendant)

**01/27/2020** Notice of Ruling
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/24/2020** Minute Order ( (Hearing on Motion for Summary Judgment or, in the alternative...))
Filed by Clerk

**01/24/2020** Opposition (Plaintiffs' Opposition to Defendant City of Pasadena's Ex Parte Application for an Order
to Advance the Hearing on Defendant City's Motion to Bifurcate)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba
Hernandez (Plaintiff)

**01/23/2020** Opposition (Plaintiffs' Opposition to Defendant Jacquelyn Licea's Ex Parte Application for an Order
Advancing Motion for a Court Order to Release Documents)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba
Hernandez (Plaintiff)

**01/23/2020** Plaintiff's Objections to Defendant City of Pasadena's Notice of Errata re Reply in Support of its
Motion for Summary Judgment or, in the Alternative, Summary Adjudication
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**01/23/2020** Declaration (of Carmen Aguado ISO Ex Parte Application for an Order to Advance Hearing on
Motion to Bifurcate)
Filed by CITY OF PASADENA, a public entity (Cross-Defendant)

**01/23/2020** Ex Parte Application (of Defendant City of Pasadena for an Order to Advance Hearing on Motion to
Bifurcate)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/22/2020** Notice (of Errata)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/22/2020** Ex Parte Application (Ex Parte for Order Advancing Motion for Court Order to Release Records)
Filed by JACLQUELYN LICEA (DOE 1) (Defendant)

**01/22/2020** Separate Statement
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**01/22/2020** Motion to Quash
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**01/22/2020** Motion in Limine (No 7)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Declaration (of Carmen M. Aguado in Support)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/21/2020** Motion to Bifurcate
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/21/2020** Motion in Limine (No 13)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 2)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 5)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 6)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 1)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 4)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 3)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 12)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 14)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 9)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 8)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 11)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 10)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Objection (Plaintiff's Objections to Defendant City of Pasadena's Reply Papers Filed in Support of
Defendant City of Pasadena's Motion for Summary Judgment / Adjudication)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**01/17/2020** Reply (to Opposition)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/17/2020** Reply (to Separate Statement)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/17/2020** Objection (to Evidence)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/17/2020** Declaration (in Support of Reply)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/17/2020** Reply (in Support of Motion)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/16/2020** Separate Statement
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba
Hernandez (Plaintiff)

**01/16/2020** Motion for Sanctions
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**01/10/2020** Declaration (Declaration of Edward Ruzak)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**01/10/2020** Declaration (Declaration of Beau LeBlanc)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**01/10/2020** Separate Statement
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**01/10/2020** Declaration (Declaration of Andy Beltran)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**01/10/2020** Declaration (Declaration of Damon Rogers)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**01/10/2020** Objection (Plaintiff's Evidentiary Objections In Opposition To City of Pasadena's Motion for Summary
Judgment)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**01/10/2020** Opposition (Plaintiff's Opposition To City of Pasadena's Motion for Summary Judgment)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**01/09/2020** Declaration (of James Abeltin Re Opposition to Motion for Summary Judgment)
Filed by JACQUELYN LICEA (Cross-Complainant); JACQUELYN LICEA, an individual (Defendant)

**01/09/2020** Objection (Objections to Evidence Sumitted by City in Support of MSJ)
Filed by JACQUELYN LICEA (Cross-Complainant); JACQUELYN LICEA, an individual (Defendant)

**01/09/2020** Separate Statement
Filed by JACQUELYN LICEA (Cross-Complainant); JACQUELYN LICEA, an individual (Defendant)

**01/09/2020** Opposition (Opposition to Motion for Summary Judgment)
Filed by JACQUELYN LICEA (Cross-Complainant); JACQUELYN LICEA, an individual (Defendant)

**12/20/2019** Minute Order ( (Hearing on Ex Parte Application for an Order Shortening Time ...))
Filed by Clerk

**12/19/2019** Declaration ( Of Carmen M Aguado In Support Of Defendant City Of Pasadenas Opposition To
Plaintiffs Ex Parte Application For An Order Shortening Time On Plaintiffs 1 Motion To Compel Deposition Of
Defendant City Of Pasadena's Pmk 2motion To Compel Deposition Of J)
Filed by CITY OF PASADENA, a public entity (Defendant)

**12/19/2019** Opposition (To Plaintiffs Ex Parte Application For An Order Shortening Time On Plaintiffs 1 Motion
To Compel Deposition Of Defendant City Of Pasadenas Pmk 2 Motion To Compel Deposition Of Joaquin Siques
3 Motion To Compel Deposition Of Mark Jomsky 4 Motion To Co)
Filed by CITY OF PASADENA, a public entity (Defendant)

**12/18/2019** Notice of Ruling
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**12/18/2019** Declaration (of James B. Abeltin in Support of Motion for Court Order to Release Documents)
Filed by JACQUELYN LICEA, an individual (Defendant)

**12/18/2019** Motion for Order (to Release Documents)
Filed by JACQUELYN LICEA, an individual (Defendant)

**12/18/2019** Minute Order ( (Hearing on Ex Parte Application for an Order Shortening Time ...))
Filed by Clerk

**12/17/2019** Declaration (Filippo Marchino in Support of Plaintiffs' Motion to Compel the Persons Most Qualified of
Defendant City of Pasadena to Comply with Deposition Notice and for Sanctions)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**12/17/2019** Motion to Compel (Plaintiffs' Motion to Compel Defendant City of Pasadena's Person Most Qualified
to Comply with Deposition Notice and for Monetary Sanctions in the Amount of $2,735.90)

Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**12/17/2019** Declaration (Declaration of Filippo Marchino in Support of Plaintiffs' Motion to Compel Joaquin
Siques to Comply with Deposition Notice and for Sanctions in the Amount of $3,935.90)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**12/17/2019** Motion to Compel (Plaintiffs' Motion to Compel Joaquin Siques to Comply with Deposition Notice and
for Monetary Sanctions in the Amount of $3,935.90)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**12/17/2019** Ex Parte Application (for an Order Shortening Time on Plaintiffs' MTC Depo of Def. City of
Pasadena's PMK, (2) MTC Depo of Joaquin Siques, (3) MTC Depo of Mark Jomsky, (4) MTC David Royer re
Depo Answers/Production, (5) MTC Richard Yee re Depo Answers/Productio)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**12/17/2019** Declaration (Declaration of Filippo Marchino in Support of Plaintiffs' Motion to Compel Richard Yee's
Answers to Deposition Questions and Production of Documents, and for Sanctions in the Amount of $3,068.40)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**12/17/2019** Separate Statement
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**12/17/2019** Motion to Compel (Plaintiffs' Motion to Compel Richard Yee's Answers to Deposition Questions and
Production of Documents, and for Monetary Sanctions in the Amount of $3,068.40)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**12/17/2019** Separate Statement
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**12/17/2019** Declaration (of Filippo Marchino in Support of Plaintiffs' Motion to Compel David Royer's Answers to
Deposition Questions and Production of Documents, and for Sanctions in the Amount of $3,068.40)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**12/17/2019** Motion to Compel (Plaintiffs' Motion to Compel David Royer's Answers to Deposition Questions and
Production of Documents, and for Monetary Sanctions in the Amount of $3,068.40)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**12/17/2019** Declaration (Declaration of Filippo Marchino in Support of Plaintiffs' Motion to Compel Mark Jomsky
to Comply with Deposition Notice and for Sanctions in the Amount of $2,135.90)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**12/17/2019** Motion to Compel (Plaintiffs' Motion to Compel Mark Jomsky to Comply with Deposition Notice and
for Sanctions in the Amount of $2,135.90)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   03/11/2020   11/13/2019   07/30/2019   11/19/2018   03/12/2018

**11/13/2019** Proof of Service (not Summons and Complaint)
Filed by JACQUELYN LICEA, an individual (Defendant)

**11/08/2019** Separate Statement
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Declaration (of Mark Jomsky ISO City's MSJ)
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Declaration (of Richard Yee ISO City's MSJ)
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Proof of Personal Service
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Declaration (of David Royer ISO City's MSJ)
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Declaration (of Joaquin Siques ISO City's MSJ)
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Declaration (of Carmen Aguado ISO City's MSJ)
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Exhibit List
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Motion for Summary Judgment
Filed by CITY OF PASADENA, a public entity (Defendant)

**10/10/2019** Answer
Filed by Jacquelyn Licea (Cross-Defendant)

**10/04/2019** Order (Joint Sytipulation and Proposed Case Managment Order)
Filed by JACQUELYN LICEA, an individual (Defendant)

**10/04/2019** Stipulation and Order (to Allow Defendant to File An Amended Answer to Plaintiff's Complaint)
Filed by CITY OF PASADENA, a public entity (Defendant)

**10/04/2019** Amended Complaint
Filed by CITY OF PASADENA, a public entity (Cross-Defendant); Jacquelyn Licea (Cross-Defendant)

**10/01/2019** Notice of Ruling
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/25/2019** RETURNED MAIL

**09/25/2019** RETURNED MAIL

**09/24/2019** Order (Granting City of Pasadena's Ex Parte Application to Continue The Hearing on Defendant
City's Anticipated Motion for Summary Judgment)
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/24/2019** Minute Order ( (Hearing on Ex Parte Application to Continue Hearing on Defend...))
Filed by Clerk

**09/23/2019** Opposition (to Defendant City of Pasadena's Ex Parte Application for an Order to Continue the
Hearing on Defendant City's Anticipated Motion for Summary Judgment)

Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**09/23/2019** Declaration in Support of Ex Parte Application
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/23/2019** Ex Parte Application (to Continue Hearing on Defendant Citys Anticipated Motion for Summary Judgment)
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/19/2019** Answer
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/19/2019** Answer
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/19/2019** City of Pasadena's First Amended Cross-Complaint for Indemnity, Declaratory Relief and Contribution; Demand for Jury Trial
Filed by CITY OF PASADENA, a public entity (Cross-Defendant)

**09/09/2019** RETURNED MAIL

**09/09/2019** RETURNED MAIL

**09/06/2019** Minute Order ( (Hearing on Demurrer - without Motion to Strike To Plaintiff's...))
Filed by Clerk

**09/06/2019** Certificate of Mailing for ((Hearing on Demurrer - without Motion to Strike To Plaintiff's...) of 09/06/2019)
Filed by Clerk

**09/06/2019** Minute Order ( (Hearing on Demurrer - without Motion to Strike To Plaintiff's...))
Filed by Clerk

**09/06/2019** Declaration (of Carmen Aguado ISO City of Pasadena's Opposition to Plaintiffs' Ex Parte Application)
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/06/2019** Opposition (to Plaintiff's Ex Parte Application to Compel Production of Documents)
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/05/2019** Ex Parte Application (for an Order Compelling Def. to Produce Documents at the Depositions of PMQ)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**08/29/2019** Supplemental Declaration (Of Carmen M. Aguado in Support of Defendant City of Pasadena's Reply)
Filed by CITY OF PASADENA, a public entity (Cross-Defendant)

**08/29/2019** Reply (In Support of Its Demurrer To Plaintiff's First Amended Complaint)
Filed by CITY OF PASADENA, a public entity (Cross-Defendant)

**08/28/2019** Certificate of Mailing for ((Status Conference re: Mediation and Discovery) of 08/28/2019)
Filed by Clerk

**08/28/2019** Minute Order ( (Status Conference re: Mediation and Discovery))
Filed by Clerk

**08/27/2019** Notice (Case Management Order)
Filed by CITY OF PASADENA, a public entity (Cross-Defendant)

**08/26/2019** Declaration (of James Abeltin Re (Proposed) Case Management Order)
Filed by LICEA, JACQUELYN - (DOE 2) (Defendant)

**08/23/2019** Opposition (Plaintiff's Opposition to Defendant City of Pasadena's Demurrer to Plaintiff's First
Amended Complaint)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**08/21/2019** Answer
Filed by JACQUELYN LICEA, an individual (Defendant)

**08/21/2019** Second Amended Cross-Complaint of Jacquelyn Licea
Filed by JACQUELYN LICEA (Cross-Complainant)

**08/12/2019** Declaration (of Carmen Aguado ISO City of Pasadena Demurrer to First Amended Complaint)
Filed by CITY OF PASADENA, a public entity (Defendant)

**08/12/2019** Demurrer - without Motion to Strike
Filed by CITY OF PASADENA, a public entity (Defendant)

**08/02/2019** Notice of Ruling
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba
Hernandez (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP    03/11/2020    11/13/2019    07/30/2019    11/19/2018    03/12/2018

**07/30/2019** Order (Granting Defendant City of Pasadena's Ex Parte Application to Continue the Trial and Pre-
Trial Deadlines)
Filed by Clerk

**07/30/2019** Minute Order ( (Hearing on Ex Parte Application to Continue the Trial and Pre...))
Filed by Clerk

**07/30/2019** Opposition (to Defendant City of Pasadena's Ex Parte Application to Continue the Trial and Pre-Trial
Deadlines or, in the Alternative, Specially Set the Time Hearing on Defendant's Motion to Continue the Trial and
Pre-Trial Deadlines)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**07/29/2019** Declaration in Support of Ex Parte Application
Filed by CITY OF PASADENA, a public entity (Defendant)

**07/29/2019** Ex Parte Application (to Continue the Trial and Pre-Trial Deadlines)
Filed by CITY OF PASADENA, a public entity (Defendant)

**07/25/2019** Minute Order ( (Hearing on Ex Parte Application To Continue the Trial and Pre...))
Filed by Clerk

**07/24/2019** Notice (of Continued hearing On Ex Parte Application)
Filed by CITY OF PASADENA, a public entity (Cross-Defendant)

**07/24/2019** Declaration (of Carmen m Aguado)
Filed by CITY OF PASADENA, a public entity (Defendant)

**07/24/2019** Ex Parte Application (to Continue Trial)
Filed by CITY OF PASADENA, a public entity (Defendant)

**07/16/2019** Amendment to Complaint (Fictitious/Incorrect Name) (First Amended Complaint)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**07/05/2019** Minute Order ( (Hearing on Motion for Leave to Amend Complaint filed on behal...))
Filed by Clerk

**06/27/2019** Reply (To Defendants' Responses To Plaintiff's Motion For Leave To File First Amended Complaint)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba
Hernandez (Plaintiff)

**06/24/2019** Case Management Statement
Filed by JACQUELYN LICEA, an individual (Defendant)

**06/21/2019** Response (Response to Motion for Leave)
Filed by CITY OF PASADENA, a public entity (Defendant)

**06/19/2019** Case Management Statement
Filed by CITY OF PASADENA, a public entity (Defendant)

**06/13/2019** Response (Response to Motion to Amend the Complaint)
Filed by JACQUELYN LICEA, an individual (Defendant)

**06/12/2019** Notice of Lien
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**06/05/2019** Minute Order ( (Status Conference re: Mediation and Discovery))
Filed by Clerk

**05/23/2019** Motion for Leave (To File A First Amended Complaint)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**05/14/2019** Notice of Change of Address or Other Contact Information
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**03/05/2019** Notice (of Stipulated Continuance)
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**01/28/2019** Separate Statement
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba
Hernandez (Plaintiff)

**01/28/2019** Motion to Quash
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba
Hernandez (Plaintiff)

**12/06/2018** Minute Order ((Status Conference re: Complex Personal Injury Case Transfer f...))
Filed by Clerk

**11/21/2018** Case Management Statement
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**11/20/2018** Case Management Statement
Filed by Pasadena, City of, a public entity (Defendant)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   03/11/2020   11/13/2019   07/30/2019   11/19/2018   03/12/2018

**11/19/2018** Case Management Statement
Filed by JACLQUELYN LICEA (DOE 1) (Defendant)

**11/19/2018** Notice of Case Management Conference

**11/01/2018** Answer (of Cross-Defendant City of Pasadena to Cross-Complaint Jacquelyn Licea's First Amended Cross-Complaint)
Filed by Pasadena, City of, a public entity (Defendant)

**10/04/2018** Notice of Case Management Conference
Filed by Clerk

**10/03/2018** Notice-Case Management Conference
Filed by Clerk

**09/28/2018** Cross-Complaint First amended

**09/28/2018** Answer

**09/28/2018** Summons

**09/28/2018** Summons (on Complaint)
Filed by JACQUELYN LICEA (Cross-Complainant)

**09/28/2018** Answer
Filed by JACQUELYN LICEA (Cross-Complainant)

**09/28/2018** First Amended Cross-Complaint
Filed by JACQUELYN LICEA (Cross-Complainant)

**08/24/2018** Notice (and Acknowledgment of Receipt-Civil)
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff);
LICEA, JACQUELYN - (DOE 2) (Defendant)

**08/08/2018** Minute order entered: 2018-08-08 00:00:00
Filed by Clerk

**07/26/2018** Substitution of Attorney

**07/26/2018** SUBSTITUTION OF ATTORNEY

**07/23/2018** Order
Filed by Court

**07/20/2018** Minute order entered: 2018-07-20 00:00:00
Filed by Clerk

**07/20/2018** Minute Order

**07/20/2018** Order (TRANSFERRING PERSONAL INJURY (PI) CASE TO INDEPENDENT CALENDAR (IC) COURT )
Filed by Court

**07/19/2018** NOTICE OF POSTING JURY FEES

**07/19/2018** Notice
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**07/19/2018** Notice (OF POSTING JURY FEES )
Filed by Attorney for Petitioner

**07/18/2018** NOTICE OF MOTION AND MOTION TO CONTINUE TRIAL DATE; MEMORANDUM OF POINTS
AND AUTHORITIES; DECLARATION OF ALGERIA R. FORD

**07/18/2018** Motion-Continue Hearing Date
Filed by Pasadena, City of, a public entity (Defendant)

**07/18/2018** Motion-Continue Hearing Date (MOTION TO CONTINUE TRIAL DATE )
Filed by Atty for Defendant and Cross-Compl

**07/13/2018** CIVIL DEPOSIT

**07/13/2018** Receipt
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**07/13/2018** Receipt (CIVIL DEPOSIT )
Filed by Attorney for Plaintiff/Petitioner

**07/06/2018** AMENDMENT TO COMPLAINT

**07/06/2018** Amendment to Complaint
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba
Hernandez (Plaintiff)

**07/06/2018** Amendment to Complaint (FIC NAME: DOE 2 TRUE NAME: JACQUELYN LICEA )
Filed by Attorney for Plaintiff/Petitioner

**06/11/2018** NOTICE OF POSTING JURY FEES

**06/11/2018** Notice
Filed by Pasadena, City of, a public entity (Defendant)

**06/11/2018** Notice (OF POSTING JURY FEES )
Filed by Attorney for Deft/X-Deft/X-Comp

**06/05/2018** CIVIL DEPOSIT

**06/05/2018** Receipt
Filed by Pasadena, City of, a public entity (Defendant)

**06/05/2018** Receipt (CIVIL DEPOSIT RE JURY FEES $150.00 )
Filed by Attorney for Defendant/Respondent

**05/31/2018** DEFENDANT CITY OF PASADENA'S NOTICE OF DEMURRER AND DEMURRER TO
JACQUELYN LICEA'S CROSS-COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF BRIAN I. HAMBLET

**05/31/2018** Demurrer
Filed by Pasadena, City of, a public entity (Defendant)

**05/31/2018** Demurrer
Filed by Attorney for Deft/X-Deft/X-Comp

**05/25/2018** AMENDMENT TO COMPLAINT

**05/25/2018** Amendment to Complaint
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

EXHIBIT "1"
Page 45

**05/25/2018** Amendment to Complaint (JACLQUELYN LICEA (DOE 1) )
Filed by Attorney for Plaintiff/Petitioner

**04/13/2018** DECLARATION OF BRIAN I. HAMBLET AND REQUEST FOR EXTENSION FOR DEFENDANT
CITY OF PASADENA PURSUANT TO CCP 430.41(A)(2)

**04/13/2018** Declaration
Filed by Pasadena, City of, a public entity (Defendant)

**04/13/2018** Declaration (OF BRIAN I. HAMBLET AND REQUEST FOR EXTENSION FOR DEFENDANT CITY
OF PASADENA PURSUANT TO CCP 430.41(A)(2) )
Filed by Attorney for Deft/X-Deft/X-Comp

**03/16/2018** PROOF OF SERVICE OF CROSS COMPLAINT

**03/16/2018** Proof of Service (not Summons and Complaint)
Filed by Pasadena, City of, a public entity (Defendant)

**03/16/2018** Proof of Service (OF CROSS COMPLAINT )
Filed by Attorney for Defendant/Respondent

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   03/11/2020   11/13/2019   07/30/2019   11/19/2018   03/12/2018

**03/12/2018** Summons (on Complaint)
Filed by JACQUELYN LICEA, an individual (Defendant)

**03/12/2018** Cross-Complaint
Filed by JACQUELYN LICEA, an individual (Defendant)

**03/12/2018** Cross-Complaint
Filed by JACQUELYN LICEA (Cross-Complainant)

**03/12/2018** Answer to Cross-Complaint
Filed by JACQUELYN LICEA, an individual (Defendant)

**03/12/2018** CROSS-COMPLAINT OF JACQUELYN LICEA FOR INDEMNITY, DECLARATORY RELIEF AND
CONTRIBUTION

**03/12/2018** ANSWER TO CROSS-COMPLAINT FOR INDEMNITY, DECLARATORY RELIEF AND
CONTRIBUTION

**03/12/2018** Summons on Cross Complaint

**03/12/2018** Summons Filed (CROSS-COMPLAINT )
Filed by Attorney for Cross-Complainant

**03/12/2018** Cross-complaint (FOR INDEMNITY, DECLARATORY RELIEF & CONTRIBUTION )
Filed by Attorney for X-Deft/X-Comp

**03/12/2018** Answer to Cross-Complaint (FOR INDEMNITY, DECLARATORY RELIEF AND CONTRIBUTION )
Filed by Attorney for Cross-Defendant

**12/14/2017** Substitution of Attorney
Filed by Pasadena, City of, a public entity (Defendant)

**12/14/2017** SUBSTITUTION OF ATTORNEY

**12/14/2017** Substitution of Attorney ("FAXED" )
Filed by Attorney for Defendant/Respondent

**07/14/2017** Answer
Filed by Pasadena, City of, a public entity (Defendant)

**07/14/2017** Cross-Complaint
Filed by Pasadena, City of, a public entity (Defendant)

**07/14/2017** CITY OF PASADENA'S CROSS-COMPLAINT FOR INDEMNITY, DECLARATORY RELIEF AND
CONTRIBUTION

**07/14/2017** Summons (on Complaint)
Filed by Pasadena, City of, a public entity (Defendant)

**07/14/2017** SUMMONS ON CROSS-COMPLAINT

**07/14/2017** ANSWER PERSONAL INJURY, PROPERTY DAMAGE, WRONGFUL DEATH

**07/14/2017** Answer to Complaint
Filed by Attorney for Defendant/Respondent

**07/14/2017** Cross-complaint (FOR INDEMNITY, DECLARATORY RELIEF AND CONTRIBUTION )
Filed by Atty for Defendant and Cross-Compl

**07/14/2017** Summons Filed (CROSS-COMPLAINT )
Filed by Atty for Defendant and Cross-Compl

**06/14/2017** PROOF OF SERVICE SUMMONS

**06/14/2017** Proof-Service/Summons
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**06/14/2017** Proof-Service/Summons
Filed by Attorney for Plaintiff/Petitioner

**06/05/2017** Summons (on Complaint)

**06/05/2017** Civil Case Cover Sheet

**06/05/2017** SUMMONS

**06/05/2017** COMPLAINT 1. DANGEROUS CONDITION OF PUBLIC PROPERTY GOV'T CODE 835 ET SEQ.]
2. VICARIOUS LIABILITY (GOV'T CODE 815.4] DEMAND FOR JURY TRIAL

**06/05/2017** Complaint
Filed by null

**06/05/2017** Complaint

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   03/11/2020   11/13/2019   07/30/2019   11/19/2018   03/12/2018

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed |
Proceedings Held

### Proceedings Held (Proceeding dates listed in descending order)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
03/13/2020   08/28/2019

**02/04/2021** at 08:30 AM in Department D
Order to Show Cause Re: Dismissal (in Light of Settlement) - **Held - Continued**

**02/04/2021** at 08:30 AM in Department D
Trial Setting Conference - **Held - Continued**

**11/06/2020** at 09:00 AM in Department D
Trial Setting Conference - **Not Held - Continued - Court's Motion**

**11/06/2020** at 09:00 AM in Department D
Hearing on Motion - Other (for A Court Order to Release Documents, or in the alternative, a Court Order that
Elba Hernandez Sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant
Jacquelyn Licea) - **Not Held - Taken Off Calendar by Party**

**09/25/2020** at 09:00 AM in Department D
Hearing on Motion - Other (for A Court Order to Release Documents, or in the alternative, a Court Order that
Elba Hernandez sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant
Jacquelyn Licea) - **Not Held - Continued - Stipulation**

**09/25/2020** at 09:00 AM in Department D
Trial Setting Conference - **Not Held - Continued - Stipulation**

**09/25/2020** at 09:00 AM in Department D
Hearing on Motion to Quash (Deposition Subpoena Seeking Production of Business Records from Pasadena
Unified School District filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced
and Vacated**

**09/25/2020** at 09:00 AM in Department D
Hearing on Motion for Sanctions (For Issue Sanctions and Evidence Sanctions against Defendant City of
Pasadena filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Vacated**

**09/16/2020** at 1:30 PM in Department D
Non-Appearance Case Review (Court Order pursuant to Stipulation and Request for Court Ordr Continuing
Hearings Set for September25,2020; Order;) - **Held**

**08/24/2020** at 09:00 AM in Department D
Jury Trial - **Not Held - Advanced and Vacated**

**08/13/2020** at 09:00 AM in Department D
Final Status Conference - **Not Held - Advanced and Vacated**

**07/24/2020** at 09:00 AM in Department D
Hearing on Motion for Sanctions (For Issue Sanctions and Evidence Sanctions against Defendant City of
Pasadena filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and
Continued - by Court**

**07/24/2020** at 09:00 AM in Department D
Hearing on Motion to Quash (Deposition Subpoena Seeking Production of Business Records from Pasadena
Unified School District filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced
and Continued - by Court**

**07/24/2020** at 09:00 AM in Department D
Hearing on Motion - Other (for A Court Order to Release Documents, or in the alternative, a Court Order that
Elba Hernandez sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant
Jacquelyn Licea) - **Not Held - Advanced and Continued - by Court**

**07/08/2020** at 11:00 AM in Department D
Ex-Parte Proceedings (to Continue Hearing Date filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Held - Motion Granted**

**05/18/2020** at 09:00 AM in Department D
Trial Setting Conference - **Not Held - Advanced and Vacated**

**05/18/2020** at 09:00 AM in Department D
Final Status Conference - **Not Held - Advanced and Continued - by Court**

**05/18/2020** at 09:00 AM in Department D
Order to Show Cause Re: (Mandatory Settlement Conference) - **Not Held - Advanced and Vacated**

**05/18/2020** at 09:00 AM in Department D
Jury Trial - **Not Held - Advanced and Continued - by Court**

**05/14/2020** at 08:30 AM in Department D
Order to Show Cause Re: (Mandatory Settlement Conference) - **Not Held - Advanced and Continued - by Court**

**04/30/2020** at 09:00 AM in Department D
Final Status Conference - **Not Held - Advanced and Continued - by Court**

**04/24/2020** at 09:00 AM in Department D
Hearing on Motion - Other (for A Court Order to Release Documents, or in the alternative, a Court Order that Elba Hernandez sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant Jacquelyn Licea) - **Not Held - Advanced and Continued - by Court**

**04/24/2020** at 08:30 AM in Department D
Hearing on Motion to Quash (Deposition Subpoena Seeking Production of Business Records from Pasadena Unified School District filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Continued - by Court**

**04/24/2020** at 08:30 AM in Department D
Hearing on Motion for Sanctions (For Issue Sanctions and Evidence Sanctions against Defendant City of Pasadena filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Continued - by Court**

**04/20/2020** at 09:00 AM in Department D
Jury Trial - **Not Held - Advanced and Continued - by Court**

**04/16/2020** at 09:00 AM in Department D
Final Status Conference - **Not Held - Clerical Error**

**04/16/2020** at 08:30 AM in Department D
Non-Appearance Case Review (Court Order Continuing Civil, Trial and Non-Trial matters to and after June 21, 2020 Pursuant to the General Order issued by the Presiding Judge and Statewide Orders issued by the Chief Justice;) - **Held**

**04/10/2020** at 08:30 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Motion to Compel Richard Yee's Answers to Deposition Questions and Production of Documents, and for Monetary Sanctions in the Amount of $3,068.40) - **Not Held - Advanced and Continued - by Court**

**04/10/2020** at 08:30 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Motion to Compel Defendant City of Pasadena's Person Most Qualified to Comply with Deposition Notice and for Monetary Sanctions in the Amount $2,735.90) - **Not Held - Advanced and Continued - by Court**

**04/10/2020** at 08:30 AM in Department D

Hearing on Motion to Compel (Plaintiffs' Motion to Compel David Royer's Answers to Deposition Questions and Production of Documents, and for Sanctions in the Amount of $3,068.40) - **Not Held - Advanced and Continued - by Court**

**04/10/2020** at 08:30 AM in Department D

Hearing on Motion to Compel (Plaintiffs' Notice of Motion and Motion to Compel Joaquin Siques to Comply with Deposition Notice and for Monetary Sanctions in the Amount of $3,935.90) - **Not Held - Advanced and Continued - by Court**

**04/10/2020** at 08:30 AM in Department D

Hearing on Motion to Compel (Plaintiffs' Motion to Compel Mark Jomsky to Comply with Deposition Notice and for Sanctions in the Amount of $2135.90) - **Not Held - Advanced and Continued - by Court**

**04/09/2020** at 09:00 AM in Department D

Final Status Conference - **Not Held - Advanced and Continued - by Court**

**04/02/2020** at 08:30 AM in Department D

Non-Appearance Case Review (Court Order Continuing Civil, Trial and Non-Trial matters to and after May 18, 2020 Pursuant to the General Order issued by the Presiding Judge;) - **Held**

**03/27/2020** at 08:30 AM in Department D

Hearing on Motion to Quash (Deposition Subpoena Seeking Production of Business Records from Pasadena Unified School District filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Continued - by Court**

**03/27/2020** at 08:30 AM in Department D

Hearing on Motion for Sanctions (For Issue Sanctions and Evidence Sanctions against Defendant City of Pasadena filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Continued - by Court**

**03/26/2020** at 08:30 AM in Department D

Order to Show Cause Re: (Mandatory Settlement Conference) - **Not Held - Advanced and Continued - by Court**

**03/26/2020** at 08:30 AM in Department D

Order to Show Cause Re: (Mandatory Settlement Conference) - **Not Held - Vacated by Court**

**03/25/2020** at 08:30 AM in Department D

Non-Appearance Case Review

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   03/13/2020   08/28/2019

**03/13/2020** at 09:00 AM in Department D

Hearing on Motion - Other (for A Court Order to Release Documents, or in the alternative, a Court Order that Elba Hernandez sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant Jacquelyn Licea) - **Not Held - Continued - Stipulation**

**03/13/2020** at 09:00 AM in Department D

Hearing on Motion to Compel (Plaintiffs' Motion to Compel Mark Jomsky to Comply with Deposition Notice and for Sanctions in the Amount of $2135.90) - **Not Held - Advanced and Vacated**

**03/13/2020** at 09:00 AM in Department D

Hearing on Motion to Compel (Plaintiffs' Motion to Compel Defendant City of Pasadena's Person Most Qualified to Comply with Deposition Notice and for Monetary Sanctions in the Amount $2,735.90) - **Not Held - Advanced and Vacated**

**03/13/2020** at 09:00 AM in Department D

Hearing on Motion to Compel (Plaintiffs' Notice of Motion and Motion to Compel Joaquin Siques to Comply with Deposition Notice and for Monetary Sanctions in the Amount of $3,935.90) - **Not Held - Advanced and Vacated**

**03/13/2020** at 08:30 AM in Department D

Hearing on Motion to Compel (Plaintiffs' Motion to Compel David Royer's Answers to Deposition Questions and Production of Documents, and for Sanctions in the Amount of $3,068.40) - **Not Held - Advanced and Vacated**

**03/13/2020** at 08:30 AM in Department D

Hearing on Motion to Compel (Plaintiffs' Motion to Compel Richard Yee's Answers to Deposition Questions and Production of Documents, and for Monetary Sanctions in the Amount of $3,068.40) - **Not Held - Advanced and Vacated**

**03/06/2020** at 08:30 AM in Department D

Hearing on Motion to Compel (Plaintiffs' Motion to Compel Defendant City of Pasadena's Person Most Qualified to Comply with Deposition Notice and for Monetary Sanctions in the Amount $2,735.90) - **Not Held - Advanced and Continued - by Court**

**03/06/2020** at 08:30 AM in Department D

Hearing on Motion to Compel (Plaintiffs' Motion to Compel Mark Jomsky to Comply with Deposition Notice and for Sanctions in the Amount of $2135.90) - **Not Held - Advanced and Continued - by Court**

**03/06/2020** at 08:30 AM in Department D

Hearing on Motion to Compel (Plaintiffs' Notice of Motion and Motion to Compel Joaquin Siques to Comply with Deposition Notice and for Monetary Sanctions in the Amount of $3,935.90) - **Not Held - Advanced and Continued - by Court**

**03/06/2020** at 08:30 AM in Department D

Hearing on Motion - Other (for A Court Order to Release Documents, or in the alternative, a Court Order that Elba Hernandez sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant Jacquelyn Licea) - **Not Held - Continued - Ex Parte Motion**

**02/28/2020** at 09:00 AM in Department D

Hearing on Motion for Summary Judgment (or, in the alternative, Summary Adjudication filed on behalf of Defendant/Cross-Complainant/Cross-Defendant City of Pasadena) - **Held - Motion Denied**

**02/28/2020** at 08:30 AM in Department D

Hearing on Motion to Bifurcate (filed on behalf of Defendant/Cross-Complainant/Cross-Defendant City of Pasadena) - **Held - Motion Denied**

**02/24/2020** at 09:00 AM in Department D

Jury Trial - **Not Held - Continued - Court's Motion**

**02/24/2020** at 09:00 AM in Department D

Jury Trial - **Not Held - Advanced and Continued - by Court**

**02/13/2020** at 09:00 AM in Department D

Final Status Conference - **Not Held - Advanced and Continued - by Court**

**02/13/2020** at 09:00 AM in Department D

Final Status Conference - **Not Held - Continued - Court's Motion**

**01/24/2020** at 09:00 AM in Department D

Hearing on Motion for Summary Judgment - **Not Held - Vacated by Court**

**01/24/2020** at 08:30 AM in Department D

Order to Show Cause Re: (Mandatory Settlement Conference) - **Not Held - Advanced and Continued - by Court**

**01/24/2020** at 08:30 AM in Department D

Hearing on Ex Parte Application (of Defendant City of Pasadena for an Order to Advance the Hearing on Defendant City's Motion to Bifurcate) - **Not Held - Advanced and Vacated**

**01/24/2020** at 08:30 AM in Department D

Hearing on Motion for Summary Judgment (or, in the alternative, Summary Adjudication filed on behalf of Defendant/Cross-Complainant/Cross-Defendant City of Pasadena) - **Not Held - Continued - Court's Motion**

**01/24/2020** at 08:30 AM in Department D

Hearing on Ex Parte Application (for Order Advancing Motion for Court Order to Release Documents, or in the alternative, that Elba Hernandez sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant Jacquelyn Licea) - **Not Held - Advanced and Vacated**

**01/23/2020** at 08:30 AM in Department D

Order to Show Cause Re: (Mandatory Settlement Confrence) - **Not Held - Advanced and Continued - by Court**

**12/20/2019** at 08:30 AM in Department D

Hearing on Ex Parte Application (for an Order Shortening Time on Plaintiffs' MTC Depo of Def. City of Pasadena's PMK, (2) MTC Depo of Joaquin Siques, (3) MTC Depo of Mark Jomsky, (4) MTC David Royer re Depo Answers/Production, (5) MTC Richard Yee re Depo Answers/Productio) - **Held - Continued**

**12/18/2019** at 08:30 AM in Department D

Hearing on Ex Parte Application (for an Order Shortening Time on Plaintiffs' MTC Depo of Def. City of Pasadena's PMK, (2) MTC Depo of Joaquin Siques, (3) MTC Depo of Mark Jomsky, (4) MTC David Royer re Depo Answers/Production, (5) MTC Richard Yee re Depo Answers/Productio) - **Held - Continued**

**12/13/2019** at 09:00 AM in Department D

Hearing on Motion for Summary Judgment - **Not Held - Advanced and Continued - by Court**

**12/02/2019** at 09:00 AM in Department D

Jury Trial - **Not Held - Advanced and Continued - by Court**

**11/21/2019** at 09:00 AM in Department D

Final Status Conference - **Not Held - Advanced and Continued - by Court**

**11/08/2019** at 08:30 AM in Department D

Status Conference (reMediation and Discovery) - **Not Held - Advanced and Vacated**

**11/06/2019** at 08:30 AM in Department D

Order to Show Cause Re: (Mandatory Settlement Confrence) - **Not Held - Advanced and Continued - by Court**

**11/01/2019** at 08:30 AM in Department D

Hearing on Motion for Summary Judgment - **Not Held - Advanced and Continued - by Court**

**10/04/2019** at 08:30 AM in Department D

Hearing on Demurrer - without Motion to Strike - **Not Held - Advanced and Continued - by Court**

**10/02/2019** at 08:30 AM in Department D

Status Conference (reMediation and Discovery) - **Not Held - Advanced and Continued - by Court**

**09/24/2019** at 08:30 AM in Department D

Hearing on Ex Parte Application (to Continue Hearing on Defendant Citys Anticipated Motion for Summary Judgment filed on behalf of Defendant/Cross-Complainant/Cross-Defendant City of Pasadena) - **Held - Motion Granted**

**09/20/2019** at 08:30 AM in Department D

Hearing on Motion for Summary Judgment - **Not Held - Rescheduled by Party**

**09/06/2019** at 09:00 AM in Department D
Jury Trial - **Not Held - Continued - Ex Parte Motion**

**09/06/2019** at 09:00 AM in Department D
Hearing on Demurrer - without Motion to Strike (To Plaintiff's First Amended Complaint filed on behalf of Defendant/Cross-Complainant/Cross-Defendant City of Pasadena) - **Held - Motion Denied**

**09/06/2019** at 09:00 AM in Department D
Status Conference (reMediation and Discovery) - **Not Held - Continued - Court's Motion**

**09/06/2019** at 08:30 AM in Department D
Hearing on Ex Parte Application (for An Order Compelling Defendant City of Pasadena to Produce Documents at the Deposition of its Person Most Qualified filed on behalf of Plaintiffs Andres Ramirez, et al.) - **Held - Motion Denied**

**09/06/2019** at 08:30 AM in Department D
Hearing on Motion to Continue Trial - **Not Held - Taken Off Calendar by Party**

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   03/13/2020   08/28/2019

**08/28/2019** at 08:30 AM in Department D
Status Conference (reMediation and Discovery) - **Not Held - Continued - Court's Motion**

**07/30/2019** at 08:30 AM in Department D
Hearing on Ex Parte Application (to Continue the Trial and Pre-Trial Deadlines or, in the alternative, Specially Set the Time Hearing on Defendant's Motion to Continue the Trial and Pre-Trial Deadlines filed on behalf of Defendant/Cross-Complainant/Cross-Defendant City of Pasadena) - **Held - Advanced and Heard**

**07/25/2019** at 08:30 AM in Department D
Hearing on Ex Parte Application (To Continue the Trial and Pre-Trial Deadlines or, in the alternative, Specially Set the Time Hearing on Defendant's Motion to Continue the Trial and Pre-Trial Deadlines filed on behalf of Defendant/Cross-Complainant/Cross-Defendant City of Pasadena) - **Not Held - Vacated by Court**

**07/05/2019** at 09:00 AM in Department D
Status Conference (reMediation and Discovery) - **Held - Continued**

**07/05/2019** at 08:30 AM in Department D
Hearing on Motion for Leave to Amend (Complaint) - **Held - Motion Granted**

**06/05/2019** at 08:30 AM in Department D
Status Conference (reMediation and Discovery) - **Held - Continued**

**03/06/2019** at 08:30 AM in Department D
Status Conference (reMediation and Discovery) - **Not Held - Continued - Court's Motion**

**03/01/2019** at 08:30 AM in Department D
Hearing on Motion to Quash (Deposition Subpoena Seeking the Deposition of, and Production of Business Records from, John F. Gerard, or, Alternatively, Motion for a Protective Order) - **Not Held - Taken Off Calendar by Party**

**12/06/2018** at 08:30 AM in Department D
Status Conference - **Held**

**08/08/2018** at 1:30 PM in Department 2
Hearing on Demurrer - without Motion to Strike (DEMURRER; Transferred to different departmnt) -

**07/20/2018** at 08:00 AM in Department 2
Court Order (Court Order; Transferred to different departmnt) -

**07/20/2018** at 08:00 am in Department SS2, Georgina T. Rizk, Presiding

Court Order (TRANSF FROM PI TO DEPT D-GLENDALE) - **Transferred to different departmnt**

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP    03/13/2020    08/28/2019


## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Register of Actions (Listed in descending order)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

04/16/2020    02/05/2020    11/06/2019    08/12/2019    01/28/2019    05/31/2018

**02/05/2021** Notice of Ruling

Filed by JACQUELYN LICEA, an individual (Defendant)

**02/04/2021** at 08:30 AM in Department D

Trial Setting Conference - **Held - Continued**

**02/04/2021** at 08:30 AM in Department D

Order to Show Cause Re: Dismissal (in Light of Settlement) - **Held - Continued**

**02/04/2021** Minute Order ( (Trial Setting Conference; Order to Show Cause Re: Dismissal i...))

Filed by Clerk

**11/06/2020** at 09:00 AM in Department D

Hearing on Motion - Other (for A Court Order to Release Documents, or in the alternative, a Court Order that Elba Hernandez Sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant Jacquelyn Licea) - **Not Held - Taken Off Calendar by Party**

**11/06/2020** at 09:00 AM in Department D

Trial Setting Conference - **Not Held - Continued - Court's Motion**

**11/06/2020** Minute Order ( (Trial Setting Conference))

Filed by Clerk

**10/30/2020** Notice (Of Striking Of Attorneys' Lien)

Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**09/25/2020** at 09:00 AM in Department D

Hearing on Motion for Sanctions (For Issue Sanctions and Evidence Sanctions against Defendant City of Pasadena filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Vacated**

**09/25/2020** at 09:00 AM in Department D

Hearing on Motion - Other (for A Court Order to Release Documents, or in the alternative, a Court Order that Elba Hernandez sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant Jacquelyn Licea) - **Not Held - Continued - Stipulation**

**09/25/2020** at 09:00 AM in Department D

Trial Setting Conference - **Not Held - Continued - Stipulation**

**09/25/2020** at 09:00 AM in Department D

Hearing on Motion to Quash (Deposition Subpoena Seeking Production of Business Records from Pasadena

Unified School District filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Vacated**

**09/25/2020** RETURNED MAIL

**09/16/2020** at 1:30 PM in Department D
Non-Appearance Case Review (Court Order pursuant to Stipulation and Request for Court Ordr Continuing Hearings Set for September25,2020; Order;) - **Held**

**09/16/2020** Certificate of Mailing for ((Non-Appearance Case Review Court Order pursuant to Stipulatio...) of 09/16/2020)
Filed by Clerk

**09/16/2020** Minute Order ( (Non-Appearance Case Review Court Order pursuant to Stipulatio...))
Filed by Clerk

**09/14/2020** Stipulation and Order (Stipulation and Request For Court Order Continuing Hearings Set for September 25, 2020; Order)
Filed by JACQUELYN LICEA, an individual (Defendant)

**09/04/2020** Notice (Notice of Entry of Judgment Or Order)
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/04/2020** Notice (Notice of Entry of Judgment Or Order)
Filed by CITY OF PASADENA, a public entity (Defendant)

**08/24/2020** at 09:00 AM in Department D
Jury Trial - **Not Held - Advanced and Vacated**

**08/20/2020** Request for Dismissal (Cross-complaint by City of Pasadena filed on 10/4/2019)
Filed by Pasadena, City of (Cross-Complainant)

**08/19/2020** Request for Dismissal
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**08/13/2020** at 09:00 AM in Department D
Final Status Conference - **Not Held - Advanced and Vacated**

**07/24/2020** at 09:00 AM in Department D
Hearing on Motion for Sanctions (For Issue Sanctions and Evidence Sanctions against Defendant City of Pasadena filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Continued - by Court**

**07/24/2020** at 09:00 AM in Department D
Hearing on Motion - Other (for A Court Order to Release Documents, or in the alternative, a Court Order that Elba Hernandez sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant Jacquelyn Licea) - **Not Held - Advanced and Continued - by Court**

**07/24/2020** at 09:00 AM in Department D
Hearing on Motion to Quash (Deposition Subpoena Seeking Production of Business Records from Pasadena Unified School District filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Continued - by Court**

**07/08/2020** at 11:00 AM in Department D
Ex-Parte Proceedings (to Continue Hearing Date filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Held - Motion Granted**

**07/08/2020** Minute Order ( (Ex-Parte Proceedings to Continue Hearing Date filed on behalf...))
Filed by Clerk

**07/08/2020** Certificate of Mailing for ((Ex-Parte Proceedings to Continue Hearing Date filed on behalf...) of 07/08/2020)
Filed by Clerk

**07/06/2020** Ex Parte Application (To Continue Hearing Date)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**05/18/2020** at 09:00 AM in Department D
Final Status Conference - **Not Held - Advanced and Continued - by Court**

**05/18/2020** at 09:00 AM in Department D
Jury Trial - **Not Held - Advanced and Continued - by Court**

**05/18/2020** at 09:00 AM in Department D
Trial Setting Conference - **Not Held - Advanced and Vacated**

**05/18/2020** at 09:00 AM in Department D
Order to Show Cause Re: (Mandatory Settlement Conference) - **Not Held - Advanced and Vacated**

**05/14/2020** at 08:30 AM in Department D
Order to Show Cause Re: (Mandatory Settlement Conference) - **Not Held - Advanced and Continued - by Court**

**04/30/2020** at 09:00 AM in Department D
Final Status Conference - **Not Held - Advanced and Continued - by Court**

**04/30/2020** RETURNED MAIL

**04/24/2020** at 09:00 AM in Department D
Hearing on Motion - Other (for A Court Order to Release Documents, or in the alternative, a Court Order that Elba Hernandez sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant Jacquelyn Licea) - **Not Held - Advanced and Continued - by Court**

**04/24/2020** at 08:30 AM in Department D
Hearing on Motion for Sanctions (For Issue Sanctions and Evidence Sanctions against Defendant City of Pasadena filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Continued - by Court**

**04/24/2020** at 08:30 AM in Department D
Hearing on Motion to Quash (Deposition Subpoena Seeking Production of Business Records from Pasadena Unified School District filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Continued - by Court**

**04/20/2020** at 09:00 AM in Department D
Jury Trial - **Not Held - Advanced and Continued - by Court**

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP  04/16/2020  02/05/2020  11/06/2019  08/12/2019  01/28/2019  05/31/2018

**04/16/2020** at 09:00 AM in Department D
Final Status Conference - **Not Held - Clerical Error**

**04/16/2020** at 08:30 AM in Department D
Non-Appearance Case Review (Court Order Continuing Civil, Trial and Non-Trial matters to and after June 21,

2020 Pursuant to the General Order issued by the Presiding Judge and Statewide Orders issued by the Chief Justice;) - **Held**

**04/16/2020** Certificate of Mailing for ((Non-Appearance Case Review Court Order Continuing Civil, Tria...) of 04/16/2020)
Filed by Clerk

**04/16/2020** Minute Order ( (Non-Appearance Case Review Court Order Continuing Civil, Tria...))
Filed by Clerk

**04/15/2020** Notice (of Continuance of Motion for Court Order to Release Documents)
Filed by JACLQUELYN LICEA (DOE 1) (Defendant)

**04/10/2020** at 08:30 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Motion to Compel Richard Yee's Answers to Deposition Questions and Production of Documents, and for Monetary Sanctions in the Amount of $3,068.40) - **Not Held - Advanced and Continued - by Court**

**04/10/2020** at 08:30 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Notice of Motion and Motion to Compel Joaquin Siques to Comply with Deposition Notice and for Monetary Sanctions in the Amount of $3,935.90) - **Not Held - Advanced and Continued - by Court**

**04/10/2020** at 08:30 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Motion to Compel David Royer's Answers to Deposition Questions and Production of Documents, and for Sanctions in the Amount of $3,068.40) - **Not Held - Advanced and Continued - by Court**

**04/10/2020** at 08:30 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Motion to Compel Mark Jomsky to Comply with Deposition Notice and for Sanctions in the Amount of $2135.90) - **Not Held - Advanced and Continued - by Court**

**04/10/2020** at 08:30 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Motion to Compel Defendant City of Pasadena's Person Most Qualified to Comply with Deposition Notice and for Monetary Sanctions in the Amount $2,735.90) - **Not Held - Advanced and Continued - by Court**

**04/09/2020** at 09:00 AM in Department D
Final Status Conference - **Not Held - Advanced and Continued - by Court**

**04/02/2020** at 08:30 AM in Department D
Non-Appearance Case Review (Court Order Continuing Civil, Trial and Non-Trial matters to and after May 18, 2020 Pursuant to the General Order issued by the Presiding Judge;) - **Held**

**04/02/2020** Minute Order ( (Non-Appearance Case Review Court Order Continuing Civil, Tria...))
Filed by Clerk

**04/02/2020** Certificate of Mailing for ((Non-Appearance Case Review Court Order Continuing Civil, Tria...) of 04/02/2020)
Filed by Clerk

**03/27/2020** at 08:30 AM in Department D
Hearing on Motion to Quash (Deposition Subpoena Seeking Production of Business Records from Pasadena Unified School District filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Continued - by Court**

**03/27/2020** at 08:30 AM in Department D
Hearing on Motion for Sanctions (For Issue Sanctions and Evidence Sanctions against Defendant City of

Pasadena filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Continued - by Court**

**03/26/2020** at 08:30 AM in Department D
Order to Show Cause Re: (Mandatory Settlement Conference) - **Not Held - Vacated by Court**

**03/26/2020** at 08:30 AM in Department D
Order to Show Cause Re: (Mandatory Settlement Conference) - **Not Held - Advanced and Continued - by Court**

**03/25/2020** at 08:30 AM in Department D
Non-Appearance Case Review

**03/25/2020** Minute Order ( (Non-Appearance Case Review))
Filed by Clerk

**03/23/2020** Notice of Ruling
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/20/2020** Plaintiffs' Reply in Support of Motion for Issue Sanctions and Evidence Sanctions Against Defendant City of Pasadena
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**03/20/2020** Plaintiffs' Reply in Support of Motion to Quash Deposition Subpoena Seeking Business Records from Pasadena Unified School District
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**03/16/2020** Declaration (of Brian Hamblet ISO City of Pasadena's Opposition to Plaintiff's Motion for Issue)
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/16/2020** Response (Response to Separate Statement in Opposition to Motion to Quash)
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/16/2020** Opposition (Response to Separate Statement in Opposition to Motion to Quash)
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/16/2020** Declaration (Declaration of Keiko J. Kojima)
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/16/2020** Declaration (of David Royer ISO City of Pasadena's Opposition to Plaintiff's Motion for Issue)
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/16/2020** Opposition (to Plaintiffs' Motion for Issue Sanctions and Evidence Sanctions)
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/13/2020** at 09:00 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Motion to Compel Mark Jomsky to Comply with Deposition Notice and for Sanctions in the Amount of $2135.90) - **Not Held - Advanced and Vacated**

**03/13/2020** at 09:00 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Motion to Compel Defendant City of Pasadena's Person Most Qualified to Comply with Deposition Notice and for Monetary Sanctions in the Amount $2,735.90) - **Not Held - Advanced and Vacated**

**03/13/2020** at 09:00 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Notice of Motion and Motion to Compel Joaquin Siques to Comply with Deposition Notice and for Monetary Sanctions in the Amount of $3,935.90) - **Not Held - Advanced and Vacated**

**03/13/2020** at 09:00 AM in Department D
Hearing on Motion - Other (for A Court Order to Release Documents, or in the alternative, a Court Order that Elba Hernandez sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant Jacquelyn Licea) - **Not Held - Continued - Stipulation**

**03/13/2020** at 08:30 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Motion to Compel David Royer's Answers to Deposition Questions and Production of Documents, and for Sanctions in the Amount of $3,068.40) - **Not Held - Advanced and Vacated**

**03/13/2020** at 08:30 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Motion to Compel Richard Yee's Answers to Deposition Questions and Production of Documents, and for Monetary Sanctions in the Amount of $3,068.40) - **Not Held - Advanced and Vacated**

**03/11/2020** Declaration (Declaration of James Abeltin in Response to Motion to Quash A Subpoena of School Records)
Filed by JACQUELYN LICEA, an individual (Defendant)

**03/11/2020** Response (Response of Jacquelyn Licea to Motion to Quash Subpoena of School Records)
Filed by JACQUELYN LICEA, an individual (Defendant)

**03/06/2020** at 08:30 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Notice of Motion and Motion to Compel Joaquin Siques to Comply with Deposition Notice and for Monetary Sanctions in the Amount of $3,935.90) - **Not Held - Advanced and Continued - by Court**

**03/06/2020** at 08:30 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Motion to Compel Mark Jomsky to Comply with Deposition Notice and for Sanctions in the Amount of $2135.90) - **Not Held - Advanced and Continued - by Court**

**03/06/2020** at 08:30 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Motion to Compel Defendant City of Pasadena's Person Most Qualified to Comply with Deposition Notice and for Monetary Sanctions in the Amount $2,735.90) - **Not Held - Advanced and Continued - by Court**

**03/06/2020** at 08:30 AM in Department D
Hearing on Motion - Other (for A Court Order to Release Documents, or in the alternative, a Court Order that Elba Hernandez sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant Jacquelyn Licea) - **Not Held - Continued - Ex Parte Motion**

**03/04/2020** Notice (Notice of Continuance of Motion for A Court Order to Release Documents)
Filed by JACQUELYN LICEA, an individual (Defendant)

**02/28/2020** at 09:00 AM in Department D
Hearing on Motion for Summary Judgment (or, in the alternative, Summary Adjudication filed on behalf of Defendant/Cross-Complainant/Cross-Defendant City of Pasadena) - **Held - Motion Denied**

**02/28/2020** at 08:30 AM in Department D
Hearing on Motion to Bifurcate (filed on behalf of Defendant/Cross-Complainant/Cross-Defendant City of Pasadena) - **Held - Motion Denied**

**02/28/2020** Objection (To Plaintiffs' And Jacquelyn Licea's Evidence In Support of Defendant City of Pasadena''s
Motion For Summary Judgment, or In The Alternative Summary Adj. and Order Thereon)
Filed by CITY OF PASADENA, a public entity (Defendant)

**02/28/2020** Objection (Plaintiff's Evidentiary Objections in Opposition To The Evidence Submitted in Support of
The Motion for Filed by Defendant City of Pasadena and Order Thereon)

**02/28/2020** Stipulation and Order to use Certified Shorthand Reporter (Ingrid Saracione, CSR No. 11960 for
2/28/2020 Hearing in Department D)

**02/28/2020** Minute Order ( (Hearing on Motion to Bifurcate filed on behalf of Defendant/C...))
Filed by Clerk

**02/24/2020** at 09:00 AM in Department D
Jury Trial - **Not Held - Advanced and Continued - by Court**

**02/24/2020** at 09:00 AM in Department D
Jury Trial - **Not Held - Continued - Court's Motion**

**02/21/2020** Reply (Defendant City of Pasadena's Reply in Support of Its Motion to Bifurcate)
Filed by CITY OF PASADENA, a public entity (Defendant)

**02/21/2020** Declaration (Declaration of Carmen M. Aguado in Support of Defendant City of Pasadena's Reply in
Support of Its Motion for Bifurcation)
Filed by CITY OF PASADENA, a public entity (Defendant)

**02/14/2020** Opposition (Plaintiffs' Opposition to Defendant City of Pasadena's Motion to Bifurcate)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba
Hernandez (Plaintiff)

**02/13/2020** at 09:00 AM in Department D
Final Status Conference - **Not Held - Continued - Court's Motion**

**02/13/2020** at 09:00 AM in Department D
Final Status Conference - **Not Held - Advanced and Continued - by Court**

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   04/16/2020   02/05/2020   11/06/2019   08/12/2019   01/28/2019   05/31/2018

**02/05/2020** Notice (Notice of Continuing Motion for a Court Order to Release Documents)
Filed by JACLQUELYN LICEA (DOE 1) (Defendant)

**01/30/2020** Proof of Personal Service
Filed by Pasadena, City of, a public entity (Defendant)

**01/30/2020** Proof of Personal Service
Filed by Pasadena, City of, a public entity (Defendant)

**01/27/2020** Notice of Ruling
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/24/2020** at 09:00 AM in Department D
Hearing on Motion for Summary Judgment - **Not Held - Vacated by Court**

**01/24/2020** at 08:30 AM in Department D
Hearing on Motion for Summary Judgment (or, in the alternative, Summary Adjudication filed on behalf of
Defendant/Cross-Complainant/Cross-Defendant City of Pasadena) - **Not Held - Continued - Court's Motion**

**01/24/2020** at 08:30 AM in Department D
Order to Show Cause Re: (Mandatory Settlement Conference) **- Not Held - Advanced and Continued - by Court**

**01/24/2020** at 08:30 AM in Department D
Hearing on Ex Parte Application (of Defendant City of Pasadena for an Order to Advance the Hearing on Defendant City's Motion to Bifurcate) **- Not Held - Advanced and Vacated**

**01/24/2020** at 08:30 AM in Department D
Hearing on Ex Parte Application (for Order Advancing Motion for Court Order to Release Documents, or in the alternative, that Elba Hernandez sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant Jacquelyn Licea) **- Not Held - Advanced and Vacated**

**01/24/2020** Minute Order ( (Hearing on Motion for Summary Judgment or, in the alternative...))
Filed by Clerk

**01/24/2020** Opposition (Plaintiffs' Opposition to Defendant City of Pasadena's Ex Parte Application for an Order to Advance the Hearing on Defendant City's Motion to Bifurcate)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**01/23/2020** at 08:30 AM in Department D
Order to Show Cause Re: (Mandatory Settlement Confrence) **- Not Held - Advanced and Continued - by Court**

**01/23/2020** Opposition (Plaintiffs' Opposition to Defendant Jacquelyn Licea's Ex Parte Application for an Order Advancing Motion for a Court Order to Release Documents)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**01/23/2020** Plaintiff's Objections to Defendant City of Pasadena's Notice of Errata re Reply in Support of its Motion for Summary Judgment or, in the Alternative, Summary Adjudication
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**01/23/2020** Declaration (of Carmen Aguado ISO Ex Parte Application for an Order to Advance Hearing on Motion to Bifurcate)
Filed by CITY OF PASADENA, a public entity (Cross-Defendant)

**01/23/2020** Ex Parte Application (of Defendant City of Pasadena for an Order to Advance Hearing on Motion to Bifurcate)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/22/2020** Motion in Limine (No 7)
Filed by Pasadena, City of (Cross-Complainant)

**01/22/2020** Ex Parte Application (Ex Parte for Order Advancing Motion for Court Order to Release Records)
Filed by JACLQUELYN LICEA (DOE 1) (Defendant)

**01/22/2020** Separate Statement
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**01/22/2020** Motion to Quash
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**01/22/2020** Notice (of Errata)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/21/2020** Motion in Limine (No 14)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Objection (Plaintiff's Objections to Defendant City of Pasadena's Reply Papers Filed in Support of
Defendant City of Pasadena's Motion for Summary Judgment / Adjudication)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**01/21/2020** Motion in Limine (No 3)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Declaration (of Carmen M. Aguado in Support)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/21/2020** Motion in Limine (No 4)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 1)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 6)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 5)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 2)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 13)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion to Bifurcate
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/21/2020** Motion in Limine (No 9)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 8)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 11)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 10)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 12)
Filed by Pasadena, City of (Cross-Complainant)

**01/17/2020** Reply (to Opposition)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/17/2020** Reply (to Separate Statement)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/17/2020** Reply (in Support of Motion)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/17/2020** Declaration (in Support of Reply)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/17/2020** Objection (to Evidence)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/16/2020** Motion for Sanctions
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**01/16/2020** Separate Statement
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba
Hernandez (Plaintiff)

**01/10/2020** Declaration (Declaration of Edward Ruzak)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**01/10/2020** Declaration (Declaration of Beau LeBlanc)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**01/10/2020** Declaration (Declaration of Damon Rogers)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**01/10/2020** Objection (Plaintiff's Evidentiary Objections In Opposition To City of Pasadena's Motion for Summary
Judgment)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**01/10/2020** Opposition (Plaintiff's Opposition To City of Pasadena's Motion for Summary Judgment)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**01/10/2020** Declaration (Declaration of Andy Beltran)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**01/10/2020** Separate Statement
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**01/09/2020** Separate Statement
Filed by JACQUELYN LICEA (Cross-Complainant); JACQUELYN LICEA, an individual (Defendant)

**01/09/2020** Opposition (Opposition to Motion for Summary Judgment)
Filed by JACQUELYN LICEA (Cross-Complainant); JACQUELYN LICEA, an individual (Defendant)

**01/09/2020** Objection (Objections to Evidence Sumitted by City in Support of MSJ)
Filed by JACQUELYN LICEA (Cross-Complainant); JACQUELYN LICEA, an individual (Defendant)

**01/09/2020** Declaration (of James Abeltin Re Opposition to Motion for Summary Judgment)
Filed by JACQUELYN LICEA (Cross-Complainant); JACQUELYN LICEA, an individual (Defendant)

**12/20/2019** at 08:30 AM in Department D
Hearing on Ex Parte Application (for an Order Shortening Time on Plaintiffs' MTC Depo of Def. City of

Pasadena's PMK, (2) MTC Depo of Joaquin Siques, (3) MTC Depo of Mark Jomsky, (4) MTC David Royer re
Depo Answers/Production, (5) MTC Richard Yee re Depo Answers/Productio) - **Held - Continued**

**12/20/2019** Minute Order ( (Hearing on Ex Parte Application for an Order Shortening Time ...))
Filed by Clerk

**12/19/2019** Opposition (To Plaintiffs Ex Parte Application For An Order Shortening Time On Plaintiffs 1 Motion
To Compel Deposition Of Defendant City Of Pasadenas Pmk 2 Motion To Compel Deposition Of Joaquin Siques
3 Motion To Compel Deposition Of Mark Jomsky 4 Motion To Co)
Filed by CITY OF PASADENA, a public entity (Defendant)

**12/19/2019** Declaration ( Of Carmen M Aguado In Support Of Defendant City Of Pasadenas Opposition To
Plaintiffs Ex Parte Application For An Order Shortening Time On Plaintiffs 1 Motion To Compel Deposition Of
Defendant City Of Pasadena's Pmk 2motion To Compel Deposition Of J)
Filed by CITY OF PASADENA, a public entity (Defendant)

**12/18/2019** at 08:30 AM in Department D
Hearing on Ex Parte Application (for an Order Shortening Time on Plaintiffs' MTC Depo of Def. City of
Pasadena's PMK, (2) MTC Depo of Joaquin Siques, (3) MTC Depo of Mark Jomsky, (4) MTC David Royer re
Depo Answers/Production, (5) MTC Richard Yee re Depo Answers/Productio) - **Held - Continued**

**12/18/2019** Motion for Order (to Release Documents)
Filed by JACQUELYN LICEA, an individual (Defendant)

**12/18/2019** Minute Order ( (Hearing on Ex Parte Application for an Order Shortening Time ...))
Filed by Clerk

**12/18/2019** Notice of Ruling
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**12/18/2019** Declaration (of James B. Abeltin in Support of Motion for Court Order to Release Documents)
Filed by JACQUELYN LICEA, an individual (Defendant)

**12/17/2019** Motion to Compel (Plaintiffs' Motion to Compel Joaquin Siques to Comply with Deposition Notice and
for Monetary Sanctions in the Amount of $3,935.90)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**12/17/2019** Declaration (Declaration of Filippo Marchino in Support of Plaintiffs' Motion to Compel Joaquin
Siques to Comply with Deposition Notice and for Sanctions in the Amount of $3,935.90)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**12/17/2019** Motion to Compel (Plaintiffs' Motion to Compel Defendant City of Pasadena's Person Most Qualified
to Comply with Deposition Notice and for Monetary Sanctions in the Amount of $2,735.90)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**12/17/2019** Declaration (Filippo Marchino in Support of Plaintiffs' Motion to Compel the Persons Most Qualified of
Defendant City of Pasadena to Comply with Deposition Notice and for Sanctions)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**12/17/2019** Motion to Compel (Plaintiffs' Motion to Compel Mark Jomsky to Comply with Deposition Notice and
for Sanctions in the Amount of $2,135.90)

Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Declaration (Declaration of Filippo Marchino in Support of Plaintiffs' Motion to Compel Mark Jomsky to Comply with Deposition Notice and for Sanctions in the Amount of $2,135.90)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Motion to Compel (Plaintiffs' Motion to Compel David Royer's Answers to Deposition Questions and Production of Documents, and for Monetary Sanctions in the Amount of $3,068.40)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Declaration (of Filippo Marchino in Support of Plaintiffs' Motion to Compel David Royer's Answers to Deposition Questions and Production of Documents, and for Sanctions in the Amount of $3,068.40)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Separate Statement
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Motion to Compel (Plaintiffs' Motion to Compel Richard Yee's Answers to Deposition Questions and Production of Documents, and for Monetary Sanctions in the Amount of $3,068.40)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Separate Statement
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Declaration (Declaration of Filippo Marchino in Support of Plaintiffs' Motion to Compel Richard Yee's Answers to Deposition Questions and Production of Documents, and for Sanctions in the Amount of $3,068.40)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Ex Parte Application (for an Order Shortening Time on Plaintiffs' MTC Depo of Def. City of Pasadena's PMK, (2) MTC Depo of Joaquin Siques, (3) MTC Depo of Mark Jomsky, (4) MTC David Royer re Depo Answers/Production, (5) MTC Richard Yee re Depo Answers/Productio)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/13/2019** at 09:00 AM in Department D
Hearing on Motion for Summary Judgment - **Not Held - Advanced and Continued - by Court**

**12/02/2019** at 09:00 AM in Department D
Jury Trial - **Not Held - Advanced and Continued - by Court**

**11/21/2019** at 09:00 AM in Department D
Final Status Conference - **Not Held - Advanced and Continued - by Court**

**11/13/2019** Proof of Service (not Summons and Complaint)
Filed by JACQUELYN LICEA, an individual (Defendant)

**11/08/2019** at 08:30 AM in Department D
Status Conference (reMediation and Discovery) - **Not Held - Advanced and Vacated**

**11/08/2019** Separate Statement
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Proof of Personal Service
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Motion for Summary Judgment
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Exhibit List
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Declaration (of Carmen Aguado ISO City's MSJ)
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Declaration (of Joaquin Siques ISO City's MSJ)
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Declaration (of David Royer ISO City's MSJ)
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Declaration (of Richard Yee ISO City's MSJ)
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Declaration (of Mark Jomsky ISO City's MSJ)
Filed by CITY OF PASADENA, a public entity (Defendant)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP  04/16/2020  02/05/2020  11/06/2019  08/12/2019  01/28/2019  05/31/2018

**11/06/2019** at 08:30 AM in Department D
Order to Show Cause Re: (Mandatory Settlement Confrence) - **Not Held - Advanced and Continued - by Court**

**11/01/2019** at 08:30 AM in Department D
Hearing on Motion for Summary Judgment - **Not Held - Advanced and Continued - by Court**

**10/10/2019** Answer
Filed by Jacquelyn Licea (Cross-Defendant)

**10/04/2019** at 08:30 AM in Department D
Hearing on Demurrer - without Motion to Strike - **Not Held - Advanced and Continued - by Court**

**10/04/2019** Stipulation and Order (to Allow Defendant to File An Amended Answer to Plaintiff's Complaint)
Filed by CITY OF PASADENA, a public entity (Defendant)

**10/04/2019** Order (Joint Sytipulation and Proposed Case Managment Order)
Filed by JACQUELYN LICEA, an individual (Defendant)

**10/04/2019** Amended Complaint
Filed by CITY OF PASADENA, a public entity (Cross-Defendant); Jacquelyn Licea (Cross-Defendant)

**10/02/2019** at 08:30 AM in Department D
Status Conference (reMediation and Discovery) - **Not Held - Advanced and Continued - by Court**

**10/01/2019** Notice of Ruling
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/25/2019** RETURNED MAIL

**09/25/2019** RETURNED MAIL

**09/24/2019** at 08:30 AM in Department D
Hearing on Ex Parte Application (to Continue Hearing on Defendant Citys Anticipated Motion for Summary Judgment filed on behalf of Defendant/Cross-Complainant/Cross-Defendant City of Pasadena) - **Held - Motion Granted**

**09/24/2019** Order (Granting City of Pasadena's Ex Parte Application to Continue The Hearing on Defendant City's Anticipated Motion for Summary Judgment)
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/24/2019** Minute Order ( (Hearing on Ex Parte Application to Continue Hearing on Defend...))
Filed by Clerk

**09/23/2019** Ex Parte Application (to Continue Hearing on Defendant Citys Anticipated Motion for Summary Judgment)
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/23/2019** Opposition (to Defendant City of Pasadena's Ex Parte Application for an Order to Continue the Hearing on Defendant City's Anticipated Motion for Summary Judgment)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**09/23/2019** Declaration in Support of Ex Parte Application
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/20/2019** at 08:30 AM in Department D
Hearing on Motion for Summary Judgment - **Not Held - Rescheduled by Party**

**09/19/2019** Answer
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/19/2019** City of Pasadena's First Amended Cross-Complaint for Indemnity, Declaratory Relief and Contribution; Demand for Jury Trial
Filed by CITY OF PASADENA, a public entity (Cross-Defendant)

**09/19/2019** Answer
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/09/2019** RETURNED MAIL

**09/09/2019** RETURNED MAIL

**09/06/2019** at 09:00 AM in Department D
Status Conference (reMediation and Discovery) - **Not Held - Continued - Court's Motion**

**09/06/2019** at 09:00 AM in Department D
Jury Trial - **Not Held - Continued - Ex Parte Motion**

**09/06/2019** at 09:00 AM in Department D
Hearing on Demurrer - without Motion to Strike (To Plaintiff's First Amended Complaint filed on behalf of Defendant/Cross-Complainant/Cross-Defendant City of Pasadena) - **Held - Motion Denied**

**09/06/2019** at 08:30 AM in Department D
Hearing on Ex Parte Application (for An Order Compelling Defendant City of Pasadena to Produce Documents at the Deposition of its Person Most Qualified filed on behalf of Plaintiffs Andres Ramirez, et al.) - **Held - Motion Denied**

**09/06/2019** at 08:30 AM in Department D
Hearing on Motion to Continue Trial - **Not Held - Taken Off Calendar by Party**

**09/06/2019** Certificate of Mailing for ((Hearing on Demurrer - without Motion to Strike To Plaintiff's...) of 09/06/2019)
Filed by Clerk

**09/06/2019** Minute Order ( (Hearing on Demurrer - without Motion to Strike To Plaintiff's...))
Filed by Clerk

**09/06/2019** Declaration (of Carmen Aguado ISO City of Pasadena's Opposition to Plaintiffs' Ex Parte Application)
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/06/2019** Opposition (to Plaintiff's Ex Parte Application to Compel Production of Documents)
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/06/2019** Minute Order ( (Hearing on Demurrer - without Motion to Strike To Plaintiff's...))
Filed by Clerk

**09/05/2019** Ex Parte Application (for an Order Compelling Def. to Produce Documents at the Depositions of PMQ)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**08/29/2019** Reply (In Support of Its Demurrer To Plaintiff's First Amended Complaint)
Filed by CITY OF PASADENA, a public entity (Cross-Defendant)

**08/29/2019** Supplemental Declaration (Of Carmen M. Aguado in Support of Defendant City of Pasadena's Reply)
Filed by CITY OF PASADENA, a public entity (Cross-Defendant)

**08/28/2019** at 08:30 AM in Department D
Status Conference (reMediation and Discovery) - **Not Held - Continued - Court's Motion**

**08/28/2019** Minute Order ( (Status Conference re: Mediation and Discovery))
Filed by Clerk

**08/28/2019** Certificate of Mailing for ((Status Conference re: Mediation and Discovery) of 08/28/2019)
Filed by Clerk

**08/27/2019** Notice (Case Management Order)
Filed by CITY OF PASADENA, a public entity (Cross-Defendant)

**08/26/2019** Declaration (of James Abeltin Re (Proposed) Case Management Order)
Filed by LICEA, JACQUELYN - (DOE 2) (Defendant)

**08/23/2019** Opposition (Plaintiff's Opposition to Defendant City of Pasadena's Demurrer to Plaintiff's First Amended Complaint)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**08/21/2019** Second Amended Cross-Complaint of Jacquelyn Licea
Filed by JACQUELYN LICEA (Cross-Complainant)

**08/21/2019** Answer
Filed by JACQUELYN LICEA, an individual (Defendant)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   04/16/2020   02/05/2020   11/06/2019   08/12/2019   01/28/2019   05/31/2018

**08/12/2019** Demurrer - without Motion to Strike
Filed by CITY OF PASADENA, a public entity (Defendant)

**08/12/2019** Declaration (of Carmen Aguado ISO City of Pasadena Demurrer to First Amended Complaint)
Filed by CITY OF PASADENA, a public entity (Defendant)

**08/02/2019** Notice of Ruling
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba
Hernandez (Plaintiff)

**07/30/2019** at 08:30 AM in Department D
Hearing on Ex Parte Application (to Continue the Trial and Pre-Trial Deadlines or, in the alternative, Specially Set
the Time Hearing on Defendant's Motion to Continue the Trial and Pre-Trial Deadlines filed on behalf of
Defendant/Cross-Complainant/Cross-Defendant City of Pasadena) - **Held - Advanced and Heard**

**07/30/2019** Opposition (to Defendant City of Pasadena's Ex Parte Application to Continue the Trial and Pre-Trial
Deadlines or, in the Alternative, Specially Set the Time Hearing on Defendant's Motion to Continue the Trial and
Pre-Trial Deadlines)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**07/30/2019** Minute Order ( (Hearing on Ex Parte Application to Continue the Trial and Pre...))
Filed by Clerk

**07/30/2019** Order (Granting Defendant City of Pasadena's Ex Parte Application to Continue the Trial and Pre-
Trial Deadlines)
Filed by Clerk

**07/29/2019** Ex Parte Application (to Continue the Trial and Pre-Trial Deadlines)
Filed by CITY OF PASADENA, a public entity (Defendant)

**07/29/2019** Declaration in Support of Ex Parte Application
Filed by CITY OF PASADENA, a public entity (Defendant)

**07/25/2019** at 08:30 AM in Department D
Hearing on Ex Parte Application (To Continue the Trial and Pre-Trial Deadlines or, in the alternative, Specially
Set the Time Hearing on Defendant's Motion to Continue the Trial and Pre-Trial Deadlines filed on behalf of
Defendant/Cross-Complainant/Cross-Defendant City of Pasadena) - **Not Held - Vacated by Court**

**07/25/2019** Minute Order ( (Hearing on Ex Parte Application To Continue the Trial and Pre...))
Filed by Clerk

**07/24/2019** Ex Parte Application (to Continue Trial)
Filed by CITY OF PASADENA, a public entity (Defendant)

**07/24/2019** Notice (of Continued hearing On Ex Parte Application)
Filed by CITY OF PASADENA, a public entity (Cross-Defendant)

**07/24/2019** Declaration (of Carmen m Aguado)
Filed by CITY OF PASADENA, a public entity (Defendant)

**07/16/2019** Amendment to Complaint (Fictitious/Incorrect Name) (First Amended Complaint)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**07/05/2019** at 09:00 AM in Department D
Status Conference (reMediation and Discovery) - **Held - Continued**

**07/05/2019** at 08:30 AM in Department D
Hearing on Motion for Leave to Amend (Complaint) - **Held - Motion Granted**

**07/05/2019** Minute Order ( (Hearing on Motion for Leave to Amend Complaint filed on behal...))
Filed by Clerk

**06/27/2019** Reply (To Defendants' Responses To Plaintiff's Motion For Leave To File First Amended Complaint)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba
Hernandez (Plaintiff)

**06/24/2019** Case Management Statement
Filed by JACQUELYN LICEA, an individual (Defendant)

**06/21/2019** Response (Response to Motion for Leave)
Filed by CITY OF PASADENA, a public entity (Defendant)

**06/19/2019** Case Management Statement
Filed by CITY OF PASADENA, a public entity (Defendant)

**06/13/2019** Response (Response to Motion to Amend the Complaint)
Filed by JACQUELYN LICEA, an individual (Defendant)

**06/12/2019** Notice of Lien
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**06/05/2019** at 08:30 AM in Department D
Status Conference (reMediation and Discovery) - **Held - Continued**

**06/05/2019** Minute Order ( (Status Conference re: Mediation and Discovery))
Filed by Clerk

**05/23/2019** Motion for Leave (To File A First Amended Complaint)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff)

**05/14/2019** Notice of Change of Address or Other Contact Information
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**03/06/2019** at 08:30 AM in Department D
Status Conference (reMediation and Discovery) - **Not Held - Continued - Court's Motion**

**03/05/2019** Notice (of Stipulated Continuance)
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**03/01/2019** at 08:30 AM in Department D
Hearing on Motion to Quash (Deposition Subpoena Seeking the Deposition of, and Production of Business
Records from, John F. Gerard, or, Alternatively, Motion for a Protective Order) - **Not Held - Taken Off Calendar
by Party**

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   04/16/2020   02/05/2020   11/06/2019   08/12/2019   01/28/2019   05/31/2018

**01/28/2019** Separate Statement
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba
Hernandez (Plaintiff)

**01/28/2019** Motion to Quash
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba
Hernandez (Plaintiff)

**12/06/2018** at 08:30 AM in Department D
Status Conference - **Held**

**12/06/2018** Minute Order ((Status Conference re: Complex Personal Injury Case Transfer f...))
Filed by Clerk

**11/21/2018** Case Management Statement
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**11/20/2018** Case Management Statement
Filed by Pasadena, City of, a public entity (Defendant)

**11/19/2018** Case Management Statement
Filed by JACLQUELYN LICEA (DOE 1) (Defendant)

**11/19/2018** Notice of Case Management Conference

**11/01/2018** Answer (of Cross-Defendant City of Pasadena to Cross-Complaint Jacquelyn Licea's First Amended
Cross-Complaint)
Filed by Pasadena, City of, a public entity (Defendant)

**10/04/2018** Notice of Case Management Conference
Filed by Clerk

**10/03/2018** Notice-Case Management Conference
Filed by Clerk

**09/28/2018** Answer

**09/28/2018** Summons

**09/28/2018** Summons (on Complaint)
Filed by JACQUELYN LICEA (Cross-Complainant)

**09/28/2018** Answer
Filed by JACQUELYN LICEA (Cross-Complainant)

**09/28/2018** First Amended Cross-Complaint
Filed by JACQUELYN LICEA (Cross-Complainant)

**09/28/2018** Cross-Complaint First amended

**08/24/2018** Notice (and Acknowledgment of Receipt-Civil)
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff);
LICEA, JACQUELYN - (DOE 2) (Defendant)

**08/08/2018** at 1:30 PM in Department 2
Hearing on Demurrer - without Motion to Strike (DEMURRER; Transferred to different departmnt) -

**08/08/2018** Minute order entered: 2018-08-08 00:00:00
Filed by Clerk

**07/26/2018** Substitution of Attorney

**07/26/2018** SUBSTITUTION OF ATTORNEY

**07/23/2018** Order
Filed by Court

**07/20/2018** at 08:00 AM in Department 2
Court Order (Court Order; Transferred to different departmnt) -

**07/20/2018** at 08:00 am in Department SS2, Georgina T. Rizk, Presiding
Court Order (TRANSF FROM PI TO DEPT D-GLENDALE) - **Transferred to different departmnt**

**07/20/2018** Order (TRANSFERRING PERSONAL INJURY (PI) CASE TO INDEPENDENT CALENDAR (IC)
COURT )
Filed by Court

**07/20/2018** Minute Order

**07/20/2018** Minute order entered: 2018-07-20 00:00:00
Filed by Clerk

**07/19/2018** Notice
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**07/19/2018** Notice (OF POSTING JURY FEES )
Filed by Attorney for Petitioner

**07/19/2018** NOTICE OF POSTING JURY FEES

**07/18/2018** Motion-Continue Hearing Date
Filed by Pasadena, City of, a public entity (Defendant)

**07/18/2018** NOTICE OF MOTION AND MOTION TO CONTINUE TRIAL DATE; MEMORANDUM OF POINTS
AND AUTHORITIES; DECLARATION OF ALGERIA R. FORD

**07/18/2018** Motion-Continue Hearing Date (MOTION TO CONTINUE TRIAL DATE )
Filed by Atty for Defendant and Cross-Compl

**07/13/2018** CIVIL DEPOSIT

**07/13/2018** Receipt (CIVIL DEPOSIT )
Filed by Attorney for Plaintiff/Petitioner

**07/13/2018** Receipt
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**07/06/2018** Amendment to Complaint (FIC NAME: DOE 2 TRUE NAME: JACQUELYN LICEA )
Filed by Attorney for Plaintiff/Petitioner

**07/06/2018** Amendment to Complaint
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres
Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba
Hernandez (Plaintiff)

**07/06/2018** AMENDMENT TO COMPLAINT

**06/11/2018** NOTICE OF POSTING JURY FEES

**06/11/2018** Notice (OF POSTING JURY FEES )
Filed by Attorney for Deft/X-Deft/X-Comp

**06/11/2018** Notice
Filed by Pasadena, City of, a public entity (Defendant)

**06/05/2018** Receipt
Filed by Pasadena, City of, a public entity (Defendant)

**06/05/2018** Receipt (CIVIL DEPOSIT RE JURY FEES $150.00 )
Filed by Attorney for Defendant/Respondent

**06/05/2018** CIVIL DEPOSIT

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP  04/16/2020  02/05/2020  11/06/2019  08/12/2019  01/28/2019  05/31/2018

**05/31/2018** Demurrer
Filed by Attorney for Deft/X-Deft/X-Comp

**05/31/2018** DEFENDANT CITY OF PASADENA'S NOTICE OF DEMURRER AND DEMURRER TO
JACQUELYN LICEA'S CROSS-COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF BRIAN I. HAMBLET

**05/31/2018** Demurrer
Filed by Pasadena, City of, a public entity (Defendant)

**05/25/2018** Amendment to Complaint
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**05/25/2018** AMENDMENT TO COMPLAINT

**05/25/2018** Amendment to Complaint (JACLQUELYN LICEA (DOE 1) )
Filed by Attorney for Plaintiff/Petitioner

**04/13/2018** Declaration (OF BRIAN I. HAMBLET AND REQUEST FOR EXTENSION FOR DEFENDANT CITY
OF PASADENA PURSUANT TO CCP 430.41(A)(2) )
Filed by Attorney for Deft/X-Deft/X-Comp

**04/13/2018** Declaration
Filed by Pasadena, City of, a public entity (Defendant)

**04/13/2018** DECLARATION OF BRIAN I. HAMBLET AND REQUEST FOR EXTENSION FOR DEFENDANT
CITY OF PASADENA PURSUANT TO CCP 430.41(A)(2)

**03/16/2018** Proof of Service (OF CROSS COMPLAINT )
Filed by Attorney for Defendant/Respondent

**03/16/2018** PROOF OF SERVICE OF CROSS COMPLAINT

**03/16/2018** Proof of Service (not Summons and Complaint)
Filed by Pasadena, City of, a public entity (Defendant)

**03/12/2018** Cross-Complaint
Filed by JACQUELYN LICEA, an individual (Defendant)

**03/12/2018** Summons (on Complaint)
Filed by JACQUELYN LICEA, an individual (Defendant)

**03/12/2018** Answer to Cross-Complaint (FOR INDEMNITY, DECLARATORY RELIEF AND CONTRIBUTION )
Filed by Attorney for Cross-Defendant

**03/12/2018** CROSS-COMPLAINT OF JACQUELYN LICEA FOR INDEMNITY, DECLARATORY RELIEF AND
CONTRIBUTION

**03/12/2018** Cross-Complaint
Filed by JACQUELYN LICEA (Cross-Complainant)

**03/12/2018** Summons on Cross Complaint

**03/12/2018** Summons Filed (CROSS-COMPLAINT )
Filed by Attorney for Cross-Complainant

**03/12/2018** Cross-complaint (FOR INDEMNITY, DECLARATORY RELIEF & CONTRIBUTION )
Filed by Attorney for X-Deft/X-Comp

**03/12/2018** Answer to Cross-Complaint
Filed by JACQUELYN LICEA, an individual (Defendant)

**03/12/2018** ANSWER TO CROSS-COMPLAINT FOR INDEMNITY, DECLARATORY RELIEF AND
CONTRIBUTION

**12/14/2017** SUBSTITUTION OF ATTORNEY

**12/14/2017** Substitution of Attorney
Filed by Pasadena, City of, a public entity (Defendant)

**12/14/2017** Substitution of Attorney ("FAXED" )
Filed by Attorney for Defendant/Respondent

**07/14/2017** Cross-complaint (FOR INDEMNITY, DECLARATORY RELIEF AND CONTRIBUTION )
Filed by Atty for Defendant and Cross-Compl

**07/14/2017** Answer
Filed by Pasadena, City of, a public entity (Defendant)

**07/14/2017** ANSWER PERSONAL INJURY, PROPERTY DAMAGE, WRONGFUL DEATH

**07/14/2017** Cross-Complaint
Filed by Pasadena, City of, a public entity (Defendant)

**07/14/2017** SUMMONS ON CROSS-COMPLAINT

**07/14/2017** Summons (on Complaint)
Filed by Pasadena, City of, a public entity (Defendant)

**07/14/2017** CITY OF PASADENA'S CROSS-COMPLAINT FOR INDEMNITY, DECLARATORY RELIEF AND
CONTRIBUTION

**07/14/2017** Answer to Complaint
Filed by Attorney for Defendant/Respondent

**07/14/2017** Summons Filed (CROSS-COMPLAINT )
Filed by Atty for Defendant and Cross-Compl

**06/14/2017** Proof-Service/Summons
Filed by Attorney for Plaintiff/Petitioner

**06/14/2017** Proof-Service/Summons
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**06/14/2017** PROOF OF SERVICE SUMMONS

**06/05/2017** Complaint
Filed by null

**06/05/2017** Summons (on Complaint)

**06/05/2017** Civil Case Cover Sheet

**06/05/2017** SUMMONS

**06/05/2017** COMPLAINT 1. DANGEROUS CONDITION OF PUBLIC PROPERTY GOV'T CODE 835 ET SEQ.]
2. VICARIOUS LIABILITY (GOV'T CODE 815.4] DEMAND FOR JURY TRIAL

**06/05/2017** Complaint

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   04/16/2020   02/05/2020   11/06/2019   08/12/2019   01/28/2019   05/31/2018

**EXHIBIT "2"**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED & ENTERED

JUL 11 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY firman    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re

EAGAN AVENATTI, LLP,

            Debtor.

Case No. 8:17-bk-11961-CB

Chapter 11

ORDER GRANTING IN PART AND DENYING
IN PART AMENDED MOTION FOR
ASSIGNMENT AND RESTRAINING ORDER

Date:     July 11, 2018
Time:    10:00 a.m.
Place:    Courtroom 5D
Address: 411 W. 4th St, Santa Ana, CA 92701

      A hearing was held on July 11, 2018, at 10:00 a.m. before the Honorable Catherine E.

Bauer, United States Bankruptcy Judge for the Central District of California, in Courtroom 5D

located at 411 West Fourth St., Santa Ana, CA, on the Amended Motion for Entry of

Assignment and Restraining Order filed on June 20, 2018 as docket #470 by Jason Frank

Law, PLC ("Motion").  Appearances were made as noted on the record.

      Having reviewed the pleadings and heard the discussion on the record and with good

cause shown,

      IT IS ORDERED:

      1.   The Motion is granted in part and denied in part.

2.  The Motion is granted as follows:

    Eagan Avenatti, LLP ("Debtor") is hereby restrained from assigning, encumbering or in any way transferring any proceeds, attorney's fees, costs, rights to payments and accounts receivable it is or may be entitled to receive from the lawsuits and clients listed on Exhibit A to the Frank Declaration attached to the Motion (the "Cases"), as well as any rent payments from Debtor's tenants.

    Debtor shall file with the Court and serve on Jason Frank Law, PLC, the Internal Revenue Service, the Official Committee of Creditors, and their respective counsel, a notice of any hearing or proceeding regarding attorney's fees in any of the Cases (regardless of whether Debtor is designated as a possible payee).  Notice shall be filed and served at least 14 days prior to the date of the hearing or proceeding.

    Debtor shall also file with the Court and serve on Jason Frank Law, PLC, the Internal Revenue Service, the Official Committee of Creditors, and their respective counsel, a notice of receipt of any monies in relation to the Cases, regardless of whether the payment is made to Debtor, Avenatti & Associates, Michael Avenatti, or Michael Eagan, or any entity controlled by Debtor, Avenatti & Associates, Michael Avenatti, or Michael Eagan.

3.  To the extent the Motion is not granted in Paragraph 2, it is denied without prejudice.

                                ###

Date: July 11, 2018

                                Catherine Bauer
                                United States Bankruptcy Judge

**EXHIBIT "3"**

Filippo Marchino, Esq. (SBN 256011)
**THE X-LAW GROUP, P.C.**
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
Tel: (213) 599-3380
Fax: (213) 599-3370

Attorneys for Plaintiffs

**FILED**
Superior Court of California
County of Los Angeles

**07/16/2019**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____Lawrence Hironaka_____ Deputy

Electronically Received 07/16/2019 11:55 AM
**THE X-LAW GROUP, P.C.**
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE**

| | |
|---|---|
| THE ESTATE OF ANDRES RAMIREZ, by and through its personal representative, ELBA HERNANDEZ; ELBA HERNANDEZ, individually and as personal representative and successor in interest to Andres Ramirez, deceased,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CITY OF PASADENA, a public entity; Jacquelyn Licea, an individual; and DOES 1 through 100, inclusive,<br><br>    Defendants. | **CASE NO. BC664114**<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES:**<br><br>1. **Wrongful Death - Dangerous Condition of Public Property [Gov't Code §835 *et seq.*]**<br>2. **Survival Action - Dangerous Condition of Public Property [Gov't Code §835 *et seq.*]**<br>3. **Wrongful Death - Vicarious Liability [Gov't Code §815.4**<br>4. **Survival Action - Vicarious Liability [Gov't Code §815.4]**<br>5. **Wrongful Death – Negligence**<br>6. **Survival Action - Negligence**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW PLAINTIFFS THE ESTATE OF ANDRES RAMIREZ, by and through its personal representative, Elba Hernandez, and ELBA HERNANDEZ, individually and as personal representative and successor in interest to Andres Ramirez ("Ramirez"), deceased (collectively "PLAINTIFFS"), for causes of action against defendants CITY OF PASADENA, Jacquelyn Licea, and DOES 4 through 100 inclusive, and each of them, complain and allege as follows:

1

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

## COMPLIANCE WITH THE TORT CLAIMS ACT

1.    At all times mentioned herein, Defendant CITY OF PASADENA was a public entity within the meaning of the California Government Tort Claims Act.  Defendant CITY OF PASADENA is, and at all relevant times mentioned herein was, responsible for the activities and operations of the Pasadena Department of Transportation.   The Pasadena Department of Transportation is, and at all times herein mentioned was, responsible for operating the CITY OF PASADENA's roads and highways, including the intersection where this incident occurred, and the surrounding roads.

2.    Decedent Andres Ramirez, prior to his death, timely presented a tort claim to the CITY OF PASADENA through his mother and guardian, Elba Hernandez.  The CITY OF PASADENA rejected the claim as untimely.

3.    Decedent Andres Ramirez successfully challenged the CITY OF PASADENA's denial of his claim as untimely through a petition in the Los Angeles Superior Court pursuant to Government Code Section 946.6.  That action was entitled *Ramirez v. City of Pasadena*, and was adjudicated in the Los Angeles Superior Court, case number BC644094.  On May 23, 2017, the Court ruled that decedent Andres Ramirez was not barred by the Government Tort Claims Act from proceeding to file this action.  The ruling is attached hereto as **Exhibit 1**.

4.    Andres Ramirez then brought the instant action, case number BC664114, through his mother and guardian ad litem, Elba Hernandez, seeking damages for his personal injuries and other damages.

5.    On February 25, 2019, during the pendency of the instant action, Andres Ramirez tragically passed away from complications arising from the injuries he sustained in the accident underlying the instant action.

6.    Therefore, Andres Ramirez' mother and guardian ad litem, Elba Hernandez, now brings claims of wrongful death and survival on behalf of herself, the other Andres Ramirez heirs, the Estate of Andres Ramirez, and Andres Ramirez, deceased. To that end, Elba Hernandez presented a new government tort claim to Defendant City of Pasadena on May 22, 2019. The government tort claim that Elba Hernandez presented to the City of Pasadena on May

2

1  22, 2019 is attached hereto as **Exhibit 2**. That claim was rejected by Defendant City of Pasadena

2  on July 2, 2019. (**Exhibit 3**.)

3      7.      Accordingly, PLAINTIFFS complied with the presentation requirements of the

4  Government Tort Claims Act by presenting timely government tort claims to Defendant City of

5  Pasadena, as had Andres Ramirez when this case was first filed.

6

7                              **JURISDICTION AND VENUE**

8      8.      Venue is appropriate in Los Angeles County, and this Court has personal

9  jurisdiction over the Defendants and each of them, by reason of the facts that, among other

10  things, the facts and circumstances alleged herein arose in the CITY OF PASADENA, County

11  of Los Angeles, State of California.

12

13                              **PARTIES**

14     9.      Plaintiff ELBA HERNANDEZ is the mother of decedent Andres Ramirez.  She is

15  also the personal representative of the ESTATE OF ANDRES RAMIREZ and is a successor in

16  interest of Ramirez. She is entitled to bring this wrongful death/survivorship action pursuant to

17  Code of Civil Procedure Sections 377.60 and 377.30 on behalf of Plaintiff The Estate of

18  ANDRES RAMIREZ, on behalf of Andres Ramirez, deceased, and on behalf of herself and the

19  other Andres Ramirez heirs. Ramirez died without issue, and ELBA HERNANDEZ would be

20  entitled to Ramirez's estate through the rules of intestate succession.

21     10.     At all times herein mentioned, North Los Robles Avenue was and is a public

22  street and highway running a general northerly and southerly direction within the CITY OF

23  PASADENA, State of California; at all times herein mentioned, East Mountain Street, was and

24  is a public street and highway running in a general easterly and westerly direction and

25  intersecting North Los Robles Avenue in said City and State. This intersection shall be

26  hereinafter referred to as the SUBJECT INTERSECTION.

27     11.     At all relevant times, Defendant CITY OF PASADENA is/was responsible for

28  ownership, administration, control and operation of North Los Robles Avenue and East

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

3

1    Mountain Street and the SUBJECT INTERSECTION.

2        12.    Defendant Jacquelyn Licea, an individual, was previously identified as DOE 3 in

3    Plaintiff's original complaint. Throughout this amended complaint Jacquelyn Licea has been

4    substituted wherever appropriate to remove the DOE 3 references. Ms. Licea was responsible for

5    the operation of the vehicle that struck Andres Ramirez in the SUBJECT INTERSECTION.

6        13.    The true names and capacities, whether individual, public, corporate, associate or

7    otherwise, of the defendants sued herein as Does 4 through 100, are unknown to PLAINTIFFS,

8    who, therefore, sue said defendants by such fictitious names and will seek leave of court to

9    amend this complaint pursuant to the provisions of section 474 of the Code of Civil Procedure to

10   show their true names and capacities when same has been ascertained. PLAINTIFFS are

11   informed and believe and thereon allege that each of the fictitiously named defendants are

12   legally responsible in some manner for the occurrences herein alleged and that PLAINTIFFS'

13   losses as herein alleged were proximately caused by the actions of the DOE defendants, whether

14   based on their creation or maintenance of a dangerous condition, their vicarious liability for the

15   acts of their independent contracts or others, their negligence, or otherwise.   Each DOE

16   Defendant was operating in the course and scope of employment of the other Defendants, DOE

17   or named, and/or was the agent and employee of the other Defendants, DOE or named.  Each

18   DOE Defendant was vicariously liable for the acts of the other Defendants, DOE or named.

19       14.    PLAINTIFFS are informed and believe and thereon allege that at all times herein

20   mentioned each of the defendants was the agent, either actual or ostensible, and employee of

21   each of the remaining defendants, and in doing the things hereinafter alleged, was acting within

22   the purpose and scope of such agency and employment and with the advance knowledge,

23   authorization, or ratification of each of the remaining defendants.

24

25   **PASADENA'S HISTORY OF FATAL/INJURY COLLISIONS INVOLVING CYCLISTS**

26       15.    According to recent statistics reported by the California Office of Traffic Safety

27   (OTS), the CITY OF PASADENA registers among the highest number of collisions involving

28   cyclists in the area, including many injury and fatality accidents involving minors.

4

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

16. For example, in 2009, according to OTS data, the CITY OF PASADENA registered 73 fatality and injury collisions involving cyclists, placing the CITY OF PASADENA 7th out of 56, compared to other cities with similar-sized populations. Five (5) of the incidents reported for this year involved bicyclists under the age of fifteen.

17. In 2010, according to OTS data, the CITY OF PASADENA registered 89 fatality and injury collisions involving cyclists, placing the CITY OF PASADENA 4th out of 53, compared to other cities with similar-sized populations. Five (5) of the incidents reported for this year involved bicyclists under the age of fifteen.

18. In 2011, according to OTS data, the CITY OF PASADENA registered 101 fatality and injury collisions involving cyclists, placing the CITY OF PASADENA 3rd out of 55, compared to other cities with similar-sized populations. Three (3) of the incidents reported for this year involved bicyclists under the age of fifteen.

19. In 2012, according to OTS data, the CITY OF PASADENA registered 89 fatality and injury collisions involving cyclists, placing the CITY OF PASADENA 5th out of 56 compared to other cities with similar-sized populations. Six (6) of the incidents reported for this year involved bicyclists under the age of fifteen.

20. In 2013, according to OTS data, the CITY OF PASADENA registered 97 fatality and injury collisions involving cyclists, placing the CITY OF PASADENA 4th out of 56 compared to other cities with similar-sized populations. Eight (8) of the incidents reported for this year involved bicyclists under the age of fifteen.

21. In their most recent report, OTS reported 115 traffic collisions in which a bicyclist was either injured or killed in the CITY OF PASADENA in 2014, placing the CITY OF PASADENA 2nd out of 57, compared to other cities with similar-sized populations for this year. Six (6) of the incidents reported for this year involved bicyclists under the age of fifteen. The 2014 accidents included several in the vicinity of the SUBJECT ACCIDENT.

22. For example, on January 26, 2014, a bicycle-automobile collision occurred at the intersection of North Los Robles Avenue and Villa Street in Pasadena, in which a bicyclist was injured.

5

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

23.     On April 23, 2014, a bicycle-automobile collision occurred at the intersection of East Mountain Street and Oakland Avenue in Pasadena, in which a bicyclist was injured.

24.     On April 28, 2014, a bicycle-automobile collision occurred at the intersection of East Mountain Street and Chester Avenue in Pasadena, in which a bicyclist was injured.

25.     On December 8, 2014, a bicycle-automobile collision occurred near the intersection of North Los Robles Avenue and Washington Place in Pasadena, in which a bicyclist was injured.

26.     On December 15, 2014, a bicycle-automobile collision occurred near the intersection of North Los Robles Avenue and Ashtabula Street in Pasadena, in which a bicyclist was involved.

27.     On December 30, 2014, a bicycle-automobile collision occurred near the intersection of North Los Robles Avenue and Parke Street in Pasadena, in which a bicyclist was injured.

## **THE SUBJECT ACCIDENT**

28.     On the morning of Monday, November 30, 2015, Andres was severely injured after being struck by an automobile while traveling on his bicycle on the southern portion of the SUBJECT INTERSECTION in Pasadena (the SUBJECT ACCIDENT).

29.     The SUBJECT ACCIDENT occurred when Andres was bicycling in an eastbound direction along the southern side of East Mountain Street and legally entered the SUBJECT INTERSECTION after the light turned green.  At that time he was struck by a car driving southbound on North Los Robles Avenue.

30.     As a result of the SUBJECT ACCIDENT, Andres suffered an incapacitating injury that ultimately claimed his life. Andres suffered a skull fracture, lung contusion requiring a bilateral chest tube, small arachnoid bleed, bleeding from left ear cause by mastoid bone fracture, cerebral edema which required an intra cranial monitor, and a left tibia compound fracture. Following the accident, Andres remained in a coma for approximately two months. He eventually awoke from the coma but remained in a semi-conscious state until his untimely death

6

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

on February 25, 2019. At all times from the point of the SUBJECT ACCIDENT to his death, Andres was completely incapacitated in a semi-conscious state.

31.    The CITY OF PASADENA is liable for the injuries and damages the decedent sustained in the SUBJECT ACCIDENT. The SUBJECT ACCIDENT was a result of dangerous conditions created by the CITY OF PASADENA and its respective agents, representatives and employees, which existed at the time Andres was struck by Ms. Licea.    The dangerous conditions included, by way of example and not limitation, (i) an inadequate timing on the traffic control devices present at the location, and/or unsafe mechanical maintenance of the same; and (ii) inadequate marking and delineation of the lanes, crosswalk, and other features of the SUBJECT INTERSECTION.

32.    The dangerous conditions created a substantial risk of injury to individuals, such as the decedent Andres Ramirez.    The dangerous conditions created a reasonably foreseeable risk of the harm that Andres sustained.    The dangerous conditions were the result of the CITY OF PASADENA and its agents, representatives and employees performing their public employment and public duties in a negligent manner. The CITY OF PASADENA and its respective agents, representatives and employees knew or should have known of the dangerous conditions.

33.    The accident was also caused by negligent acts and/or omissions of the CITY OF PASADENA and its respective agents, representatives and employees, which owed a duty of care to maintain the traffic control devices in a reasonable and safe condition to prevent injury or harm to members of the public, including Andres Ramirez.    The negligent or wrongful acts or omissions of the CITY OF PASADENA and its respective agents, representatives and employees were within the purpose, scope, or course of their employment to repair, maintain and operate the traffic control devices in a safe condition, including with respect to its timing mechanism, resulting in a breach of that duty and the creation of a dangerous condition.

34.    As a direct and proximate result of the dangerous condition, Andres Ramirez sustained special damages, including but not limited to medical expenses, economic loss, property loss, and other damages. Andres Ramirez was required to and did employ physicians

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

7

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

1   and surgeons and other medical personnel for the treatment and care of his injuries and thereby

2   incurred medical expenses. Because Andres Ramirez' personal injury claims survive his death,

3   the Estate of Andres Ramirez has been damaged in an amount to be proven at trial.

4       35.    Moreover, Elba Hernandez and the other Andres Ramirez' heirs have also

5   suffered damages for the wrongful death of Andres Ramirez.

6       36.    Plaintiff Elba Hernandez therefore intends to seek all damages arising from

7   Andres' injury and ultimate death, including survival damages and damages for wrongful death.

8   The amount of damages in this case will require expert evidence to ascertain. This is an

9   unlimited civil case.

### FIRST CAUSE OF ACTION

### WRONGFUL DEATH - DANGEROUS CONDITION OF PUBLIC PROPERTY (Gov't Code §835 *et seq.*)

### (As Against City of Pasadena and DOES 4 through 100)

15      37.    PLAINTIFFS incorporate all preceding and following paragraphs as if fully set

16  forth herein.

17      38.    PLAINTIFFS are informed and believes that defendant the CITY OF

18  PASADENA and DOES 4 through 100 are/were responsible for, among other things, the

19  planning, supervision, control, installation, servicing, management, inspection, monitoring,

20  testing, evaluation, improvement, redesigning, redevelopment, resurfacing, modification,

21  operation, signing, striping, maintenance, repair, traffic control, and other activities related to the

22  SUBJECT INTERSECTION of East Mountain Street and North Los Robles Avenue in

23  Pasadena, California, including the roadway where this motor vehicle versus cyclist collision

24  occurred, as well as the surrounding area. Said defendants were also responsible for the upkeep

25  and maintenance of related appurtenances, infrastructure, and adjacent and related traffic control

26  devices, lighting, trees, signs and safety devices and fixtures.  Upon information and belief, the

27  CITY OF PASADENA and DOES 4 through 100 were negligent and careless in the installation,

28  maintenance, inspection, repair, operation, and control of the SUBJECT INTERSECTION, and

8

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

1    the adjacent area, such that the roadway presented a dangerous, defective and hazardous

2    condition. At all relevant times herein mentioned, the installation, maintenance, inspection,

3    repair, operation and control of the roadway, and surrounding area, including timing parameters

4    of traffic control devices, presented a reasonably foreseeable substantial risk of harm to

5    members of the public who were lawfully operating vehicles, or otherwise on the roadway.

6         39.    Defendant CITY OF PASADENA and DOES 4 through 100 knowingly failed to

7    properly install, work, operate, and/or inspect and/or maintain the marked crosswalk that injured

8    Ramirez. Said failure is part of a pattern whereby Defendant the CITY OF PASADENA and

9    DOES 4 through 100 fail to install, inspect, maintain, and operate facilities and/or equipment

10   within their control notwithstanding that they knew or should have known that the facilities'

11   poor condition and/or changed circumstances posed a serious threat to public health and safety.

12        40.    This incident was directly and legally caused by acts and/or omissions of the

13   CITY OF PASADENA, DOES 4 through 100, and/or their employees or agents, including but

14   not limited to:

15        a.    Failure to install, maintain, and/or operate adequate timing on the traffic control

16             devices present at the location,

17        b.    Failure to establish adequate marking and delineation of the lanes, crosswalk, and

18             other features of the SUBJECT INTERSECTION

19        c.    Failure to warn of and/or present and/or correct a "dangerous condition" (a

20             condition of property that creates a substantial (as distinguished from a minor,

21             trivial or insignificant) risk of injury when such property or adjacent property is

22             used with due care in a manner in which it is reasonably foreseeable that it would

23             be used) on or immediately adjacent to, public property;

24        d.    Failure to provide and/or maintain adequate traffic control devices and warning

25             signs alerting motorists to the crosswalk and the presence of those in the crosswalk;

26        e.    Failure to provide and/or maintain adequate signs, signals, "active" warning

27             devices, channelizers, pavement markings and striping;

28        f.    Failure to post additional/supplemental signage, lighting, traffic control devices,

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

9

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

1    and/or pavement markings in view of what defendant knew or should have known

2    to have been dangerous for those using the crosswalk; and

3    g.    Failure to properly respond to the accident history in this area and complaints

4    regarding collision dangers.

5    41.    The above-factors, both individually and in combination, created a dangerous

6    condition of public property and presented a substantial risk of injury to members of the general

7    public, including Andres Ramirez, who use the property, or adjacent property, with reasonable

8    care, and in a reasonably foreseeable manner. Likewise, these factors, both individually and in

9    combination, constituted a dangerous condition which had been, but was not, remedied by

10    agents and employees of CITY OF PASADENA and DOES 4 through 100.

11    42.    The CITY OF PASADENA and DOES 4 through 100, and each of them,

12    negligently created and/or possessed knowledge, actual or constructive, of the above described

13    dangerous conditions, as well as the hazards and defects present in said roadway, and the

14    surrounding area, but failed to take reasonable measures to address these dangers and hazards.

15    Said Defendants, and each of them, were aware of prior similar accidents at this location and at

16    other locations in the area and failed to take reasonable measures to mitigate the known dangers.

17    43.    As a proximate result of the above-described dangerous condition, Ramirez was

18    hurt and injured in his health, strength, and activity, sustaining injury to his body and shock and

19    injury to his nervous system and person.  Following the accident, Ramirez remained in a coma

20    for approximately two months. He eventually awoke from the coma but remained in a semi-

21    conscious state until his death on February 25, 2019. Such injuries caused Andres to experience

22    physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment,

23    inconvenience, anxiety, and emotional distress, all to his general damage.

24    44.    Andres Ramirez' personal injury claim survives his death and is now being

25    pursued in this action by Elba Hernandez, personal representative of the Estate of Andres

26    Ramirez and successor in interest to Andres Ramirez.

27    //

28    45.    As a direct and proximate result of the negligence of the DEFENDANTS, and

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

10

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

1    each of them, including DOES 4 through 100, PLAINTIFFS suffered wrongful death and other

2    damages in an amount exceeding the jurisdictional minimum of this Court.

3        46.    WHEREFORE, PLAINTIFFS pray for judgment against DEFENDANTS, and

4    each of them, as hereinafter set forth.

6        **SECOND CAUSE OF ACTION**

7    **SURVIVAL ACTION - DANGEROUS CONDITION OF PUBLIC PROPERTY (Gov't**

8    **Code §835 *et seq.*)**

9    **(As Against City of Pasadena and DOES 4 through 100)**

10        47.    PLAINTIFFS incorporate all preceding and following paragraphs as if fully set

11    forth herein.

12        48.    PLAINTIFFS are informed and believe that defendant the CITY OF

13    PASADENA and DOES 4 through 100 are/were responsible for, among other things, the

14    planning, supervision, control, installation, servicing, management, inspection, monitoring,

15    testing, evaluation, improvement, redesigning, redevelopment, resurfacing, modification,

16    operation, signing, striping, maintenance, repair, traffic control, and other activities related to the

17    SUBJECT INTERSECTION of East Mountain Street and North Los Robles Avenue in

18    Pasadena, California, including the roadway where this motor vehicle versus cyclist collision

19    occurred, as well as the surrounding area. Said defendants were also responsible for the upkeep

20    and maintenance of related appurtenances, infrastructure, and adjacent and related traffic control

21    devices, lighting, trees, signs and safety devices and fixtures.  Upon information and belief, the

22    CITY OF PASADENA and DOES 4 through 100 were negligent and careless in the installation,

23    maintenance, inspection, repair, operation, and control of the SUBJECT INTERSECTION, and

24    the adjacent area, such that the roadway presented a dangerous, defective and hazardous

25    condition. At all relevant times herein mentioned, the installation, maintenance, inspection,

26    repair, operation, and control of the roadway, and surrounding area, including timing parameters

27    of traffic control devices, presented a reasonably foreseeable substantial risk of harm to

28    members of the public who were lawfully operating vehicles, or otherwise on the roadway.

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

49.     Defendant the CITY OF PASADENA and DOES 4 through 100 knowingly failed to properly install, work, and/or inspect and/or maintain the marked crosswalk that injured Ramirez. Said failure is part of a pattern whereby Defendant the CITY OF PASADENA and DOES 4 through 100 fail to install, inspect, maintain, and operate facilities and/or equipment within their control notwithstanding that they knew or should have known that the facilities' poor condition and/or changed circumstances posed a serious threat to public health and safety.

50.     This incident was directly and legally caused by acts and/or omissions of the CITY OF PASADENA, DOES 4 through 100, and/or their employees or agents, including but not limited to:

a.     Failure to install, maintain, and/or operate adequate timing on the traffic control devices present at the location, and/or unsafe mechanical maintenance of the same;

b.     Failure to establish adequate marking and delineation of the lanes, crosswalk, and other features of the SUBJECT INTERSECTION

c.     Failure to warn of and/or present and/or correct a "dangerous condition" (a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it would be used) on or immediately adjacent to, public property;

d.     Failure to provide and/or maintain adequate traffic control devices and warning signs alerting motorists to the crosswalk and the presence of those in the crosswalk;

e.     Failure to provide and/or maintain adequate signs, signals, "active" warning devices, channelizers, pavement markings and striping;

f.     Failure to post additional/supplemental signage, lighting, traffic control devices, and/or pavement markings in view of what defendant knew or should have known to have been dangerous for those using the crosswalk; and

g.     Failure to properly respond to the accident history in this area and complaints regarding collision dangers.

51.     The above-factors, both individually and in combination, created a dangerous

12

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

1    condition of public property and presented a substantial risk of injury to members of the general

2    public, including Andres Ramirez, who use the property, or adjacent property, with reasonable

3    care, and in a reasonably foreseeable manner. Likewise, these factors, both individually and in

4    combination, constituted a dangerous condition which had been, but was not, remedied by

5    agents and employees of CITY OF PASADENA and DOES 4 through 100.

6        52.    The CITY OF PASADENA and/or DOES 4 through 100, and each of them,

7    negligently created and/or possessed knowledge, actual or constructive, of the above described

8    dangerous conditions, as well as the hazards and defects present in said roadway, and the

9    surrounding area, but failed to take reasonable measures to address these dangers and hazards.

10   Said Defendants, and each of them, were aware of prior similar accidents at this location and at

11   other locations in the area and failed to take reasonable measures to mitigate the known dangers.

12       53.    As a proximate result of the above-described dangerous condition, Ramirez was

13   hurt and injured in his health, strength, and activity, sustaining injury to his body and shock and

14   injury to his nervous system and person.  Following the accident, Ramirez remained in a coma

15   for approximately two months. He eventually awoke from the coma but remained in a semi-

16   conscious state until his death on February 25, 2019. Such injuries caused Andres to experience

17   physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment,

18   inconvenience, anxiety, and emotional distress, all to his general damage.

19       54.    Andres Ramirez' personal injury claim survives his death and is now being

20   pursued in this action by Elba Hernandez, personal representative of the Estate of Andres

21   Ramirez and successor in interest to Andres Ramirez.

22       55.    As a direct and proximate result of the negligence of the DEFENDANTS, and

23   each of them, including DOES 4 through 100, PLAINTIFFS suffered wrongful death and other

24   damages in an amount exceeding the jurisdictional minimum of this Court.

25       56.    WHEREFORE, PLAINTIFFS pray for judgment against DEFENDANTS, and

26   each of them, as hereinafter set forth.

27   //

28   //

13

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

### THIRD CAUSE OF ACTION

### WRONGFUL DEATH - VICARIOUS LIABILITY (Gov't Code §815.4)

### (As Against City of Pasadena and DOES 4 through 100)

57.     PLAINTIFFS incorporate all preceding and following paragraphs as if fully set forth herein.

58.     PLAINTIFFS are informed, believe, and thereon allege that various individuals and entities, unknown at the present time, and therefore sued as DOE defendants, at all times mentioned herein, were independent contractors of Defendants the CITY OF PASADENA and DOES 4 through 100, and that Defendants the CITY OF PASADENA and DOES 4 through 100 were/are public entities pursuant to Government Code 811.2, and are, along with their employees, vicariously liable for the tortious acts and omissions of the independent contractors, sued herein as DOES pursuant to Government Code sections 815.2, 815.4, 820(a), 840.2, and 840.4.

59.     On the morning of Monday, November 30, 2015, Andres Ramirez was severely injured after being struck by an automobile while traveling on his bicycle on the southern portion of the SUBJECT INTERSECTION in the SUBJECT ACCIDENT. Andres Ramirez succumbed to injuries sustained as a result of SUBJECT ACCIDENT and passed on February 25, 2019.

60.     At the aforementioned time and place, Defendants the CITY OF PASADENA and DOES 4 through 100, individually and/or by and through their agents, servants, employees, and/or independent contractors, had a non-delegable duty to maintain and/or operate the traffic control devices in the SUBJECT INTERSECTION where the SUBJECT ACCIDENT occurred in a reasonable and safe condition to prevent injury or harm to members of the public, including Andres Ramirez, to avoid foreseeable accidents and to mitigate the potential harm occurring in such foreseeable accidents.

61.     DEFENDANTS, by and through their agents, servants and/or employees, disregarded said duty and allowed, caused, and/or failed to maintain and/or operate in a reasonably safe condition the traffic control devices where the SUBJECT INCIDENT occurred,

14

1    to prevent injury or harm to members of the public.

2         62.    As a direct and proximate result of the negligence of DEFENDANTS, and each

3    of them, including DOES 4 through 100, as aforesaid, Mr. Ramirez sustained severe bodily

4    injuries, ultimately leading to his untimely death.

5         63.    As a direct and proximate result of the negligence of DEFENDANTS, and each

6    of them, including DOES 4 through 100, as aforesaid, PLAINTIFFS suffered damages in an

7    amount exceeding the jurisdictional minimum of this Court.

8

9                          **FOURTH CAUSE OF ACTION**

10        **SURVIVAL ACTION - VICARIOUS LIABILITY (GOV'T CODE §815.4)**

11              **(As Against City of Pasadena and DOES 4 through 100)**

12        64.    PLAINTIFFS incorporate all preceding and following paragraphs as if fully set

13   forth herein.

14        65.    On or about November 30, 2015 at or around 9:18 a.m., Andres Ramirez was

15   involved in a collision in which decedent was bicycling in an eastbound direction along the

16   southern side of East Mountain Street and legally entered the SUBJECT INTERSECTION after

17   the light turned green.  At that time he was struck by a car driving southbound on North Los

18   Robles Avenue.

19        66.    At the aforementioned time and place, DEFENDANTS individually and/or by

20   and through their agents, servants and/or employees, had a duty to maintain and/or operate in a

21   reasonably safe condition the traffic control devices where the SUBJECT INCIDENT occurred,

22   to prevent injury or harm to members of the public, including Andres Ramirez.

23        67.    DEFENDANTS, by and through their agents, servants and/or employees,

24   disregarded said duty and allowed, caused, and/or failed to properly maintain and/or operate in a

25   reasonably safe condition the traffic control devices where the SUBJECT INCIDENT occurred,

26   to prevent injury or harm to members of the public.

27        68.    As a direct and proximate result of the negligence of DEFENDANTS, and each

28   of them, including DOES 4 through 100, as aforesaid, Mr. Ramirez sustained severe bodily

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

15
PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

injuries, ultimately leading to his untimely death.

69.    As a direct and proximate result of the negligence of DEFENDANTS, and each of them, including DOES 4 through 100, as aforesaid, PLAINTIFFS suffered damages in an amount exceeding the jurisdictional minimum of this Court.

### **FIFTH CAUSE OF ACTION**

### **WRONGFUL DEATH – NEGLIGENCE**

### **(As Against Jacquelyn Licea and DOES 4 through 100)**

70.    PLAINTIFFS incorporate all preceding and following paragraphs as if fully set forth herein.

71.    On or about November 30, 2015 at or around 9:18 a.m., Andres Ramirez was involved in a collision in which decedent was bicycling in an eastbound direction along the southern side of East Mountain Street and legally entered the SUBJECT INTERSECTION after the light turned green.  At that time he was struck by a car driving southbound on North Los Robles Avenue. The car was owned and/or operated by Jacquelyn Licea and DOES 4 through 100.

72.    Defendant Jacquelyn Licea and DOES 4 through 100, and each of them, were negligent by, among other things, failing to keep a proper lookout, failing to drive in a reasonable manner, violating various sections of the California Vehicle Code, and acting in such a way as to endanger the life and safety of others, including Andres Ramirez.

73.    As a direct and proximate result of the negligence of the Defendant Licea and DOES 4 through 100, Andres Ramirez sustained severe bodily injuries, ultimately leading to his untimely death. Due to the passing of Andres Ramirez, his heirs now have a cause of action for wrongful death through which they now seek all available damages.

74.    As a direct and proximate result of the negligence of the Defendant Licea and DOES 4 through 100, PLAINTIFFS suffered damages in an amount exceeding the jurisdictional minimum of this Court.

//

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

**SIXTH CAUSE OF ACTION**

**SURVIVAL - NEGLIGENCE**

**(As Against Jacquelyn Licea and DOES 4 through 100)**

75.    PLAINTIFFS incorporate all preceding and following paragraphs as if fully set forth herein.

76.    On or about November 30, 2015 at or around 9:18 a.m., Andres Ramirez was involved in a collision in which decedent was bicycling in an eastbound direction along the southern side of East Mountain Street and legally entered the SUBJECT INTERSECTION after the light turned green.  At that time he was struck by a car driving southbound on North Los Robles Avenue. The car was owned and/or operated by Jacquelyn Licea and DOES 4 through 100.

77.    Defendant Jacquelyn Licea and DOES 4 through 100, and each of them, were negligent by, among other things, failing to keep a proper lookout, failing to drive in a reasonable manner, violating various sections of the California Vehicle Code, and acting in such a way as to endanger the life and safety of others, including Andres Ramirez.

78.    As a direct and proximate result of the negligence of Defendant Licea and DOES 4 through 100, Andres Ramirez sustained severe bodily injuries, ultimately leading to his untimely death. His personal injury claims survive his death and PLAINTIFFS seek all available damages related thereto in this action.

79.    As a direct and proximate result of the negligence of Defendant Licea and DOES 4 through 100, PLAINTIFFS suffered damages in an amount exceeding the jurisdictional minimum of this Court.


**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray for judgment against DEFENDANTS, and each of them, as follows:

1.    For special damages, including medical expenses, according to proof;

2.    For other medical and related expenses, according to proof;

17

1    3.    For loss of care, comfort, society, solace, moral support, companionship,

2    guidance and services;

3    4.    For loss of support and services in money or in kind;

4    5.    For loss of earnings and earning capacity;

5    6.    For funeral and burial expenses;

6    7.    For all past and future damages;

7    8.    For costs of suit incurred herein;

8    9.    For pre-judgment and post-judgment interest, at the maximum rate allowed by

9    law, pursuant to Civil Code section 3291;

10    10.    Any further relief this Court deems appropriate.

12    Dated: July 16, 2019        **THE X-LAW GROUP, P.C.**



14    By: _____

15    FILIPPO MARCHINO, ESQ.
Attorneys for Plaintiffs

17    **<u>DEMAND FOR A JURY TRIAL</u>**

18    PLAINTIFFS hereby demand a trial by jury on all causes of action herein.

20    Dated: July 16, 2019        **THE X-LAW GROUP, P.C.**

22    By: _____

23    FILIPPO MARCHINO, ESQ.
Attorneys for Plaintiffs

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

18

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

# EXHIBIT 1

Michael J. Avenatti, State Bar No. 206929
mavenatti@eaganavenatti.com
Carlos X. Colorado, Esq., State Bar No. 231031
ccolorado@eaganavenatti.com
**EAGAN AVENATTI, LLP**
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Tel: (949) 706-7000
Fax: (949) 706-7050

Attorneys for Petitioner

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE**

| | |
|---|---|
| ANDRES RAMIREZ, a minor, by and through his mother ELBA HERNANDEZ,<br><br>Petitioner,<br><br>vs.<br><br>CITY OF PASADENA, a public entity; COUNTY OF LOS ANGELES, a public entity; and DOES 1 through 10, inclusive<br><br>Respondents. | Case No. BC644094<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>Hon. James C. Chalfant<br>Dept. 85<br><br>**NOTICE OF RULING ON PETITIONER'S SECOND AMENDED PETITION FOR LEAVE TO FILE ACTION AGAINST RESPONDENT GOVERNMENT ENTITIES**<br><br>Date: May 23, 2017<br>Time: 1:30 p.m.<br>Dept.: 85 |

1

NOTICE OF RULING

1    **TO THE COURT AND ALL PARTIES OF RECORD:**

2        **PLEASE TAKE NOTICE** that on May 23, 2017, after review of the pleadings on file

3    and oral argument, Honorable James C. Chalfant granted Petitioner Andres Ramirez' Second

4    Amended Petition for Leave to File Action Against Respondent Government Entities, therefore

5    allowing Petitioner to file a lawsuit against the City of Pasadena per Government Code §946.6.

6        The matter came on for hearing at 1:30 p.m. on May 23, 2017 in Department 85 of the

7    above entitled Court, located at 111 N. Hill Street, Los Angeles, California, 90012.  The Court

8    provided a tentative ruling to the parties before the hearing, attached hereto as Exhibit A.

9    During the hearing, the Court adopted its tentative ruling as its final decision.

10

11    Dated:  June 2, 2017                EAGAN AVENATTI, LLP

12

13                        By: _____

14                               MICHAEL J. AVENATTI
                           Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2
**NOTICE OF RULING**

# Exhibit A

| Andres Ramirez v. City of Pasadena, | Tentative decision on petition for leave to |
|---|---|
| BC 644094 | file a late claim: granted |

Petitioner Andres Ramirez ("Ramirez"), by and through his mother Elba Hernandez, applies for leave to file a late claim for damages against the City of Pasadena ("City"). The court has read and considered the moving papers (no opposition was filed), and renders the following tentative decision.

### A. Statement of the Case

Petitioner Ramirez commenced this proceeding on December 20, 2016. The operative pleading is the Second Amended Petition ("SAP") filed May 1, 2017. The SAP alleges in pertinent part as follows.

On November 30, 2015, Petitioner Ramirez was severely injured after being struck by an automobile while traveling on his bicycle on the southern portion of the intersection at North Los Robles Avenue and East Mountain Street in the City. On the date of the accident, Petitioner Ramirez was 12 years old and a minor. Following the accident, Ramirez remained in a coma for approximately two months. When he awoke from the coma, Ramirez was unresponsive and is currently in a vegetative state.

Petitioner's mother first discovered a cause of action against the City on April 18, 2016 when she received a report from the Pasadena Police Department ("PPD"). Petitioner's original attorney's, through mistake and inadvertence, did not file a government tort claim within six months of the accident. On October 7, 2016, Petitioner timely presented a tort claim to the City. The claim stated that the date of accrual was April 18, 2016. On October 17, 2016, the City rejected the claim as untimely. On October 21, 2017, Petitioner filed an application for leave to present a late claim. The City denied the application on November 2, 2016.

Petitioner alleges that the claim against the City was timely filed based on the accrual of the claim on April 18, 2016. In the alternative, Petitioner alleges that the City should have granted the application for leave to present a late claim because Petitioner was a minor and incapacitated during the entire claim period.

### B. Applicable Law

Under the Government Claims Act, a plaintiff bringing suit for monetary damages against a public entity or employees thereof must first present a claim to the public entity ("government claim") which must be acted upon or deemed rejected by the public entity. Govt. Code[1] §§945.4, 950.2, 950.6(a). To be timely, a government claim for damages must be presented to the public entity within six months of the date the cause of action accrued. §911.2.

If a plaintiff fails to present a government claim within the six-month period, he or she may apply to the public entity for permission to present a late claim. §911.4. Such an application must be presented within a reasonable time, and not later than one year after the cause of action's accrual. §911.4(b).

If the public entity denies the application for permission to present a late claim, the

---

[1] All further statutory references are to the Government Code.

1

EXHIBIT "3"
Page 99

plaintiff may file a civil petition for relief from section 945.4's requirement of timely claim presentation prior to suit. §946.6. The petition must be filed within six months after the application to the public entity is denied or deemed to be denied. §946.6(b). The petition must show: (1) that an application was made to the public entity under section 911.4 and was denied or deemed denied; (2) the reason for failure to timely present the claim to the public entity within the time limit specified in section 911.2; and (3) the information required by section 910. §946.6(b).

The court shall grant relief only if it finds that (1) the application to the public entity for leave to file a late claim was made within a reasonable time not to exceed one year after accrual of the claim as specified in section 911.4(b), (2) was denied or deemed denied by the public agency pursuant to section 911.6, and (3) one or more of the following is applicable: (a) the failure to timely present the claim was through mistake, inadvertence, surprise, or excusable neglect, unless the public entity establishes that it would be prejudiced in the defense of the claim if the court relieves the petitioner from the requirements of section 945.4; (b) the person who sustained the alleged injury, damage or loss was a minor during all of the time specified in section 911.2 for the presentation of the claim; (c) the person who sustained the alleged injury, damage or loss was physically or mentally incapacitated during all of the time specified in section 911.2 for the presentation of the claim and by reason of that disability failed to present a claim during that time; or (d) the person who sustained the alleged injury, damage or loss died before the expiration of the time specified in section 911.2 for the presentation of the claim. §946.6(c).

## C. Analysis

Petitioner Ramirez, by and through his mother, seeks leave to file a late claim. The pertinent facts are as follows. Ramirez was struck by an automobile on November 30, 2015, while traveling on his bicycle on the southern portion of the intersection at North Los Robles Avenue and East Mountain Street. Hernandez Decl. ¶2. On the date of the accident, Ramirez was 12 years old. Hernandez Decl. ¶3. Due to the accident, Ramirez suffered from a skull fracture, lung contusion, arachnoid bleed, mastoid bone fracture, cerebral edema, and a lift tibia compound fracture. Hernandez Decl. ¶4. Andres remained in a coma for two months following the accident. Id. He is currently in a vegetative state and unresponsive. Id.

The investigation by PPD was beset with lengthy delays and not completed until months after the accident. Hernandez Decl. ¶5. The police report was provided to Ramirez's family on April 18, 2016. Id.; Avenetti Decl. Ex. E. The report contains substantial errors, including a failure to provide relevant information in the diagram such as the area of impact. Hernandez Decl. ¶6. The report also made no reference to the presence or lack of skid marks. Id. Ramirez's prior counsel did not appreciate that the accident was caused by faulty traffic light timing at the subject intersection. Id.

Ramirez presented a tort claim to the City on October 7, 2016. Avenetti Decl. ¶6, Ex. A. On October 17, 2016, the City rejected the claim as untimely. Avenetti Decl. ¶8, Ex. B. On October 21, 2016, Ramirez presented an application for leave to file a late claim to the City. Avenetti Decl. ¶10, Ex. C. On November 2, 2016, the City denied the application. Avenetti Decl. ¶13, Ex. D.

### 1. Accrual of the Claim

2

A cause of action accrues at the time a claim is complete with all of its elements. Norgart v. Upjohn, (1999) 21 Cal.4th 383, 397. An exception to this usual rule exists where accrual is delayed until the plaintiff discovers, or has reason to discover, the cause of action. Id. A plaintiff has reason to discover a cause of action when he or she "has reason to at least suspect factual basis for its elements." Id.

Ramirez's accident occurred on November 30, 2015. Hernandez Decl. ¶2. Ramirez alleges, however, that the cause of action did not accrue until April 18, 2016, when his mother learned for the first time of the existence of a claim against the City. Avenetti Decl. ¶6.

### 2. Presentation of the Claim

Section 911.2 mandates that claims based on causes of action for death and personal injury must be presented "not later than six months after the accrual of the cause of action."

According to Ramirez, his claim for personal injuries accrued on April 18, 2016. To be timely, Ramirez was required to present his claim to the City within six months of April 18, 2016, or by October 18, 2016. §911.2. He presented his claim within six months, on October 7, 2016. On October 17, 2016, the City rejected the claim as untimely. If the November 30, 2015 date of the accident is used, his claim was untimely.

### 3. The application to the public entity for leave to file a late claim was made within a reasonable time not to exceed one year after accrual of the claim

Ramirez was required to present his application for leave to file a late claim by April 18, 2017. The actual application was presented to the City on October 21, 2016. This was well within a year. Even if the November 30, 2015 date of the accident were used, the application was timely.

### 4. The application was denied or deemed denied by the public agency pursuant to section 911.6.

The City denied the application to present a late claim on November 2, 2016.

### 5. The Petition is timely

The petition for leave to file a late claim must be filed with the court within six months after the application to the public entity is denied or deemed to be denied. §946.6(b). The Petition was filed on December 20, 2016, within six months of the City's November 2, 2016 denial of leave to present a late claim.

### 6. The failure to timely present the claim was through mistake, inadvertence, surprise, or excusable neglect.

There is no reason to relieve Ramirez from the Government Claims Act's claim presentation requirements. Ramirez contends that his cause of action did not accrue when the accident occurred, but rather that it was delayed until April 18, 2016, because that was when Ramirez's mother first became aware of the claims against the City. Ramirez was in a coma and then unresponsive following the accident. Hernandez Decl. ¶4. The first time that Ramirez's mother was aware of a potential claim against the City was after receiving the PPD police report on April 18, 2016. The City has not opposed this petition or provided any evidence to counter Ramirez's assertion of delayed accrual.

3

Where a petitioner contends that his claim was timely presented because of delayed accrual, he may simply file a complaint for damages alleging timely compliance with the Claims Act. *See* Ngo v. County of Los Angeles, 207 Cal.App.3d 946, 950. The jury will then try the issue of claim accrual as a question of fact. Id. The court hearing a late claim petition under section 946.6 may not take from the jury the factual question of claim accrual. Id. A section 949.6 proceeding is akin to a relief from default, permitting a petitioner to proceed on the underlying suit. Id. By contending that his claim was timely, Ramirez may already do so.

Assuming *arguendo*, that Ramirez's claim accrued on November 30, 2015, Ramirez would be entitled to relief from the claims presentation requirement. Ramirez was a minor during the entire period specified under section 911.2 for presentation of a government claim, and is therefore relieved of the untimely failure to present his initial claim. §946.6(c)(2).[2]

In sum, Ramirez is not barred by the Government Claims Act from proceeding with his lawsuit, and the trial of that case will determine when his claim accrued. To the extent that Ramirez is wrong about the date of accrual, however, he was relieved from presentation requirements by his minor status.

---

[2] Ramirez's additional arguments that he should be excused for the additional reasons that he was incapacitated and that his former attorneys acted through mistake and inadvertence are not well taken. While Ramirez was in a coma and later vegetative state during the entire claims presentation period (Hernandez Decl. ¶4), Ramirez's mother, not Ramirez, was required to present the claim. His incapacity is technically irrelevant to this issue. The failure of Ramirez's former attorneys to appreciate that the City might be liable is not excused by flaws in the delayed police report. The attorneys must make their own investigation and cannot wait for and be excused by flaws in a police investigation.

4

EXHIBIT "3"
Page 102

1

## **PROOF OF SERVICE – 1013a, 2015**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

    At the time of service, I was over 18 years of age and **not a party to this action**. I am

4

employed in the County of Orange, State of California. My business address is 520 Newport
Center Dr., Suite 1400, Newport Beach, CA 92660.

5

    On June 2, 2017, I served the following document(s) described as **NOTICE OF**

6

**RULING ON PETITIONER'S SECOND AMENDED PETITION FOR LEAVE TO FILE
ACTION AGAINST RESPONDENT GOVERNMENT ENTITIES** on the interested parties

7

in this action as follows:

8

John Nam, Esq., Deputy City Attorney        Attorneys for Defendant
Pasadena City Attorney's Office              CITY OF PASADENA

9

100 N. Garfield Avenue, Rm. N210
Pasadena, CA 91109

10

Tel: (626) 744-4141

11

Fax: (626) 744-4190
jnam@cityofpasadena.net

12

[  ] **BY PERSONAL HAND DELIVERY SERVICE:** I enclosed the document(s) in a sealed envelope or

13

package addressed to the persons at the addresses listed in the Service List and personally hand delivered it to the
attorneys of record for Defendants, at the above address.

14

[  ] **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the

15

addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary
business practices. I am readily familiar with Eagan Avenatti, LLP's practice for collecting and processing

16

correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is
deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage

17

fully prepaid.

18

[ X ] **BY FEDEX/OVERNITE**: I am familiar with the practice of Eagan Avenatti for collection and processing of

19

correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box
or other facility regularly maintained by FedEx/Overnite that same day in the ordinary course of business. On this

20

date, a copy of said document was placed in a sealed envelope designated by FedEx/Overnite with delivery fees
paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx/Overnite at
Eagan Avenatti, Newport Beach, California, following ordinary business practices.

21

    I declare under penalty of perjury under the laws of the State of California that the

22

foregoing is true and correct.

23

    Executed on June 2, 2017, at Newport Beach, California.

24

25

                             Suzy Garcia

26

27

28

3
NOTICE OF RULING

EXHIBIT "3"
Page 103

# EXHIBIT 2

## CLAIM AGAINST THE CITY OF PASADENA
(FOR DAMAGES TO PERSONS OR PERSONAL PROPERTY)

*FOR CITY USE - DO NOT WRITE IN THIS AREA*

**Received via**

| | |
|---|---|
| U.S. Mail | ☐ Date: |
| Inter-Office Mail | ☐ Time: |
| Over the Counter | ☑ |

SIGNATURE OF EMPLOYEE ACCEPTING CLAIM          CLAIM # _____

A claim must be filed with the City Clerk's Office of the City of Pasadena no later than six (6) months after the incident or occurrence for death, injury to person or damage to personal property. Be sure your cause of action is against the City of Pasadena, not another public entity. Where space is insufficient, please use additional paper and identify information by paragraph number. All blanks must be completed. Completed claims must be mailed or delivered to: City Clerk, 100 N. Garfield Ave., Room S228, P.O. Box 7115 Pasadena, California 91109-7215. See Government Code § 911.2 and Pasadena City Charter § 1011 for filing information on other types of claims.

**TO: The Council Members of the City of Pasadena, California**
**The undersigned respectfully submits the following claim:**

1. NAME OF CLAIMANT: Elba Hernandez, individually and on behalf of the Estate of Andres Ramirez and Andres Ramirez, deceased

   a. ADDRESS OF CLAIMANT: 5028 Templeton Street    City: Los Angeles   ZIP CODE: 90032

   b. PHONE NO. (626) 807-59 34    c. BUS. PHONE NO. (626) 278-2565    d. DATE OF BIRTH 08/08/1972

   e. SOCIAL SECURITY NO. 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    f. DRIVER'S LIC. NO. Y3328709

2. Name, telephone and post office address to which claimant desires notices to be sent if other than above:

   The X-Law Group, PC, 625 Fair oaks Avenue, Suite 390, South Pasadena, CA 91030, Tel: (213) 599-3380, Fax: (213) 599-3370

3. Occurrence or event from which the claim arises (see Government Code § 910c and d):
           **\*See Attachment "A"**

   a. DATE: November 30, 2015    b. TIME: 9:18 a.m.    c. PLACE (state exact and specific

   location, including distances from known objects): At the intersection of North Los Robles Avenue and East Mountain Street

   in Pasadena, California, 91104.

   d. State the circumstances of the occurrence, transaction, act or defect you claim caused the injury or damage (use additional paper if necessary). State details describing any hazardous condition or wrongful actions of any City employee. Include measurements (including height, width and depth) of any property defect. Attach available photographs.

   See Attachment "A"

1

STR0081 (Rev. 7/07)

## READ CAREFULLY

For all non-vehicle accident claims place names of streets (including North, East, South, and West) on the following diagram, and indicate place of accident by "X" and by showing house numbers or distances to street corners or known objects.

If a vehicle was involved, identify location on the diagram of City or other vehicle when you first saw it by letter "A"; location of yourself or your vehicle when you first saw City or other vehicle by letter "B"; and the point of impact by "X". Please use a box such as [A] or [B] to represent a vehicle.

NOTE: If diagrams below do not fit the situation, attach a proper diagram signed by claimant.



### FOR MOTOR VEHICLE ACCIDENTS

INDICATE NORTH

### FOR OTHER ACCIDENTS

SIDEWALK

CURB

CURB

PARKWAY

SIDEWALK

f.  State exactly how the injury or damage occurred:  See Attachment "A"

4.  Give the name(s) of the City employee(s) causing the damage or injury if known (see Government Code § 910e):

Unknown

2

STR0081 (Rev. 7/07)

5. Give a description of the injury, property damage, loss or indebtedness, so far as is known at the time of this claim.  If there were no personal injuries, state "no injuries" (see Government Code § 910d):

See Attachment "A"

6. Damages claimed (see Government Code § 910f):

a. If under $10,000, complete the following:

(1) Amount claimed as of this date:  $ _____

(2) Estimated amount of future costs:  $ _____

(3) Total amount claimed:  $ _____

(4) Basis of computation of amounts (include copies of all bills, invoices, estimates, etc.): _____

b. If over $10,000, check either:

(1) _____ under $25,000 (Municipal Court jurisdiction)

(2) __X__ over $25,000 (Superior Court jurisdiction)

7. Names, addresses and telephone numbers of all witnesses, hospitals, doctors, other persons injured, property owners, etc.:

a. Rosalba Pacheco (witness): 829 N. Los Robles, Avenue, #1, Pasadena, CA 91101, (626) 321-2026

b. Daniel Bennington (witness) 902 N. Los Robles Avenue, Pasadena, CA 91104, (213) 458-3696

c. Cullen Armet (Witness): 491 Eldora Rd., Pasadena, CA 91104, (757) 645-8256

d. Yajaidra Mendoza (Witness): 829 N. Los Robles Avenue, #1, Pasadena, CA 91101, (626) 321-2026

e. Hospitals: (1) Huntington Hosp., (2) Kaiser Perm. Los Angeles Med. Ctr., (3) Totally Kids Sun Valley,
(4) Totally Kids Loma Linda, (5) Children's Hospital Los Angeles, (6) Providence St. Joseph Med. Ctr.

8. Any additional information that might be helpful in considering the claim:

See Attachment "A"

**CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS.**  Every person who, with intent to defraud, presents any false claim or writing to the City for payment may be subject to imprisonment in a state prison and a fine of $10,000 (Penal Code § 72).

I have read the matters and statements made in the above claim and I know the same to be true of my own knowledge, except as to those matters stated upon information or belief, and as to such matters I believe the same to be true.  I certify under penalty of perjury that the foregoing is TRUE and CORRECT.

Signed this __22nd__ day of __May_____, 20__19__

at __South Pasadena, California_____

CLAIMANT'S SIGNATURE

Filippo Marchino, Esq., Attorney for Elba Hernandez

PRINTED OR TYPED NAME

3

STR0081 (Rev. 7/07)

## ATTACHMENT "A" TO CLAIM AGAINST THE CITY OF PASADENA

### Further Information Regarding Question 3(a)

This is the **2nd** Government Tort Claim submitted surrounding the accident that occurred on November 30, 2015 in the City of Pasadena, involving Andres Ramirez. The reason for this 2nd Government Tort Claim is that during the pendency of the civil case against the City of Pasadena, the Plaintiff and prior claimant, Andres Ramirez, tragically passed away from the injuries he sustained in the subject accident.

Now, his mother and guardian Elba Hernandez intends to continue the currently-pending litigation on behalf of herself, her deceased son, his Estate, and his heirs. Elba Hernandez thus intends to now bring wrongful death and survival claims against the City of Pasadena relating to the death of her son Andres Ramirez from the accident on November 30, 2015 at the intersection of North Los Robles Avenue and East Mountain Street in the City of Pasadena. In order to do so, she will amend the Complaint in the currently-pending action to substitute herself as the new plaintiff and to add causes of action for wrongful death and survival damages arising from the dangerous condition of public property that existed in the City of Pasadena on November 30, 2015, ultimately causing fatal injuries to the decedent, Andres Ramirez.

**The full procedural history is as follows:**

1. On October 7, 2016, Decedent Andres Ramirez, prior to his death, timely presented a government tort claim to the City of Pasadena through his mother and guardian, Elba Hernandez.

2. On October 17, 2016, the City of Pasadena rejected the claim as untimely.

3. On October 21, 2016, Decedent Andres Ramirez filed an application for leave to present a late claim.

4. On November 2, 2016, the City denied the application.

5. On December 20, 2016, Decedent Andres Ramirez filed a Petition in the Los Angeles County Superior Court, case number BC644094, seeking Leave to File an Action

1

against Respondent Government Entities (the prior action).

6.  On May 23, 2017, the Honorable James C. Chalfant granted Decedent Andres Ramirez' Second Amended Petition for Leave to File Action Against Respondent Government Entities, therefore allowing Andres Ramirez to file a lawsuit against the City of Pasadena.

7.  Therefore, on June 5, 2017, Andres Ramirez filed an action in the Los Angeles County Superior Court entitled *Andres Ramirez, a minor, by and through his mother and guardian ad litem Elba Hernandez v. City of Pasadena*, Los Angeles Superior Court case number **BC664114** (the current action).

8.  Tragically, on February 25, 2019, during the pendency of the current action, Andres Ramirez tragically passed away from complications arising from the injuries he sustained in the subject accident.

9.  On May 21, 2019, Elba Hernandez obtained Special Letters of Administration allowing her to bring claims for wrongful death and survival on behalf of herself, the Estate of Andres Ramirez, Andres Ramirez, and the Andres Ramirez heirs.

10. This 2nd Government Tort Claim is therefore now being presented to the City of Pasadena so that Ms. Hernandez can continue the currently-pending action in the Los Angeles County Superior Court, amend the operative complaint to substitute herself as the plaintiff instead of her deceased son, and to assert causes of action for wrongful death and survival damages on behalf of herself, the Estate of Andres Ramirez, Andres Ramirez, and the Andres Ramirez heirs.

11. Accordingly, both the original plaintiff Andres Ramirez, and the new plaintiff Elba Hernandez, timely complied with the presentation requirements of the Government Tort Claims Act by presenting timely government tort claims to the City of Pasadena.

//

//

2

<u>Responses 3(d), 3(f) and 8:</u>

On the morning of Monday, November 30, 2015, twelve year- old Andres Ramirez was severely injured after being struck by an automobile while traveling on his bicycle on the southern portion of the intersection at North Los Robles Avenue and East Mountain Street in Pasadena. Andres was bicycling in an eastbound direction along the southern side of East Mountain Street and legally entered the intersection after the light turned green. Andres Ramirez was then struck by a car driven by Jacquelyn Licea, who was driving southbound on North Los Robles Avenue.

The accident was a result of dangerous conditions created by the City of Pasadena and its agents, representatives and employees, which existed at the time Andres Ramirez was struck by the vehicle operated by Ms. Licea. The dangerous conditions included, by way of examples and not limitation, (1) an inadequate timing on the traffic control devices present at the location, and/or unsafe mechanical maintenance of the same; and (2) inadequate marking and delineation of the lanes, cross walk, and other features of the intersection. The dangerous conditions created a reasonably foreseeable risk of the harm that Andres Ramirez sustained. The dangerous conditions were the result of the City of Pasadena, its agents, representatives and employees performing their public employment and public duties in a negligent manner. The City of Pasadena, its agents, representatives and employees knew or should have known of the dangerous conditions.

The accident was also caused by negligent acts and/or omissions of the City of Pasadena and its agents, representatives and employees, which owned a duty of care to maintain the traffic control devices in a reasonable and safe condition to prevent injury or harm to members of the public, including Andres Ramirez. The negligent or wrongful acts or omissions of the City of Pasadena and its agents, representatives and employees within the purpose, scope, or course of their employment, to repair and maintain the traffic control device in an operable and safe condition, including with respect to its timing mechanism, resulted in a breach of that duty and created a dangerous condition. As a direct and proximate result of the dangerous condition, Andres Ramirez was required to and did employ physicians and surgeons and other medical personnel for the treatment and care of his injuries and thereby incurred medical expenses all to the damage of him and his Estate. As a further direct and proximate result of the dangerous condition, Andres Ramirez tragically passed away on February 25, 2019 from complications arising from the devastating injuries he sustained in the subject accident.

<u>Response 5:</u>

Andres Ramirez suffered a skull fracture, long contusion requiring a bilateral chest tube, small arachnoid bleed, bleeding from the left ear case by Mastoid bone fracture, cerebral edema which required an intra cranial monitor, and a left tibia compound fracture. Following the accident, Andres Ramirez remained in a coma for approximately two months. He eventually awoke from the coma but remained in a semi-conscious state until his tragic and untimely death on February 25, 2019. Andres Ramirez and the Estate of Andres Ramirez have claims for survival damages and Elba Hernandez and the other Andres Ramirez heirs have claims for wrongful death. This is an unlimited civil case.

Response 6:

Damages sought exceed $10,000,000.00; this case is an unlimited civil case. The exact amount will require expert evidence to ascertain.





Filippo Marchino, Esq.

4

# EXHIBIT 3



## OFFICE OF THE CITY ATTORNEY/CITY PROSECUTOR
### LIABILITY DIVISION

July 2, 2019

The X-Law Group, PC
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
Attn: Filippo Marchino

|          |          |
|----------|----------|
| RE:      | City of Pasadena Claim No.: 13,330 |
| Date of Loss: | 11/30/2015 |
| Your Client: | Elba Hernandez |

Dear Mr. Marchino:

Notice is hereby given that the claim you presented to the City Clerk, on May 22, 2019, was rejected on July 2, 2019. This notice shall not be considered a waiver of any right which the City of Pasadena may have to object to the sufficiency or timeliness of your claim.

### **WARNING**

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Sincerely,

Razmik Serkisian
Insurance and Claims Specialist

*100 North Garfield Avenue, Room N210 · P.O. Box 7115 · Pasadena, CA 91109-7215*
*(626) 744-4141 · Fax (626) 396-7339*

EXHIBIT "3"
Page 113

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I hereby declare and state:

I am employed in the County of Los Angeles. I am over the age of eighteen years and not a party to the within entitled action. My business address is 100 North Garfield Avenue, Suite N-210, Pasadena, California. My mailing address is P.O. Box 7115, Pasadena, CA 91109-7215.

On July 2, 2019 I served the foregoing document described as:

**Notice of Claim Rejection**

On the interested parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

The X-Law Group, PC
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
Attn: Filippo Marchino

[ **X** ]   BY MAIL:

[ **X** ]   As follows: I am "readily familiar" with the City's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pasadena, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

EXECUTED on July 2, 2019, at Pasadena, California.

Razmik Serkisian

THE X-LAW GROUP, P.C.

625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 625 Fair Oaks Avenue, Suite 390, South Pasadena, CA 91030.

On July 16, 2019, I served the following document(s) described as **PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES** on the interested parties in this action as follows:

Brian I. Hamblet, Esq.
Carmen M. Aguado, Esq.
**BURKE WLLIAMS & SORENSON LLP**
444 South Flower Street, Suite 2400
Los Angeles, CA 90071
Tel: (213) 236-0600
Fax: (213) 236-2700
BHamblet@bwslaw.com
CAguado@bwslaw.com

Attorneys for Defendant
CITY OF PASADENA

Jim B. Abeltin, Esq.
**ABELTIN & MIGOYA LLP**
250 N. Golden Circle Dr., Suite 115
Santa Ana, CA 92705
Tel: (714) 480-1080
Fax: (714) 480-1079
JAbeltin@AbeltinMigoya.com

Attorneys for Defendant,
JACQUELINE LICEA

**[ X ] BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons identified in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with my firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 16, 2019, at South Pasadena, California.



Declarant

19
PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **SECOND AMENDED COMPLAINT FOR (1) DECLARATORY JUDGMENT; (2) QUANTUM MERUIT; (3) VIOLATION OF THE AUTOMATIC STAY AND OTHER COURT ORDERS; (4) AVOIDANCE, RECOVERY, AND PRESERVATION OF FRAUDULENT TRANSFER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 25, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **INTERESTED PARTY: David B Golubchik**    dbg@lnbyb.com, stephanie@lnbyb.com
- **ATTORNEY FOR CHAPTER 7 TRUSTEE: D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR CHAPTER 7 TRUSTEE:** Richard L Kellner    rlk@kellnerlaw.com, irma.c.deleon@gmail.com
- **ATTORNEYS FOR CHAPTER 7 TRUSTEE:** Tinho Mang    tmang@marshackhays.com, tmang@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com
- **DEFENDANT AND ATTORNEY FOR REMAINING DEFENDANTS: Filippo Marchino**    fm@xlawx.com, tc@xlawx.com
- **CHAPTER 7 TRUSTEE: Richard A Marshack (TR)**    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **ATTORNEY FOR DEFENDANT FILIPPO MARCHINO:** Kurt Ramlo    kr@lnbyb.com, kr@ecf.inforuptcy.com
- **ATTORNEY FOR CHAPTER 7 TRUSTEE: John P. Reitman**    jreitman@landaufirm.com, srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com
- **UST: United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **February 25, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**MAIL REDIRECTED TO TRUSTEE 09/23/19**
**DEBTOR**
Eagan Avenatti, LLP
~~20341 SW Birch, Suite 220~~
~~Newport Beach, CA 92660-1514~~

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPIES NOT REQUIRED UNTIL FURTHER NOTICE**
**Judge Clarkson will excuse compliance with LBR 5005-2(d) (requiring Judge's copies)**
**until further notice.**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 25, 2021 | Cynthia Bastida | /s/ Cynthia Bastida |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.