| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| D. Edward Hays, #162507<br>ehays@marshackhays.com<br>MARSHACK HAYS LLP<br>870 Roosevelt<br>Irvine, California 92620<br>Tel: 949-333-7777 Fax: 949-333-7778<br>Richard L. Kellner, # 171416<br>rlk@kellnerlaw.com<br>KELLNER LAW GROUP PC<br>1180 South Beverly Drive, Suite 610<br>Los Angeles, California 90035<br>Tel: 310-780-6759  Fax: 310-277-0635<br>☐ Individual appearing without attorney<br>☒ Attorney for: Plaintiff, Richard A. Marshack | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>EAGAN AVENATTI, LLP<br><br>Debtor(s). | CASE NO.:  8:19-bk-13560-SC<br><br>ADVERSARY NO.: 8:20-ap-01086-SC<br><br>CHAPTER:  7 |
|---|---|
| RICHARD A. MARSHACK, Chapter 7 Trustee,<br><br>Plaintiff(s).<br>vs.<br>THE X-LAW GROUP, PC; FILIPPO MARCHINO; ELBA HERNANDEZ, YOUNG BLUE LLC, and SANDY LE,<br><br>Defendant(s). | **JOINT STATUS REPORT**<br>**[LBR 7016-1(a)(2)]**<br><br>DATE:  06/16/2021<br>TIME:  1:30 p.m.<br>COURTROOM:  5C<br>ADDRESS:  411 W. Fourth Street<br>Santa Ana, CA 92701*<br>*HEARING CONDUCTED VIA ZOOMGOV |

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1(a)(2):

A. **PLEADINGS/SERVICE:**

1. Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)?  ☒ Yes  ☐ No
2. Have all parties filed and served answers to the Claims Documents?  ☒ Yes  ☐ No
3. Have all motions addressed to the Claims Documents been resolved?  ☒ Yes  ☐ No
4. Have counsel met and conferred in compliance with LBR 7026-1?  ☒ Yes  ☐ No

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                    Page 1                    F 7016-1.STATUS.REPORT

5. If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," please explain below (*or on attached page*):

B. **READINESS FOR TRIAL:**

1. When will you be ready for trial in this case?

   | Plaintiff | Defendant |
   |---|---|
   | If there is cooperation in discovery, within 10 months the case should be ready for trial. | Unknown at this time. (The X-Law Group, P.C., Filippo Marchino, Elba Hernandez ("Defendants"). |

2. If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.

   | Plaintiff | Defendant |
   |---|---|
   | (See Attachment 1) | (See Attachment 1) |

3. When do you expect to complete <u>your</u> discovery efforts?

   | Plaintiff | Defendant |
   |---|---|
   | (See Attachment 1) | (See Attachment 1) |

4. What additional discovery do you require to prepare for trial?

   | Plaintiff | Defendant |
   |---|---|
   | (See Attachment 1). | (See Attachment 1) |

C. **TRIAL TIME:**

1. What is your estimate of the time required to present <u>your side of the case</u> at trial (*including rebuttal stage if applicable*)?

   | Plaintiff | Defendant |
   |---|---|
   | One to two court days. | 2-3 days. |

2. How many witnesses do you intend to call at trial (*including opposing parties*)?

   | Plaintiff | Defendant |
   |---|---|
   | TBD after receipt of documents and conduct of initial depositions. | Unknown. |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015 — Page 2 — F 7016-1.STATUS.REPORT

3. How many exhibits do you anticipate using at trial?

| Plaintiff | Defendant |
|---|---|
| TBD after receipt of discovery. | Unknown |

D. **PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court. [See LBR 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

| Plaintiff | Defendant |
|---|---|
| Pretrial conference ☒ is ☐ is not requested | Pretrial conference ☒ is ☐ is not requested |
| Reasons: | Reasons: |
| To narrow issues | To narrow issues |

| Plaintiff | Defendant |
|---|---|
| Pretrial conference should be set after: | Pretrial conference should be set after: |
| (date) 12/20/2021 | (date) 04/10/2022 |

E. **SETTLEMENT:**

1. What is the status of settlement efforts?

    The parties attempted to mediate this matter before Alan I. Nahmias on May 12, 2021. Unfortunately, the parties were unable to resolve the matter, and the Mediation was adjourned to enable both sides to later return to mediation once they gatehr more information about the strengths and weaknesses of their respective cases.

2. Has this dispute been formally mediated?    ☒ Yes    ☐ No
    If so, when?
    May 12, 2021

3. Do you want this matter sent to mediation at this time?

| Plaintiff | Defendant |
|---|---|
| ☐ Yes  ☒ No | ☐ Yes  ☒ No |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015 — Page 3 — F 7016-1.STATUS.REPORT

F. **FINAL JUDGMENT/ORDER:**

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below. Failure to select either box below may be deemed consent.

| Plaintiff | Defendant |
|---|---|
| ☒ I do consent | ☐ I do consent |
| ☐ I do not consent | ☒ I do not consent |
| to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. | to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. |

G. **ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (Use additional page if necessary)

Defendants have demanded a jury trial and do not consent to a jury trial in the bankruptcy court. Defendants intend to move for withdrawal of the reference in accordance with LBR 9015-2(h) and 5011-1 and the district court's Rule 9 (5011) of the Local Rules Governing Bankruptcy Appeals, Cases, and Proceedings.

Respectfully submitted,

Date: 06/10/2021

Kellner Law Group PC
Printed name of law firm

_(signature)_
Signature

Richard Kellner
Printed name

Attorney for: Plaintiff

Date: 06/10/2021

Leveve, Neale, Bender, Yoo & Brill L.L.P.
Printed name of law firm

_(signature)_
Signature

Kurt Ramlo
Printed name

Attorney for: The X-Law Group & Filippo Marchino

The X-Law Group, PC
Filippo Marchino
Attorney for: Elba Hernandez

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015    Page 4    F 7016-1.STATUS.REPORT

# Attachment 1

Supplemental Response to B(2).

- Trustee – It is anticipated that discovery will take longer than is customary in adversary proceedings before this Court because of: (a) the complexity of issues in this matter; (b) the likelihood of defendants to continue filing motions; and (c) the request of the United States Attorney prosecuting the criminal action against Michael Avenatti for the Trustee to delay discovery with respect to any matters which may arise in Michael Avenatti's upcoming criminal trial currently scheduled for July 13, 2021.
- Defendants-This case has been more complex than many due to the fact that the Trustee has filed multiple amended complaints, which resulted in Defendants filing corresponding motions to dismiss. Now that the Court has ruled on Defendants' motion to dismiss, Defendants do not anticipate further delay. Defendants do not understand what the Trustee means by "the likelihood of defendants to continue filing motions" but do contemplate filing motions for summary judgment and/or for partial summary judgment and a motion to withdraw the reference when the action is ready for trial. Defendants do not believe that the criminal trial of Michael Avenatti will have any impact on this adversary proceeding. The charges against Avenatti in the trial scheduled for July 13, 2021 have nothing to do with this case.

Supplemental Response to B(3)

- Trustee-November 14, 2021.
- Defendants-If the Trustee designates any expert witnesses, Defendants anticipate that their discovery efforts will be completed when they have deposed the experts and any discovery motions have been ruled on by the Court. For that reason Defendants tentatively suggest January 10, 2022.

Supplemental Response to B(4)

- As per the Court's request, below is Plaintiff's proposed discovery plan:
  - **Non-expert discovery shall be concluded by October 15, 2021:**
    - **Written discovery** – the parties will exchange written discovery (*i.e.*, special interrogatories, requests for production and/or requests for admissions). The first round will be served **by June 16, 2021.** It is anticipated that there will be at least two additional rounds of written discovery requests based upon: (a) follow-up discovery following depositions; and (b) follow-up discovery after completion of the upcoming criminal trial of Michael Avenatti by the U.S. Attorney for the Central District of California – in compliance with the U.S. Attorney's request that Trustee delay discovery on matters which may arise in such trial. The trial date for the criminal case is presently scheduled to commence in July 2021.

- **Depositions** – Plaintiff anticipate taking the depositions of Carlos Colorado and Elba Hernandez by September 17, 2021 – upon resolution of any disputes relating to the production of documents. Plaintiff anticipates taking the deposition of Filippo Marchino after completion of Michael Avenatti's criminal trial. However, if the Avenatti criminal trial is delayed past July 31, 2021, Plaintiff anticipates requesting that the deposition be conducted in two phases – the first involving matters that do not relate to Michael Avenatti's criminal trial, and the follow-up deposition relating to the remaining issues. Plaintiff also anticipates that discovery might reveal other potential deponents. Barring any unforeseen delays, **depositions** should be concluded by **October 15, 2021**.
- **Experts**
  - **Plaintiff** proposes that expert discovery and depositions take place between **October 18, 2021, and November 30, 2021**. Plaintiff anticipates that the following category of experts relating to: (a) the rules of professional conduct for attorneys; (b) the custom and practices for the transfer and/or referral of contingency cases in Southern California; and (c) the *quantum meruit* value of the services provided by Eagan Avenatti in connection with the Hernandez/Ramirez matter.
- Defendants find the dates proposed by the Trustee acceptable and presently anticipate conducting the following discovery
  - **Non-Expert Discovery**
    - **Written Discovery**-Defendant Hernandez has already served a set of interrogatories, requests for production, and requests for admission on the Trustee. Depending on the responses to these discovery requests and information learned during depositions, Defendants anticipate serving one to two additional rounds of discovery. Defendants do not believe any matters that could arise in the July 13, 2021 Avenatti criminal trial are relevant to this case and do not understand the Trustee's comment.
    - **Depositions**-Defendants anticipate deposing the some or all of the unnamed witnesses set forth in the Trustee's initial disclosures once he identifies them, including what the Trustee characterizes as individuals involved in the retrieval of documents from Eagan Avenatti servers who the Trustee believes may be relevant to authentication of the documents. Defendants anticipate deposing the Trustee and the prepetition receiver. Marchino opposes being deposed twice.
  - **Experts**
    - Without conceding that the categories identified by the Trustee are relevant or the proper subject of expert testimony, Defendants may designate rebuttal experts corresponding to any experts identified by the Trustee.

- Defendants suggest that the deadline for disclosure of experts and their reports be set for October 1, 2021 and the disclosure of rebuttal experts and their reports be set for November 1, 2021.