1 | RICHARD L. KELLNER (State Bar No. 171416)
rlk@kellnerlaw.com
2 | KELLNER LAW GROUP PC
1180 South Beverly Drive, Suite 610
3 | Los Angeles, California 90035
Telephone: (310) 780-6759
4 | Facsimile: (310) 277-0635

5 | Special Litigation Attorneys for Plaintiff and
Chapter 7 Trustee, RICHARD A. MARSHACK

6 | In Association with,

7 | D. EDWARD HAYS, #162507
ehays@marshackhays.com
8 | TINHO MANG, #322146
tmang@marshackhays.com
9 | 870 Roosevelt
Irvine, CA  92620
10 | Telephone: 949-333-7777
Facsimile: 949-333-7778
11 |
General Counsel for Plaintiff and Chapter 7 Trustee,
12 | RICHARD A. MARSHACK

13 | **UNITED STATES BANKRUPTCY COURT**

14 | **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

15 | In re | Case No.: 8:19-bk-13560-SC

16 | EAGAN AVENATTI, LLP, | Chapter 7

17 | Debtor. | Adv. No.:  8:20-ap-01086-SC

18 | RICHARD A. MARSHACK, Chapter 7 Trustee for Eagan Avenatti, LLP, | NOTICE OF RULING AND ORDER DENYING DEFENDANTS'MOTION TO WITHDRAW REFERENCE IN UNITED STATES DISTRICT COURT CASE NO.: 8:21-cv-01631-ODW

19 | Plaintiff,

20 | v.

21 | THE X-LAW GROUP, PC, a professional corporation; FILIPPO MARCHINO, an individual; and ELBA HERNANDEZ, individually and as personal representative and successor in interest to Andres Ramirez, deceased, | [ORDER ENTERED 12/10/21 AS DK. NO. 17]

22 |

23 |

24 | Defendants.

25 | / / /

26 | / / /

27 | / / /

28 | / / /

NOTICE OF RULING AND ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW REFERENCE

1   TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

2   DEFENDANTS, AND ALL INTERESTED PARTIES:

3         PLEASE TAKE NOTICE that on December 10, 2021, as Dk. No. 17, the United States

4   District Court, Central District of California, entered an order ("Denial Order") denying Defendants'

5   Motion to Withdraw Reference in the case of *Richard A. Marshack, as Chapter 7 Trustee for Eagan*

6   *Avenatti, LLP v. The X-Law Group, P.C., a professional corporation, et al.,* Case No.: 8:21-cv-

7   01631-ODW.  A true and correct copy of the Denial Order is attached as **Exhibit 1**.

8

9   Dated: December 14, 2021             MARSHACK HAYS LLP

10                         By    */s/ Tinho Mang*

11                               D. EDWARD HAYS
                              TINHO MANG

12                               Attorneys for Plaintiff and Chapter
                              7 Trustee, RICHARD A.

13                               MARSHACK

NOTICE OF RULING AND ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW REFERENCE

# Exhibit "1"

**O**
**JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| In re EAGAN AVENATTI LLP, | Case No. 8:21-cv-01631-ODW |
| Debtor. | **ORDER DENYING DEFENDANTS' MOTION TO WITHDRAW REFERENCE [10]** |
| RICHARD A. MARSHACK, as Chapter 7 Trustee for Eagan Avenatti, LLP, | Bankruptcy Case No.: 8:19-bk-13560-SC |
| Plaintiff, | Adversary Case No.: 8:20-ap-01086-SC |
| v. | Related Case No.: 8:21-cv-00336-ODW |
| THE X-LAW GROUP, P.C., a professional corporation, | |
| FILIPPO MARCHINO, an individual, | |
| ELBA HERNANDEZ, individually and as personal representative and successor in interest to Andres Ramirez, deceased, | |
| THE ESTATE OF ANDRES RAMIREZ, | |
| YOUNG BLUE LLC, a limited liability company, | |
| SANDY LE, individually and on behalf of Tina Ngan Le, decedent, | |
| Defendants. | |

Exhibit "1"
Page 3

## I.    INTRODUCTION

Defendants The X-Law Group, P.C., Filippo Marchino, and Elba Hernandez (collectively, "Moving Defendants") move this Court to withdraw the reference of the adversary proceeding, case number 8:20-ap-01086-SC (the "Adversary Proceeding"), from the Bankruptcy Court.  (*See* Moving Defs.' Am. Notice ("Notice") and Mot. Withdraw Reference ("Mot." or "Motion"), ECF No. 10.)  For the reasons discussed below, the Court **DENIES** Moving Defendants' Motion.[1]

## II.    BACKGROUND

Plaintiff Richard A. Marshack is the 11 U.S.C. Chapter 7 trustee for the bankruptcy estate of the law firm Eagan Avenatti, LLP ("Debtor").  (Mot. 1.)  On May 19, 2020, Plaintiff filed the Adversary Proceeding[2] against Defendants.  (*Id.*); *see generally* Compl., *Richard A. Marshack v. The X-Law Group, PC, et al.*, Case No. 8:20-ap-01086 (SCx) ("*Adversary Proceeding*"), ECF No. 1 ("Compl.").    In the Adversary Proceeding, Plaintiff filed a First Amended Complaint on October 26, 2020, *Adversary Proceeding*, ECF No. 92 ("FAC"), and a Second Amended Complaint on February 25, 2021, *Adversary Proceeding*, ECF No. 160 ("SAC").[3]

Moving Defendants now move this Court to withdraw reference of the Adversary Proceeding from the Bankruptcy Court on the basis that Defendants Hernandez and Marchino are entitled to a jury trial for the claims Plaintiff asserted against them and did not consent to the Bankruptcy Court's jurisdiction.  (Notice 2, 3.)

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[2] The Adversary Proceeding is related to the underlying Bankruptcy Court proceeding, case number 8:19-bk-13560-SC.

[3] Moving Defendants request the Court to take judicial notice of three documents from the *Adversary Proceeding* docket: (1) Plaintiff's SAC, (2) Defendants' May 20, 2021 answer to the SAC, and (3) a June 16, 2021 status conference hearing transcript (the "Hearing Transcript"). (Defs.' Req. Jud. Notice ("RJN"), ECF No. 2.)  Courts may take judicial notice of court filings and other undisputed matters of public record.  *See* Fed. R. Evid. 201(b); *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).  As all documents are court records, the Court **GRANTS** the RJN and takes judicial notice of the documents but does not take judicial notice of the disputed matters contained therein.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

Exhibit "1"
Page 4

Moving Defendants also assert the reference should be withdrawn because "judicial waste would ensue if the Trustee's other claims for relief against X-Law Group and Mr. Marchino were not withdrawn." (*Id.* at 3.)  In his opposition to the Motion, Plaintiff first argues that the Motion should be denied as untimely.  (Pl.'s Opp'n ("Opp'n" or "Opposition") 7–10, ECF No. 12.)  Plaintiff also asserts alternative bases for denying the Motion.  (*See generally* Opp'n.)  However, the Court need not analyze those arguments as it finds Defendants' Motion is in fact untimely.  Accordingly, as set forth below, the Court **DENIES** Defendants' Motion.

### III.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred" to the bankruptcy court, "on its own motion or on *timely* motion of any party, for cause shown."  (emphasis added).  Thus, as a preliminary matter, the Court must first determine whether any such motion is "timely."  *In re Vestavia Hills, Ltd.*, 630 B.R. 816, 850 (S.D. Cal. 2021).

A "[m]otion to withdraw [reference from bankruptcy court] is timely if it was made as promptly as possible in light of the developments in bankruptcy proceeding." *Id.* at 851 (quoting *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1007 n.3 (9th Cir. 1997)).  The purpose of the timeliness requirement is to ensure "that the request for withdrawal be filed as soon as practicable . . . so as to protect the court and the parties in interest from useless costs and disarrangement of the calendar, and to prevent unnecessary delay and the use of stalling tactics." *Id.* (quoting *In re Gen. Teamsters Warehousemen & Helpers Union*, No. 5-90-03823 ASW, 1994 WL 665288, at *4 (N.D. Cal. Nov. 8, 1994)).  Once the basis for withdrawal becomes apparent, "a party has a plain duty to act diligently—or else, to forever hold his peace." *Id.*  The party seeking withdrawal has the burden of establishing the propriety of withdrawing the reference. *FTC v. First All. Mortg. Co.*, 282 B.R. 894, 902 (C.D. Cal. 2001).

## IV.    DISCUSSION

Considering the time between Plaintiff's filing of the Adversary Proceeding and the time Defendants brought their Motion, the Court finds that the Motion was not "made as promptly as possible" and is therefore untimely.  *See In re Vestavia Hills, Ltd.*, 630 B.R. at 850.

In determining the timeliness of a motion to withdraw, "courts have focused not just on the absolute amount of time that has passed, but the extent of the proceedings that have already occurred in the case." *Id.* at 851.  "Courts have found a motion to withdraw the reference untimely when a significant amount of time has passed since the moving party had notice of the grounds for withdrawing the reference or where withdrawal would have an adverse effect on judicial economy." *Id.* (quoting *Hupp v. Educ. Credit Mgmt. Corp.*, No. 07-CV-1232-WQH (NLS), 2007 WL 2703151, at *3 (S.D. Cal. Sept. 13, 2007)).   Accordingly, the threshold determination is when Defendants first "had notice of the grounds for withdrawing." *Id.*   Moving Defendants' grounds for withdrawal are based on their asserted right to a jury trial for the claims Plaintiff brought against them.  (Notice 2, 3.)  Accordingly, the Court finds that Moving Defendants had notice of their grounds for withdrawal as of the October 26, 2020 FAC, when they first became aware of Plaintiff's claims.

In their Motion, Moving Defendants assert that their grounds for withdrawal stem from Plaintiff's claims in the February 25, 2021 SAC: (1) quantum meruit-related declaratory relief claim against Hernandez and X-Law (the SAC's First Claim); (2) quantum meruit claim against Hernandez (the SAC's Second Claim); (3) damages claims against X-Law and Marchino for violations of an automatic stay and Bankruptcy Court order (the SAC's Third Claim); and (4) the voidable transaction or fraudulent transfer claim against Marchino and X-Law (the SAC's Fourth Claim). (Notice 2, 3.)  However, Plaintiff's earlier-filed FAC includes all of these claims. *See* FAC ¶¶ 58–65, 108–132 (alleging Second Claim against Hernandez and X-Law for quantum meruit and related declaratory relief claims, Eighth Claim against X-Law

and Marchino for damages resulting from violations of the automatic stay and Bankruptcy Court order, and Ninth Claim against Marchino and X-Law for voidable transfer or transaction).    Defendants therefore had notice of the grounds for withdrawal since October 26, 2020, when Plaintiff filed the FAC.

Nevertheless, Defendants initiated this withdrawal action to bring the Motion on October 4, 2021—almost one year later.    (*See* Mot.)    This delay[4] renders the Motion untimely because of both its length of time as well as the extent of the proceedings that have occurred during that time.    First, Moving Defendants' delay of nearly one year supports finding the Motion untimely.    *See e.g.*, *In re GTS 900 F, LLC*, No. 2:09-BK-35127-VZ, 2010 WL 4878839, at *2 (C.D. Cal. Nov. 23, 2010) (finding untimely a motion to withdraw the reference because the plaintiff waited eight months despite being able to file sooner); *Hupp*, 2007 WL 2703151, at *3 (finding the motion to withdraw untimely because it was brought fifteen months after the original complaint was filed, and seven months after first raising the issues raised in the motion).

Second, in this approximately one-year period, significant developments have occurred in the Adversary Proceeding and therefore, withdrawing the reference at this point would adversely impact judicial economy.    *See In re Vestavia Hills, Ltd.*, 630 B.R. at 850.    Between the filing of the FAC and the filing of the Motion, over 130 documents—including motions, Bankruptcy Court orders, and other filings—have been entered in the Adversary Proceeding's docket.    The Motion is therefore also untimely because granting it now would have an adverse effect on judicial economy. *See In re Grace Miles*, No. C 10-0940 SBA, 2010 WL 3719174, at *2 (N.D. Cal. Sept. 17, 2010) (finding motion to withdraw untimely after delay of "close to a year" because "withdrawing the reference at this juncture, after extensive proceedings already have taken place, would likely have an adverse [effect] on judicial economy

_____

[4] Even if the February 25, 2021 SAC was the operative complaint in this analysis, the Court finds Moving Defendants' nearly eight-month delay would nevertheless render the Motion untimely.

1    and the administration of justice"); *In re Woodside Grp., LLC*, No. CV 10-222-
2    VBF(x), 2010 WL 11596179, at *2 (C.D. Cal. May 21, 2010) (holding that a motion
3    to withdraw filed eight months after the complaint was untimely "[c]onsidering the
4    substantial activity and progress in the bankruptcy proceeding").

5       Moving Defendants argue that the timeliness of their Motion should be based
6    on their "timely jury demand"[5] instead of the notice of their grounds for withdrawal in
7    the FAC.  (Reply 2.)  Without citing any authority, Moving Defendants conclude,
8    "Where the sole ground for withdrawal is that a district court must conduct a jury trial,
9    a motion for withdrawal shortly before trial is timely."  (*Id.* at 3.)  However, as
10   explained above, the timeliness of a motion to withdraw is based on when the movant
11   was first put on notice of the grounds for withdrawal—not the date of a jury demand.
12   *See In re Vestavia Hills, Ltd*, 630 B.R. at 850.

13      Moving Defendants fail to explain their one-year delay in filing the Motion.
14   Since Plaintiff filed the FAC, no new events or substantial changes occurred that
15   "changed the relationship" between the parties and the bankruptcy estate.  *See Szanto*
16   *v. Santo*, No. 3:18-MC-0438-SI, 2019 WL 1932366, at *4 (D. Or. May 1, 2019)
17   ("There was no new event . . . that changed the relationship between Plaintiff and the
18   bankruptcy estate.  Instead, [movant] became unhappy with the rulings of the
19   Bankruptcy Court and wanted this Court to take over adjudicating the Adversary
20   Proceeding.").  Indeed, the only significant events that transpired between Plaintiff's
21   filing of his FAC and Moving Defendants' filing the Motion are the Bankruptcy
22   Court's denials of several of Defendants' motions.  *See* Orders Den. Defs.' Mot.,
23   *Adversary Proceeding*, ECF Nos. 90, 132, 133, 165.  This suggests that Moving
24   Defendants may be dissatisfied with the rulings in the Adversary Proceeding and, as a

---

25   [5] Citing Local Bankruptcy Rule 9015-2, Moving Defendants assert "a motion for withdraw of the
26   reference is timely if filed and served within 7 days after the bankruptcy court's entry of a pretrial
     order."  (Reply 3, ECF No. 15.)  However, the Local Bankruptcy Rule does not explicitly say this
27   timeline renders such a motion "timely" for Section 157(d) purposes, and there is no mention of if or
     how this Rule supersedes the standard set forth Section 157(d) and the Ninth Circuit cases
28   interpreting it.

Exhibit "1"
Page 8

result, may be forum shopping.  *See e.g.*, *In re Woodside Grp., LLC*, 2010 WL 11596179, at *2 ("Because Defendants did not move to withdraw the reference until after the resolution of the preliminary injunction matter against them, there are also concerns that their request is motivated by forum shopping.").  Accordingly, Moving Defendants have failed to meet their burden to show they filed the Motion at the "first reasonable opportunity."  *In re GTS 900 F, LLC*, 2010 WL 4878839, at *2 (quoting *Stratton v. Vita Bella Grp. Homes, Inc.*, No. CV F07-0584-LJO, 2007 WL 1531860, at *2 (E.D. Cal. May 25, 2007).  Thus, the Motion is untimely and the Court will not consider its merits.

## V.    CONCLUSION

For the reasons discussed above, the Court **DENIES** Moving Defendants' Motion to withdraw reference.  (ECF No. 10.)

**IT IS SO ORDERED.**

December 10, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **NOTICE OF RULING AND ORDER DENYING DEFENDANTS'MOTION TO WITHDRAW REFERENCE IN UNITED STATES DISTRICT COURT CASE NO.: 8:21-cv-01631-ODW** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 14, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On **December 14, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**MAIL REDIRECTED TO TRUSTEE 09/23/19**
**DEBTOR**
EAGAN AVENATTI, LLP
~~20341 SW BIRCH, SUITE 220~~
~~NEWPORT BEACH, CA 92660-1514~~

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 14, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT,
CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 14, 2021 | Cynthia Bastida | */s/ Cynthia Bastida* |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
4839-2771-4732, v. 1

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **ATTORNEY FOR DEFENDANT THE X-LAW GROUP, PC AND DEFENDANT FILIPPO MARCHINO:** David B Golubchik    dbg@lnbyb.com, stephanie@lnbyb.com
- **ATTORNEY FOR PLAINTIFF RICHARD A MARSHACK:** D Edward Hays    ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR PLAINTIFF RICHARD A MARSHACK:** Richard L Kellner    rlk@kellnerlaw.com, irma.c.deleon@gmail.com
- **ATTORNEY FOR PLAINTIFF RICHARD A MARSHACK:** Tinho Mang    tmang@marshackhays.com, tmang@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com
- **DEFENDANT AND ATTORNEY FOR DEFENDANT THE X-LAW GROUP, PC; DEFENDANT YOUNG BLUE LLC; DEFENDANT ELBA HERNANDEZ, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE AND SUCCESSOR IN INTEREST TO ANDRES RAMIREZ, DECEASED; AND DEFENDANT SANDY LE, INDIVIDUALLY AND ON BEHALF OF TINA NGAN LE, DECEDENT:** Filippo Marchino    fm@xlawx.com, tc@xlawx.com; sg@xlawx.com
- **CHAPTER 7 TRUSTEE:** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
- **MEDIATOR:** Alan I Nahmias    anahmias@mbn.law, jdale@mbnlawyers.com
- **ATTORNEY FOR DEFENDANTS THE X-LAW GROUP, PC AND FILIPPO MARCHINO:** Kurt Ramlo    kr@lnbyb.com, kr@ecf.inforuptcy.com
- **ATTORNEY FOR PLAINTIFF RICHARD A MARSHACK:** John P. Reitman    jreitman@landaufirm.com, vrichmond@landaufirm.com; avedrova@landaufirm.com; hrichmond@landaufirm.com
- **UST:** United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
4839-2771-4732, v. 1

**F 9013-3.1.PROOF.SERVICE**