1  RICHARD L. KELLNER (State Bar No. 171416)
   rlk@kellnerlaw.com
2  KELLNER LAW GROUP PC
   1180 South Beverly Drive, Suite 610
3  Los Angeles, California 90035
   Telephone: (310) 780-6759
4  Facsimile: (310) 277-0635

5  Special Litigation Attorneys for Plaintiff and
   Chapter 7 Trustee, RICHARD A. MARSHACK

6
7  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
   TINHO MANG, #322146
8  tmang@marshackhays.com
   870 Roosevelt
9  Irvine, CA 92620
   Telephone: 949-333-7777
10 Facsimile: 949-333-7778

11 General Counsel for Plaintiff and Chapter 7 Trustee,
   RICHARD A. MARSHACK

12          **UNITED STATES BANKRUPTCY COURT**

13     **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| 14  In re | Case No.: 8:19-bk-13560-SC |
| 15  EAGAN AVENATTI, LLP, | Chapter 7 |
| 16                    Debtor. | Adv. No.: 8:20-ap-01086-SC |
| 17 | **MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 18  RICHARD A. MARSHACK, Chapter 7 Trustee for Eagan Avenatti, LLP, | |
| 19                    Plaintiff, | <u>Hearing Date and Time:</u> Date:  April 12, 2022 |
| 20       v. | Time:  1:30 p.m. |
| 21  THE X-LAW GROUP, PC, a professional corporation; FILIPPO MARCHINO, an individual; | Place:  Courtroom 5C[1]        411 W. Fourth Street        Santa Ana, CA 92701 |
| 22  ELBA HERNANDEZ, individually and as personal representative and successor in interest to Andres | |
| 23  Ramirez, deceased, | |
| 24                    Defendants. | |

25

26

27  _____

28  [1] Hearing will be conducted via ZoomGov only.

                    1
MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
4882-4283-1875v.3-1015-131.2

1  TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

2  DEFENDANTS, AND ALL INTERESTED PARTIES:

3      PLEASE TAKE NOTICE that on April 12, 2022, at 1:30 p.m., in Courtroom 5C of the

4  United States Bankruptcy Court for the Central District of California, Santa Ana Division, located

5  at 411 West Fourth Street, Santa Ana, California 92701, Richard A. Marshack, chapter 7 trustee

6  ("Trustee') for the bankruptcy estate ("Estate") of Eagan Avenatti, LLP ("Debtor") and the

7  plaintiff in the above-captioned action ("Action"), will and hereby does move the Court for an

8  order granting leave to file a Third Amended Complaint ("TAC").

9      This Motion is made pursuant to Rules 15(a)(2) and 15(c) of the Federal Rules of Civil

10  Procedure, applicable in this adversary proceeding under Rule 7015 of the Federal Rules of

11  Bankruptcy Procedure ("FRBP"), and on the grounds set forth in the Motion in greater detail.

12      If you do not oppose the Motion, you need take no further action. However, if you object

13  to the Motion, pursuant to Local Bankruptcy Rule 9013-1, any opposition must be filed with the

14  court no later than 14 days prior to the date of the hearing on the Motion. You must file your

15  opposition with the Clerk of the United States Bankruptcy Court. You must also serve a copy of

16  your opposition upon Richard L. Kellner and D. Edward Hays no later than 14 days prior to the

17  date of the hearing on the Motion at the mailing address indicated in the upper left corner of the

18  first page of this Motion, and upon the Office of the United States Trustee at 411 W. Fourth Street,

19  Suite 7160, Santa Ana, CA 92701. Any failure to timely file and serve an opposition may result in

20  a waiver of any such opposition and the court may enter an order granting the Motion without

21  further notice.

22   Dated: March 14, 2022                    MARSHACK HAYS LLP

23                                            By ___/s/ D. Edward Hays_____

24                                               D. EDWARD HAYS
25                                               TINHO MANG
                                                 Attorneys for Plaintiff and Chapter 7
26                                               Trustee, RICHARD A. MARSHACK

27

28

MOTION TO AMEND COMPLAINT
4882-4283-1875v.3-1015-131.2

**MEMORANDUM OF POINTS AND AUTHORITIES**

## 1.    Summary of Argument

Motions for leave to amend a complaint should be liberally granted if they are timely, will not cause prejudice, and are not made in bad faith. During discovery in this case, Trustee identified evidence that Debtor transferred over $1 million to Defendants that was previously unknown. Trustee believes that the transfers are subject to avoidance as actually fraudulent. Leave to amend will not cause prejudice because Trustee still had time to file a separate adversary proceeding. But, to avoid unnecessarily multiplying litigation, Trustee makes this motion in good faith after Defendants refused to stipulate for leave to amend. Although Defendants dispute that the transfers are subject to avoidance, they will have an opportunity to defend the claims at trial.

## 2.    Background Facts

### A.    Debtor Overview

Debtor was a law firm formerly run by Michael J. Avenatti ("Avenatti"). The firm regularly represented parties in high profile cases, often pursuant to contingency fee agreements.

### B.    Pre-Bankruptcy Facts

On June 5, 2017, a complaint was filed by Debtor on behalf of "ANDRES RAMIREZ, a minor, by and through his mother and guardian ad litem ELBA HERNANDEZ" against the City of Pasadena, initiating case number BC664114 in the Superior Court for the County of Los Angeles ("Ramirez Action").

In short, the Ramirez Action was commenced after Andres Ramirez ("Mr. Ramirez"), a 12-year-old boy (in 2015) was riding a bicycle across an unreasonably dangerous traffic intersection located in Pasadena when he was critically injured by a car and was left in a state of unresponsive wakefulness for a number of years. Because Mr. Ramirez was a minor, and also because he was in a state of unresponsive wakefulness, his mother Elba Hernandez ("Ms. Hernandez") was the person[2] interfacing with Debtor on behalf of her incapacitated son.

---

[2] Mr. Ramirez's father is not involved. The specific reasons for this are unknown by Trustee.

1    Prior to the filing of the Ramirez Action, Debtor prosecuted and prevailed in a petition to

2  file a late action against government entities, which petition was filed on December 20, 2016, and

3  which was granted in May 2017. Without Debtor's actions of prosecuting and prevailing in the

4  petition to file the action, the Ramirez Action would likely have failed.

5    At some point after the Ramirez Action commenced, Michael Avenatti and Filippo

6  Marchino ("Mr. Marchino") signed an agreement dated "as of August 1, 2018" under which

7  Debtor purported to transfer all of its personal property, including the computer servers on which

8  its client files were stored, to The X-Law Group, P.C. ("X-Law"). Prior to this date, Mr. Marchino

9  had a close relationship with Debtor and, as alleged in the operative complaint, both Mr. Marchino

10  and X-Law constitute insiders of the Debtor.  *See* SAC [Adv. Dk. 160], ¶¶ 147, 160. Notably, Mr.

11  Marchino was the attorney handling the Ramirez Action and represented in emails that he was

12  acting in his capacity as a partner at EA.

13    On July 26, 2018 (around the time of the agreement to transfer), X-Law filed a substitution

14  of counsel in the Ramirez Action, replacing Debtor as counsel for the plaintiff.

15    On February 25, 2019, Mr. Ramirez passed away.

16    In May 2019, Ms. Hernandez was appointed the personal representative of the Ramirez

17  estate. Thereafter, on July 16, 2019, the operative complaint was amended to change Ms.

18  Hernandez's capacity as the personal representative of her son's estate, and to also add Ms.

19  Hernandez as an individual plaintiff based upon her claim that she was the solitary heir to her

20  son's estate. Specifically, Ms. Hernandez alleged in that amended complaint:

21    "Plaintiff ELBA HERNANDEZ is the mother of decedent Andres Ramirez. She
      is also the personal representative of the ESTATE OF ANDRES RAMIREZ and
22    is a successor in interest of Ramirez. She is entitled to bring this wrongful
      death/survivorship action pursuant to Code of Civil Procedure Sections 377.60
23    and 377.30 on behalf of Plaintiff The Estate of ANDRES RAMIREZ, on behalf
      of Andres Ramirez, deceased, and on behalf of herself and the other Andres
24    Ramirez heirs. Ramirez died without issue, and ELBA HERNANDEZ would be
      entitled to Ramirez's estate through the rules of intestate succession."
25

26    On June 19, 2019, a Notice of Lien was filed in the Ramirez Action by the receiver based

27  upon Debtor's *quantum meruit* entitlement to attorney fees.

28

2

MOTION TO AMEND COMPLAINT

## C.    Bankruptcy and the Adversary Proceeding

On September 13, 2019, Debtor (through its receiver) filed a voluntary petition for bankruptcy under Chapter 7 of Title 11 of the United States Code, initiating the above-captioned bankruptcy case. Richard A. Marshack is the duly-appointed and acting Chapter 7 trustee for the Estate.

On May 19, 2020, the Trustee filed a complaint against X-Law, Mr. Marchino, Ms. Hernandez, Young Blue LLC, and Sandy Le, initiating the above-captioned adversary proceeding.

On July 2, 2020, as Adv. Dk. No. 31, X-Law and Mr. Marchino filed a motion to dismiss the complaint ("First MTD").

On September 16, 2020, as Adv. Dk. No. 59, the Trustee filed a motion for leave to file a first amended complaint ("First Amend Motion").

The Court granted the First Amend Motion, and on October 26, 2020, as Adv. Dk. No. 92, the Trustee filed a first amended complaint ("FAC").

On November 13, 2020, as Adv. Dk. No. 96, X-Law and Mr. Marchino filed a second motion to dismiss, with reference to the FAC ("Second MTD").

On December 29, 2020, as Adv. Dk. No. 102, Trustee filed a second motion for leave to file an amended complaint ("Second Amend Motion"), which was granted over Defendants' opposition.

On February 4, 2021, as Adv. Dk. No. 146, the Court entered an order denying the Second MTD ("Second MTD Denial Order"). Defendants filed an appeal, and further appealed the affirmance of the Second MTD Denial Order to the Ninth Circuit Court of Appeals.

On February 25, 2021, as Adv. Dk. No. 160, Trustee filed his Second Amended Complaint ("SAC"), which is the current operative complaint.

On March 18, 2021, as Adv. Dk. No. 165, Defendants filed a third motion to dismiss ("Third MTD").

On May 12, 2021, the parties engaged in a one-day mediation conference with Alan I. Nahmias serving as mediator. The matter did not settle after mediation.

1        On May 13, 2021, as Adv. Dk. No. 206, the Court entered an order denying the Third

2  MTD in its entirety.

3        On May 20, 2021, as Adv. Dk. No. 215, Defendants filed a joint answer to the SAC.

4  Discovery proceeded.

5        On September 11, 2021, as Dk. No. 320 in the main case, Trustee (through special counsel

6  John Reitman) filed a motion to extend the time to file avoidance actions under 11 U.S.C. § 546.

7  No opposition was filed.

8        On October 1, 2021, as Dk. No. 329 in the main case, the Court entered an order extending

9  the period for Trustee to file actions under 11 U.S.C. § 546 through and including March 14, 2022.

10        The parties agreed to participate in one further voluntary mediation with the Hon.

11  Catherine E. Bauer (ret.) serving as consensual mediator. The second session of mediation

12  occurred on February 3, 2022, and the parties did not reach a settlement at that time. Based on the

13  failure to settle at mediation, this third motion for leave to file a third amended complaint ("TAC")

14  now follows.

## 3.      Legal Argument

16        "[A] party may amend its pleading only with the opposing party's written consent or the

17  court's leave. The court should freely give leave when justice requires." Fed. R. Civ. Proc.

18  15(a)(2) (made applicable to this adversary proceeding by Fed. R. Bankr. Proc. 7015).

### A.      Leave to amend should be granted in the interests of justice.

20        "Requests for leave to amend should be granted with 'extreme liberality.'" *Brown v. Stored*

21  *Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (quoting *Moss v. U.S. Secret Service*, 572

22  F.3d 962, 972 (9th Cir. 2009)). "When considering whether to grant leave to amend a district court

23  should consider several factors including undue delay, the movant's bad faith or dilatory motive,

24  repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

25  opposing party, and futility." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Indeed,

26  "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a

27  *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v.*

28  *Aspeon, Inc.*, 216 F.3d 1048, 1052 (9th Cir. 2003) (italics in original). The five factors have been

4

MOTION TO AMEND COMPLAINT

1  stated as follows: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of

2  amendment; and (5) whether plaintiff has previously amended his complaint." *Learjet, Inc. v.*

3  *Oneok, Inc. (In re Western States Wholesale Natural Gas Antitrust Litigation)*, 715 F.3d 716, 737

4  (9th Cir. 2013).

5          Under this motion, this will be the Plaintiff's third motion for leave to amend his

6  complaint. The complaint, as amended will only seek to add additional specific facts relating to

7  transfers which were discovered in the course of this litigation. Because these facts were only

8  discovered in the course of discovery during litigation, this motion is timely. The SAC already

9  contains a claim to avoid transfers from Debtor to Defendants as fraudulent. The proposed TAC

10  will include the specific facts surrounding the date, time, and amounts of these additional transfers

11  totaling in excess of $1 million.

12          ### i.          There is no bad faith or no undue delay in seeking leave to

13                           amend.

14          "A party may move—at any time, even after judgment—to amend the pleadings to

15  conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect

16  the result of the trial of that issue." Fed. R. Civ. Proc. 15(b)(2).

17          There is no undue delay in seeking leave to amend. The allegations presented in the

18  proposed third amended complaint were revealed during the course of discovery and will be

19  presented as direct evidence of intent to defraud and interrelationship between Defendants and

20  Debtor. As such, under FRCP 15(b)(2), the pleadings could be amended at any time to conform to

21  the evidence. Trustee seeks leave to file the TAC in order to provide full notice and an opportunity

22  to defend to Defendants, instead of seeking to amend the pleadings to conform to the evidence

23  after trial. Finally, because of the Court's order providing an extension of time under 11 U.S.C.

24  § 546 to file avoidance claims, Trustee could have simply filed these claims in a separate

25  adversary proceeding.

26          Prior to the filing of this motion, Trustee's counsel sought a stipulation from Defendants to

27  for leave to file the third amended complaint. Based on the parties' participation in mediation,

28  Defendants declined to consent. After mediation in February 2022 was unsuccessful, Trustee

MOTION TO AMEND COMPLAINT

1   renewed his request for a stipulation for leave to file a third amended complaint, but Defendants

2   again refused to consent. Thus, any perceived delay in the filing of this motion results from

3   mediation and Defendants' refusal to consent.

4       Therefore, there is no bad faith or undue delay in the filing of this motion for leave to

5   amend. No dispositive motions have been filed and trial has not yet been set.

6       ## ii.       There will be no prejudice to the opposing party by granting

7                leave to amend.

8       As discussed above, Trustee could simply file a separate complaint containing the new

9   allegations stated in the TAC, and such complaint would be timely. Thus, there is no prejudice to

10  allowing a further amendment, because Defendants would have to defend the claims if they were

11  filed. *See, e.g., Stewart v. Kroeker*, 2005 U.S. Dist. LEXIS 33625 at *9 (W.D. Wash. August 29,

12  2005) ("If the Court were to deny plaintiffs motion to amend, plaintiffs could file a separate

13  complaint containing the allegations which they wish to include here, thus requiring defendants to

14  go through a new round of discovery anyway."). However, in the interests of reducing the

15  multiplicity of litigation and seeking to conserve judicial resources, Trustee seeks to file the TAC

16  in this case, rather than filing a separate case and seeking to jointly try both proceedings at once.

17      ## iii.       Amendment will not be futile.

18      The specific allegations for further avoidable transfers stated in the TAC are facially

19  plausible and are not futile. The new evidence revealed during discovery showed that Defendants

20  received previously unknown check and wire transfers of over $1 million from Debtor, and the

21  TAC alleges that these transfers, under the circumstances, were made with actual fraudulent intent

22  and are therefore avoidable. The transfers were made shortly after Debtor's previous bankruptcy

23  case was dismissed pursuant to settlement agreements which Debtor breached. While Defendants

24  may allege certain affirmative defenses and argue that the claims will ultimately fail, the existence

25  of affirmative defenses does not render the TAC futile.

26      ## iv.       Plaintiff has previously filed two amended complaints.

27      As stated by the Ninth Circuit, the factor regarding leave to amend which references prior

28  amendments to complaints is whether there is "repeated failure to cure deficiencies by

6

MOTION TO AMEND COMPLAINT

1    amendments previously allowed." *Brown*, 953 F.3d at 574 (9th Cir. 2020).

2      Here, the TAC is not intended to cure any deficiencies in the SAC. Instead, the TAC

3    specifically states new, specific facts revealed in the course of discovery which form a claim to

4    avoid as fraudulent transfers in an amount in excess of $1 million. For example, the TAC alleges

5    that on June 18, 2018 (approximately 4 weeks after entry of a $10 million post-petition judgment

6    against Debtor based on breach of the settlement that resulted in Debtor's previous bankruptcy

7    case getting dismissed, and in the midst of that creditor's efforts to enforce its judgment), Debtor

8    made a $1 million wire transfer from its client trust account to X-Law. These funds were deposited

9    in the client trust account on the same day by entities controlled by Michael Avenatti. Trustee

10   believes that this transfer, under the circumstances, constitutes an avoidable fraudulent transfer.

11   **4.     Conclusion**

12     All factors to grant leave to amend are satisfied in this instance. The Court should grant

13   this motion and permit the Trustee to file the TAC in substantially the proposed form attached to

14   the Declaration of D. Edward Hays as Exhibit "1."

15

16    Dated: March 14, 2022        KELLNER LAW GROUP PC
                                                      Richard L. Kellner
17
18               In Association with,

19               MARSHACK HAYS LLP

20               By     /s/ *D. Edward Hays*

21                 D. EDWARD HAYS
                                                                       TINHO MANG
22                 Attorneys for Plaintiff and Chapter
                                                                       7 Trustee, RICHARD A.
23                 MARSHACK

24

25

26

27

28

MOTION TO AMEND COMPLAINT

4882-4283-1875v.3-1015-131.2

# Declaration of D. Edward Hays

I, D. EDWARD HAYS, say and declare as follows:

1.    I am an attorney at law duly admitted to practice before this Court and all courts of the State of California. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

2.    I am a founding partner of Marshack Hays LLP, general counsel for Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of Eagan Avenatti, LLP ("Debtor"), and plaintiff in this action.

3.    This Declaration is submitted in support of the Motion for Leave to File a Third Amended Complaint. The facts set forth in this declaration are true of my personal knowledge.

4.    A true and correct copy of the proposed Third Amended Complaint is attached as Exhibit 1.

5.    A true and correct, redlined copy of the proposed Third Amended Complaint showing all changes from the Second Amended Complaint is attached as Exhibit 2.

6.    The request for leave to file a Third Amended Complaint is not made in bad faith and will not cause prejudice to the Defendants. As explained in the Motion above, the claims stated in the TAC could have been filed in a separate complaint.

7.    Although multiple requests were made before, during, and after mediation in February 2022, Defendants would not stipulate for leave to amend.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 14, 2022.

*/s/. D. Edward Hays*
D. EDWARD HAYS

8

MOTION TO AMEND COMPLAINT

4882-4283-1875v.3-1015-131.2

**EXHIBIT "1"**

1  RICHARD L. KELLNER (State Bar No. 171416)
   rlk@kellnerlaw.com
2  KELLNER LAW GROUP PC
   1180 South Beverly Drive, Suite 610
3  Los Angeles, California 90035
   Telephone: (310) 780-6759
4  Facsimile: (310) 277-0635

5  Special Litigation Attorneys for Plaintiff and
   Chapter 7 Trustee, RICHARD A. MARSHACK

6  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
7  TINHO MANG, #322146
   tmang@marshackhays.com
8  870 Roosevelt
   Irvine, CA  92620
9  Telephone: 949-333-7777
   Facsimile: 949-333-7778
10
   General Counsel for Plaintiff and Chapter 7 Trustee,
11 RICHARD A. MARSHACK

12             **UNITED STATES BANKRUPTCY COURT**

13     **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| 14  In re | Case No.: 8:19-bk-13560-SC |
| 15  EAGAN AVENATTI, LLP, | Chapter 7 |
| 16                Debtor. | Adv. No.:  8:20-ap-01086-SC |
| 17 | **THIRD AMENDED COMPLAINT FOR** |
| 18  RICHARD A. MARSHACK, Chapter 7 Trustee for Eagan Avenatti, LLP, | **(1) DECLARATORY JUDGMENT;** |
| 19                Plaintiff, | **(2) QUANTUM MERUIT;** |
| 20         v. | **(3) VIOLATION OF THE AUTOMATIC STAY AND OTHER COURT ORDERS;** |
| 21  THE X-LAW GROUP, PC, a professional corporation; FILIPPO MARCHINO, an | **(4) AVOIDANCE, RECOVERY, AND PRESERVATION OF FRAUDULENT TRANSFERS** |
| 22  individual; ELBA HERNANDEZ, individually and as personal representative and successor in | |
| 23  interest to Andres Ramirez, deceased, | |
| 24                Defendants. | |

25

26         Plaintiff is Richard A. Marshack, chapter 7 trustee ("Trustee") for the bankruptcy estate

27  ("Estate") of Eagan Avenatti, LLP ("EA"). Because the Trustee was not appointed until after EA

28

                                    1
                        THIRD AMENDED COMPLAINT

**EXHIBIT "1"
PAGE 9**

1   filed bankruptcy on September 13, 2019 ("Petition Date"), the Trustee does not have personal

2   knowledge of alleged facts that occurred prior to the Petition Date and therefore makes those

3   allegations on information and belief. Such allegations are based on the following:  EA's files; the

4   records of EA's former equity receiver, Brian Weiss ("Receiver"); the testimony of EA's former

5   managing partner, Michael J. Avenatti, in various proceedings; information provided by other

6   attorneys who worked at EA; information provided by counsel for the City of Pasadena in the

7   Hernandez case; the trial testimony of Filippo Marchino in Michael Avenatti's criminal trial; and

8   documents filed with the Los Angeles County Superior Court, the United States Bankruptcy Court

9   for the Central District of California, and the United States District Court for the Central District

10   of California.

11                                    **JURISDICTION AND VENUE**

12          1.   In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Santa Ana

13   Division of the United States Bankruptcy Court for the Central District of California ("Bankruptcy

14   Court") has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334, because the

15   claims asserted arise under Title 11 of the United States Code or arise in or relate to the Chapter 7

16   case of the debtor, EA, currently pending in the Bankruptcy Court as Case No. 8:19-bk-13560-CB

17   ("EA Bankruptcy Case"). The outcome of this adversary proceeding will have a significant effect

18   on the Estate because it asserts claims for the establishment and protection of the Estate's property

19   rights and recovery of the proceeds of those rights. The claims for relief in this Complaint

20   constitute a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O). Regardless of whether

21   this is a core proceeding, consent is given to the entry of final orders and judgment by the

22   Bankruptcy Court. The defendants are notified that Fed. R. Bankr. P. 7012(b) requires each

23   defendant to state whether the defendant does or does not consent to entry of final orders or

24   judgment by the Bankruptcy Court.

25          2.   Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409

26   because the EA Bankruptcy Case is pending in this district and division. This Court also has

27   personal jurisdiction over defendants.

28   / / /

THIRD AMENDED COMPLAINT

**EXHIBIT "1"**

**PAGE 10**

1

**PARTIES**

2

3.   Plaintiff, Richard A. Marshack, is the chapter 7 trustee of the Estate.

3

4.   Defendant The X-Law Group, PC ("X-Law"), is a California professional corporation

4

with a primary place of business in Los Angeles County, California. On February 10, 2020, X-

5

Law filed proof of claim number 36-1 in the above-captioned bankruptcy case in the face amount

6

of $28,537,939.33.

7

5.   Defendant Filippo Marchino ("Marchino") is an individual with a primary place of

8

business in Los Angeles County, California, and the president of X-Law.

9

6.   Defendant Elba Hernandez, individually and as personal representative and successor

10

in interest to Andres Ramirez, deceased ("Hernandez"), is an individual who resides in Los

11

Angeles County, California. Hernandez is a former client of EA.

12

**GENERAL ALLEGATIONS**

13

7.   EA was a California based litigation law firm formed in the mid-2000s. From

14

approximately 2011 through 2019, the managing partner of EA was Michael J. Avenatti

15

("Avenatti").

16

8.   EA primarily handled plaintiff contingency matters, whereby the firm customarily

17

received legal fees after a case was resolved in favor of EA's client. EA's general business

18

practice was to enter into a fee agreement with each client providing that EA would be paid a

19

certain percentage of the proceeds of any judgment or settlement obtained on behalf of the client

20

and granting EA a lien on those proceeds to secure its right to fees.

21

**A.**    **Co-Defendant Filippo Marchino Was An EA Attorney Who Held Himself Out as an**

22

**EA Partner**

23

9.   Beginning in or around August 2016, co-defendant Filippo Marchino was an

24

attorney at EA who expressly represented himself as an EA partner.  In emails, Mr. Marchino

25

would customarily include the following signature block representing himself as an EA partner:

26

27

28

3

THIRD AMENDED COMPLAINT

Filippo Marchino, Esq.
Partner


Eagan
Avenatti LLP

1910 W. Sunset Blvd,
Suite 450
Los Angeles, CA 90026

520 Newport Center Drive,
Suite 1400
Newport Beach, CA 92660

Tel  +1 (949) 706-7000
Fax +1 (949) 706-7050

10.    Marchino sent out emails to publicize that he had joined EA and also identified himself in his e-mail signature block as a "Partner" of EA.

11.    Consistent with the foregoing, Marchino used the EA email address of fmarchino@eaganavenatti.com in connection with his work on EA cases, had access to the EA server, worked at EA offices, and had EA legal assistants, law clerks, and attorneys providing him with services in connection with his litigation of EA cases. <u>Notwithstanding his representations to the contrary, Marchino was an EA attorney who informed colleagues and the public that he was an EA partner.</u>

12.    <u>Consistent with his employment as an agent, attorney and/or partner of EA, Marchino received biweekly payments of approximately $4,800 on the EA payroll, at least through July or August 2017, as shown in the monthly operating reports filed in the 2017 Bankruptcy.</u>

13.    On August 3-4, 2021, Marchino testified under oath in the criminal trial of Michael Avenatti, case number SACR-19-00061-JVS. Marchino testified that X-Law partnered with EA beginning in late 2012 or early 2013. Additionally, Marchino testified that eventually, the employees of X-Law became employees of EA on the EA payroll, and the rent was paid by EA.

**B.    Co-Defendant Marchino Worked On and Supervised Other EA Attorneys in Connection with the Hernandez/Ramirez Action for EA**

14.    From 2016 through late 2018, Marchino continued to work as an EA attorney and represent himself as an EA partner.

4

THIRD AMENDED COMPLAINT

15.     From 2016 through late 2018, Marchino supervised EA's prosecution of numerous EA contingency litigation matters – including the Hernandez/Ramirez matter.

16.     From retention in 2016 through mid-2018, Marchino was the EA attorney supervising the prosecution of the Hernandez/Ramirez matter.  Marchino supervised other EA attorneys who were working on the case – and those attorneys would not only report developments in the case, but also seek his advice and consent regarding many litigation issues. Marchino edited, prepared, and directed the content and filing of various pleadings in the Hernandez/Ramirez matter. Marchino supervised and was involved in the propounding and responding of discovery requests, and conducted multiple depositions stating his appearance as an attorney for EA, without any mention of the X-Law Group.

17.     During this time period, Marchino received compensation in the form of paychecks from EA.  Indeed, in post-petition filings, Marchino was listed as being on the payroll of EA as an attorney – including the time period when Marchino was handling the Hernandez/Ramirez case for EA. Specifically, in several monthly operating reports filed by EA, Marchino was listed as receiving biweekly payments for "Payroll" in the approximate amount of $4,877.

18.     On May 25, 2017, X-Law filed a proof of claim in the 2017 Bankruptcy (defined below), seeking an unsecured nonpriority claim of $17,000,000 for "services rendered." The proof of claim was signed by Marchino.

19.     Further, in its Third Chapter 11 Status Report filed on October 18, 2017 in the 2017 Bankruptcy, EA represented that X-Law (of which Marchino is the principal) has unsecured claims against EA's contingency attorneys' fees "from certain of its litigation assets."

20.     As a result, Marchino had a direct financial and professional interest in the recoveries generated by EA cases, including the Hernandez/Ramirez matter.

**C.     EA and Marchino (As an EA Attorney) Performed Significant Work on the Hernandez/Ramirez Matter and, By the Spring of 2018, Had Determined That It Had Substantial Value.**

21.     EA represented Hernandez both in her individual capacity and in her capacity as guardian *ad litem* for her minor son, Andres Ramirez ("Ramirez"), who was severely injured when

**EXHIBIT "1"
PAGE 13**

he was struck by a car while riding his bicycle through an intersection in the city of Pasadena, California ("Pasadena").

22.    In 2015, Ramirez was twelve years old and was riding his bicycle alongside an unreasonably dangerous traffic intersection located in Pasadena.  Ramirez was critically injured by a car and was in a state of unresponsive wakefulness (commonly referred to as a vegetative state). Accordingly, Ramirez's mother, Elba Hernandez ("Hernandez") acted as Ramirez's guardian *ad litem* and retained EA to represent him.

23.    In or around June 2016, EA substituted as counsel for Hernandez/Ramirez in place of Jacobs & Jacobs LLP ("Jacobs Firm").  EA rejected the Jacobs Firm's position that the case was not viable against the City of Pasadena, and worked up the case so that it had significant value against the City of Pasadena.

24.    In a letter dated January 20, 2016, the Jacobs Firm stated that it represented "Elba Hernandez, as the mother **and** on behalf of Andres Ramirez, a minor." (emphasis added).

25.    Trustee is in possession of an executed retainer agreement (in Spanish) executed by Hernandez with EA. Paragraph 8 of the retainer agreement contains an attorney lien provision. The Trustee has yet to locate a copy of the retainer agreement that was countersigned by EA.

26.    Hernandez's primary language is Spanish, not English, and EA attorney Carlos X. Colorado acted as primary communicator with Hernandez due to his fluency in the Spanish language.

27.    The subject case has been litigated in the Los Angeles Superior Court under Case No. BC664114 ("Hernandez Case"), which case remains pending as to only the "driver." A true and correct copy of the state court docket for the Hernandez Case is attached as Exhibit "1."

28.    Marchino was the attorney in charge of the Hernandez/Ramirez matter from the time of EA's retention in June 2016 through at least August 2018.

29.    The initial trial date of December 5, 2018, was still on as of the Spring of 2018.

30.    Under Marchino's supervision, EA performed substantial work in the litigation of the Hernandez/Ramirez matter.  Among other things, EA performed at least the following legal services on behalf of Ramirez and Hernandez:

6

THIRD AMENDED COMPLAINT

EXHIBIT "1"

PAGE 14

a.  filing a tort claim with Pasadena on October 7, 2016, including discussion and legal research regarding the filing of a late claim against the city, including the legal exceptions and excuses for the late-filing, which EA ultimately prevailed on;

b.  when the claim was rejected as untimely (an administrative prerequisite for filing a petition against the city), filing an application with Pasadena for leave to file a late claim;

c.  when that application was denied (i.e. exhausting administrative remedies), filing a petition in the Los Angeles Superior Court ("Superior Court") for leave to file a complaint against Pasadena, which was granted based on arguments generated by EA attorneys;

d.  preparing and filing the operative complaint against Pasadena in the Superior Court;

e.  amending the complaint to add as a defendant Jacquelyn Licea, the driver of the car that struck Ramirez, and corresponding with counsel for Ms. Licea;

f.  conducting independent discovery, including the acquisition and review of public records underlying the accident;

g.  retaining, paying, and working with experts regarding accident reconstruction, medical issues, and biomechanical issues;

h.  making inquiries regarding a life-planning expert for the case;

i.  conducting depositions of multiple parties, including the two first responders;

j.  exchanging written discovery; and

k.  otherwise preparing the case for trial.

31.    Indeed, the billing of costs – including the depositions and experts – were sent directly to Marchino – at his EA law firm and email address.

32.    Notably, Marchino himself conducted the two depositions and stated that he was doing so in his capacity as "Filippo Marchino from Eagan Avenatti." With respect to litigation questions on the case, EA attorneys sought and obtained Marchino's advice and consent.

EXHIBIT "1"
PAGE 15

33.    EA and Marchino were aware of the substantial attorneys' fees that were likely recoverable in the Hernandez case.  In fact, on April 27, 2018, EA filed a Statement of Damages of $116,801,000 for the case.  This included a claim of $40 million in future medical expenses and $30 million in emotional distress.

34.    During the litigation, Hernandez advised EA that she did not expect Ramirez to survive the litigation and still had EA continue to provide legal representation in the case (which was expected to solely compensate her for the damages suffered).  Ramirez was in a vegetative state with no true hope of recovery. These discussions began no later than May 2018.

35.    Further, Hernandez maintains that she is the sole heir of her son, Andres Ramirez. As a result, she would be the person to receive any financial benefit for the damages recovered in the litigation upon her son's anticipated death.

36.    Thus, both Hernandez and EA were aware that the representation that EA was providing in the litigation was for Hernandez's ultimate benefit.

**D.    The JFL Judgment of $10 Million Against EA.**

37.    On June 1, 2018, less than two weeks after the JFL Judgment was entered against EA, X-Law obtained a substitution of attorney from Avenatti pursuant to which it became Hernandez' counsel in place of EA in the Hernandez Case. Marchino signed the substitution on behalf of X-Law. The substitution was filed with the Superior Court on July 26, 2018, fifteen days *after* the Bankruptcy Court had entered the order restraining EA from "assigning, encumbering, or in any way transferring" its fee rights in a number of cases, specifically including the Hernandez Case.

38.    Nonetheless, Marchino continued to work on the Hernandez Case and continued to represent that he was a partner of EA on emails relating to the case – through at least August 2018.

39.    Even in October 2018, EA continued to participate in the case, including the tender of jury fees by EA and filing of notices, instead of X-Law.

**D.    The JFL $10 Million Judgment Against EA.**

40.    In 2016, an arbitration claim was filed against EA and Avenatti by Jason Frank Law ("JFL"), the professional corporation of Jason Frank.  Mr. Frank is an attorney who

1  previously worked at EA. EA fared badly in the early stages of the arbitration due to Avenatti's

2  refusal to comply with discovery requests. Two days before a major discovery deadline in the

3  arbitration, Avenatti orchestrated the filing of an involuntary bankruptcy case against EA in the

4  Middle District of Florida on March 1, 2017, thereby staying the arbitration.

5       41.    Avenatti consented to EA being placed into Chapter 11 bankruptcy on March 10,

6  2017, and the case was subsequently transferred to the Bankruptcy Court on May 16, 2017 (*In re*

7  *Eagan Avenatti, LLP*, Case No. 8:17-bk-11961-CB) ("2017 Bankruptcy"). Upon the filing of the

8  2017 Bankruptcy, all assets of EA became property of the bankruptcy estate subject to the

9  automatic stay of 11 U.S.C. § 362.

10       42.    The 2017 Bankruptcy was dismissed on March 15, 2018, as part of a structured

11  settlement approved by the Bankruptcy Court. That structured settlement required EA, following

12  the dismissal of the bankruptcy, to pay certain debts it owed to creditors, including JFL. The

13  dismissal order specifically provides that the Court would retain post-dismissal jurisdiction.

14  Shortly after the 2017 Bankruptcy was dismissed, EA defaulted on its obligations under the

15  settlement agreement. As a result of EA failing to make any of the required payments to JFL, the

16  Bankruptcy Court entered a judgment in favor of JFL and against EA in the amount of $10 million

17  on May 22, 2018 ("JFL Judgment").

18       43.    For Marchino, the JFL Judgment of $10 million against EA directly affected his

19  financial interests.  Until the $10 million JFL Judgment against EA was satisfied, the revenues

20  from EA would first have to be used to satisfy the judgment – before Marchino could receive

21  compensation for his services and any percentage interest in any EA contingency fees.

22       44.    As a result, as long as the contingency cases remained at EA, Marchino knew that

23  he could potentially be working on matters for which he would receive no compensation – with all

24  of the EA fees/revenues going to satisfy the $10 million JFL judgment.

25       45.    Further, at the time the JFL Judgment was entered, Marchino was aware of the

26  substantial potential value of the Hernandez/Ramirez matter – because he was the supervising

27  attorney working on the case through discovery and depositions.

28

9

THIRD AMENDED COMPLAINT

46.     Accordingly, the only way that Marchino could be guaranteed the ability to retain his interest in the Hernandez/Ramirez case would be to prevent the JFL Judgment from being enforced against the fee rights in the case, which was sought to be accomplished by: (a) moving the case to his separate law firm entity – X Law; (b) stripping EA of its interest in the fees on the case; and (c) X-Law continuing to work on the case until its conclusion with substantially the same EA attorneys that previously worked on the case.

47.     Indeed, the same EA attorneys and staff who worked on the Hernandez/Ramirez case while at EA (including Marchino), continued to litigate the case on behalf of X-Law when the case was moved over to that firm.

48.     However, EA/Marchino/X-Law took actions relating to the Hernandez/Ramirez matter that were done in direct violation of Bankruptcy Court Orders.

49.     On June 20, 2018, as Docket No. 470 in the 2017 Bankruptcy (post-dismissal), JFL filed a motion in the 2017 Bankruptcy, seeking assignment of EA's fee rights to JFL to satisfy the JFL Judgment or entry of a restraining order against EA regarding certain specified "Lawsuit Receivables." Among the Lawsuit Receivables were the following two specifically identified actions:

|     | Case Name | Court | Case Number | Date Commenced | Source |
|-----|-----------|-------|-------------|----------------|--------|
| 45. | Ramirez v. City of Pasadena | LASC | BC644094 | 12/20/2016 | Andres Ramirez, a minor |
| 46. | Ramirez v. City of Pasadena | LASC | BC664114 | 6/5/2017 | Andres Ramirez, a minor; Elba Hernandez, Guardian |

50.     On July 11, 2018, as Docket No. 498 in the 2017 Bankruptcy, the Bankruptcy Court entered an order restraining EA from "assigning, encumbering, or in any way transferring any proceeds, attorney's fees, costs, rights to payments and accounts receivable it is or may be entitled to receive from the lawsuits and clients listed on Exhibit A to the Frank Declaration attached to the Motion" (including the two actions identified above) and requiring EA to disclose the receipt of fees by EA or Avenatti ("July 11th Order"). A copy of the July 11th Order is attached as Exhibit "2." No appeal of the July 11th Order was ever filed.

10

THIRD AMENDED COMPLAINT

51.     On August 31, 2018, the JFL Judgment was registered before the United States

District Court for the Central District of California and was assigned to Chief Judge Virginia A.

Phillips [*In re Eagan Avenatti*, 8:18-cv-01644-VAP-KES] ("Judgment Enforcement Case").

52.     As part of the Judgment Enforcement Case, JFL moved for the appointment of an

independent receiver for the assets of EA. Avenatti stipulated to the appointment of Brian Weiss

as the equity receiver for EA ("Receiver"). Pursuant to that stipulation, on February 13, 2019, the

District Court entered a Receivership and Restraining Order against EA and Avenatti.

53.     On September 13, 2019 ("Petition Date"), the Receiver filed a voluntary petition

under Chapter 7 of Title 11, initiating this case. Richard A. Marshack is the duly appointed and

acting Chapter 7 Trustee for the Debtor.

54.     Marchino had knowledge of the JFL arbitration award and the JFL Judgment at or

around the time of entry.  Marchino also had knowledge that the only assets that might be

sufficient to satisfy the entire $10 million JFL Judgment would come from EA attorneys' fees

derived from its pending contingency matters. Marchino also knew or should have known of the

directive in the July 11th Order, and its application to pending actions in which EA represented

clients, including any action on behalf of Ramirez. In fact, notice of the July 11th Order was served

on Marchino's attorneys of record in the bankruptcy, including David Golubchik "on behalf of

Creditor X Law Group" via electronic notice. *See* 2017 Bankruptcy, Docket No. 508.

**E.     X-Law/Marchino Enter Agreements with EA to Circumvent the JFL Judgment**

55.     Marchino's scheme was likely hatched even before entry of the JFL Judgment.

56.     On February 2, 2018, one of the experts in the Hernandez case wrote to EA, "I

understand that your firm has requested all items from us to be sent to a Los Angeles location: The

X Law Group – 1910 W. Sunset Blvd., Suite 450, Los Angeles, CA 90026." **At the time, it is**

**undisputed that EA was the law firm handling the case, and Marchino was the partner in**

**charge of the matter.**

57.     In fact, during this period of time (approximately 2016 through 2018), EA was

paying the rent for X-Law at the address on Sunset Boulevard directly to the landlord, the

International Church of the Four Square, despite EA not being a party to the lease agreement.

11

THIRD AMENDED COMPLAINT

58.     After entry of the JFL Judgment and July 11th Order, and with knowledge of the same, Marchino and EA (by and through Michael Avenatti) entered into a series of agreements with the intent to strip EA of its financial interest in attorneys' fees derived from its large contingency fee cases – and provide them to Marchino without any referral fee or other consideration.

59.     Among other things, Avenatti asserted during the 2017 Bankruptcy that EA had entered into an agreement with X-Law under which EA purportedly agreed to assign a portion of its fee rights to X-Law, pay the salaries of X-Law employees, and pay the entire rent for office space shared by EA and X-Law. In fact, Avenatti testified that during the pendency of the bankruptcy, there were X-Law attorneys who remained on EA's payroll and provided attorney services to EA for EA cases.

60.     Avenatti and Marchino signed an agreement dated "as of August 1, 2018" under which EA purported to transfer all of its personal property, including the computer servers on which its client files were stored, to X-Law.

61.     Further, Avenatti and Marchino entered into agreements with clients and others to have another entity through June 2018 – Avenatti & Associates – represent clients in lieu of EA, despite Marchino's direct knowledge that Avenatti & Associates was a legal fiction and *alter ego* of EA.  This was all done in cooperation with Avenatti to defraud EA's creditors, including the JFL and the eventual $10 million JFL Judgment.

62.     On July 26, 2018 (after the entry of the $10 million JFL Judgment), Marchino arranged for his separate firm (co-defendant X-Law) to be substituted as counsel in the Hernandez action.

63.     The substitution was executed on June 1, 2018 (shortly after the JFL Judgment was entered), and Marchino continued to work on the Ramirez matter as an EA attorney (representing himself to be an EA partner) through at least August 8, 2018 (weeks after the substitution was filed and entered).

64.     On September 18, 2018, Avenatti and Marchino prepared and transmitted a letter ("Fee Waiver Letter") written to "Andres Ramirez, c/o The X-Law Group" – stating that EA was

EXHIBIT "1"
PAGE 20

waiving its claim to attorneys' fees for a case that it had been litigating for well over one year because EA had provided a "limited amount of time" on the case. This was an untrue statement, as EA had provided considerable substantive work in the Ramirez matter, including motion practice, the conduct of depositions, retention and work with experts, the production of documents and other written discovery. Indeed, the case was being fully "worked up" by EA for trial.

65.    In preparing the Fee Waiver Letter, Avenatti and Marchino intended to strip EA of its right or interest in fees or contingent receivables owed to EA, which constituted property of EA. These actions were taken with actual intent to hinder, delay, or defraud creditors of EA including JFL.

66.    Additionally, the Fee Waiver Letter was in direct violation of the Court's July 11th Order and constituted an actual and constructive fraudulent transfer. Moreover, when the Fee Waiver Letter was written, EA and its principals actually knew or should have known of the July 11th Order restraining EA from transferring its fee rights. The existence of the Fee Waiver Letter was not disclosed to the Receiver prior to bankruptcy or the Trustee after the bankruptcy until September 16, 2020, in connection with X-Law's motion to strike the EA liens.

67.    Also, EA was not provided a referral fee by X-Law - which is customarily provided in a situation where (a) it is a high damages case; (b) where the prior law firm had done substantial work on the case; and (c) where there is a "friendly" relationship between the law firms. X-Law and Marchino were aware that such referral fees are enforceable with client approval – which was not sought by X-Law and Marchino. Absent Marchino's relationship, EA would have sought to negotiate and receive a referral fee as part of the transition of the case to a new firm.

68.    There is no reason to believe that Hernandez would have rejected the provision of a referral fee to EA if that referral fee would not reduce the total amount of attorneys' fees that would be charged in the case.

69.    Notwithstanding the purported substitution, on November 19, 2018, EA filed and served a notice of case management conference on behalf of "Plaintiffs" in the Hernandez Case.

70.    EA also conversed about experts on the case following the substitution.

13
THIRD AMENDED COMPLAINT

EXHIBIT "1"
PAGE 21

71.    Further, even though he ostensibly claimed to work on the Ramirez matter as a partner of X-Law, Marchino continued to work <u>on other EA cases</u> **as an EA attorney** through at least November 2018.

72.    At the same time, EA acted as counsel for Marchino and X-Law in an action relating to a fee dispute they had with Dordick Law Corporation in the Los Angeles Superior Court, Case No. BC 689324.  The last filing of record that has been located is a February 15, 2019 demurrer that was filed by EA for X-Law and Marchino in the Dordick action.

**F.    X-Law/Marchino Continue EA's Representation of Hernandez/Ramirez**

73.    The EA team working on the Hernandez/Ramirez matter (including Marchino) continued to litigate the case at X-Law.

74.    Unfortunately, as anticipated, Ramirez passed away on February 25, 2019. Prior to passing away, Ramirez never fully regained consciousness and persisted in a state of unresponsive wakefulness from November 30, 2015, to February 25, 2019.

75.    On April 26, 2019, Hernandez filed an action in the Probate Court of the Los Angeles Superior Court under Case Number 19STPB03950, seeking to be appointed the personal representative of her son's estate ("Probate Action"). Hernandez contends that she is the sole heir and has the sole right to any proceeds generated in the Hernandez Case on behalf of her deceased son.

76.    On May 30, 2019, Hernandez was appointed the personal representative of Ramirez's estate – based upon the representation that he had died intestate.

77.    On June 12, 2019, the Receiver filed a Notice of Lien in the Hernandez Case – based upon EA's quantum meruit entitlement to fees.

78.    Hernandez filed an amended complaint in the Hernandez Case on July 16, 2019, in which she was added as a party and asserted her sole claim to damages that she was the sole heir to son (Ramirez). A true and correct copy of the amended complaint filed by Hernandez on July 16, 2019 is attached as Exhibit "3." Specifically, Hernandez alleged in paragraph 9:

> 9.  Plaintiff ELBA HERNANDEZ is the mother of decedent Andres Ramirez. She is also the personal representative of the ESTATE OF ANDRES RAMIREZ and is a successor in interest of Ramirez. She is entitled to bring this wrongful death/survivorship action pursuant to Code of Civil Procedure

14

THIRD AMENDED COMPLAINT

Sections 377.60 and 377.30 on behalf of Plaintiff The Estate of ANDRES
RAMIREZ, on behalf of Andres Ramirez, deceased, and on behalf of herself
and the other Andres Ramirez heirs. Ramirez died without issue, and ELBA
HERNANDEZ would be entitled to Ramirez's estate through the rules of
intestate succession."

79.     In order for permission to file the amended complaint, Hernandez (through X-Law)

filed a motion for leave to amend on May 23, 2019. The motion to amend the complaint requested

both permission to "pursue unabated claims" *and* to file additional claims for wrongful death and

survival claims.

80.     Upon the filing of Debtor's bankruptcy petition on September 13, 2019, all assets

of EA, including any contingent right to payment or creditor claims in probate became property of

the bankruptcy estate pursuant to 11 U.S.C. § 541(a), to which the automatic stay of 11 U.S.C.

§ 362 applied.

81.     From the latter part of 2019 through August 2020, first the Receiver and then the

Trustee (by and through his counsel) attempted to get information regarding the status of the

Hernandez Case. In response, X-Law (through Mr. Marchino) denied the existence of any valid

lien and even stated that it wanted the Trustee to produce a copy of the retainer – even though X-

Law had continued representation of Hernandez (and, until his passing, Hernandez's son).

82.     On August 6, 2020, Mr. Marchino made the following representation to Trustee's

counsel:

I write today to inform you and the Trustee that our case, *The Estate of Andres
Ramirez v. City of Pasadena*, has now concluded and the Estate of Andres Ramirez
received no net recovery. There being no recovery, the Estate of Eagan Avenatti
LLP is not entitled to assert a lien in the matter. . . .

83.     Upon information and belief, Mr. Marchino's representation and statement on

August 6, 2020, was false and deceitful. Upon further information and belief, the Hernandez Case

was actually settled for approximately $10.35 million – and the attorney fees that X-Law is

claiming for the Hernandez Case (that originated and was litigated by EA) is likely to be in excess

of $4 million.

15
THIRD AMENDED COMPLAINT

**EXHIBIT "1"**
**PAGE 23**

84.     The settlement on behalf of Hernandez was intentionally structured so that the EA bankruptcy estate would not receive any portion of the settlement proceeds, or that the EA bankruptcy estate's ability to receive any portion of the proceeds would be greatly diminished. The settlement agreement has been provided to Plaintiff for review under a stipulated protective order and no specific details shall be disclosed herein – except that Plaintiff alleges that the settlement agreement was drafted with the intention of defrauding the bankruptcy estate.

85.     As a wrongful death action, all of Hernandez's recovery is derivative of those to which her son (Ramirez) would have been entitled.

86.     Indeed, Hernandez's claims in the action were expressly (and entirely) based upon her status as the sole heir to Ramirez.

87.     In or about May 2020, a petition was filed by Hernandez in the Probate Action for a Court determination that Hernandez is the sole heir and entitled to all distributions of the Decedent's Estate (as her deceased son's only legal heir). In the Petition, there is no mention in the Petition about the settlement in the Hernandez Case or EA's claim to fees from settlement proceeds in the Hernandez Case.

88.     The Trustee has no knowledge whether X-Law has already appropriated all of the fees generated in the Hernandez Case, or if the funds remain in an X-Law trust account.

**G.     Other Known Transfers to X-Law**

89.     EA maintained a business checking account with California Bank & Trust ("CBT"), account number ending in -2851 ("EA Checking Account").

90.     EA also maintained an attorney client trust account with CBT, account number ending in -8671 ("EA Client Trust Account").

91.     On February 9, 2015, a check numbered 15801 was written from the EA Checking Account to X-Law in the amount of $7,500.

92.     On April 20, 2015, EA made a $100,000 wire transfer to X-Law from the EA Checking Account.

93.     On September 25, 2015, EA made a $200,000 wire transfer to X-Law from the EA Checking Account.

16

THIRD AMENDED COMPLAINT

EXHIBIT "1"

PAGE 24

94.    On February 18, 2016, EA made two separate $13,000 wire transfers to X-Law from the EA Checking Account, for a total transfer of $26,000.

95.    On August 19, 2016, a check numbered 15755 was written from the EA Checking Account to X-Law in the amount of $5,718.17.

96.    On September 12, 2016, EA made a $15,000 wire transfer to X-Law from the EA Checking Account.

97.    On September 13, 2016, EA made a $2,000 wire transfer to X-Law from the EA Checking Account.

98.    On November 8, 2016, a check numbered 15856 was written from the EA Checking Account to X-Law in the amount of $2,800.

99.    On January 25, 2017, the EA Client Trust Account received a wire transfer of $2,750,000 which Trustee is informed and believes was a confidential settlement payment on behalf of an EA client. On January 26, 2017, EA made a wire transfer of $2,500,000 from the EA Client Trust Account to X-Law. On the same date, the remaining balance of the settlement payment ($250,000) was transferred to a demand deposit account in the name of EA.

100.    On June 18, 2018 (approximately 4 weeks after the entry of the JFL Judgment), the EA Client Trust Account received a wire transfer totaling $1,200,000 from entities in the name of Michael Avenatti. On the same date, EA made a wire transfer of $1,000,000 from the EA Client Trust Account to X-Law. At the end of the day, the balance of the EA Client Trust Account was $100,368.62. By the end of June, the balance of the EA Client Trust Account was $683.75. Trustee alleges that the $1 million payment was the transfer of an interest of the Debtor in property in that it could not have used funds in its client trust account to pay its debts without having an interest in such funds.

101.    Marchino testified under oath that the $1,000,000 transfer was for "an accrual of fees owed to the X-Law Group."[1]  At the time, Marchino had actual knowledge of the $10 million JFL Judgment and had already engaged in actions with Avenatti to divert potential EA assets and

---

[1] The answer was stricken from the criminal trial record but not from the transcript.

17
THIRD AMENDED COMPLAINT

1  cases to third parties, including himself and the *alter ego* Avenatti & Associates.

2      102.   In total, X-Law received no less than $3,500,000 in transfers from the EA Client

3  Trust Account. Mr. Avenatti is under criminal prosecution in California for the misappropriation

4  of client funds and has been convicted in two separate criminal trials in New York for stealing

5  client property and extortion.

6  **FIRST CLAIM FOR RELIEF**

7  **(Against Hernandez and X-Law, For Declaratory Judgment**

8  **Under 28 U.S.C. § 2201)**

9      103.   The Trustee incorporates by reference and realleges paragraphs 1-102 of this Third

10  Amended Complaint.

11      104.   In or around June 2016, EA was retained to represent Hernandez in her capacity as

12  guardian ad litem for her minor son, Andres Ramirez ("Ramirez"), who was severely injured when

13  he was struck by a car while riding his bicycle through an intersection in the city of Pasadena,

14  California ("Pasadena").

15      105.   Trustee is in possession of an executed retainer agreement (in Spanish) executed by

16  Hernandez with EA. Paragraph 8 of the retainer agreement contains an attorney lien provision.

17  The Trustee has yet to locate a copy of the retainer agreement that was countersigned by EA.

18      106.   EA provided representation to Hernandez as a representative of the Andres

19  Ramirez in the Hernandez Case and performed substantial services on her behalf.

20      107.   The Trustee has a valid and enforceable quantum meruit claim for services

21  rendered by EA in the Hernandez Case.

22      108.   Upon information and belief, the Hernandez Case has settled, and X-Law Group

23  received and/or is in possession of the entirety of the attorneys' fees generated in the Hernandez

24  case – believed to be in excess of $4 million.  Only the minor portion of the case relating to claims

25  against the driver survive (with limited insurance coverage).

26      109.   Marchino was the attorney in charge of the Hernandez/Ramirez matter from the

27  time of EA's retention in June 2016 through at least August 2018.

28

THIRD AMENDED COMPLAINT

EXHIBIT "1"
PAGE 26

110.    Under Marchino's supervision, EA performed substantial work in the litigation of the Hernandez/Ramirez matter.  Among other things, EA performed at least the following legal services on behalf of Ramirez and Hernandez:

    a.  filing a tort claim with Pasadena on October 7, 2016, including discussion and legal research regarding the filing of a late claim against the city, including the legal exceptions and excuses for the late-filing, which EA ultimately prevailed on;

    b.  when the claim was rejected as untimely (an administrative prerequisite for filing a petition against the city), filing an application with Pasadena for leave to file a late claim;

    c.  when that application was denied (i.e. exhausting administrative remedies), filing a petition in the Los Angeles Superior Court ("Superior Court") for leave to file a complaint against Pasadena, which was granted based on arguments generated by EA attorneys;

    d.  preparing and filing a tort complaint against Pasadena in the Superior Court;

    e.  amending the complaint to add as a defendant Jacquelyn Licea, the driver of the car that struck Ramirez, and corresponding with counsel for Ms. Licea;

    f.  conducting independent discovery, including the acquisition and review of public records underlying the accident;

    g.  retaining, paying, and working with experts regarding accident reconstruction, medical issues, and biomechanical issues;

    h.  making inquiries regarding a life-planning expert for the case;

    i.  conducting depositions of multiple parties, including the two first responders;

    j.  exchanging written discovery; and

    k.  otherwise preparing the case for trial.

111.    Indeed, the billing of costs – including the costs of depositions and fees for experts – were sent directly to Marchino at his EA law firm and email address.

19

THIRD AMENDED COMPLAINT

**EXHIBIT "1"**

**PAGE 27**

112.    Notably, Marchino himself conducted the two depositions and stated that he was doing so in his capacity as an EA attorney.  With respect to litigation questions on the case, EA attorneys sought and obtained Marchino's advice and consent.

113.    EA and Marchino were aware of the substantial attorneys' fees that were likely recoverable in the Hernandez case.  In fact, on April 27, 2018, EA filed a Statement of Damages of $116,801,000 for the case.  This included a claim of $40 million in future medical expenses and $30 million in emotional distress.

114.    During the litigation, Hernandez advised EA that she did not expect Ramirez to survive the litigation and she still had EA continue to provide legal representation in the case (which was expected to solely benefit her).  Ramirez was in a vegetative state with no hope of recovery.  These discussions began no later than May 2018.

115.    Further, Hernandez maintains that she is the sole heir of her son, Andres Ramirez. As a result, she would financially benefit from any recovery in the litigation upon her son's anticipated death.

116.    Thus, both Hernandez and EA were aware that the representation that EA was providing in the litigation was for Hernandez's ultimate financial benefit.  Pursuant to that understanding, EA continued to provide legal services for Hernandez's ultimate benefit.

117.    Hernandez, in her individual capacity and as the alleged sole heir to Ramirez has benefited from the legal services provided by EA, and was actually represented in her individual capacity by EA.

118.    EA provided legal services to Hernandez at her explicit and/or implicit request for the legal services. Even if there were no valid and enforceable contract for EA's representation in the Hernandez Case, the amount owed to EA may still be fixed by the court pursuant to Cal. Fam. Code § 6602.

119.    The services provided by EA to Hernandez contributed to a substantial benefit to her, in the full amount of the ultimate recovery in the Hernandez Case, which is believed to be $10.35 million. The amount of the contribution by EA is subject to further court determination.

120.    X-Law Group and Marchino have disavowed the attorney lien filed by the Trustee in the Hernandez Case (which lien has been stricken by this Court given the Trustee's inability to date to locate a countersigned copy of the retainer agreement), and have stated that they will not provide any payment to the Trustee for EA's quantum meruit claim. In fact, X-Law Group and Marchino have actually materially lied to the Trustee by falsely stating that there has been no recovery in the Hernandez case.

121.    The Fee Waiver Letter violated the July 11th Order by seeking to assign, encumber, or in any way transfer or otherwise dispose of specified property of EA without specific authorization by the Court. At the time the Fee Waiver Letter was prepared, executed, and transmitted, the parties to the Fee Waiver Letter, including Avenatti and Marchino, knew or should have known of the existence, scope, and application of the July 11th Order to the subject matter of the Fee Waiver Letter.

122.    Because the Fee Waiver Letter violated the July 11th Order, any transfer, waiver, assignment, or hypothecation intended to be effectuated by the Fee Waiver Letter and any subsequent actions based thereon was void *ab initio* or voidable as a fraudulent transfer. Specifically, to the extent that Defendants claim that the Fee Waiver Letter resulted in a valid and enforceable waiver of EA's right to any recovery from the Hernandez Case, such argument fails.

123.    Accordingly, an actual controversy has arisen and exists between the Trustee and the Hernandez/the Attorney Defendants concerning EA's right to a portion of the monies recovered from the settlement in the Hernandez case.

124.    A judicial determination is necessary and appropriate at this time under the circumstances so that the parties can ascertain the extent of the Trustee/EA's right to a portion of the proceeds from the settlement of the Hernandez case.

125.    The Trustee seeks a declaratory judgment under 28 U.S.C. § 2201 establishing the reasonable value of fees to which the Estate is entitled.

THIRD AMENDED COMPLAINT

EXHIBIT "1"
PAGE 29

## **SECOND CLAIM FOR RELIEF**

### **(For Quantum Meruit Against Hernandez)**

126.  The Trustee incorporates by reference and realleges paragraphs 1-125 of this Third Amended Complaint.

127.  In or around June 2016, EA was retained to represent Hernandez in her capacity as guardian *ad litem* for her minor son, Andres Ramirez ("Ramirez"), who was severely injured when he was struck by a car while riding his bicycle through an intersection in the city of Pasadena, California ("Pasadena").  It was also understood by Hernandez and EA that EA's legal services would be provided for her individual benefit.

128.  Trustee is in possession of an executed retainer agreement (in Spanish) executed by Hernandez with EA. Paragraph 8 of the retainer agreement contains an attorney lien provision. The Trustee has yet to locate a copy of the retainer agreement that was countersigned by EA. Notwithstanding any defect in any retainer agreement between Hernandez and EA (including any failure to have the retainer agreement approved by a court of competent jurisdiction pursuant to California statutes), EA provided substantial legal services to Hernandez both in her individual capacity and in her capacity as guardian *ad litem* for Ramirez.

129.  Marchino was the attorney in charge of the Hernandez/Ramirez matter from the time of EA's retention in June 2016 through at least August 2018.

130.  Under Marchino's supervision, EA performed substantial work in the litigation of the Hernandez/Ramirez matter.  Among other things, EA performed at least the following legal services on behalf of Ramirez and Hernandez:

      a.  filing a tort claim with Pasadena on October 7, 2016, including discussion and legal research regarding the filing of a late claim against the city, including the legal exceptions and excuses for the late-filing, which EA ultimately prevailed on;

      b.  when the claim was rejected as untimely (an administrative prerequisite for filing a petition against the city), filing an application with Pasadena for leave to file a late claim;

22

THIRD AMENDED COMPLAINT

EXHIBIT "1"

PAGE 30

c.  when that application was denied (i.e. exhausting administrative remedies), filing a petition in the Los Angeles Superior Court ("Superior Court") for leave to file a complaint against Pasadena, which was granted based on arguments generated by EA attorneys;

d.  preparing and filing a tort complaint against Pasadena in the Superior Court;

e.  amending the complaint to add as a defendant Jacquelyn Licea, the driver of the car that struck Ramirez, and corresponding with counsel for Ms. Licea;

f.  conducting independent discovery, including the acquisition and review of public records underlying the accident;

g.  retaining, paying, and working with experts regarding accident reconstruction, medical issues, and biomechanical issues;

h.  making inquiries regarding a life-planning expert for the case;

i.  conducting depositions of multiple parties, including the two first responders;

j.  exchanging written discovery; and

k.  otherwise preparing the case for trial.

131.    Indeed, the billing of costs – including the depositions and experts – were sent directly to Marchino – at his EA law firm and email address.

132.    Notably, Marchino himself conducted the two depositions and stated that he was doing so in his capacity as an EA attorney.  With respect to litigation questions on the case, EA attorneys sought and obtained Marchino's advice and consent.

133.    EA and Marchino were aware of the substantial attorneys' fees that were likely recoverable in the Hernandez case.  In fact, on April 27, 2018, EA filed a Statement of Damages of $116,801,000 for the case.  This included a claim of $40 million in future medical expenses and $30 million in emotional distress.

134.    During the litigation, Hernandez advised EA that she did not expect Ramirez to survive the litigation and still had EA continue to provide legal representation in the case (which was expected to solely benefit her).  Ramirez was in a vegetative state with no hope of recovery. These discussions began no later than May 2018.

23

THIRD AMENDED COMPLAINT

135.    Further, Hernandez maintains that she is the sole heir of her son, Andres Ramirez. As a result, she would financially benefit from any recovery in the litigation upon her son's anticipated death.

136.    Thus, both Hernandez and EA were aware that the representation that EA was providing in the litigation was for Hernandez's ultimate financial benefit. Hernandez, either individually or on behalf of her son Ramirez, requested and received legal services from EA in connection with an accident in which he was severely injured when he was struck by a car while riding his bicycle through an intersection in the city of Pasadena, California.

137.    Hernandez, in her individual capacity and as the alleged sole heir to Ramirez has benefited from the legal services provided by EA, notwithstanding the filing of an amended complaint after Ramirez passed away on February 25, 2019. The benefit conferred on Hernandez resulted from the substantial litigation efforts of EA prior to Ramirez's death including, without limitation, those set forth in paragraphs 130-132 above. The amount of benefit is quantified by the settlement payment(s) from defendants in the Hernandez Action, which Plaintiff is informed and believes are in excess of $10 million.

138.    EA provided legal services to Hernandez at her explicit and/or implicit request for the legal services. Even if there were no valid and enforceable contract for EA's representation in the Hernandez Case, the amount owed to EA may still be fixed by the court including pursuant to Cal. Fam. Code § 6602.

139.    The services provided by EA to Hernandez contributed to a substantial benefit to her, in the full amount of the ultimate recovery in the Hernandez Case, which is believed to be $10.35 million. The value of the contribution by EA is subject to further court determination according to proof at the time of trial.

140.    Accordingly, the Estate is entitled to an award of the reasonable value of EA's legal services that benefited Hernandez, from the recovery obtained by Hernandez from Pasadena and/or any other defendants.

141.    To the extent that Hernandez obtains any future recovery from any co-defendant, the Trustee reserves the right to file a claim against Hernandez for such future recoveries.

THIRD AMENDED COMPLAINT

EXHIBIT "1"
PAGE 32

### THIRD CLAIM FOR RELIEF

**(Against X-Law and Marchino For Violations of Automatic Stay and the July 11th Order –**

**11 U.S.C. §§ 362, 105)**

142.    The Trustee incorporates by reference and realleges paragraphs 1-141 of this Third Amended Complaint.

143.    The July 11th Order qualified as a specific and definite order of the Court which prohibited EA and Avenatti from "assigning, encumbering, or in any way transferring any proceeds, attorney's fees, costs, rights to payments and accounts receivable it is or may be entitled to receive from the lawsuits and clients listed on Exhibit A to the Frank Declaration attached to the Motion." The July 11th Order specifically applied to the Hernandez Case.

144.    The Fee Waiver Letter violated the July 11th Order, which prohibited Avenatti and any party from transferring (including waiving) any fee rights of EA in the Hernandez Case. As a violation of a federal court order, the Fee Waiver Letter and any attempt to waive EA's fee rights through the Fee Waiver Letter or any other action, such as the substitution of attorney from EA to X-Law, was void *ab initio* and of no legal force and effect or subject to avoidance as a fraudulent transfer.

145.    On the Petition Date, EA had a right to fees, whether based on contract, claim in probate, or, at a minimum, under a quantum meruit theory in connection with the Hernandez Case and any recoveries therefrom.

146.    EA has a written fee agreement executed by Hernandez which grants EA a right to payment of fees, and includes an attorney's lien provision.

147.    EA's right to fees and any enforceable lien on the recovery constitutes property of the Estate that is protected by 11 U.S.C. § 362(a)(3).

148.    The automatic stay broadly enjoins any type of action, formal or informal, which interferes with the administration of a bankruptcy estate and bankruptcy estate property. *Delpit v. Commissioner*, 18 F.3d 768, 771 (9th Cir. 1994).

149.    The Fee Waiver Letter was intended to provide X-Law/Marchino with control over property of the Estate, and the structure of the settlement with the City of Pasadena, was intended

EXHIBIT "1"
PAGE 33

1    to result in the destruction of property of the Estate (i.e. the Estate's contingent right to payment

2    from recoveries in the Hernandez Case based on services rendered).  The Trustee alleges that the

3    City of Pasadena conditioned the settlement and $10.35 million payment on releases for the pre-

4    February 2019 claims prosecuted by EA on behalf of Hernandez (i.e. claims prior to Mr.

5    Ramirez's death).

6        150.    Plaintiff alleges that the case was settled and that X-Law/Marchino received all

7    attorneys' fees likely in excess of $4 million. Because some portion of the settlement constitutes

8    estate property, X-Law/Marchino have exercised control over and are in possession of property of

9    the Estate. Any portion of the settlement payment(s) which attorneys (whether it be X-Law or EA

10   or some other attorneys) were not entitled to receive does not constitute property of the Estate.

11       151.    X-Law/Marchino have failed and refused to turn over any portion of the attorneys'

12   fees to the estate even though such fees are property that the trustee can use for the benefit of the

13   estate. Plaintiff is informed and believes that Hernandez has no economic interest in the

14   apportionment of attorneys' fees as between X-Law and EA and likely followed the advice of X-

15   Law in apportioning attorneys' fees.

16       152.    Defendants' violations of the automatic stay were willful, because Defendants had

17   knowledge of the existence of both the 2017 Bankruptcy and this current bankruptcy case, and

18   knowledge of the scope, extent, and application of the automatic stay is imputed on Defendants

19   based on their knowledge of the existence of the bankruptcy case. Additionally, Defendants had

20   actual knowledge of the July 11th Order (notice of which was served on Marchino's and X-Law's

21   attorneys of record at the Levene, Neale firm, *see* Docket No. 508 in the 2017 Bankruptcy

22   showing electronic service of the July 11th Order completed on attorneys for X Law Group) and

23   knew or should have known that it applied to the Hernandez Case.

24       153.    As a result of X-Law/Marchino's violations of the stay, the bankruptcy estate has

25   suffered damages including attorneys' fees and costs in seeking to remedy the stay violations.

26       154.    Plaintiff is entitled to recover all such damages according to proof pursuant to 11

27   U.S.C. § 105(a). *Havelock v. Taxel (In re Pace)*, 67 F.3d 187, 193 (9th Cir. 1995).

28

26
THIRD AMENDED COMPLAINT

**EXHIBIT "1"**
**PAGE 34**

1

## FOURTH CLAIM FOR RELIEF

2

**(Against X-Law and Marchino to Avoid, Recover, and Preserve Fraudulent Transfers**

3

**11 U.S.C. §§ 544, 548, 550, and 551 and Civil Code § 3439, et seq.)**

4

155.    The Trustee incorporates by reference and realleges paragraphs 1-154 of this Third

5

Amended Complaint.

6

156.    On May 22, 2018, the Bankruptcy Court entered a judgment in favor of JFL and

7

against EA in the amount of $10 million ("JFL Judgment").

8

157.    Beginning in or around August 2016, co-defendant Filippo Marchino was an

9

attorney at EA who expressly represented himself as an EA partner.  In emails, Mr. Marchino

10

would customarily include the following signature block representing himself as an EA partner:

11

Filippo Marchino, Esq.
Partner

12

Eagan
Avenatti LLP

13

14

1910 W. Sunset Blvd,
Suite 450
Los Angeles, CA 90026

15

520 Newport Center Drive,
Suite 1400
Newport Beach, CA 92660

16

Tel  +1 (949) 706-7000
Fax +1 (949) 706-7050

17

18

158.    Marchino sent out emails to publicize that he had joined EA and also identified

19

himself in his e-mail signature block as a "Partner" of EA.

20

159.    Consistent with the foregoing, Marchino used the EA email address of

21

fmarchino@eaganavenatti.com in connection with his work on EA cases, had access to the EA

22

server, worked at EA offices and had EA legal assistants, law clerks, and attorneys providing him

23

with services in connection with his litigation EA cases.  **Notwithstanding his representations to**

24

**the contrary, Marchino was an EA attorney who informed colleagues that he was an EA**

25

**partner.**

26

160.    From 2016 through late 2018, Marchino continued to work as an EA attorney and

27

represent himself as an EA partner. Additionally, Marchino formally "partnered" X-Law, his law

28

27

THIRD AMENDED COMPLAINT

EXHIBIT "1"
PAGE 35

firm, with EA, including profit-sharing and the full integration of X-Law employees as EA employees.

161.    From 2016 through late 2018, Marchino supervised EA's prosecution of numerous EA contingency litigation matters – including the Hernandez/Ramirez matter.

162.    From retention in 2016 through mid-2018, Marchino was the EA attorney supervising the prosecution of the Hernandez/Ramirez matter.  Marchino supervised other EA attorneys who were working on the case – and those attorneys would not only report developments in the case, but also seek his advice and consent regarding many litigation issues.

163.    During this time period, Marchino received compensation in the form of paychecks from EA.  Indeed, in post-petition filings, Avenatti and Marchino were both listed as being on the payroll of EA as attorneys – including the time period when Marchino was handling the Hernandez/Ramirez case for EA.

164.    Further, in its Third Chapter 11 Status Report filed on October 18, 2017, EA represented that X-Law (of which Marchino is the principal) has unsecured claims against EA's contingency attorneys' fees "from certain of its litigation assets."

165.    Marchino's law firm and codefendant X-Law also had a close, entangled relationship with EA such that it should be considered an insider of the Debtor. For example, Debtor and X-Law shared office space at 1910 W. Sunset Blvd., Suite 450, Los Angeles, CA – and Debtor paid the rent for this location on behalf of X-Law from 2016 to 2018 directly to the landlord.

166.    Marchino also worked with Avenatti through June 2018 to divert EA law firm business to an *alter ego* entity called Avenatti & Associates by, among other things, jointly retaining clients with Avenatti & Associates with full knowledge that it was an *alter ego* of EA and that EA had the substantial claims by JFL against it – which eventually became the JFL $10 million judgment.

167.    Marchino also continued his close personal relationship with Avenatti through at least June 2018.

EXHIBIT "1"
PAGE 36

168. X-Law also shared staff and attorneys with Debtor (including that X-Law's employees were placed on the EA payroll), and the current attorneys working at X-Law include a substantial number of attorneys who were formerly employed by Debtor.

169. As a result, Marchino had a direct financial and professional interest in the recoveries generated by EA cases, including the Hernandez/Ramirez matter. After entry of the JFL Judgment and July 11th Order, and with constructive and actual knowledge of the same, Marchino and EA (by and through Michael Avenatti) entered into a series of agreements with the intent to strip EA of its financial interest in attorneys' fees derived from its large contingency fee cases – and provide them to Marchino without any referral fee or other consideration.

170. Among other things, Avenatti asserted during the 2017 Bankruptcy that EA had entered into an agreement with X-Law under which EA purportedly agreed to assign a portion of its fee rights to X-Law, pay the salaries of X-Law employees, and pay the entire rent for office space shared by EA and X-Law.   In fact, Avenatti testified that during the pendency of the bankruptcy, there were X-Law attorneys who remained on EA's payroll and provided attorney services to EA for EA cases.

171. On July 26, 2018 (after the entry of the $10 million JFL Judgment), Marchino arranged for his separate firm (co-defendant X-Law) to be substituted as counsel in the Hernandez Case.

172. The substitution was executed on June 1, 2018 (shortly after the JFL Judgment was entered), and Marchino continued to work on the Ramirez matter as an EA attorney (representing himself to be an EA partner) through at least August 8, 2018 (weeks after the substitution was filed and entered).

173. On September 18, 2018, Avenatti transmitted a letter ("Fee Waiver Letter") written to "Andres Ramirez, c/o The X-Law Group" – stating that EA was waiving its claim to attorneys' fees for a case that it had been litigating for well over one year because EA had provided a "limited amount of time" on the case.  This was an untrue statement, as EA had provided considerable work in the Ramirez matter.

29

THIRD AMENDED COMPLAINT

EXHIBIT "1"

PAGE 37

174.    This was part of a scheme by Avenatti and Marchino to strip EA of its right or interest in fees or contingent receivables owed to EA, which constituted property of EA that should have been available to pay EA's creditors.

175.    Additionally, the Fee Waiver Letter was in direct violation of the Court's July 11th Order and constituted an actual and constructive fraudulent transfer. Moreover, when the Fee Waiver Letter was written, EA and its principals actually knew and should have known of the July 11th Order restraining EA from transferring its fee rights.

176.    Also, EA was not provided a referral fee by X-Law - which is customarily provided in a situation where (a) it is a high damages case; (b) where the prior law firm had done substantial work on the case; and (c) where there is a "friendly" relationship between the law firms. X-Law and Marchino were aware that such referral fees are enforceable upon client approval – which was not sought by X-Law and Marchino.

177.    There is no reason to believe that Hernandez would have rejected the provision of a referral fee to EA if that referral fee would not reduce the total amount of attorneys' fees that would be charged in the case.

178.    Notwithstanding the purported substitution, on November 19, 2018, EA filed and served a notice of case management conference on behalf of "Plaintiffs" in the Hernandez Case.

179.    EA also conversed about experts on the case following the substitution.

180.    Further, even though he ostensibly claimed to work on the Ramirez matter as a partner of X-Law, Marchino continued to work on other EA cases **as an EA attorney** through at least November 2018.

181.    Marchino was an attorney/partner at EA at the time the JFL Judgment was entered. Irrespective of whether he was an employee or partner of EA, Marchino qualifies as an insider of the Debtor.

182.    In fact, Marchino was the attorney in charge of the Hernandez case at EA, was paid by EA for his work on the case, had direct knowledge of the substantial potential attorneys' fees that would be generated by EA on the Hernandez case, had direct knowledge of the high

30
THIRD AMENDED COMPLAINT

settlement value of the case, and had a personal interest in the EA attorneys' fees that would be generated by the case.

183.    On July 11, 2018, the Bankruptcy Court entered an order that, among other things, restrained EA from transferring its fee rights in a number of cases. X-Law's and Marchino's counsel were served with notice of entry of this Order.

184.    Though at least August 8, 2018, Marchino worked on the Hernandez case as an EA partner and/or attorney.

185.    In violation of the July 11th Order and with full knowledge of the $10 million JFL Judgment, Avenatti and Marchino entered into an agreement where the Hernandez Case was transferred to Marchino's firm (X-Law).  Pursuant to their agreement, EA waived its right to fees in the Hernandez Case.  If the Fee Waiver Letter is upheld (i.e. to the extent that it is not void as alleged in the Third Claim for Relief above), it would result in no division of compensation between EA and X-Law based on EA's quantum meruit contribution to the result obtained in any future settlement, and constitutes a transfer pursuant to 11 U.S.C. § 101(54).

186.    Additionally, to the extent that X-Law and EA engaged in any transaction whatsoever whereby EA's contingent right to receive compensation from the cases for which it performed valuable services was abandoned in favor of X-Law, such transaction, abandonment, or waiver constitutes a transfer pursuant to 11 U.S.C. § 101(54) to the extent that X-Law asserts that it is entitled to compensation which would otherwise be collected by EA.

187.    The transfer or the Hernandez case and the waiver of the right to fees occurred after the JFL Judgment was entered and in contempt of the Court's July 11th Order.

188.    The aforesaid transfer and waiver was made with actual intent to hinder, delay and defraud JFL – a creditor of the debtor holding the $10 million JFL Judgment.

189.    The aforesaid transfer and waiver were made without Debtor receiving any value, let alone equivalent value, in exchange for the transfer.

190.    At the time of the transfer and waiver, EA, X-Law, and Marchino believed or reasonably should have believed that the JFL Judgment was beyond the ability of EA to pay the obligation when due.

31
THIRD AMENDED COMPLAINT

EXHIBIT "1"
PAGE 39

191.    At the time of the transfer and waiver, Marchino had full knowledge of the value of the Hernandez case, the JFL judgment against EA, EA's insolvency, and EA's quantum meruit claims as a result of his work on the case as a partner at EA.

192.    In addition, at around the same time of the transfer and waiver, EA entered a separate agreement that transferred many of its other assets of EA to X-Law and/or Marchino for no actual consideration. Upon information and belief, Marchino is the sole principal of X-Law.

193.    The transfer and waiver of EA's rights to a portion of the fees in the Hernandez case has been concealed until it was recently revealed in a Motion to Strike that was filed by X-Law and Marchino in this case.

194.    At the time of the transfer and waiver of EA's rights to portion of the fees in the Hernandez case, EA was insolvent.

195.    Pursuant to 11 U.S.C. §§ 544, 548, 550, and 551, and Cal. Civ. Code § 3439.07, the waiver of EA's claim to fees should be avoided, recovered, and preserved for the benefit of the Estate.

196.    Pursuant to Cal. Civ. Code § 3439.07, Plaintiff is further entitled to injunctive and other equitable relief as provided by statute.

197.    From February 2015 to the Petition Date, EA made transfers totaling $351,518.17 to X-Law through checks and wire transfers from the EA Checking Account ("Checking Transfers").

198.    Within the two-year period prior to the Petition Date, EA made transfers totaling $3,500,000 to X-Law through wire transfers from the EA Client Trust Account ("Trust Transfers" and together with the Checking Transfers, "Cash Transfers").

199.    At the time the Cash Transfers were made, X-Law and Marchino constituted insiders of the Debtor.

200.    At the time of the Cash Transfers, especially the Trust Transfers, were made, Debtor was insolvent.

201.    Debtor did not receive reasonably equivalent value for the Cash Transfers to X-Law and Marchino.

32

THIRD AMENDED COMPLAINT

202.    The Cash Transfers were made with the actual intent to hinder, delay, or defraud Debtor's creditors, especially JFL. Specifically, the $1,000,000 transfer from the EA Client Trust Account to X-Law/Marchino in June 2018 was made four weeks after the entry of the JFL Judgment and shortly before the JFL Judgment was executed against Debtor and/or Michael Avenatti. The express, fraudulent intention of the $1,000,000 transfer in June 2018 was to unlawfully prevent JFL from receiving this money on account of the JFL Judgment.

**WHEREFORE,** the Trustee, on behalf of the Estate, prays for judgment against defendants as follows:

1.    On the First Claim for Relief, for a declaratory judgment against Hernandez and X-Law establishing the amount of fees to which the Estate is entitled and allocating the contingency fee in the Hernandez Case between the Estate and X-Law;

2.    On the Second Claim for Relief, for damages from Hernandez to the Estate in the amount of the benefit conferred on Hernandez by the services performed by EA attorneys, and the various costs expended by EA in connection with the Hernandez Case;

3.    On the Third Claim for Relief, for a determination that the Fee Waiver Letter and all actions taken in violation of the July 11th Order and the automatic stay are void *ab initio*, for compensatory damages (including the imposition of reasonable attorneys' fees) for X-Law and Marchino's violations of the automatic stay in amounts to be determined by the Court;

4.    On the Fourth Claim for Relief, the avoidance, recovery, and preservation any and all transfer of assets, including the value of the Hernandez Case and the avoidable balance of the Cash Transfers, from EA to X-Law, and all other relief and remedies as provided under Cal. Civ. Code § 3439 *et seq*. and 11 U.S.C. §§ 544, 548, 550, and 551.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

33

THIRD AMENDED COMPLAINT

1        5.    On all claims for relief, to the extent not otherwise requested herein, for such other

2    and further relief as the Court deems just and proper.

3

4    Dated: March __, 2022                 KELLNER LAW GROUP PC
                                                     RICHARD L. KELLNER
5

6                                                         In Association with,

7                                                       MARSHACK HAYS LLP

8

9                                                       By __ */s/ D. Edward Hays* _____
                                                           D. EDWARD HAYS
10                                                              TINHO MANG
                                                 General Counsel for Plaintiff and
11                                                Chapter 7 Trustee Richard A. Marshack,
                                           Chapter 7 Trustee for Eagan Avenatti, LLP
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

34

THIRD AMENDED COMPLAINT

**EXHIBIT "1"**

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:**  BC664114

ANDRES RAMIREZ VS CITY OF PASADENA

**Filing Courthouse:**  Stanley Mosk Courthouse

**Filing Date:**  06/05/2017
**Case Type:**  Other PI/PD/WD (General Jurisdiction)
**Status:**  Pending

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

None

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

A - J   L - R

ABELTIN & MIGOYA LLP - Attorney for Cross-Defendant

ABELTIN JAMES BRUCE - Attorney for Cross-Complainant

AGUADO CARMEN M - Attorney for Defendant

AVENATTI MICHAEL J. ESQ - Attorney for Plaintiff

AVENATTI MICHAEL J. ESQ. - Attorney for Plaintiff/Petitioner

BAGNERIS MICHELE BEAL - Former Attorney for Deft & X-Compl

BURKE WILLIAMS & SORENSEN - Attorney for Defend/XDefd/XComp

BURKE WILLIAMS & SORENSEN LLP - Attorney for Defendant/Respondent

CITY OF PASADENA - Cross-Defendant

CITY OF PASADENA - Defendant

CITY OF PASADENA A PUBLIC ENTITY - Cross-Defendant

CITY OF PASADENA A PUBLIC ENTITY - Cross-Defendant

CITY OF PASADENA A PUBLIC ENTITY - Defendant

DOES 1 TO 100 - Defendant/Respondent

HAMBLET BRIAN I - Attorney for Defendant

HAMBLET BRIAN INMAN - Attorney for Cross-Defendant

HERNANDEZ ELBA - Guardian

EXHIBIT "1"
PAGE 35
EXHIBIT "1"
PAGE 44

HERNANDEZ INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE AND SUCCESSOR IN INTEREST TO ANDRES
RAMIREZ DECEASED ELBA - Plaintiff

JACLQUELYN LICEA (DOE 1) - Defendant

JACLQUELYN LICEA DOE 1 - Defendant

JACQUELYN LICEA - Cross-Complainant

JACQUELYN LICEA - Cross-Defendant

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   A - J   L - R

LICEA AN INDIVIDUAL JACQUELYN - Defendant

LICEA JACQUELYN - Defendant/Cross-Defendant

LICEA JACQUELYN - Cross-Defendant

LICEA JACQUELYN - Cross-Complainant

LICEA JACQUELYN - Cross-Complainant

LICEA JACQUELYN - Cross-Complainant

LICEA JACQUELYN - Cross-Complainant

LICEA JACQUELYN - Cross-Defendant

LICEA JACQUELYN - (DOE 2) - Defendant/Respondent

LICEA JACQUELYN - DOE 2 - Defendant

MARCHINO FILIPPO - Attorney for Plaintiff

MICHELE BEAL BAGNERIS CITY ATTORNEY - Former Attorney for Def/Respondent

PASADENA CITY OF - Defendant and Cross-Complainant

PASADENA CITY OF - Cross-Complainant

PASADENA CITY OF A PUBLIC ENTITY - Defendant

RAMIREZ ANDRES - Minor Plaintiff

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   A - J   L - R

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings
Held

### Documents Filed (Filing dates listed in descending order)
Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
04/30/2020   01/17/2020   08/29/2019   06/05/2019   07/13/2018

**02/07/2022** Request for Dismissal
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**02/04/2022** Request for Dismissal
Filed by JACQUELYN LICEA (Cross-Complainant)

**02/04/2022** Request for Dismissal
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,

EXHIBIT "1"
PAGE 36
EXHIBIT "1"
PAGE 45

deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff);
JACQUELYN LICEA (Cross-Complai

**12/14/2021** Minute Order ( (Order to Show Cause Re: Dismissal in Light of Settlement; Tri...))
Filed by Clerk

**11/04/2021** Minute Order ( (Order to Show Cause Re: Dismissal in Light of Settlement))
Filed by Clerk

**09/20/2021** Minute Order ( (Order to Show Cause Re: Dismissal in Light of Settlement; Tri...))
Filed by Clerk

**07/21/2021** Notice of Ruling
Filed by JACQUELYN LICEA, an individual (Defendant)

**07/08/2021** Minute Order ( (Order to Show Cause Re: Dismissal in Light of Settlement; Tri...))
Filed by Clerk

**04/06/2021** Minute Order ( (Order to Show Cause Re: Dismissal in Light of Settlement; Tri...))
Filed by Clerk

**02/05/2021** Notice of Ruling
Filed by JACQUELYN LICEA, an individual (Defendant)

**02/04/2021** Minute Order ( (Trial Setting Conference; Order to Show Cause Re: Dismissal i...))
Filed by Clerk

**11/06/2020** Minute Order ( (Trial Setting Conference))
Filed by Clerk

**10/30/2020** Notice (Of Striking Of Attorneys' Lien)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff)

**09/25/2020** RETURNED MAIL

**09/16/2020** Certificate of Mailing for ((Non-Appearance Case Review Court Order pursuant to Stipulatio...) of 09/16/2020)
Filed by Clerk

**09/16/2020** Minute Order ( (Non-Appearance Case Review Court Order pursuant to Stipulatio...))
Filed by Clerk

**09/14/2020** Stipulation and Order (Stipulation and Request For Court Order Continuing Hearings Set for September 25,
2020; Order)
Filed by JACQUELYN LICEA, an individual (Defendant)

**09/04/2020** Notice (Notice of Entry of Judgment Or Order)
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/04/2020** Notice (Notice of Entry of Judgment Or Order)
Filed by CITY OF PASADENA, a public entity (Defendant)

**08/20/2020** Request for Dismissal (Cross-complaint by City of Pasadena filed on 10/4/2019)
Filed by Pasadena, City of (Cross-Complainant)

**08/19/2020** Request for Dismissal
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**07/08/2020** Certificate of Mailing for ((Ex-Parte Proceedings to Continue Hearing Date filed on behalf...) of 07/08/2020)
Filed by Clerk

**07/08/2020** Minute Order ( (Ex-Parte Proceedings to Continue Hearing Date filed on behalf...))
Filed by Clerk

EXHIBIT "1"
PAGE 37
EXHIBIT "1"
PAGE 46

**07/06/2020** Ex Parte Application (To Continue Hearing Date)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   04/30/2020   01/17/2020   08/29/2019   06/05/2019   07/13/2018

**04/30/2020** RETURNED MAIL

**04/16/2020** Certificate of Mailing for ((Non-Appearance Case Review Court Order Continuing Civil, Tria...) of 04/16/2020)
Filed by Clerk

**04/16/2020** Minute Order ( (Non-Appearance Case Review Court Order Continuing Civil, Tria...))
Filed by Clerk

**04/15/2020** Notice (of Continuance of Motion for Court Order to Release Documents)
Filed by JACLQUELYN LICEA (DOE 1) (Defendant)

**04/02/2020** Certificate of Mailing for ((Non-Appearance Case Review Court Order Continuing Civil, Tria...) of 04/02/2020)
Filed by Clerk

**04/02/2020** Minute Order ( (Non-Appearance Case Review Court Order Continuing Civil, Tria...))
Filed by Clerk

**03/25/2020** Minute Order ( (Non-Appearance Case Review))
Filed by Clerk

**03/23/2020** Notice of Ruling
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/20/2020** Plaintiffs' Reply in Support of Motion to Quash Deposition Subpoena Seeking Business Records from Pasadena
Unified School District
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**03/20/2020** Plaintiffs' Reply in Support of Motion for Issue Sanctions and Evidence Sanctions Against Defendant City of
Pasadena
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**03/16/2020** Declaration (of David Royer ISO City of Pasadena's Opposition to Plaintiff's Motion for Issue)
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/16/2020** Declaration (of Brian Hamblet ISO City of Pasadena's Opposition to Plaintiff's Motion for Issue)
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/16/2020** Opposition (to Plaintiffs' Motion for Issue Sanctions and Evidence Sanctions)
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/16/2020** Declaration (Declaration of Keiko J. Kojima)
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/16/2020** Opposition (Response to Separate Statement in Opposition to Motion to Quash)
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/16/2020** Response (Response to Separate Statement in Opposition to Motion to Quash)
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/11/2020** Declaration (Declaration of James Abeltin in Response to Motion to Quash A Subpoena of School Records)
Filed by JACQUELYN LICEA, an individual (Defendant)

**03/11/2020** Response (Response of Jacquelyn Licea to Motion to Quash Subpoena of School Records)
Filed by JACQUELYN LICEA, an individual (Defendant)

EXHIBIT "1"
PAGE 38
EXHIBIT "1"
PAGE 47

**03/04/2020** Notice (Notice of Continuance of Motion for A Court Order to Release Documents)
Filed by JACQUELYN LICEA, an individual (Defendant)

**02/28/2020** Objection (Plaintiff's Evidentiary Objections in Opposition To The Evidence Submitted in Support of The Motion
for Filed by Defendant City of Pasadena and Order Thereon)

**02/28/2020** Objection (To Plaintiffs' And Jacquelyn Licea's Evidence In Support of Defendant City of Pasadena''s Motion For
Summary Judgment, or In The Alternative Summary Adj. and Order Thereon)
Filed by CITY OF PASADENA, a public entity (Defendant)

**02/28/2020** Stipulation and Order to use Certified Shorthand Reporter (Ingrid Saracione, CSR No. 11960 for 2/28/2020
Hearing in Department D)

**02/28/2020** Minute Order ( (Hearing on Motion to Bifurcate filed on behalf of Defendant/C...))
Filed by Clerk

**02/21/2020** Declaration (Declaration of Carmen M. Aguado in Support of Defendant City of Pasadena's Reply in Support of
Its Motion for Bifurcation)
Filed by CITY OF PASADENA, a public entity (Defendant)

**02/21/2020** Reply (Defendant City of Pasadena's Reply in Support of Its Motion to Bifurcate)
Filed by CITY OF PASADENA, a public entity (Defendant)

**02/14/2020** Opposition (Plaintiffs' Opposition to Defendant City of Pasadena's Motion to Bifurcate)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**02/05/2020** Notice (Notice of Continuing Motion for a Court Order to Release Documents)
Filed by JACLQUELYN LICEA (DOE 1) (Defendant)

**01/30/2020** Proof of Personal Service
Filed by Pasadena, City of, a public entity (Defendant)

**01/30/2020** Proof of Personal Service
Filed by Pasadena, City of, a public entity (Defendant)

**01/27/2020** Notice of Ruling
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/24/2020** Minute Order ( (Hearing on Motion for Summary Judgment or, in the alternative...))
Filed by Clerk

**01/24/2020** Opposition (Plaintiffs' Opposition to Defendant City of Pasadena's Ex Parte Application for an Order to Advance
the Hearing on Defendant City's Motion to Bifurcate)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**01/23/2020** Opposition (Plaintiffs' Opposition to Defendant Jacquelyn Licea's Ex Parte Application for an Order Advancing
Motion for a Court Order to Release Documents)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**01/23/2020** Plaintiff's Objections to Defendant City of Pasadena's Notice of Errata re Reply in Support of its Motion for
Summary Judgment or, in the Alternative, Summary Adjudication
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff)

**01/23/2020** Declaration (of Carmen Aguado ISO Ex Parte Application for an Order to Advance Hearing on Motion to
Bifurcate)
Filed by CITY OF PASADENA, a public entity (Cross-Defendant)

**01/23/2020** Ex Parte Application (of Defendant City of Pasadena for an Order to Advance Hearing on Motion to Bifurcate)
Filed by CITY OF PASADENA, a public entity (Defendant)

EXHIBIT "1"
PAGE 39
EXHIBIT "1"
PAGE 48

**01/22/2020** Notice (of Errata)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/22/2020** Ex Parte Application (Ex Parte for Order Advancing Motion for Court Order to Release Records)
Filed by JACLQUELYN LICEA (DOE 1) (Defendant)

**01/22/2020** Separate Statement
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff)

**01/22/2020** Motion to Quash
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff)

**01/22/2020** Motion in Limine (No 7)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Declaration (of Carmen M. Aguado in Support)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/21/2020** Motion to Bifurcate
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/21/2020** Motion in Limine (No 13)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 2)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 5)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 6)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 1)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 4)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 3)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 12)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 14)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 9)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 8)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 11)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 10)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Objection (Plaintiff's Objections to Defendant City of Pasadena's Reply Papers Filed in Support of Defendant
City of Pasadena's Motion for Summary Judgment / Adjudication)

EXHIBIT "1"
PAGE 40
EXHIBIT "1"
PAGE 49

3/14/22, 4:24 PM                                    LASC - Case Access

Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   04/30/2020   01/17/2020   08/29/2019   06/05/2019   07/13/2018

**01/17/2020** Reply (to Opposition)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/17/2020** Reply (to Separate Statement)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/17/2020** Objection (to Evidence)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/17/2020** Declaration (in Support of Reply)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/17/2020** Reply (in Support of Motion)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/16/2020** Separate Statement
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**01/16/2020** Motion for Sanctions
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**01/10/2020** Declaration (Declaration of Edward Ruzak)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**01/10/2020** Declaration (Declaration of Beau LeBlanc)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**01/10/2020** Separate Statement
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**01/10/2020** Declaration (Declaration of Andy Beltran)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**01/10/2020** Declaration (Declaration of Damon Rogers)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**01/10/2020** Objection (Plaintiff's Evidentiary Objections In Opposition To City of Pasadena's Motion for Summary Judgment)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**01/10/2020** Opposition (Plaintiff's Opposition To City of Pasadena's Motion for Summary Judgment)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**01/09/2020** Declaration (of James Abeltin Re Opposition to Motion for Summary Judgment)
Filed by JACQUELYN LICEA (Cross-Complainant); JACQUELYN LICEA, an individual (Defendant)

**01/09/2020** Objection (Objections to Evidence Sumitted by City in Support of MSJ)
Filed by JACQUELYN LICEA (Cross-Complainant); JACQUELYN LICEA, an individual (Defendant)

EXHIBIT "1"
PAGE 41
EXHIBIT "1"
PAGE 50

**01/09/2020** Separate Statement
Filed by JACQUELYN LICEA (Cross-Complainant); JACQUELYN LICEA, an individual (Defendant)

**01/09/2020** Opposition (Opposition to Motion for Summary Judgment)
Filed by JACQUELYN LICEA (Cross-Complainant); JACQUELYN LICEA, an individual (Defendant)

**12/20/2019** Minute Order ( (Hearing on Ex Parte Application for an Order Shortening Time ...))
Filed by Clerk

**12/19/2019** Declaration ( Of Carmen M Aguado In Support Of Defendant City Of Pasadenas Opposition To Plaintiffs Ex
Parte Application For An Order Shortening Time On Plaintiffs 1 Motion To Compel Deposition Of Defendant City Of
Pasadena's Pmk 2motion To Compel Deposition Of J)
Filed by CITY OF PASADENA, a public entity (Defendant)

**12/19/2019** Opposition (To Plaintiffs Ex Parte Application For An Order Shortening Time On Plaintiffs 1 Motion To Compel
Deposition Of Defendant City Of Pasadenas Pmk 2 Motion To Compel Deposition Of Joaquin Siques 3 Motion To Compel
Deposition Of Mark Jomsky 4 Motion To Co)
Filed by CITY OF PASADENA, a public entity (Defendant)

**12/18/2019** Notice of Ruling
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff)

**12/18/2019** Declaration (of James B. Abeltin in Support of Motion for Court Order to Release Documents)
Filed by JACQUELYN LICEA, an individual (Defendant)

**12/18/2019** Motion for Order (to Release Documents)
Filed by JACQUELYN LICEA, an individual (Defendant)

**12/18/2019** Minute Order ( (Hearing on Ex Parte Application for an Order Shortening Time ...))
Filed by Clerk

**12/17/2019** Declaration (Filippo Marchino in Support of Plaintiffs' Motion to Compel the Persons Most Qualified of Defendant
City of Pasadena to Comply with Deposition Notice and for Sanctions)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff)

**12/17/2019** Motion to Compel (Plaintiffs' Motion to Compel Defendant City of Pasadena's Person Most Qualified to Comply
with Deposition Notice and for Monetary Sanctions in the Amount of $2,735.90)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff)

**12/17/2019** Declaration (Declaration of Filippo Marchino in Support of Plaintiffs' Motion to Compel Joaquin Siques to Comply
with Deposition Notice and for Sanctions in the Amount of $3,935.90)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff)

**12/17/2019** Motion to Compel (Plaintiffs' Motion to Compel Joaquin Siques to Comply with Deposition Notice and for
Monetary Sanctions in the Amount of $3,935.90)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff)

**12/17/2019** Ex Parte Application (for an Order Shortening Time on Plaintiffs' MTC Depo of Def. City of Pasadena's PMK, (2)
MTC Depo of Joaquin Siques, (3) MTC Depo of Mark Jomsky, (4) MTC David Royer re Depo Answers/Production, (5) MTC
Richard Yee re Depo Answers/Productio)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff)

**12/17/2019** Declaration (Declaration of Filippo Marchino in Support of Plaintiffs' Motion to Compel Richard Yee's Answers to
Deposition Questions and Production of Documents, and for Sanctions in the Amount of $3,068.40)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff)

EXHIBIT "1"
PAGE 42
EXHIBIT "1"
PAGE 51

**12/17/2019** Separate Statement
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Motion to Compel (Plaintiffs' Motion to Compel Richard Yee's Answers to Deposition Questions and Production of Documents, and for Monetary Sanctions in the Amount of $3,068.40)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Separate Statement
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Declaration (of Filippo Marchino in Support of Plaintiffs' Motion to Compel David Royer's Answers to Deposition Questions and Production of Documents, and for Sanctions in the Amount of $3,068.40)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Motion to Compel (Plaintiffs' Motion to Compel David Royer's Answers to Deposition Questions and Production of Documents, and for Monetary Sanctions in the Amount of $3,068.40)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Declaration (Declaration of Filippo Marchino in Support of Plaintiffs' Motion to Compel Mark Jomsky to Comply with Deposition Notice and for Sanctions in the Amount of $2,135.90)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Motion to Compel (Plaintiffs' Motion to Compel Mark Jomsky to Comply with Deposition Notice and for Sanctions in the Amount of $2,135.90)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**11/13/2019** Proof of Service (not Summons and Complaint)
Filed by JACQUELYN LICEA, an individual (Defendant)

**11/08/2019** Separate Statement
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Declaration (of Mark Jomsky ISO City's MSJ)
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Declaration (of Richard Yee ISO City's MSJ)
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Proof of Personal Service
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Declaration (of David Royer ISO City's MSJ)
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Declaration (of Joaquin Siques ISO City's MSJ)
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Declaration (of Carmen Aguado ISO City's MSJ)
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Exhibit List
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Motion for Summary Judgment
Filed by CITY OF PASADENA, a public entity (Defendant)

EXHIBIT "1"
PAGE 43
EXHIBIT "1"
PAGE 52

**10/10/2019** Answer
Filed by Jacquelyn Licea (Cross-Defendant)

**10/04/2019** Order (Joint Stipulation and Proposed Case Management Order)
Filed by JACQUELYN LICEA, an individual (Defendant)

**10/04/2019** Amended Cross-Complaint ( (2nd))
Filed by JACQUELYN LICEA (Cross-Complainant)

**10/04/2019** Stipulation and Order (to Allow Defendant to File An Amended Answer to Plaintiff's Complaint)
Filed by CITY OF PASADENA, a public entity (Defendant)

**10/01/2019** Notice of Ruling
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/25/2019** RETURNED MAIL

**09/25/2019** RETURNED MAIL

**09/24/2019** Order (Granting City of Pasadena's Ex Parte Application to Continue The Hearing on Defendant City's
Anticipated Motion for Summary Judgment)
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/24/2019** Minute Order ( (Hearing on Ex Parte Application to Continue Hearing on Defend...))
Filed by Clerk

**09/23/2019** Opposition (to Defendant City of Pasadena's Ex Parte Application for an Order to Continue the Hearing on
Defendant City's Anticipated Motion for Summary Judgment)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff)

**09/23/2019** Declaration in Support of Ex Parte Application
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/23/2019** Ex Parte Application (to Continue Hearing on Defendant Citys Anticipated Motion for Summary Judgment)
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/19/2019** Amended Cross-Complaint ( (1st))
Filed by JACQUELYN LICEA (Cross-Complainant)

**09/19/2019** Answer
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/19/2019** Answer
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/19/2019** City of Pasadena's First Amended Cross-Complaint for Indemnity, Declaratory Relief and Contribution; Demand
for Jury Trial
Filed by CITY OF PASADENA, a public entity (Cross-Defendant)

**09/09/2019** RETURNED MAIL

**09/09/2019** RETURNED MAIL

**09/06/2019** Opposition (to Plaintiff's Ex Parte Application to Compel Production of Documents)
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/06/2019** Minute Order ( (Hearing on Demurrer - without Motion to Strike To Plaintiff's...))
Filed by Clerk

**09/06/2019** Certificate of Mailing for ((Hearing on Demurrer - without Motion to Strike To Plaintiff's...) of 09/06/2019)
Filed by Clerk

**09/06/2019** Minute Order ( (Hearing on Demurrer - without Motion to Strike To Plaintiff's...))
Filed by Clerk

EXHIBIT "1"
PAGE 44
EXHIBIT "1"
PAGE 53

**09/06/2019** Declaration (of Carmen Aguado ISO City of Pasadena's Opposition to Plaintiffs' Ex Parte Application)
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/05/2019** Ex Parte Application (for an Order Compelling Def. to Produce Documents at the Depositions of PMQ)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   04/30/2020   01/17/2020   08/29/2019   06/05/2019   07/13/2018

**08/29/2019** Supplemental Declaration (Of Carmen M. Aguado in Support of Defendant City of Pasadena's Reply)
Filed by CITY OF PASADENA, a public entity (Cross-Defendant)

**08/29/2019** Reply (In Support of Its Demurrer To Plaintiff's First Amended Complaint)
Filed by CITY OF PASADENA, a public entity (Cross-Defendant)

**08/28/2019** Certificate of Mailing for ((Status Conference re: Mediation and Discovery) of 08/28/2019)
Filed by Clerk

**08/28/2019** Minute Order ( (Status Conference re: Mediation and Discovery))
Filed by Clerk

**08/27/2019** Notice (Case Management Order)
Filed by CITY OF PASADENA, a public entity (Cross-Defendant)

**08/26/2019** Declaration (of James Abeltin Re (Proposed) Case Management Order)
Filed by LICEA, JACQUELYN - (DOE 2) (Defendant)

**08/23/2019** Opposition (Plaintiff's Opposition to Defendant City of Pasadena's Demurrer to Plaintiff's First Amended Complaint)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**08/21/2019** Answer
Filed by JACQUELYN LICEA, an individual (Defendant)

**08/21/2019** Second Amended Cross-Complaint of Jacquelyn Licea
Filed by JACQUELYN LICEA (Cross-Complainant)

**08/21/2019** Amended Cross-Complaint ( (2nd))
Filed by JACQUELYN LICEA (Cross-Complainant)

**08/12/2019** Declaration (of Carmen Aguado ISO City of Pasadena Demurrer to First Amended Complaint)
Filed by CITY OF PASADENA, a public entity (Defendant)

**08/12/2019** Demurrer - without Motion to Strike
Filed by CITY OF PASADENA, a public entity (Defendant)

**08/02/2019** Notice of Ruling
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**07/30/2019** Order (Granting Defendant City of Pasadena's Ex Parte Application to Continue the Trial and Pre-Trial Deadlines)
Filed by Clerk

**07/30/2019** Minute Order ( (Hearing on Ex Parte Application to Continue the Trial and Pre...))
Filed by Clerk

**07/30/2019** Opposition (to Defendant City of Pasadena's Ex Parte Application to Continue the Trial and Pre-Trial Deadlines or, in the Alternative, Specially Set the Time Hearing on Defendant's Motion to Continue the Trial and Pre-Trial Deadlines)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

EXHIBIT "1"
PAGE 45
EXHIBIT "1"
PAGE 54

**07/29/2019** Declaration in Support of Ex Parte Application
Filed by CITY OF PASADENA, a public entity (Defendant)

**07/29/2019** Ex Parte Application (to Continue the Trial and Pre-Trial Deadlines)
Filed by CITY OF PASADENA, a public entity (Defendant)

**07/25/2019** Minute Order ( (Hearing on Ex Parte Application To Continue the Trial and Pre...))
Filed by Clerk

**07/24/2019** Notice (of Continued hearing On Ex Parte Application)
Filed by CITY OF PASADENA, a public entity (Cross-Defendant)

**07/24/2019** Declaration (of Carmen m Aguado)
Filed by CITY OF PASADENA, a public entity (Defendant)

**07/24/2019** Ex Parte Application (to Continue Trial)
Filed by CITY OF PASADENA, a public entity (Defendant)

**07/16/2019** Amendment to Complaint (Fictitious/Incorrect Name) (First Amended Complaint)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff)

**07/16/2019** Amended Complaint ( (1st))
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff); JACQUELYN LICEA (Cross-Complainant); Estate of Andres Ramirez, by and through its personal
representative, Elba Hernandez (Plain

**07/05/2019** Minute Order ( (Hearing on Motion for Leave to Amend Complaint filed on behal...))
Filed by Clerk

**06/27/2019** Reply (To Defendants' Responses To Plaintiff's Motion For Leave To File First Amended Complaint)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**06/24/2019** Case Management Statement
Filed by JACQUELYN LICEA, an individual (Defendant)

**06/21/2019** Response (Response to Motion for Leave)
Filed by CITY OF PASADENA, a public entity (Defendant)

**06/19/2019** Case Management Statement
Filed by CITY OF PASADENA, a public entity (Defendant)

**06/13/2019** Response (Response to Motion to Amend the Complaint)
Filed by JACQUELYN LICEA, an individual (Defendant)

**06/12/2019** Notice of Lien
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   04/30/2020   01/17/2020   08/29/2019   06/05/2019   07/13/2018

**06/05/2019** Minute Order ( (Status Conference re: Mediation and Discovery))
Filed by Clerk

**05/23/2019** Motion for Leave (To File A First Amended Complaint)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff)

**05/14/2019** Notice of Change of Address or Other Contact Information
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**03/05/2019** Notice (of Stipulated Continuance)
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

EXHIBIT "1"
PAGE 46
EXHIBIT "1"
PAGE 55

**01/28/2019** Separate Statement
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**01/28/2019** Motion to Quash
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**12/06/2018** Minute Order ((Status Conference re: Complex Personal Injury Case Transfer f...))
Filed by Clerk

**11/21/2018** Case Management Statement
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**11/20/2018** Case Management Statement
Filed by Pasadena, City of, a public entity (Defendant)

**11/19/2018** Case Management Statement
Filed by JACLQUELYN LICEA (DOE 1) (Defendant)

**11/19/2018** Notice of Case Management Conference

**11/01/2018** Answer (of Cross-Defendant City of Pasadena to Cross-Complaint Jacquelyn Licea's First Amended Cross-
Complaint)
Filed by Pasadena, City of, a public entity (Defendant)

**10/04/2018** Notice of Case Management Conference
Filed by Clerk

**10/03/2018** Notice-Case Management Conference
Filed by Clerk

**09/28/2018** Cross-Complaint First amended

**09/28/2018** Answer

**09/28/2018** Summons

**09/28/2018** Amended Cross-Complaint ( (1st))
Filed by JACQUELYN LICEA (Cross-Complainant)

**09/28/2018** Summons (on Complaint)
Filed by JACQUELYN LICEA (Cross-Complainant)

**09/28/2018** Answer
Filed by JACQUELYN LICEA (Cross-Complainant)

**09/28/2018** First Amended Cross-Complaint
Filed by JACQUELYN LICEA (Cross-Complainant)

**08/24/2018** Notice (and Acknowledgment of Receipt-Civil)
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff); LICEA,
JACQUELYN - (DOE 2) (Defendant)

**08/08/2018** Minute order entered: 2018-08-08 00:00:00
Filed by Clerk

**07/26/2018** Substitution of Attorney

**07/26/2018** SUBSTITUTION OF ATTORNEY

**07/23/2018** Order
Filed by Court

**07/20/2018** Minute order entered: 2018-07-20 00:00:00
Filed by Clerk

EXHIBIT "1"
PAGE 47
EXHIBIT "1"
PAGE 56

3/14/22, 4:24 PM                                              LASC - Case Access

**07/20/2018** Minute Order

**07/20/2018** Order (TRANSFERRING PERSONAL INJURY (PI) CASE TO INDEPENDENT CALENDAR (IC) COURT )
Filed by Court

**07/19/2018** NOTICE OF POSTING JURY FEES

**07/19/2018** Notice
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**07/19/2018** Notice (OF POSTING JURY FEES )
Filed by Attorney for Petitioner

**07/18/2018** NOTICE OF MOTION AND MOTION TO CONTINUE TRIAL DATE; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF ALGERIA R. FORD

**07/18/2018** Motion-Continue Hearing Date
Filed by Pasadena, City of, a public entity (Defendant)

**07/18/2018** Motion-Continue Hearing Date (MOTION TO CONTINUE TRIAL DATE )
Filed by Atty for Defendant and Cross-Compl

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   04/30/2020   01/17/2020   08/29/2019   06/05/2019   07/13/2018

**07/13/2018** CIVIL DEPOSIT

**07/13/2018** Receipt
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**07/13/2018** Receipt (CIVIL DEPOSIT )
Filed by Attorney for Plaintiff/Petitioner

**07/06/2018** AMENDMENT TO COMPLAINT

**07/06/2018** Amendment to Complaint
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**07/06/2018** Amendment to Complaint (FIC NAME: DOE 2 TRUE NAME: JACQUELYN LICEA )
Filed by Attorney for Plaintiff/Petitioner

**06/11/2018** NOTICE OF POSTING JURY FEES

**06/11/2018** Notice
Filed by Pasadena, City of, a public entity (Defendant)

**06/11/2018** Notice (OF POSTING JURY FEES )
Filed by Attorney for Deft/X-Deft/X-Comp

**06/05/2018** CIVIL DEPOSIT

**06/05/2018** Receipt
Filed by Pasadena, City of, a public entity (Defendant)

**06/05/2018** Receipt (CIVIL DEPOSIT RE JURY FEES $150.00 )
Filed by Attorney for Defendant/Respondent

**05/31/2018** DEFENDANT CITY OF PASADENA'S NOTICE OF DEMURRER AND DEMURRER TO JACQUELYN LICEA'S
CROSS-COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRIAN I. HAMBLET

**05/31/2018** Demurrer
Filed by Pasadena, City of, a public entity (Defendant)

**05/31/2018** Demurrer
Filed by Attorney for Deft/X-Deft/X-Comp

EXHIBIT "1"
PAGE 48
EXHIBIT "1"
PAGE 57

**05/25/2018** AMENDMENT TO COMPLAINT

**05/25/2018** Amendment to Complaint
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**05/25/2018** Amendment to Complaint (JACLQUELYN LICEA (DOE 1) )
Filed by Attorney for Plaintiff/Petitioner

**04/13/2018** DECLARATION OF BRIAN I. HAMBLET AND REQUEST FOR EXTENSION FOR DEFENDANT CITY OF
PASADENA PURSUANT TO CCP 430.41(A)(2)

**04/13/2018** Declaration
Filed by Pasadena, City of, a public entity (Defendant)

**04/13/2018** Declaration (OF BRIAN I. HAMBLET AND REQUEST FOR EXTENSION FOR DEFENDANT CITY OF
PASADENA PURSUANT TO CCP 430.41(A)(2) )
Filed by Attorney for Deft/X-Deft/X-Comp

**03/16/2018** PROOF OF SERVICE OF CROSS COMPLAINT

**03/16/2018** Proof of Service (not Summons and Complaint)
Filed by Pasadena, City of, a public entity (Defendant)

**03/16/2018** Proof of Service (OF CROSS COMPLAINT )
Filed by Attorney for Defendant/Respondent

**03/12/2018** Summons (on Complaint)
Filed by JACQUELYN LICEA, an individual (Defendant)

**03/12/2018** Cross-Complaint
Filed by JACQUELYN LICEA, an individual (Defendant)

**03/12/2018** Answer to Cross-Complaint
Filed by JACQUELYN LICEA, an individual (Defendant)

**03/12/2018** CROSS-COMPLAINT OF JACQUELYN LICEA FOR INDEMNITY, DECLARATORY RELIEF AND
CONTRIBUTION

**03/12/2018** ANSWER TO CROSS-COMPLAINT FOR INDEMNITY, DECLARATORY RELIEF AND CONTRIBUTION

**03/12/2018** Summons on Cross Complaint

**03/12/2018** Summons Filed (CROSS-COMPLAINT )
Filed by Attorney for Cross-Complainant

**03/12/2018** Cross-complaint (FOR INDEMNITY, DECLARATORY RELIEF & CONTRIBUTION )
Filed by Attorney for X-Deft/X-Comp

**03/12/2018** Answer to Cross-Complaint (FOR INDEMNITY, DECLARATORY RELIEF AND CONTRIBUTION )
Filed by Attorney for Cross-Defendant

**12/14/2017** Substitution of Attorney
Filed by Pasadena, City of, a public entity (Defendant)

**12/14/2017** SUBSTITUTION OF ATTORNEY

**12/14/2017** Substitution of Attorney ("FAXED" )
Filed by Attorney for Defendant/Respondent

**07/14/2017** Answer
Filed by Pasadena, City of, a public entity (Defendant)

**07/14/2017** Cross-Complaint
Filed by Pasadena, City of, a public entity (Defendant)

**07/14/2017** CITY OF PASADENA'S CROSS-COMPLAINT FOR INDEMNITY, DECLARATORY RELIEF AND
CONTRIBUTION

EXHIBIT "1"
PAGE 49
EXHIBIT "1"
PAGE 58

**07/14/2017** Summons (on Complaint)
Filed by Pasadena, City of, a public entity (Defendant)

**07/14/2017** SUMMONS ON CROSS-COMPLAINT

**07/14/2017** ANSWER PERSONAL INJURY, PROPERTY DAMAGE, WRONGFUL DEATH

**07/14/2017** Answer to Complaint
Filed by Attorney for Defendant/Respondent

**07/14/2017** Cross-complaint (FOR INDEMNITY, DECLARATORY RELIEF AND CONTRIBUTION )
Filed by Atty for Defendant and Cross-Compl

**07/14/2017** Summons Filed (CROSS-COMPLAINT )
Filed by Atty for Defendant and Cross-Compl

**06/14/2017** PROOF OF SERVICE SUMMONS

**06/14/2017** Proof-Service/Summons
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**06/14/2017** Proof-Service/Summons
Filed by Attorney for Plaintiff/Petitioner

**06/05/2017** Summons (on Complaint)

**06/05/2017** Civil Case Cover Sheet

**06/05/2017** SUMMONS

**06/05/2017** COMPLAINT 1. DANGEROUS CONDITION OF PUBLIC PROPERTY GOV'T CODE 835 ET SEQ.] 2.
VICARIOUS LIABILITY (GOV'T CODE 815.4] DEMAND FOR JURY TRIAL

**06/05/2017** Complaint
Filed by null

**06/05/2017** Complaint

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   04/30/2020   01/17/2020   08/29/2019   06/05/2019   07/13/2018

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings
Held

### Proceedings Held (Proceeding dates listed in descending order)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
04/10/2020   11/01/2019

**02/09/2022** at 08:30 AM in Department D
Trial Setting Conference - **Not Held - Vacated by Court**

**02/09/2022** at 08:30 AM in Department D
Order to Show Cause Re: Dismissal (in Light of Settlement) - **Not Held - Vacated by Court**

**12/14/2021** at 08:30 AM in Department D
Order to Show Cause Re: Dismissal (in Light of Settlement) - **Held - Continued**

**12/14/2021** at 08:30 AM in Department D
Trial Setting Conference - **Held - Continued**

**11/04/2021** at 08:30 AM in Department D
Order to Show Cause Re: Dismissal (in Light of Settlement) - **Not Held - Continued - Court's Motion**

EXHIBIT "1"
PAGE 50
EXHIBIT "1"
PAGE 59

**09/20/2021** at 08:30 AM in Department D
Order to Show Cause Re: Dismissal (in Light of Settlement) - **Held - Continued**

**09/20/2021** at 08:30 AM in Department D
Trial Setting Conference - **Not Held - Vacated by Court**

**07/08/2021** at 08:30 AM in Department D
Order to Show Cause Re: Dismissal (in Light of Settlement) - **Held - Continued**

**07/08/2021** at 08:30 AM in Department D
Trial Setting Conference - **Held - Continued**

**04/06/2021** at 08:30 AM in Department D
Order to Show Cause Re: Dismissal (in Light of Settlement) - **Not Held - Continued - Party's Motion**

**04/06/2021** at 08:30 AM in Department D
Trial Setting Conference - **Not Held - Continued - Party's Motion**

**02/04/2021** at 08:30 AM in Department D
Order to Show Cause Re: Dismissal (in Light of Settlement) - **Held - Continued**

**02/04/2021** at 08:30 AM in Department D
Trial Setting Conference - **Held - Continued**

**11/06/2020** at 09:00 AM in Department D
Hearing on Motion - Other (for A Court Order to Release Documents, or in the alternative, a Court Order that Elba
Hernandez Sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant Jacquelyn Licea) - **Not
Held - Taken Off Calendar by Party**

**11/06/2020** at 09:00 AM in Department D
Trial Setting Conference - **Not Held - Continued - Court's Motion**

**09/25/2020** at 09:00 AM in Department D
Hearing on Motion - Other (for A Court Order to Release Documents, or in the alternative, a Court Order that Elba
Hernandez sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant Jacquelyn Licea) - **Not
Held - Continued - Stipulation**

**09/25/2020** at 09:00 AM in Department D
Hearing on Motion to Quash (Deposition Subpoena Seeking Production of Business Records from Pasadena Unified School
District filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Vacated**

**09/25/2020** at 09:00 AM in Department D
Trial Setting Conference - **Not Held - Continued - Stipulation**

**09/25/2020** at 09:00 AM in Department D
Hearing on Motion for Sanctions (For Issue Sanctions and Evidence Sanctions against Defendant City of Pasadena filed on
behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Vacated**

**09/16/2020** at 1:30 PM in Department D
Non-Appearance Case Review (Court Order pursuant to Stipulation and Request for Court Ordr Continuing Hearings Set for
September25,2020; Order;) - **Held**

**08/24/2020** at 09:00 AM in Department D
Jury Trial - **Not Held - Advanced and Vacated**

**08/13/2020** at 09:00 AM in Department D
Final Status Conference - **Not Held - Advanced and Vacated**

**07/24/2020** at 09:00 AM in Department D
Hearing on Motion to Quash (Deposition Subpoena Seeking Production of Business Records from Pasadena Unified School
District filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Continued - by Court**

**07/24/2020** at 09:00 AM in Department D
Hearing on Motion - Other (for A Court Order to Release Documents, or in the alternative, a Court Order that Elba

EXHIBIT "1"
PAGE 51
EXHIBIT "1"
PAGE 60

Hernandez sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant Jacquelyn Licea) - **Not Held - Advanced and Continued - by Court**

**07/24/2020** at 09:00 AM in Department D

Hearing on Motion for Sanctions (For Issue Sanctions and Evidence Sanctions against Defendant City of Pasadena filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Continued - by Court**

**07/08/2020** at 11:00 AM in Department D

Ex-Parte Proceedings (to Continue Hearing Date filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Held - Motion Granted**

**05/18/2020** at 09:00 AM in Department D

Jury Trial - **Not Held - Advanced and Continued - by Court**

**05/18/2020** at 09:00 AM in Department D

Trial Setting Conference - **Not Held - Advanced and Vacated**

**05/18/2020** at 09:00 AM in Department D

Order to Show Cause Re: (Mandatory Settlement Conference) - **Not Held - Advanced and Vacated**

**05/18/2020** at 09:00 AM in Department D

Final Status Conference - **Not Held - Advanced and Continued - by Court**

**05/14/2020** at 08:30 AM in Department D

Order to Show Cause Re: (Mandatory Settlement Conference) - **Not Held - Advanced and Continued - by Court**

**04/30/2020** at 09:00 AM in Department D

Final Status Conference - **Not Held - Advanced and Continued - by Court**

**04/24/2020** at 09:00 AM in Department D

Hearing on Motion - Other (for A Court Order to Release Documents, or in the alternative, a Court Order that Elba Hernandez sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant Jacquelyn Licea) - **Not Held - Advanced and Continued - by Court**

**04/24/2020** at 08:30 AM in Department D

Hearing on Motion to Quash (Deposition Subpoena Seeking Production of Business Records from Pasadena Unified School District filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Continued - by Court**

**04/24/2020** at 08:30 AM in Department D

Hearing on Motion for Sanctions (For Issue Sanctions and Evidence Sanctions against Defendant City of Pasadena filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Continued - by Court**

**04/20/2020** at 09:00 AM in Department D

Jury Trial - **Not Held - Advanced and Continued - by Court**

**04/16/2020** at 09:00 AM in Department D

Final Status Conference - **Not Held - Clerical Error**

**04/16/2020** at 08:30 AM in Department D

Non-Appearance Case Review (Court Order Continuing Civil, Trial and Non-Trial matters to and after June 21, 2020 Pursuant to the General Order issued by the Presiding Judge and Statewide Orders issued by the Chief Justice;) - **Held**

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   04/10/2020   11/01/2019

**04/10/2020** at 08:30 AM in Department D

Hearing on Motion to Compel (Plaintiffs' Motion to Compel Mark Jomsky to Comply with Deposition Notice and for Sanctions in the Amount of $2135.90) - **Not Held - Advanced and Continued - by Court**

**04/10/2020** at 08:30 AM in Department D

Hearing on Motion to Compel (Plaintiffs' Motion to Compel Richard Yee's Answers to Deposition Questions and Production of Documents, and for Monetary Sanctions in the Amount of $3,068.40) - **Not Held - Advanced and Continued - by Court**

EXHIBIT "1"
PAGE 52
EXHIBIT "1"
PAGE 61

**04/10/2020** at 08:30 AM in Department D

Hearing on Motion to Compel (Plaintiffs' Notice of Motion and Motion to Compel Joaquin Siques to Comply with Deposition Notice and for Monetary Sanctions in the Amount of $3,935.90) - **Not Held - Advanced and Continued - by Court**

**04/10/2020** at 08:30 AM in Department D

Hearing on Motion to Compel (Plaintiffs' Motion to Compel Defendant City of Pasadena's Person Most Qualified to Comply with Deposition Notice and for Monetary Sanctions in the Amount $2,735.90) - **Not Held - Advanced and Continued - by Court**

**04/10/2020** at 08:30 AM in Department D

Hearing on Motion to Compel (Plaintiffs' Motion to Compel David Royer's Answers to Deposition Questions and Production of Documents, and for Sanctions in the Amount of $3,068.40) - **Not Held - Advanced and Continued - by Court**

**04/09/2020** at 09:00 AM in Department D

Final Status Conference - **Not Held - Advanced and Continued - by Court**

**04/02/2020** at 08:30 AM in Department D

Non-Appearance Case Review (Court Order Continuing Civil, Trial and Non-Trial matters to and after May 18, 2020 Pursuant to the General Order issued by the Presiding Judge;) - **Held**

**03/27/2020** at 08:30 AM in Department D

Hearing on Motion to Quash (Deposition Subpoena Seeking Production of Business Records from Pasadena Unified School District filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Continued - by Court**

**03/27/2020** at 08:30 AM in Department D

Hearing on Motion for Sanctions (For Issue Sanctions and Evidence Sanctions against Defendant City of Pasadena filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Continued - by Court**

**03/26/2020** at 08:30 AM in Department D

Order to Show Cause Re: (Mandatory Settlement Conference) - **Not Held - Advanced and Continued - by Court**

**03/26/2020** at 08:30 AM in Department D

Order to Show Cause Re: (Mandatory Settlement Conference) - **Not Held - Vacated by Court**

**03/25/2020** at 08:30 AM in Department D

Non-Appearance Case Review

**03/13/2020** at 09:00 AM in Department D

Hearing on Motion to Compel (Plaintiffs' Motion to Compel Mark Jomsky to Comply with Deposition Notice and for Sanctions in the Amount of $2135.90) - **Not Held - Advanced and Vacated**

**03/13/2020** at 09:00 AM in Department D

Hearing on Motion to Compel (Plaintiffs' Motion to Compel Defendant City of Pasadena's Person Most Qualified to Comply with Deposition Notice and for Monetary Sanctions in the Amount $2,735.90) - **Not Held - Advanced and Vacated**

**03/13/2020** at 09:00 AM in Department D

Hearing on Motion - Other (for A Court Order to Release Documents, or in the alternative, a Court Order that Elba Hernandez sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant Jacquelyn Licea) - **Not Held - Continued - Stipulation**

**03/13/2020** at 09:00 AM in Department D

Hearing on Motion to Compel (Plaintiffs' Notice of Motion and Motion to Compel Joaquin Siques to Comply with Deposition Notice and for Monetary Sanctions in the Amount of $3,935.90) - **Not Held - Advanced and Vacated**

**03/13/2020** at 08:30 AM in Department D

Hearing on Motion to Compel (Plaintiffs' Motion to Compel David Royer's Answers to Deposition Questions and Production of Documents, and for Sanctions in the Amount of $3,068.40) - **Not Held - Advanced and Vacated**

**03/13/2020** at 08:30 AM in Department D

Hearing on Motion to Compel (Plaintiffs' Motion to Compel Richard Yee's Answers to Deposition Questions and Production of Documents, and for Monetary Sanctions in the Amount of $3,068.40) - **Not Held - Advanced and Vacated**

EXHIBIT "1"
PAGE 53
EXHIBIT "1"
PAGE 62

LASC - Case Access

**03/06/2020** at 08:30 AM in Department D

Hearing on Motion - Other (for A Court Order to Release Documents, or in the alternative, a Court Order that Elba Hernandez sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant Jacquelyn Licea) - **Not Held - Continued - Ex Parte Motion**

**03/06/2020** at 08:30 AM in Department D

Hearing on Motion to Compel (Plaintiffs' Motion to Compel Defendant City of Pasadena's Person Most Qualified to Comply with Deposition Notice and for Monetary Sanctions in the Amount $2,735.90) - **Not Held - Advanced and Continued - by Court**

**03/06/2020** at 08:30 AM in Department D

Hearing on Motion to Compel (Plaintiffs' Motion to Compel Mark Jomsky to Comply with Deposition Notice and for Sanctions in the Amount of $2135.90) - **Not Held - Advanced and Continued - by Court**

**03/06/2020** at 08:30 AM in Department D

Hearing on Motion to Compel (Plaintiffs' Notice of Motion and Motion to Compel Joaquin Siques to Comply with Deposition Notice and for Monetary Sanctions in the Amount of $3,935.90) - **Not Held - Advanced and Continued - by Court**

**02/28/2020** at 09:00 AM in Department D

Hearing on Motion for Summary Judgment (or, in the alternative, Summary Adjudication filed on behalf of Defendant/Cross-Complainant/Cross-Defendant City of Pasadena) - **Held - Motion Denied**

**02/28/2020** at 08:30 AM in Department D

Hearing on Motion to Bifurcate (filed on behalf of Defendant/Cross-Complainant/Cross-Defendant City of Pasadena) - **Held - Motion Denied**

**02/24/2020** at 09:00 AM in Department D

Jury Trial - **Not Held - Advanced and Continued - by Court**

**02/24/2020** at 09:00 AM in Department D

Jury Trial - **Not Held - Continued - Court's Motion**

**02/13/2020** at 09:00 AM in Department D

Final Status Conference - **Not Held - Advanced and Continued - by Court**

**02/13/2020** at 09:00 AM in Department D

Final Status Conference - **Not Held - Continued - Court's Motion**

**01/24/2020** at 09:00 AM in Department D

Hearing on Motion for Summary Judgment - **Not Held - Vacated by Court**

**01/24/2020** at 08:30 AM in Department D

Order to Show Cause Re: (Mandatory Settlement Conference) - **Not Held - Advanced and Continued - by Court**

**01/24/2020** at 08:30 AM in Department D

Hearing on Ex Parte Application (for Order Advancing Motion for Court Order to Release Documents, or in the alternative, that Elba Hernandez sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant Jacquelyn Licea) - **Not Held - Advanced and Vacated**

**01/24/2020** at 08:30 AM in Department D

Hearing on Ex Parte Application (of Defendant City of Pasadena for an Order to Advance the Hearing on Defendant City's Motion to Bifurcate) - **Not Held - Advanced and Vacated**

**01/24/2020** at 08:30 AM in Department D

Hearing on Motion for Summary Judgment (or, in the alternative, Summary Adjudication filed on behalf of Defendant/Cross-Complainant/Cross-Defendant City of Pasadena) - **Not Held - Continued - Court's Motion**

**01/23/2020** at 08:30 AM in Department D

Order to Show Cause Re: (Mandatory Settlement Confrence) - **Not Held - Advanced and Continued - by Court**

**12/20/2019** at 08:30 AM in Department D

Hearing on Ex Parte Application (for an Order Shortening Time on Plaintiffs' MTC Depo of Def. City of Pasadena's PMK, (2)

**EXHIBIT "1"**
**PAGE 54**
**EXHIBIT "1"**
**PAGE 63**

MTC Depo of Joaquin Siques, (3) MTC Depo of Mark Jomsky, (4) MTC David Royer re Depo Answers/Production, (5) MTC Richard Yee re Depo Answers/Productio) - **Held - Continued**

**12/18/2019** at 08:30 AM in Department D

Hearing on Ex Parte Application (for an Order Shortening Time on Plaintiffs' MTC Depo of Def. City of Pasadena's PMK, (2) MTC Depo of Joaquin Siques, (3) MTC Depo of Mark Jomsky, (4) MTC David Royer re Depo Answers/Production, (5) MTC Richard Yee re Depo Answers/Productio) - **Held - Continued**

**12/13/2019** at 09:00 AM in Department D

Hearing on Motion for Summary Judgment - **Not Held - Advanced and Continued - by Court**

**12/02/2019** at 09:00 AM in Department D

Jury Trial - **Not Held - Advanced and Continued - by Court**

**11/21/2019** at 09:00 AM in Department D

Final Status Conference - **Not Held - Advanced and Continued - by Court**

**11/08/2019** at 08:30 AM in Department D

Status Conference (reMediation and Discovery) - **Not Held - Advanced and Vacated**

**11/06/2019** at 08:30 AM in Department D

Order to Show Cause Re: (Mandatory Settlement Confrence) - **Not Held - Advanced and Continued - by Court**

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   04/10/2020   11/01/2019

**11/01/2019** at 08:30 AM in Department D

Hearing on Motion for Summary Judgment - **Not Held - Advanced and Continued - by Court**

**10/04/2019** at 08:30 AM in Department D

Hearing on Demurrer - without Motion to Strike - **Not Held - Advanced and Continued - by Court**

**10/02/2019** at 08:30 AM in Department D

Status Conference (reMediation and Discovery) - **Not Held - Advanced and Continued - by Court**

**09/24/2019** at 08:30 AM in Department D

Hearing on Ex Parte Application (to Continue Hearing on Defendant Citys Anticipated Motion for Summary Judgment filed on behalf of Defendant/Cross-Complainant/Cross-Defendant City of Pasadena) - **Held - Motion Granted**

**09/20/2019** at 08:30 AM in Department D

Hearing on Motion for Summary Judgment - **Not Held - Rescheduled by Party**

**09/06/2019** at 09:00 AM in Department D

Status Conference (reMediation and Discovery) - **Not Held - Continued - Court's Motion**

**09/06/2019** at 09:00 AM in Department D

Jury Trial - **Not Held - Continued - Ex Parte Motion**

**09/06/2019** at 09:00 AM in Department D

Hearing on Demurrer - without Motion to Strike (To Plaintiff's First Amended Complaint filed on behalf of Defendant/Cross-Complainant/Cross-Defendant City of Pasadena) - **Held - Motion Denied**

**09/06/2019** at 08:30 AM in Department D

Hearing on Motion to Continue Trial - **Not Held - Taken Off Calendar by Party**

**09/06/2019** at 08:30 AM in Department D

Hearing on Ex Parte Application (for An Order Compelling Defendant City of Pasadena to Produce Documents at the Deposition of its Person Most Qualified filed on behalf of Plaintiffs Andres Ramirez, et al.) - **Held - Motion Denied**

**08/28/2019** at 08:30 AM in Department D

Status Conference (reMediation and Discovery) - **Not Held - Continued - Court's Motion**

**07/30/2019** at 08:30 AM in Department D

Hearing on Ex Parte Application (to Continue the Trial and Pre-Trial Deadlines or, in the alternative, Specially Set the Time

EXHIBIT "1"
PAGE 55
EXHIBIT "1"
PAGE 64

Hearing on Defendant's Motion to Continue the Trial and Pre-Trial Deadlines filed on behalf of Defendant/Cross-Complainant/Cross-Defendant City of Pasadena) - **Held - Advanced and Heard**

**07/25/2019** at 08:30 AM in Department D

Hearing on Ex Parte Application (To Continue the Trial and Pre-Trial Deadlines or, in the alternative, Specially Set the Time
Hearing on Defendant's Motion to Continue the Trial and Pre-Trial Deadlines filed on behalf of Defendant/Cross-Complainant/Cross-Defendant City of Pasadena) - **Not Held - Vacated by Court**

**07/05/2019** at 09:00 AM in Department D

Status Conference (reMediation and Discovery) - **Held - Continued**

**07/05/2019** at 08:30 AM in Department D

Hearing on Motion for Leave to Amend (Complaint) - **Held - Motion Granted**

**06/05/2019** at 08:30 AM in Department D

Status Conference (reMediation and Discovery) - **Held - Continued**

**03/06/2019** at 08:30 AM in Department D

Status Conference (reMediation and Discovery) - **Not Held - Continued - Court's Motion**

**03/01/2019** at 08:30 AM in Department D

Hearing on Motion to Quash (Deposition Subpoena Seeking the Deposition of, and Production of Business Records from, John F. Gerard, or, Alternatively, Motion for a Protective Order) - **Not Held - Taken Off Calendar by Party**

**12/06/2018** at 08:30 AM in Department D

Status Conference - **Held**

**08/08/2018** at 1:30 PM in Department 2

Hearing on Demurrer - without Motion to Strike (DEMURRER; Transferred to different departmnt) -

**07/20/2018** at 08:00 AM in Department 2

Court Order (Court Order; Transferred to different departmnt) -

**07/20/2018** at 08:00 am in Department SS2, Georgina T. Rizk, Presiding

Court Order (TRANSF FROM PI TO DEPT D-GLENDALE) - **Transferred to different departmnt**

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP    04/10/2020    11/01/2019

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Register of Actions (Listed in descending order)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

08/13/2020   03/13/2020   12/20/2019   09/09/2019   06/19/2019   07/26/2018

**02/09/2022** at 08:30 AM in Department D

Trial Setting Conference - **Not Held - Vacated by Court**

**02/09/2022** at 08:30 AM in Department D

Order to Show Cause Re: Dismissal (in Light of Settlement) - **Not Held - Vacated by Court**

**02/07/2022** Request for Dismissal

Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**02/04/2022** Request for Dismissal

Filed by JACQUELYN LICEA (Cross-Complainant)

**EXHIBIT "1"**
**PAGE 56**
**EXHIBIT "1"**
**PAGE 65**

**02/04/2022** Request for Dismissal
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff);
JACQUELYN LICEA (Cross-Complai

**12/14/2021** at 08:30 AM in Department D
Order to Show Cause Re: Dismissal (in Light of Settlement) - **Held - Continued**

**12/14/2021** at 08:30 AM in Department D
Trial Setting Conference - **Held - Continued**

**12/14/2021** Minute Order ( (Order to Show Cause Re: Dismissal in Light of Settlement; Tri...))
Filed by Clerk

**11/04/2021** at 08:30 AM in Department D
Order to Show Cause Re: Dismissal (in Light of Settlement) - **Not Held - Continued - Court's Motion**

**11/04/2021** Minute Order ( (Order to Show Cause Re: Dismissal in Light of Settlement))
Filed by Clerk

**09/20/2021** at 08:30 AM in Department D
Order to Show Cause Re: Dismissal (in Light of Settlement) - **Held - Continued**

**09/20/2021** at 08:30 AM in Department D
Trial Setting Conference - **Not Held - Vacated by Court**

**09/20/2021** Minute Order ( (Order to Show Cause Re: Dismissal in Light of Settlement; Tri...))
Filed by Clerk

**07/21/2021** Notice of Ruling
Filed by JACQUELYN LICEA, an individual (Defendant)

**07/08/2021** at 08:30 AM in Department D
Trial Setting Conference - **Held - Continued**

**07/08/2021** at 08:30 AM in Department D
Order to Show Cause Re: Dismissal (in Light of Settlement) - **Held - Continued**

**07/08/2021** Minute Order ( (Order to Show Cause Re: Dismissal in Light of Settlement; Tri...))
Filed by Clerk

**04/06/2021** at 08:30 AM in Department D
Order to Show Cause Re: Dismissal (in Light of Settlement) - **Not Held - Continued - Party's Motion**

**04/06/2021** at 08:30 AM in Department D
Trial Setting Conference - **Not Held - Continued - Party's Motion**

**04/06/2021** Minute Order ( (Order to Show Cause Re: Dismissal in Light of Settlement; Tri...))
Filed by Clerk

**02/05/2021** Notice of Ruling
Filed by JACQUELYN LICEA, an individual (Defendant)

**02/04/2021** at 08:30 AM in Department D
Order to Show Cause Re: Dismissal (in Light of Settlement) - **Held - Continued**

**02/04/2021** at 08:30 AM in Department D
Trial Setting Conference - **Held - Continued**

**02/04/2021** Minute Order ( (Trial Setting Conference; Order to Show Cause Re: Dismissal i...))
Filed by Clerk

**11/06/2020** at 09:00 AM in Department D
Hearing on Motion - Other (for A Court Order to Release Documents, or in the alternative, a Court Order that Elba

EXHIBIT "1"
PAGE 57
EXHIBIT "1"
PAGE 66

Hernandez Sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant Jacquelyn Licea) - **Not Held - Taken Off Calendar by Party**

**11/06/2020** at 09:00 AM in Department D
Trial Setting Conference - **Not Held - Continued - Court's Motion**

**11/06/2020** Minute Order ( (Trial Setting Conference))
Filed by Clerk

**10/30/2020** Notice (Of Striking Of Attorneys' Lien)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**09/25/2020** at 09:00 AM in Department D
Hearing on Motion for Sanctions (For Issue Sanctions and Evidence Sanctions against Defendant City of Pasadena filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Vacated**

**09/25/2020** at 09:00 AM in Department D
Hearing on Motion to Quash (Deposition Subpoena Seeking Production of Business Records from Pasadena Unified School District filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Vacated**

**09/25/2020** at 09:00 AM in Department D
Hearing on Motion - Other (for A Court Order to Release Documents, or in the alternative, a Court Order that Elba Hernandez sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant Jacquelyn Licea) - **Not Held - Continued - Stipulation**

**09/25/2020** at 09:00 AM in Department D
Trial Setting Conference - **Not Held - Continued - Stipulation**

**09/25/2020** RETURNED MAIL

**09/16/2020** at 1:30 PM in Department D
Non-Appearance Case Review (Court Order pursuant to Stipulation and Request for Court Ordr Continuing Hearings Set for September25,2020; Order;) - **Held**

**09/16/2020** Certificate of Mailing for ((Non-Appearance Case Review Court Order pursuant to Stipulatio...) of 09/16/2020)
Filed by Clerk

**09/16/2020** Minute Order ( (Non-Appearance Case Review Court Order pursuant to Stipulatio...))
Filed by Clerk

**09/14/2020** Stipulation and Order (Stipulation and Request For Court Order Continuing Hearings Set for September 25, 2020; Order)
Filed by JACQUELYN LICEA, an individual (Defendant)

**09/04/2020** Notice (Notice of Entry of Judgment Or Order)
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/04/2020** Notice (Notice of Entry of Judgment Or Order)
Filed by CITY OF PASADENA, a public entity (Defendant)

**08/24/2020** at 09:00 AM in Department D
Jury Trial - **Not Held - Advanced and Vacated**

**08/20/2020** Request for Dismissal (Cross-complaint by City of Pasadena filed on 10/4/2019)
Filed by Pasadena, City of (Cross-Complainant)

**08/19/2020** Request for Dismissal
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   08/13/2020   03/13/2020   12/20/2019   09/09/2019   06/19/2019   07/26/2018

EXHIBIT "1"
PAGE 58
EXHIBIT "1"
PAGE 67

**08/13/2020** at 09:00 AM in Department D
Final Status Conference - **Not Held - Advanced and Vacated**

**07/24/2020** at 09:00 AM in Department D
Hearing on Motion - Other (for A Court Order to Release Documents, or in the alternative, a Court Order that Elba
Hernandez sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant Jacquelyn Licea) - **Not
Held - Advanced and Continued - by Court**

**07/24/2020** at 09:00 AM in Department D
Hearing on Motion to Quash (Deposition Subpoena Seeking Production of Business Records from Pasadena Unified School
District filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Continued - by Court**

**07/24/2020** at 09:00 AM in Department D
Hearing on Motion for Sanctions (For Issue Sanctions and Evidence Sanctions against Defendant City of Pasadena filed on
behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Continued - by Court**

**07/08/2020** at 11:00 AM in Department D
Ex-Parte Proceedings (to Continue Hearing Date filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Held -
Motion Granted**

**07/08/2020** Certificate of Mailing for ((Ex-Parte Proceedings to Continue Hearing Date filed on behalf...) of 07/08/2020)
Filed by Clerk

**07/08/2020** Minute Order ( (Ex-Parte Proceedings to Continue Hearing Date filed on behalf...))
Filed by Clerk

**07/06/2020** Ex Parte Application (To Continue Hearing Date)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff)

**05/18/2020** at 09:00 AM in Department D
Final Status Conference - **Not Held - Advanced and Continued - by Court**

**05/18/2020** at 09:00 AM in Department D
Order to Show Cause Re: (Mandatory Settlement Conference) - **Not Held - Advanced and Vacated**

**05/18/2020** at 09:00 AM in Department D
Jury Trial - **Not Held - Advanced and Continued - by Court**

**05/18/2020** at 09:00 AM in Department D
Trial Setting Conference - **Not Held - Advanced and Vacated**

**05/14/2020** at 08:30 AM in Department D
Order to Show Cause Re: (Mandatory Settlement Conference) - **Not Held - Advanced and Continued - by Court**

**04/30/2020** at 09:00 AM in Department D
Final Status Conference - **Not Held - Advanced and Continued - by Court**

**04/30/2020** RETURNED MAIL

**04/24/2020** at 09:00 AM in Department D
Hearing on Motion - Other (for A Court Order to Release Documents, or in the alternative, a Court Order that Elba
Hernandez sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant Jacquelyn Licea) - **Not
Held - Advanced and Continued - by Court**

**04/24/2020** at 08:30 AM in Department D
Hearing on Motion to Quash (Deposition Subpoena Seeking Production of Business Records from Pasadena Unified School
District filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Continued - by Court**

**04/24/2020** at 08:30 AM in Department D
Hearing on Motion for Sanctions (For Issue Sanctions and Evidence Sanctions against Defendant City of Pasadena filed on
behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Continued - by Court**

**EXHIBIT "1"**
**PAGE 59**
**EXHIBIT "1"**
**PAGE 68**

**04/20/2020** at 09:00 AM in Department D
Jury Trial - **Not Held - Advanced and Continued - by Court**

**04/16/2020** at 09:00 AM in Department D
Final Status Conference - **Not Held - Clerical Error**

**04/16/2020** at 08:30 AM in Department D
Non-Appearance Case Review (Court Order Continuing Civil, Trial and Non-Trial matters to and after June 21, 2020
Pursuant to the General Order issued by the Presiding Judge and Statewide Orders issued by the Chief Justice;) - **Held**

**04/16/2020** Minute Order ( (Non-Appearance Case Review Court Order Continuing Civil, Tria...))
Filed by Clerk

**04/16/2020** Certificate of Mailing for ((Non-Appearance Case Review Court Order Continuing Civil, Tria...) of 04/16/2020)
Filed by Clerk

**04/15/2020** Notice (of Continuance of Motion for Court Order to Release Documents)
Filed by JACLQUELYN LICEA (DOE 1) (Defendant)

**04/10/2020** at 08:30 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Motion to Compel Richard Yee's Answers to Deposition Questions and Production
of Documents, and for Monetary Sanctions in the Amount of $3,068.40) - **Not Held - Advanced and Continued - by Court**

**04/10/2020** at 08:30 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Motion to Compel David Royer's Answers to Deposition Questions and Production
of Documents, and for Sanctions in the Amount of $3,068.40) - **Not Held - Advanced and Continued - by Court**

**04/10/2020** at 08:30 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Motion to Compel Mark Jomsky to Comply with Deposition Notice and for Sanctions
in the Amount of $2135.90) - **Not Held - Advanced and Continued - by Court**

**04/10/2020** at 08:30 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Notice of Motion and Motion to Compel Joaquin Siques to Comply with Deposition
Notice and for Monetary Sanctions in the Amount of $3,935.90) - **Not Held - Advanced and Continued - by Court**

**04/10/2020** at 08:30 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Motion to Compel Defendant City of Pasadena's Person Most Qualified to Comply
with Deposition Notice and for Monetary Sanctions in the Amount $2,735.00) - **Not Held - Advanced and Continued - by
Court**

**04/09/2020** at 09:00 AM in Department D
Final Status Conference - **Not Held - Advanced and Continued - by Court**

**04/02/2020** at 08:30 AM in Department D
Non-Appearance Case Review (Court Order Continuing Civil, Trial and Non-Trial matters to and after May 18, 2020
Pursuant to the General Order issued by the Presiding Judge;) - **Held**

**04/02/2020** Certificate of Mailing for ((Non-Appearance Case Review Court Order Continuing Civil, Tria...) of 04/02/2020)
Filed by Clerk

**04/02/2020** Minute Order ( (Non-Appearance Case Review Court Order Continuing Civil, Tria...))
Filed by Clerk

**03/27/2020** at 08:30 AM in Department D
Hearing on Motion for Sanctions (For Issue Sanctions and Evidence Sanctions against Defendant City of Pasadena filed on
behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Continued - by Court**

**03/27/2020** at 08:30 AM in Department D
Hearing on Motion to Quash (Deposition Subpoena Seeking Production of Business Records from Pasadena Unified School
District filed on behalf of Plaintiffs The Estate of Andres Ramirez, et al.) - **Not Held - Advanced and Continued - by Court**

**03/26/2020** at 08:30 AM in Department D
Order to Show Cause Re: (Mandatory Settlement Conference) - **Not Held - Advanced and Continued - by Court**

EXHIBIT "1"
PAGE 60
EXHIBIT "1"
PAGE 69

**03/26/2020** at 08:30 AM in Department D
Order to Show Cause Re: (Mandatory Settlement Conference) - **Not Held - Vacated by Court**

**03/25/2020** at 08:30 AM in Department D
Non-Appearance Case Review

**03/25/2020** Minute Order ( (Non-Appearance Case Review))
Filed by Clerk

**03/23/2020** Notice of Ruling
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/20/2020** Plaintiffs' Reply in Support of Motion to Quash Deposition Subpoena Seeking Business Records from Pasadena
Unified School District
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**03/20/2020** Plaintiffs' Reply in Support of Motion for Issue Sanctions and Evidence Sanctions Against Defendant City of
Pasadena
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**03/16/2020** Declaration (of David Royer ISO City of Pasadena's Opposition to Plaintiff's Motion for Issue)
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/16/2020** Response (Response to Separate Statement in Opposition to Motion to Quash)
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/16/2020** Opposition (to Plaintiffs' Motion for Issue Sanctions and Evidence Sanctions)
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/16/2020** Declaration (Declaration of Keiko J. Kojima)
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/16/2020** Opposition (Response to Separate Statement in Opposition to Motion to Quash)
Filed by CITY OF PASADENA, a public entity (Defendant)

**03/16/2020** Declaration (of Brian Hamblet ISO City of Pasadena's Opposition to Plaintiff's Motion for Issue)
Filed by CITY OF PASADENA, a public entity (Defendant)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   08/13/2020   03/13/2020   12/20/2019   09/09/2019   06/19/2019   07/26/2018

**03/13/2020** at 09:00 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Notice of Motion and Motion to Compel Joaquin Siques to Comply with Deposition
Notice and for Monetary Sanctions in the Amount of $3,935.90) - **Not Held - Advanced and Vacated**

**03/13/2020** at 09:00 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Motion to Compel Mark Jomsky to Comply with Deposition Notice and for Sanctions
in the Amount of $2135.90) - **Not Held - Advanced and Vacated**

**03/13/2020** at 09:00 AM in Department D
Hearing on Motion - Other (for A Court Order to Release Documents, or in the alternative, a Court Order that Elba
Hernandez sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant Jacquelyn Licea) - **Not
Held - Continued - Stipulation**

**03/13/2020** at 09:00 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Motion to Compel Defendant City of Pasadena's Person Most Qualified to Comply
with Deposition Notice and for Monetary Sanctions in the Amount $2,735.90) - **Not Held - Advanced and Vacated**

**03/13/2020** at 08:30 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Motion to Compel David Royer's Answers to Deposition Questions and Production
of Documents, and for Sanctions in the Amount of $3,068.40) - **Not Held - Advanced and Vacated**

EXHIBIT "1"
PAGE 61
EXHIBIT "1"
PAGE 70

**03/13/2020** at 08:30 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Motion to Compel Richard Yee's Answers to Deposition Questions and Production of Documents, and for Monetary Sanctions in the Amount of $3,068.40) - **Not Held - Advanced and Vacated**

**03/11/2020** Declaration (Declaration of James Abeltin in Response to Motion to Quash A Subpoena of School Records)
Filed by JACQUELYN LICEA, an individual (Defendant)

**03/11/2020** Response (Response of Jacquelyn Licea to Motion to Quash Subpoena of School Records)
Filed by JACQUELYN LICEA, an individual (Defendant)

**03/06/2020** at 08:30 AM in Department D
Hearing on Motion - Other (for A Court Order to Release Documents, or in the alternative, a Court Order that Elba Hernandez sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant Jacquelyn Licea) - **Not Held - Continued - Ex Parte Motion**

**03/06/2020** at 08:30 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Motion to Compel Mark Jomsky to Comply with Deposition Notice and for Sanctions in the Amount of $2135.90) - **Not Held - Advanced and Continued - by Court**

**03/06/2020** at 08:30 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Motion to Compel Defendant City of Pasadena's Person Most Qualified to Comply with Deposition Notice and for Monetary Sanctions in the Amount $2,735.90) - **Not Held - Advanced and Continued - by Court**

**03/06/2020** at 08:30 AM in Department D
Hearing on Motion to Compel (Plaintiffs' Notice of Motion and Motion to Compel Joaquin Siques to Comply with Deposition Notice and for Monetary Sanctions in the Amount of $3,935.90) - **Not Held - Advanced and Continued - by Court**

**03/04/2020** Notice (Notice of Continuance of Motion for A Court Order to Release Documents)
Filed by JACQUELYN LICEA, an individual (Defendant)

**02/28/2020** at 09:00 AM in Department D
Hearing on Motion for Summary Judgment (or, in the alternative, Summary Adjudication filed on behalf of Defendant/Cross-Complainant/Cross-Defendant City of Pasadena) - **Held - Motion Denied**

**02/28/2020** at 08:30 AM in Department D
Hearing on Motion to Bifurcate (filed on behalf of Defendant/Cross-Complainant/Cross-Defendant City of Pasadena) - **Held - Motion Denied**

**02/28/2020** Stipulation and Order to use Certified Shorthand Reporter (Ingrid Saracione, CSR No. 11960 for 2/28/2020 Hearing in Department D)

**02/28/2020** Minute Order ( (Hearing on Motion to Bifurcate filed on behalf of Defendant/C...))
Filed by Clerk

**02/28/2020** Objection (To Plaintiffs' And Jacquelyn Licea's Evidence In Support of Defendant City of Pasadena"s Motion For Summary Judgment, or In The Alternative Summary Adj. and Order Thereon)
Filed by CITY OF PASADENA, a public entity (Defendant)

**02/28/2020** Objection (Plaintiff's Evidentiary Objections in Opposition To The Evidence Submitted in Support of The Motion for Filed by Defendant City of Pasadena and Order Thereon)

**02/24/2020** at 09:00 AM in Department D
Jury Trial - **Not Held - Advanced and Continued - by Court**

**02/24/2020** at 09:00 AM in Department D
Jury Trial - **Not Held - Continued - Court's Motion**

**02/21/2020** Declaration (Declaration of Carmen M. Aguado in Support of Defendant City of Pasadena's Reply in Support of Its Motion for Bifurcation)
Filed by CITY OF PASADENA, a public entity (Defendant)

EXHIBIT "1"
PAGE 62
EXHIBIT "1"
PAGE 71

**02/21/2020** Reply (Defendant City of Pasadena's Reply in Support of Its Motion to Bifurcate)
Filed by CITY OF PASADENA, a public entity (Defendant)

**02/14/2020** Opposition (Plaintiffs' Opposition to Defendant City of Pasadena's Motion to Bifurcate)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**02/13/2020** at 09:00 AM in Department D
Final Status Conference - **Not Held - Advanced and Continued - by Court**

**02/13/2020** at 09:00 AM in Department D
Final Status Conference - **Not Held - Continued - Court's Motion**

**02/05/2020** Notice (Notice of Continuing Motion for a Court Order to Release Documents)
Filed by JACLQUELYN LICEA (DOE 1) (Defendant)

**01/30/2020** Proof of Personal Service
Filed by Pasadena, City of, a public entity (Defendant)

**01/30/2020** Proof of Personal Service
Filed by Pasadena, City of, a public entity (Defendant)

**01/27/2020** Notice of Ruling
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/24/2020** at 09:00 AM in Department D
Hearing on Motion for Summary Judgment - **Not Held - Vacated by Court**

**01/24/2020** at 08:30 AM in Department D
Order to Show Cause Re: (Mandatory Settlement Conference) - **Not Held - Advanced and Continued - by Court**

**01/24/2020** at 08:30 AM in Department D
Hearing on Ex Parte Application (for Order Advancing Motion for Court Order to Release Documents, or in the alternative,
that Elba Hernandez sign an Authorization filed on behalf of Defendant/Cross-Defendant/Cross-Complainant Jacquelyn
Licea) - **Not Held - Advanced and Vacated**

**01/24/2020** at 08:30 AM in Department D
Hearing on Ex Parte Application (of Defendant City of Pasadena for an Order to Advance the Hearing on Defendant City's
Motion to Bifurcate) - **Not Held - Advanced and Vacated**

**01/24/2020** at 08:30 AM in Department D
Hearing on Motion for Summary Judgment (or, in the alternative, Summary Adjudication filed on behalf of Defendant/Cross-
Complainant/Cross-Defendant City of Pasadena) - **Not Held - Continued - Court's Motion**

**01/24/2020** Opposition (Plaintiffs' Opposition to Defendant City of Pasadena's Ex Parte Application for an Order to Advance
the Hearing on Defendant City's Motion to Bifurcate)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**01/24/2020** Minute Order ( (Hearing on Motion for Summary Judgment or, in the alternative...))
Filed by Clerk

**01/23/2020** at 08:30 AM in Department D
Order to Show Cause Re: (Mandatory Settlement Confrence) - **Not Held - Advanced and Continued - by Court**

**01/23/2020** Declaration (of Carmen Aguado ISO Ex Parte Application for an Order to Advance Hearing on Motion to
Bifurcate)
Filed by CITY OF PASADENA, a public entity (Cross-Defendant)

**01/23/2020** Plaintiff's Objections to Defendant City of Pasadena's Notice of Errata re Reply in Support of its Motion for
Summary Judgment or, in the Alternative, Summary Adjudication
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff)

EXHIBIT "1"
PAGE 63
EXHIBIT "1"
PAGE 72

3/14/22, 4:24 PM                                                LASC - Case Access

**01/23/2020** Ex Parte Application (of Defendant City of Pasadena for an Order to Advance Hearing on Motion to Bifurcate)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/23/2020** Opposition (Plaintiffs' Opposition to Defendant Jacquelyn Licea's Ex Parte Application for an Order Advancing
Motion for a Court Order to Release Documents)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**01/22/2020** Motion in Limine (No 7)
Filed by Pasadena, City of (Cross-Complainant)

**01/22/2020** Ex Parte Application (Ex Parte for Order Advancing Motion for Court Order to Release Records)
Filed by JACLQUELYN LICEA (DOE 1) (Defendant)

**01/22/2020** Motion to Quash
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff)

**01/22/2020** Separate Statement
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff)

**01/22/2020** Notice (of Errata)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/21/2020** Motion in Limine (No 3)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 12)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 14)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 9)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 8)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 11)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 10)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Objection (Plaintiff's Objections to Defendant City of Pasadena's Reply Papers Filed in Support of Defendant
City of Pasadena's Motion for Summary Judgment / Adjudication)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff)

**01/21/2020** Declaration (of Carmen M. Aguado in Support)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/21/2020** Motion to Bifurcate
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/21/2020** Motion in Limine (No 2)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 13)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 5)
Filed by Pasadena, City of (Cross-Complainant)

EXHIBIT "1"
PAGE 64
EXHIBIT "1"
PAGE 73

**01/21/2020** Motion in Limine (No 6)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 1)
Filed by Pasadena, City of (Cross-Complainant)

**01/21/2020** Motion in Limine (No 4)
Filed by Pasadena, City of (Cross-Complainant)

**01/17/2020** Reply (in Support of Motion)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/17/2020** Declaration (in Support of Reply)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/17/2020** Reply (to Opposition)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/17/2020** Reply (to Separate Statement)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/17/2020** Objection (to Evidence)
Filed by CITY OF PASADENA, a public entity (Defendant)

**01/16/2020** Separate Statement
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**01/16/2020** Motion for Sanctions
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**01/10/2020** Declaration (Declaration of Edward Ruzak)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**01/10/2020** Declaration (Declaration of Beau LeBlanc)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**01/10/2020** Separate Statement
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**01/10/2020** Objection (Plaintiff's Evidentiary Objections In Opposition To City of Pasadena's Motion for Summary Judgment)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**01/10/2020** Opposition (Plaintiff's Opposition To City of Pasadena's Motion for Summary Judgment)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**01/10/2020** Declaration (Declaration of Damon Rogers)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**01/10/2020** Declaration (Declaration of Andy Beltran)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**01/09/2020** Objection (Objections to Evidence Sumitted by City in Support of MSJ)
Filed by JACQUELYN LICEA (Cross-Complainant); JACQUELYN LICEA, an individual (Defendant)

**01/09/2020** Opposition (Opposition to Motion for Summary Judgment)
Filed by JACQUELYN LICEA (Cross-Complainant); JACQUELYN LICEA, an individual (Defendant)

**01/09/2020** Declaration (of James Abeltin Re Opposition to Motion for Summary Judgment)
Filed by JACQUELYN LICEA (Cross-Complainant); JACQUELYN LICEA, an individual (Defendant)

**01/09/2020** Separate Statement
Filed by JACQUELYN LICEA (Cross-Complainant); JACQUELYN LICEA, an individual (Defendant)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   08/13/2020   03/13/2020   12/20/2019   09/09/2019   06/19/2019   07/26/2018

**12/20/2019** at 08:30 AM in Department D
Hearing on Ex Parte Application (for an Order Shortening Time on Plaintiffs' MTC Depo of Def. City of Pasadena's PMK, (2) MTC Depo of Joaquin Siques, (3) MTC Depo of Mark Jomsky, (4) MTC David Royer re Depo Answers/Production, (5) MTC Richard Yee re Depo Answers/Productio) - **Held - Continued**

**12/20/2019** Minute Order ( (Hearing on Ex Parte Application for an Order Shortening Time ...))
Filed by Clerk

**12/19/2019** Declaration ( Of Carmen M Aguado In Support Of Defendant City Of Pasadenas Opposition To Plaintiffs Ex Parte Application For An Order Shortening Time On Plaintiffs 1 Motion To Compel Deposition Of Defendant City Of Pasadena's Pmk 2motion To Compel Deposition Of J)
Filed by CITY OF PASADENA, a public entity (Defendant)

**12/19/2019** Opposition (To Plaintiffs Ex Parte Application For An Order Shortening Time On Plaintiffs 1 Motion To Compel Deposition Of Defendant City Of Pasadenas Pmk 2 Motion To Compel Deposition Of Joaquin Siques 3 Motion To Compel Deposition Of Mark Jomsky 4 Motion To Co)
Filed by CITY OF PASADENA, a public entity (Defendant)

**12/18/2019** at 08:30 AM in Department D
Hearing on Ex Parte Application (for an Order Shortening Time on Plaintiffs' MTC Depo of Def. City of Pasadena's PMK, (2) MTC Depo of Joaquin Siques, (3) MTC Depo of Mark Jomsky, (4) MTC David Royer re Depo Answers/Production, (5) MTC Richard Yee re Depo Answers/Productio) - **Held - Continued**

**12/18/2019** Notice of Ruling
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/18/2019** Declaration (of James B. Abeltin in Support of Motion for Court Order to Release Documents)
Filed by JACQUELYN LICEA, an individual (Defendant)

**12/18/2019** Minute Order ( (Hearing on Ex Parte Application for an Order Shortening Time ...))
Filed by Clerk

**12/18/2019** Motion for Order (to Release Documents)
Filed by JACQUELYN LICEA, an individual (Defendant)

**12/17/2019** Declaration (Declaration of Filippo Marchino in Support of Plaintiffs' Motion to Compel Richard Yee's Answers to Deposition Questions and Production of Documents, and for Sanctions in the Amount of $3,068.40)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Ex Parte Application (for an Order Shortening Time on Plaintiffs' MTC Depo of Def. City of Pasadena's PMK, (2) MTC Depo of Joaquin Siques, (3) MTC Depo of Mark Jomsky, (4) MTC David Royer re Depo Answers/Production, (5) MTC Richard Yee re Depo Answers/Productio)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Motion to Compel (Plaintiffs' Motion to Compel Mark Jomsky to Comply with Deposition Notice and for Sanctions in the Amount of $2,135.90)

EXHIBIT "1"
PAGE 66
EXHIBIT "1"
PAGE 75

Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Declaration (Declaration of Filippo Marchino in Support of Plaintiffs' Motion to Compel Mark Jomsky to Comply with Deposition Notice and for Sanctions in the Amount of $2,135.90)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Motion to Compel (Plaintiffs' Motion to Compel David Royer's Answers to Deposition Questions and Production of Documents, and for Monetary Sanctions in the Amount of $3,068.40)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Motion to Compel (Plaintiffs' Motion to Compel Joaquin Siques to Comply with Deposition Notice and for Monetary Sanctions in the Amount of $3,935.90)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Declaration (Declaration of Filippo Marchino in Support of Plaintiffs' Motion to Compel Joaquin Siques to Comply with Deposition Notice and for Sanctions in the Amount of $3,935.90)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Declaration (of Filippo Marchino in Support of Plaintiffs' Motion to Compel David Royer's Answers to Deposition Questions and Production of Documents, and for Sanctions in the Amount of $3,068.40)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Separate Statement
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Separate Statement
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Motion to Compel (Plaintiffs' Motion to Compel Richard Yee's Answers to Deposition Questions and Production of Documents, and for Monetary Sanctions in the Amount of $3,068.40)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Declaration (Filippo Marchino in Support of Plaintiffs' Motion to Compel the Persons Most Qualified of Defendant City of Pasadena to Comply with Deposition Notice and for Sanctions)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/17/2019** Motion to Compel (Plaintiffs' Motion to Compel Defendant City of Pasadena's Person Most Qualified to Comply with Deposition Notice and for Monetary Sanctions in the Amount of $2,735.90)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**12/13/2019** at 09:00 AM in Department D
Hearing on Motion for Summary Judgment - **Not Held - Advanced and Continued - by Court**

**12/02/2019** at 09:00 AM in Department D
Jury Trial - **Not Held - Advanced and Continued - by Court**

**11/21/2019** at 09:00 AM in Department D
Final Status Conference - **Not Held - Advanced and Continued - by Court**

**11/13/2019** Proof of Service (not Summons and Complaint)
Filed by JACQUELYN LICEA, an individual (Defendant)

EXHIBIT "1"
PAGE 67
EXHIBIT "1"
PAGE 76

**11/08/2019** at 08:30 AM in Department D
Status Conference (reMediation and Discovery) - **Not Held - Advanced and Vacated**

**11/08/2019** Declaration (of David Royer ISO City's MSJ)
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Exhibit List
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Separate Statement
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Motion for Summary Judgment
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Declaration (of Joaquin Siques ISO City's MSJ)
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Declaration (of Richard Yee ISO City's MSJ)
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Proof of Personal Service
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Declaration (of Mark Jomsky ISO City's MSJ)
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/08/2019** Declaration (of Carmen Aguado ISO City's MSJ)
Filed by CITY OF PASADENA, a public entity (Defendant)

**11/06/2019** at 08:30 AM in Department D
Order to Show Cause Re: (Mandatory Settlement Confrence) - **Not Held - Advanced and Continued - by Court**

**11/01/2019** at 08:30 AM in Department D
Hearing on Motion for Summary Judgment - **Not Held - Advanced and Continued - by Court**

**10/10/2019** Answer
Filed by Jacquelyn Licea (Cross-Defendant)

**10/04/2019** at 08:30 AM in Department D
Hearing on Demurrer - without Motion to Strike - **Not Held - Advanced and Continued - by Court**

**10/04/2019** Order (Joint Stipulation and Proposed Case Management Order)
Filed by JACQUELYN LICEA, an individual (Defendant)

**10/04/2019** Amended Cross-Complaint ( (2nd))
Filed by JACQUELYN LICEA (Cross-Complainant)

**10/04/2019** Stipulation and Order (to Allow Defendant to File An Amended Answer to Plaintiff's Complaint)
Filed by CITY OF PASADENA, a public entity (Defendant)

**10/02/2019** at 08:30 AM in Department D
Status Conference (reMediation and Discovery) - **Not Held - Advanced and Continued - by Court**

**10/01/2019** Notice of Ruling
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/25/2019** RETURNED MAIL

**09/25/2019** RETURNED MAIL

**09/24/2019** at 08:30 AM in Department D
Hearing on Ex Parte Application (to Continue Hearing on Defendant Citys Anticipated Motion for Summary Judgment filed
on behalf of Defendant/Cross-Complainant/Cross-Defendant City of Pasadena) - **Held - Motion Granted**

EXHIBIT "1"
PAGE 68
EXHIBIT "1"
PAGE 77

LASC - Case Access

**09/24/2019** Minute Order ( (Hearing on Ex Parte Application to Continue Hearing on Defend...))
Filed by Clerk

**09/24/2019** Order (Granting City of Pasadena's Ex Parte Application to Continue The Hearing on Defendant City's
Anticipated Motion for Summary Judgment)
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/23/2019** Ex Parte Application (to Continue Hearing on Defendant Citys Anticipated Motion for Summary Judgment)
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/23/2019** Declaration in Support of Ex Parte Application
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/23/2019** Opposition (to Defendant City of Pasadena's Ex Parte Application for an Order to Continue the Hearing on
Defendant City's Anticipated Motion for Summary Judgment)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff)

**09/20/2019** at 08:30 AM in Department D
Hearing on Motion for Summary Judgment - **Not Held - Rescheduled by Party**

**09/19/2019** Answer
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/19/2019** Answer
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/19/2019** City of Pasadena's First Amended Cross-Complaint for Indemnity, Declaratory Relief and Contribution; Demand
for Jury Trial
Filed by CITY OF PASADENA, a public entity (Cross-Defendant)

**09/19/2019** Amended Cross-Complaint ( (1st))
Filed by JACQUELYN LICEA (Cross-Complainant)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   08/13/2020   03/13/2020   12/20/2019   09/09/2019   06/19/2019   07/26/2018

**09/09/2019** RETURNED MAIL

**09/09/2019** RETURNED MAIL

**09/06/2019** at 09:00 AM in Department D
Hearing on Demurrer - without Motion to Strike (To Plaintiff's First Amended Complaint filed on behalf of Defendant/Cross-
Complainant/Cross-Defendant City of Pasadena) - **Held - Motion Denied**

**09/06/2019** at 09:00 AM in Department D
Status Conference (reMediation and Discovery) - **Not Held - Continued - Court's Motion**

**09/06/2019** at 09:00 AM in Department D
Jury Trial - **Not Held - Continued - Ex Parte Motion**

**09/06/2019** at 08:30 AM in Department D
Hearing on Motion to Continue Trial - **Not Held - Taken Off Calendar by Party**

**09/06/2019** at 08:30 AM in Department D
Hearing on Ex Parte Application (for An Order Compelling Defendant City of Pasadena to Produce Documents at the
Deposition of its Person Most Qualified filed on behalf of Plaintiffs Andres Ramirez, et al.) - **Held - Motion Denied**

**09/06/2019** Certificate of Mailing for ((Hearing on Demurrer - without Motion to Strike To Plaintiff's...) of 09/06/2019)
Filed by Clerk

**09/06/2019** Opposition (to Plaintiff's Ex Parte Application to Compel Production of Documents)
Filed by CITY OF PASADENA, a public entity (Defendant)

EXHIBIT "1"
PAGE 69
EXHIBIT "1"
PAGE 78

**09/06/2019** Declaration (of Carmen Aguado ISO City of Pasadena's Opposition to Plaintiffs' Ex Parte Application)
Filed by CITY OF PASADENA, a public entity (Defendant)

**09/06/2019** Minute Order ( (Hearing on Demurrer - without Motion to Strike To Plaintiff's...))
Filed by Clerk

**09/06/2019** Minute Order ( (Hearing on Demurrer - without Motion to Strike To Plaintiff's...))
Filed by Clerk

**09/05/2019** Ex Parte Application (for an Order Compelling Def. to Produce Documents at the Depositions of PMQ)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**08/29/2019** Supplemental Declaration (Of Carmen M. Aguado in Support of Defendant City of Pasadena's Reply)
Filed by CITY OF PASADENA, a public entity (Cross-Defendant)

**08/29/2019** Reply (In Support of Its Demurrer To Plaintiff's First Amended Complaint)
Filed by CITY OF PASADENA, a public entity (Cross-Defendant)

**08/28/2019** at 08:30 AM in Department D
Status Conference (reMediation and Discovery) - **Not Held - Continued - Court's Motion**

**08/28/2019** Minute Order ( (Status Conference re: Mediation and Discovery))
Filed by Clerk

**08/28/2019** Certificate of Mailing for ((Status Conference re: Mediation and Discovery) of 08/28/2019)
Filed by Clerk

**08/27/2019** Notice (Case Management Order)
Filed by CITY OF PASADENA, a public entity (Cross-Defendant)

**08/26/2019** Declaration (of James Abeltin Re (Proposed) Case Management Order)
Filed by LICEA, JACQUELYN - (DOE 2) (Defendant)

**08/23/2019** Opposition (Plaintiff's Opposition to Defendant City of Pasadena's Demurrer to Plaintiff's First Amended
Complaint)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff)

**08/21/2019** Amended Cross-Complaint ( (2nd))
Filed by JACQUELYN LICEA (Cross-Complainant)

**08/21/2019** Second Amended Cross-Complaint of Jacquelyn Licea
Filed by JACQUELYN LICEA (Cross-Complainant)

**08/21/2019** Answer
Filed by JACQUELYN LICEA, an individual (Defendant)

**08/12/2019** Demurrer - without Motion to Strike
Filed by CITY OF PASADENA, a public entity (Defendant)

**08/12/2019** Declaration (of Carmen Aguado ISO City of Pasadena Demurrer to First Amended Complaint)
Filed by CITY OF PASADENA, a public entity (Defendant)

**08/02/2019** Notice of Ruling
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**07/30/2019** at 08:30 AM in Department D
Hearing on Ex Parte Application (to Continue the Trial and Pre-Trial Deadlines or, in the alternative, Specially Set the Time
Hearing on Defendant's Motion to Continue the Trial and Pre-Trial Deadlines filed on behalf of Defendant/Cross-
Complainant/Cross-Defendant City of Pasadena) - **Held - Advanced and Heard**

**07/30/2019** Opposition (to Defendant City of Pasadena's Ex Parte Application to Continue the Trial and Pre-Trial Deadlines
or, in the Alternative, Specially Set the Time Hearing on Defendant's Motion to Continue the Trial and Pre-Trial Deadlines)

EXHIBIT "1"
PAGE 70
EXHIBIT "1"
PAGE 79

Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**07/30/2019** Order (Granting Defendant City of Pasadena's Ex Parte Application to Continue the Trial and Pre-Trial Deadlines)
Filed by Clerk

**07/30/2019** Minute Order ( (Hearing on Ex Parte Application to Continue the Trial and Pre...))
Filed by Clerk

**07/29/2019** Declaration in Support of Ex Parte Application
Filed by CITY OF PASADENA, a public entity (Defendant)

**07/29/2019** Ex Parte Application (to Continue the Trial and Pre-Trial Deadlines)
Filed by CITY OF PASADENA, a public entity (Defendant)

**07/25/2019** at 08:30 AM in Department D
Hearing on Ex Parte Application (To Continue the Trial and Pre-Trial Deadlines or, in the alternative, Specially Set the Time Hearing on Defendant's Motion to Continue the Trial and Pre-Trial Deadlines filed on behalf of Defendant/Cross-Complainant/Cross-Defendant City of Pasadena) - **Not Held - Vacated by Court**

**07/25/2019** Minute Order ( (Hearing on Ex Parte Application To Continue the Trial and Pre...))
Filed by Clerk

**07/24/2019** Notice (of Continued hearing On Ex Parte Application)
Filed by CITY OF PASADENA, a public entity (Cross-Defendant)

**07/24/2019** Declaration (of Carmen m Aguado)
Filed by CITY OF PASADENA, a public entity (Defendant)

**07/24/2019** Ex Parte Application (to Continue Trial)
Filed by CITY OF PASADENA, a public entity (Defendant)

**07/16/2019** Amendment to Complaint (Fictitious/Incorrect Name) (First Amended Complaint)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff)

**07/16/2019** Amended Complaint ( (1st))
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff); JACQUELYN LICEA (Cross-Complainant); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plain

**07/05/2019** at 09:00 AM in Department D
Status Conference (reMediation and Discovery) - **Held - Continued**

**07/05/2019** at 08:30 AM in Department D
Hearing on Motion for Leave to Amend (Complaint) - **Held - Motion Granted**

**07/05/2019** Minute Order ( (Hearing on Motion for Leave to Amend Complaint filed on behal...))
Filed by Clerk

**06/27/2019** Reply (To Defendants' Responses To Plaintiff's Motion For Leave To File First Amended Complaint)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**06/24/2019** Case Management Statement
Filed by JACQUELYN LICEA, an individual (Defendant)

**06/21/2019** Response (Response to Motion for Leave)
Filed by CITY OF PASADENA, a public entity (Defendant)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP    08/13/2020    03/13/2020    12/20/2019    09/09/2019    06/19/2019    07/26/2018

EXHIBIT "1"
PAGE 71
EXHIBIT "1"
PAGE 80

3/14/22, 4:24 PM                                    LASC - Case Access

**06/19/2019** Case Management Statement
Filed by CITY OF PASADENA, a public entity (Defendant)

**06/13/2019** Response (Response to Motion to Amend the Complaint)
Filed by JACQUELYN LICEA, an individual (Defendant)

**06/12/2019** Notice of Lien
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**06/05/2019** at 08:30 AM in Department D
Status Conference (reMediation and Discovery) - **Held - Continued**

**06/05/2019** Minute Order ( (Status Conference re: Mediation and Discovery))
Filed by Clerk

**05/23/2019** Motion for Leave (To File A First Amended Complaint)
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff)

**05/14/2019** Notice of Change of Address or Other Contact Information
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**03/06/2019** at 08:30 AM in Department D
Status Conference (reMediation and Discovery) - **Not Held - Continued - Court's Motion**

**03/05/2019** Notice (of Stipulated Continuance)
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**03/01/2019** at 08:30 AM in Department D
Hearing on Motion to Quash (Deposition Subpoena Seeking the Deposition of, and Production of Business Records from,
John F. Gerard, or, Alternatively, Motion for a Protective Order) - **Not Held - Taken Off Calendar by Party**

**01/28/2019** Motion to Quash
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**01/28/2019** Separate Statement
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**12/06/2018** at 08:30 AM in Department D
Status Conference - **Held**

**12/06/2018** Minute Order ((Status Conference re: Complex Personal Injury Case Transfer f...))
Filed by Clerk

**11/21/2018** Case Management Statement
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**11/20/2018** Case Management Statement
Filed by Pasadena, City of, a public entity (Defendant)

**11/19/2018** Case Management Statement
Filed by JACLQUELYN LICEA (DOE 1) (Defendant)

**11/19/2018** Notice of Case Management Conference

**11/01/2018** Answer (of Cross-Defendant City of Pasadena to Cross-Complaint Jacquelyn Licea's First Amended Cross-
Complaint)
Filed by Pasadena, City of, a public entity (Defendant)

**10/04/2018** Notice of Case Management Conference
Filed by Clerk

EXHIBIT "1"
PAGE 72
EXHIBIT "1"
PAGE 81

**10/03/2018** Notice-Case Management Conference
Filed by Clerk

**09/28/2018** Answer
Filed by JACQUELYN LICEA (Cross-Complainant)

**09/28/2018** Cross-Complaint First amended

**09/28/2018** Answer

**09/28/2018** First Amended Cross-Complaint
Filed by JACQUELYN LICEA (Cross-Complainant)

**09/28/2018** Amended Cross-Complaint ( (1st))
Filed by JACQUELYN LICEA (Cross-Complainant)

**09/28/2018** Summons

**09/28/2018** Summons (on Complaint)
Filed by JACQUELYN LICEA (Cross-Complainant)

**08/24/2018** Notice (and Acknowledgment of Receipt-Civil)
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff); LICEA,
JACQUELYN - (DOE 2) (Defendant)

**08/08/2018** at 1:30 PM in Department 2
Hearing on Demurrer - without Motion to Strike (DEMURRER; Transferred to different departmnt) -

**08/08/2018** Minute order entered: 2018-08-08 00:00:00
Filed by Clerk

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   08/13/2020   03/13/2020   12/20/2019   09/09/2019   06/19/2019   07/26/2018

**07/26/2018** SUBSTITUTION OF ATTORNEY

**07/26/2018** Substitution of Attorney

**07/23/2018** Order
Filed by Court

**07/20/2018** at 08:00 AM in Department 2
Court Order (Court Order; Transferred to different departmnt) -

**07/20/2018** at 08:00 am in Department SS2, Georgina T. Rizk, Presiding
Court Order (TRANSF FROM PI TO DEPT D-GLENDALE) - **Transferred to different departmnt**

**07/20/2018** Minute order entered: 2018-07-20 00:00:00
Filed by Clerk

**07/20/2018** Minute Order

**07/20/2018** Order (TRANSFERRING PERSONAL INJURY (PI) CASE TO INDEPENDENT CALENDAR (IC) COURT )
Filed by Court

**07/19/2018** NOTICE OF POSTING JURY FEES

**07/19/2018** Notice (OF POSTING JURY FEES )
Filed by Attorney for Petitioner

**07/19/2018** Notice
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**07/18/2018** NOTICE OF MOTION AND MOTION TO CONTINUE TRIAL DATE; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF ALGERIA R. FORD

EXHIBIT "1"
PAGE 73
EXHIBIT "1"
PAGE 82

3/14/22, 4:24 PM                                          LASC - Case Access

**07/18/2018** Motion-Continue Hearing Date
Filed by Pasadena, City of, a public entity (Defendant)

**07/18/2018** Motion-Continue Hearing Date (MOTION TO CONTINUE TRIAL DATE )
Filed by Atty for Defendant and Cross-Compl

**07/13/2018** Receipt (CIVIL DEPOSIT )
Filed by Attorney for Plaintiff/Petitioner

**07/13/2018** Receipt
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**07/13/2018** CIVIL DEPOSIT

**07/06/2018** Amendment to Complaint (FIC NAME: DOE 2 TRUE NAME: JACQUELYN LICEA )
Filed by Attorney for Plaintiff/Petitioner

**07/06/2018** AMENDMENT TO COMPLAINT

**07/06/2018** Amendment to Complaint
Filed by Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez,
deceased (Plaintiff); Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**06/11/2018** Notice (OF POSTING JURY FEES )
Filed by Attorney for Deft/X-Deft/X-Comp

**06/11/2018** NOTICE OF POSTING JURY FEES

**06/11/2018** Notice
Filed by Pasadena, City of, a public entity (Defendant)

**06/05/2018** CIVIL DEPOSIT

**06/05/2018** Receipt (CIVIL DEPOSIT RE JURY FEES $150.00 )
Filed by Attorney for Defendant/Respondent

**06/05/2018** Receipt
Filed by Pasadena, City of, a public entity (Defendant)

**05/31/2018** Demurrer
Filed by Pasadena, City of, a public entity (Defendant)

**05/31/2018** Demurrer
Filed by Attorney for Deft/X-Deft/X-Comp

**05/31/2018** DEFENDANT CITY OF PASADENA'S NOTICE OF DEMURRER AND DEMURRER TO JACQUELYN LICEA'S
CROSS-COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRIAN I. HAMBLET

**05/25/2018** AMENDMENT TO COMPLAINT

**05/25/2018** Amendment to Complaint
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

**05/25/2018** Amendment to Complaint (JACLQUELYN LICEA (DOE 1) )
Filed by Attorney for Plaintiff/Petitioner

**04/13/2018** Declaration (OF BRIAN I. HAMBLET AND REQUEST FOR EXTENSION FOR DEFENDANT CITY OF
PASADENA PURSUANT TO CCP 430.41(A)(2) )
Filed by Attorney for Deft/X-Deft/X-Comp

**04/13/2018** Declaration
Filed by Pasadena, City of, a public entity (Defendant)

**04/13/2018** DECLARATION OF BRIAN I. HAMBLET AND REQUEST FOR EXTENSION FOR DEFENDANT CITY OF
PASADENA PURSUANT TO CCP 430.41(A)(2)

**03/16/2018** PROOF OF SERVICE OF CROSS COMPLAINT

EXHIBIT "1"
PAGE 74
EXHIBIT "1"
PAGE 83

**03/16/2018** Proof of Service (OF CROSS COMPLAINT )
Filed by Attorney for Defendant/Respondent

**03/16/2018** Proof of Service (not Summons and Complaint)
Filed by Pasadena, City of, a public entity (Defendant)

**03/12/2018** CROSS-COMPLAINT OF JACQUELYN LICEA FOR INDEMNITY, DECLARATORY RELIEF AND
CONTRIBUTION

**03/12/2018** Cross-Complaint
Filed by JACQUELYN LICEA, an individual (Defendant)

**03/12/2018** Summons Filed (CROSS-COMPLAINT )
Filed by Attorney for Cross-Complainant

**03/12/2018** Cross-complaint (FOR INDEMNITY, DECLARATORY RELIEF & CONTRIBUTION )
Filed by Attorney for X-Deft/X-Comp

**03/12/2018** Summons (on Complaint)
Filed by JACQUELYN LICEA, an individual (Defendant)

**03/12/2018** Summons on Cross Complaint

**03/12/2018** ANSWER TO CROSS-COMPLAINT FOR INDEMNITY, DECLARATORY RELIEF AND CONTRIBUTION

**03/12/2018** Answer to Cross-Complaint
Filed by JACQUELYN LICEA, an individual (Defendant)

**03/12/2018** Answer to Cross-Complaint (FOR INDEMNITY, DECLARATORY RELIEF AND CONTRIBUTION )
Filed by Attorney for Cross-Defendant

**12/14/2017** Substitution of Attorney
Filed by Pasadena, City of, a public entity (Defendant)

**12/14/2017** SUBSTITUTION OF ATTORNEY

**12/14/2017** Substitution of Attorney ("FAXED" )
Filed by Attorney for Defendant/Respondent

**07/14/2017** Summons Filed (CROSS-COMPLAINT )
Filed by Atty for Defendant and Cross-Compl

**07/14/2017** Cross-complaint (FOR INDEMNITY, DECLARATORY RELIEF AND CONTRIBUTION )
Filed by Atty for Defendant and Cross-Compl

**07/14/2017** CITY OF PASADENA'S CROSS-COMPLAINT FOR INDEMNITY, DECLARATORY RELIEF AND
CONTRIBUTION

**07/14/2017** Answer to Complaint
Filed by Attorney for Defendant/Respondent

**07/14/2017** SUMMONS ON CROSS-COMPLAINT

**07/14/2017** ANSWER PERSONAL INJURY, PROPERTY DAMAGE, WRONGFUL DEATH

**07/14/2017** Answer
Filed by Pasadena, City of, a public entity (Defendant)

**07/14/2017** Cross-Complaint
Filed by Pasadena, City of, a public entity (Defendant)

**07/14/2017** Summons (on Complaint)
Filed by Pasadena, City of, a public entity (Defendant)

**06/14/2017** Proof-Service/Summons
Filed by Estate of Andres Ramirez, by and through its personal representative, Elba Hernandez (Plaintiff)

EXHIBIT "1"
PAGE 75
EXHIBIT "1"
PAGE 84

3/14/22, 4:24 PM                                        LASC - Case Access

**06/14/2017** PROOF OF SERVICE SUMMONS

**06/14/2017** Proof-Service/Summons
Filed by Attorney for Plaintiff/Petitioner

**06/05/2017** Civil Case Cover Sheet

**06/05/2017** SUMMONS

**06/05/2017** Complaint
Filed by null

**06/05/2017** COMPLAINT 1. DANGEROUS CONDITION OF PUBLIC PROPERTY GOV'T CODE 835 ET SEQ.] 2.
VICARIOUS LIABILITY (GOV'T CODE 815.4] DEMAND FOR JURY TRIAL

**06/05/2017** Complaint

**06/05/2017** Summons (on Complaint)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   08/13/2020   03/13/2020   12/20/2019   09/09/2019   06/19/2019   07/26/2018

**EXHIBIT "1"**
**PAGE 76**
**EXHIBIT "1"**
**PAGE 85**

**EXHIBIT "2"**

**EXHIBIT "1"**
**PAGE 86**

**FILED & ENTERED**

**JUL 11 2018**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY firman    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re

EAGAN AVENATTI, LLP,

                    Debtor.

Case No. 8:17-bk-11961-CB

Chapter 11

ORDER GRANTING IN PART AND DENYING
IN PART AMENDED MOTION FOR
ASSIGNMENT AND RESTRAINING ORDER

Date:     July 11, 2018
Time:     10:00 a.m.
Place:    Courtroom 5D
Address: 411 W. 4th St, Santa Ana, CA 92701

A hearing was held on July 11, 2018, at 10:00 a.m. before the Honorable Catherine E. Bauer, United States Bankruptcy Judge for the Central District of California, in Courtroom 5D located at 411 West Fourth St., Santa Ana, CA, on the Amended Motion for Entry of Assignment and Restraining Order filed on June 20, 2018 as docket #470 by Jason Frank Law, PLC ("Motion").  Appearances were made as noted on the record.

Having reviewed the pleadings and heard the discussion on the record and with good cause shown,

IT IS ORDERED:

1.   The Motion is granted in part and denied in part.

**EXHIBIT "2"
PAGE 77
EXHIBIT "1"
PAGE 87**

2.  The Motion is granted as follows:

Eagan Avenatti, LLP ("Debtor") is hereby restrained from assigning, encumbering or in any way transferring any proceeds, attorney's fees, costs, rights to payments and accounts receivable it is or may be entitled to receive from the lawsuits and clients listed on Exhibit A to the Frank Declaration attached to the Motion (the "Cases"), as well as any rent payments from Debtor's tenants.

Debtor shall file with the Court and serve on Jason Frank Law, PLC, the Internal Revenue Service, the Official Committee of Creditors, and their respective counsel, a notice of any hearing or proceeding regarding attorney's fees in any of the Cases (regardless of whether Debtor is designated as a possible payee).  Notice shall be filed and served at least 14 days prior to the date of the hearing or proceeding.

Debtor shall also file with the Court and serve on Jason Frank Law, PLC, the Internal Revenue Service, the Official Committee of Creditors, and their respective counsel, a notice of receipt of any monies in relation to the Cases, regardless of whether the payment is made to Debtor, Avenatti & Associates, Michael Avenatti, or Michael Eagan, or any entity controlled by Debtor, Avenatti & Associates, Michael Avenatti, or Michael Eagan.

3.  To the extent the Motion is not granted in Paragraph 2, it is denied without prejudice.

### 

Date: July 11, 2018

Catherine Bauer
United States Bankruptcy Judge

**EXHIBIT "3"**

**EXHIBIT "1"**
**PAGE 89**

1
2
3
4

Filippo Marchino, Esq. (SBN 256011)
**THE X-LAW GROUP, P.C.**
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
Tel: (213) 599-3380
Fax: (213) 599-3370

Attorneys for Plaintiffs

**FILED**
Superior Court of California
County of Los Angeles

**07/16/2019**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____Lawrence Hironaka_____ Deputy

5

6

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

7

### COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE

8

9
10
11
12
13
14

THE ESTATE OF ANDRES RAMIREZ, by
and through its personal representative,
ELBA HERNANDEZ; ELBA
HERNANDEZ, individually and as personal
representative and successor in interest to
Andres Ramirez, deceased,

        Plaintiffs,

    vs.

15
16
17

CITY OF PASADENA, a public entity;
Jacquelyn Licea, an individual; and DOES 1
through 100, inclusive,

        Defendants.

**CASE NO. BC664114**

**PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR WRONGFUL DEATH
AND SURVIVAL DAMAGES:**

1. **Wrongful Death - Dangerous
   Condition of Public Property [Gov't
   Code §835 *et seq.*]**
2. **Survival Action - Dangerous
   Condition of Public Property [Gov't
   Code §835 *et seq.*]**
3. **Wrongful Death - Vicarious
   Liability [Gov't Code §815.4**
4. **Survival Action - Vicarious Liability
   [Gov't Code §815.4]**
5. **Wrongful Death – Negligence**
6. **Survival Action - Negligence**

**DEMAND FOR JURY TRIAL**

18
19
20
21
22

23
24
25
26
27
28

        COMES NOW PLAINTIFFS THE ESTATE OF ANDRES RAMIREZ, by and through

its personal representative, Elba Hernandez, and ELBA HERNANDEZ, individually and as

personal representative and successor in interest to Andres Ramirez ("Ramirez"), deceased

(collectively "PLAINTIFFS"), for causes of action against defendants CITY OF PASADENA,

Jacquelyn Licea, and DOES 4 through 100 inclusive, and each of them, complain and allege as

follows:

1

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

Electronically Received 07/16/2019 11:55 AM
THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

### COMPLIANCE WITH THE TORT CLAIMS ACT

1.      At all times mentioned herein, Defendant CITY OF PASADENA was a public entity within the meaning of the California Government Tort Claims Act.  Defendant CITY OF PASADENA is, and at all relevant times mentioned herein was, responsible for the activities and operations of the Pasadena Department of Transportation.   The Pasadena Department of Transportation is, and at all times herein mentioned was, responsible for operating the CITY OF PASADENA's roads and highways, including the intersection where this incident occurred, and the surrounding roads.

2.      Decedent Andres Ramirez, prior to his death, timely presented a tort claim to the CITY OF PASADENA through his mother and guardian, Elba Hernandez.  The CITY OF PASADENA rejected the claim as untimely.

3.      Decedent Andres Ramirez successfully challenged the CITY OF PASADENA's denial of his claim as untimely through a petition in the Los Angeles Superior Court pursuant to Government Code Section 946.6.  That action was entitled _Ramirez v. City of Pasadena_, and was adjudicated in the Los Angeles Superior Court, case number BC644094.  On May 23, 2017, the Court ruled that decedent Andres Ramirez was not barred by the Government Tort Claims Act from proceeding to file this action.  The ruling is attached hereto as **Exhibit 1**.

4.      Andres Ramirez then brought the instant action, case number BC664114, through his mother and guardian ad litem, Elba Hernandez, seeking damages for his personal injuries and other damages.

5.      On February 25, 2019, during the pendency of the instant action, Andres Ramirez tragically passed away from complications arising from the injuries he sustained in the accident underlying the instant action.

6.      Therefore, Andres Ramirez' mother and guardian ad litem, Elba Hernandez, now brings claims of wrongful death and survival on behalf of herself, the other Andres Ramirez heirs, the Estate of Andres Ramirez, and Andres Ramirez, deceased. To that end, Elba Hernandez presented a new government tort claim to Defendant City of Pasadena on May 22, 2019. The government tort claim that Elba Hernandez presented to the City of Pasadena on May

1    22, 2019 is attached hereto as **Exhibit 2**. That claim was rejected by Defendant City of Pasadena

2    on July 2, 2019. (**Exhibit 3**.)

3        7.        Accordingly, PLAINTIFFS complied with the presentation requirements of the

4    Government Tort Claims Act by presenting timely government tort claims to Defendant City of

5    Pasadena, as had Andres Ramirez when this case was first filed.

6

7                              **JURISDICTION AND VENUE**

8        8.        Venue is appropriate in Los Angeles County, and this Court has personal

9    jurisdiction over the Defendants and each of them, by reason of the facts that, among other

10   things, the facts and circumstances alleged herein arose in the CITY OF PASADENA, County

11   of Los Angeles, State of California.

12

13                                      **PARTIES**

14       9.        Plaintiff ELBA HERNANDEZ is the mother of decedent Andres Ramirez.  She is

15   also the personal representative of the ESTATE OF ANDRES RAMIREZ and is a successor in

16   interest of Ramirez. She is entitled to bring this wrongful death/survivorship action pursuant to

17   Code of Civil Procedure Sections 377.60 and 377.30 on behalf of Plaintiff The Estate of

18   ANDRES RAMIREZ, on behalf of Andres Ramirez, deceased, and on behalf of herself and the

19   other Andres Ramirez heirs. Ramirez died without issue, and ELBA HERNANDEZ would be

20   entitled to Ramirez's estate through the rules of intestate succession.

21       10.       At all times herein mentioned, North Los Robles Avenue was and is a public

22   street and highway running a general northerly and southerly direction within the CITY OF

23   PASADENA, State of California; at all times herein mentioned, East Mountain Street, was and

24   is a public street and highway running in a general easterly and westerly direction and

25   intersecting North Los Robles Avenue in said City and State. This intersection shall be

26   hereinafter referred to as the SUBJECT INTERSECTION.

27       11.       At all relevant times, Defendant CITY OF PASADENA is/was responsible for

28   ownership, administration, control and operation of North Los Robles Avenue and East

3

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

THE X-LAW GROUP, P.C.<br/>625 Fair Oaks Avenue, Suite 390<br/>South Pasadena, CA 91030<br/>213.599.3380 phone • 213.599.3370 fax

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

1    Mountain Street and the SUBJECT INTERSECTION.

2    12.    Defendant Jacquelyn Licea, an individual, was previously identified as DOE 3 in

3    Plaintiff's original complaint. Throughout this amended complaint Jacquelyn Licea has been

4    substituted wherever appropriate to remove the DOE 3 references. Ms. Licea was responsible for

5    the operation of the vehicle that struck Andres Ramirez in the SUBJECT INTERSECTION.

6    13.    The true names and capacities, whether individual, public, corporate, associate or

7    otherwise, of the defendants sued herein as Does 4 through 100, are unknown to PLAINTIFFS,

8    who, therefore, sue said defendants by such fictitious names and will seek leave of court to

9    amend this complaint pursuant to the provisions of section 474 of the Code of Civil Procedure to

10    show their true names and capacities when same has been ascertained. PLAINTIFFS are

11    informed and believe and thereon allege that each of the fictitiously named defendants are

12    legally responsible in some manner for the occurrences herein alleged and that PLAINTIFFS'

13    losses as herein alleged were proximately caused by the actions of the DOE defendants, whether

14    based on their creation or maintenance of a dangerous condition, their vicarious liability for the

15    acts of their independent contracts or others, their negligence, or otherwise.   Each DOE

16    Defendant was operating in the course and scope of employment of the other Defendants, DOE

17    or named, and/or was the agent and employee of the other Defendants, DOE or named.  Each

18    DOE Defendant was vicariously liable for the acts of the other Defendants, DOE or named.

19    14.    PLAINTIFFS are informed and believe and thereon allege that at all times herein

20    mentioned each of the defendants was the agent, either actual or ostensible, and employee of

21    each of the remaining defendants, and in doing the things hereinafter alleged, was acting within

22    the purpose and scope of such agency and employment and with the advance knowledge,

23    authorization, or ratification of each of the remaining defendants.

24

25    **PASADENA'S HISTORY OF FATAL/INJURY COLLISIONS INVOLVING CYCLISTS**

26    15.    According to recent statistics reported by the California Office of Traffic Safety

27    (OTS), the CITY OF PASADENA registers among the highest number of collisions involving

28    cyclists in the area, including many injury and fatality accidents involving minors.

4

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

16.    For example, in 2009, according to OTS data, the CITY OF PASADENA registered 73 fatality and injury collisions involving cyclists, placing the CITY OF PASADENA 7th out of 56, compared to other cities with similar-sized populations.  Five (5) of the incidents reported for this year involved bicyclists under the age of fifteen.

17.    In 2010, according to OTS data, the CITY OF PASADENA registered 89 fatality and injury collisions involving cyclists, placing the CITY OF PASADENA 4th out of 53, compared to other cities with similar-sized populations.  Five (5) of the incidents reported for this year involved bicyclists under the age of fifteen.

18.    In 2011, according to OTS data, the CITY OF PASADENA registered 101 fatality and injury collisions involving cyclists, placing the CITY OF PASADENA 3rd out of 55, compared to other cities with similar-sized populations.  Three (3) of the incidents reported for this year involved bicyclists under the age of fifteen.

19.    In 2012, according to OTS data, the CITY OF PASADENA registered 89 fatality and injury collisions involving cyclists, placing the CITY OF PASADENA 5th out of 56 compared to other cities with similar-sized populations. Six (6) of the incidents reported for this year involved bicyclists under the age of fifteen.

20.    In 2013, according to OTS data, the CITY OF PASADENA registered 97 fatality and injury collisions involving cyclists, placing the CITY OF PASADENA 4th out of 56 compared to other cities with similar-sized populations.  Eight (8) of the incidents reported for this year involved bicyclists under the age of fifteen.

21.    In their most recent report, OTS reported 115 traffic collisions in which a bicyclist was either injured or killed in the CITY OF PASADENA in 2014, placing the CITY OF PASADENA 2nd out of 57, compared to other cities with similar-sized populations for this year.  Six (6) of the incidents reported for this year involved bicyclists under the age of fifteen. The 2014 accidents included several in the vicinity of the SUBJECT ACCIDENT.

22.    For example, on January 26, 2014, a bicycle-automobile collision occurred at the intersection of North Los Robles Avenue and Villa Street in Pasadena, in which a bicyclist was injured.

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

EXHIBIT "3"
PAGE 83
EXHIBIT "1"
PAGE 94

23.     On April 23, 2014, a bicycle-automobile collision occurred at the intersection of East Mountain Street and Oakland Avenue in Pasadena, in which a bicyclist was injured.

24.     On April 28, 2014, a bicycle-automobile collision occurred at the intersection of East Mountain Street and Chester Avenue in Pasadena, in which a bicyclist was injured.

25.     On December 8, 2014, a bicycle-automobile collision occurred near the intersection of North Los Robles Avenue and Washington Place in Pasadena, in which a bicyclist was injured.

26.     On December 15, 2014, a bicycle-automobile collision occurred near the intersection of North Los Robles Avenue and Ashtabula Street in Pasadena, in which a bicyclist was involved.

27.     On December 30, 2014, a bicycle-automobile collision occurred near the intersection of North Los Robles Avenue and Parke Street in Pasadena, in which a bicyclist was injured.

## THE SUBJECT ACCIDENT

28.     On the morning of Monday, November 30, 2015, Andres was severely injured after being struck by an automobile while traveling on his bicycle on the southern portion of the SUBJECT INTERSECTION in Pasadena (the SUBJECT ACCIDENT).

29.     The SUBJECT ACCIDENT occurred when Andres was bicycling in an eastbound direction along the southern side of East Mountain Street and legally entered the SUBJECT INTERSECTION after the light turned green.  At that time he was struck by a car driving southbound on North Los Robles Avenue.

30.     As a result of the SUBJECT ACCIDENT, Andres suffered an incapacitating injury that ultimately claimed his life. Andres suffered a skull fracture, lung contusion requiring a bilateral chest tube, small arachnoid bleed, bleeding from left ear cause by mastoid bone fracture, cerebral edema which required an intra cranial monitor, and a left tibia compound fracture. Following the accident, Andres remained in a coma for approximately two months. He eventually awoke from the coma but remained in a semi-conscious state until his untimely death

6

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

1    on February 25, 2019. At all times from the point of the SUBJECT ACCIDENT to his death,

2    Andres was completely incapacitated in a semi-conscious state.

3    　　　31.　　The CITY OF PASADENA is liable for the injuries and damages the decedent

4    sustained in the SUBJECT ACCIDENT. The SUBJECT ACCIDENT was a result of dangerous

5    conditions created by the CITY OF PASADENA and its respective agents, representatives and

6    employees, which existed at the time Andres was struck by Ms. Licea.  The dangerous

7    conditions included, by way of example and not limitation, (i) an inadequate timing on the

8    traffic control devices present at the location, and/or unsafe mechanical maintenance of the

9    same; and (ii) inadequate marking and delineation of the lanes, crosswalk, and other features of

10   the SUBJECT INTERSECTION.

11   　　　32.　　The dangerous conditions created a substantial risk of injury to individuals, such

12   as the decedent Andres Ramirez.  The dangerous conditions created a reasonably foreseeable

13   risk of the harm that Andres sustained.  The dangerous conditions were the result of the CITY

14   OF PASADENA and its agents, representatives and employees performing their public

15   employment and public duties in a negligent manner. The CITY OF PASADENA and its

16   respective agents, representatives and employees knew or should have known of the dangerous

17   conditions.

18   　　　33.　　The accident was also caused by negligent acts and/or omissions of the CITY OF

19   PASADENA and its respective agents, representatives and employees, which owed a duty of

20   care to maintain the traffic control devices in a reasonable and safe condition to prevent injury or

21   harm to members of the public, including Andres Ramirez.  The negligent or wrongful acts or

22   omissions of the CITY OF PASADENA and its respective agents, representatives and

23   employees were within the purpose, scope, or course of their employment to repair, maintain and

24   operate the traffic control devices in a safe condition, including with respect to its timing

25   mechanism, resulting in a breach of that duty and the creation of a dangerous condition.

26   　　　34.　　As a direct and proximate result of the dangerous condition, Andres Ramirez

27   sustained special damages, including but not limited to medical expenses, economic loss,

28   property loss, and other damages. Andres Ramirez was required to and did employ physicians

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

7

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

EXHIBIT "3"
PAGE 85
EXHIBIT "1"
PAGE 96

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

1    and surgeons and other medical personnel for the treatment and care of his injuries and thereby

2    incurred medical expenses. Because Andres Ramirez' personal injury claims survive his death,

3    the Estate of Andres Ramirez has been damaged in an amount to be proven at trial.

4        35.    Moreover, Elba Hernandez and the other Andres Ramirez' heirs have also

5    suffered damages for the wrongful death of Andres Ramirez.

6        36.    Plaintiff Elba Hernandez therefore intends to seek all damages arising from

7    Andres' injury and ultimate death, including survival damages and damages for wrongful death.

8    The amount of damages in this case will require expert evidence to ascertain. This is an

9    unlimited civil case.

10

11    **FIRST CAUSE OF ACTION**

12    **WRONGFUL DEATH - DANGEROUS CONDITION OF PUBLIC PROPERTY (Gov't**

13    **Code §835 *et seq.*)**

14    **(As Against City of Pasadena and DOES 4 through 100)**

15        37.    PLAINTIFFS incorporate all preceding and following paragraphs as if fully set

16    forth herein.

17        38.    PLAINTIFFS are informed and believes that defendant the CITY OF

18    PASADENA and DOES 4 through 100 are/were responsible for, among other things, the

19    planning, supervision, control, installation, servicing, management, inspection, monitoring,

20    testing, evaluation, improvement, redesigning, redevelopment, resurfacing, modification,

21    operation, signing, striping, maintenance, repair, traffic control, and other activities related to the

22    SUBJECT INTERSECTION of East Mountain Street and North Los Robles Avenue in

23    Pasadena, California, including the roadway where this motor vehicle versus cyclist collision

24    occurred, as well as the surrounding area. Said defendants were also responsible for the upkeep

25    and maintenance of related appurtenances, infrastructure, and adjacent and related traffic control

26    devices, lighting, trees, signs and safety devices and fixtures.  Upon information and belief, the

27    CITY OF PASADENA and DOES 4 through 100 were negligent and careless in the installation,

28    maintenance, inspection, repair, operation, and control of the SUBJECT INTERSECTION, and

8

the adjacent area, such that the roadway presented a dangerous, defective and hazardous condition. At all relevant times herein mentioned, the installation, maintenance, inspection, repair, operation and control of the roadway, and surrounding area, including timing parameters of traffic control devices, presented a reasonably foreseeable substantial risk of harm to members of the public who were lawfully operating vehicles, or otherwise on the roadway.

39.    Defendant CITY OF PASADENA and DOES 4 through 100 knowingly failed to properly install, work, operate, and/or inspect and/or maintain the marked crosswalk that injured Ramirez. Said failure is part of a pattern whereby Defendant the CITY OF PASADENA and DOES 4 through 100 fail to install, inspect, maintain, and operate facilities and/or equipment within their control notwithstanding that they knew or should have known that the facilities' poor condition and/or changed circumstances posed a serious threat to public health and safety.

40.    This incident was directly and legally caused by acts and/or omissions of the CITY OF PASADENA, DOES 4 through 100, and/or their employees or agents, including but not limited to:

a.    Failure to install, maintain, and/or operate adequate timing on the traffic control devices present at the location,

b.    Failure to establish adequate marking and delineation of the lanes, crosswalk, and other features of the SUBJECT INTERSECTION

c.    Failure to warn of and/or present and/or correct a "dangerous condition" (a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it would be used) on or immediately adjacent to, public property;

d.    Failure to provide and/or maintain adequate traffic control devices and warning signs alerting motorists to the crosswalk and the presence of those in the crosswalk;

e.    Failure to provide and/or maintain adequate signs, signals, "active" warning devices, channelizers, pavement markings and striping;

f.    Failure to post additional/supplemental signage, lighting, traffic control devices,

9

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

1   and/or pavement markings in view of what defendant knew or should have known

2   to have been dangerous for those using the crosswalk; and

3   g.    Failure to properly respond to the accident history in this area and complaints

4   regarding collision dangers.

5   41.    The above-factors, both individually and in combination, created a dangerous

6   condition of public property and presented a substantial risk of injury to members of the general

7   public, including Andres Ramirez, who use the property, or adjacent property, with reasonable

8   care, and in a reasonably foreseeable manner. Likewise, these factors, both individually and in

9   combination, constituted a dangerous condition which had been, but was not, remedied by

10  agents and employees of CITY OF PASADENA and DOES 4 through 100.

11  42.    The CITY OF PASADENA and DOES 4 through 100, and each of them,

12  negligently created and/or possessed knowledge, actual or constructive, of the above described

13  dangerous conditions, as well as the hazards and defects present in said roadway, and the

14  surrounding area, but failed to take reasonable measures to address these dangers and hazards.

15  Said Defendants, and each of them, were aware of prior similar accidents at this location and at

16  other locations in the area and failed to take reasonable measures to mitigate the known dangers.

17  43.    As a proximate result of the above-described dangerous condition, Ramirez was

18  hurt and injured in his health, strength, and activity, sustaining injury to his body and shock and

19  injury to his nervous system and person. Following the accident, Ramirez remained in a coma

20  for approximately two months. He eventually awoke from the coma but remained in a semi-

21  conscious state until his death on February 25, 2019. Such injuries caused Andres to experience

22  physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment,

23  inconvenience, anxiety, and emotional distress, all to his general damage.

24  44.    Andres Ramirez' personal injury claim survives his death and is now being

25  pursued in this action by Elba Hernandez, personal representative of the Estate of Andres

26  Ramirez and successor in interest to Andres Ramirez.

27  //

28  45.    As a direct and proximate result of the negligence of the DEFENDANTS, and

10

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

1    each of them, including DOES 4 through 100, PLAINTIFFS suffered wrongful death and other

2    damages in an amount exceeding the jurisdictional minimum of this Court.

3        46.    WHEREFORE, PLAINTIFFS pray for judgment against DEFENDANTS, and

4    each of them, as hereinafter set forth.

5

6                    **SECOND CAUSE OF ACTION**

7    **SURVIVAL ACTION - DANGEROUS CONDITION OF PUBLIC PROPERTY (Gov't**

8                        **Code §835 *et seq.*)**

9              **(As Against City of Pasadena and DOES 4 through 100)**

10       47.    PLAINTIFFS incorporate all preceding and following paragraphs as if fully set

11   forth herein.

12       48.    PLAINTIFFS are informed and believe that defendant the CITY OF

13   PASADENA and DOES 4 through 100 are/were responsible for, among other things, the

14   planning, supervision, control, installation, servicing, management, inspection, monitoring,

15   testing, evaluation, improvement, redesigning, redevelopment, resurfacing, modification,

16   operation, signing, striping, maintenance, repair, traffic control, and other activities related to the

17   SUBJECT INTERSECTION of East Mountain Street and North Los Robles Avenue in

18   Pasadena, California, including the roadway where this motor vehicle versus cyclist collision

19   occurred, as well as the surrounding area. Said defendants were also responsible for the upkeep

20   and maintenance of related appurtenances, infrastructure, and adjacent and related traffic control

21   devices, lighting, trees, signs and safety devices and fixtures.  Upon information and belief, the

22   CITY OF PASADENA and DOES 4 through 100 were negligent and careless in the installation,

23   maintenance, inspection, repair, operation, and control of the SUBJECT INTERSECTION, and

24   the adjacent area, such that the roadway presented a dangerous, defective and hazardous

25   condition. At all relevant times herein mentioned, the installation, maintenance, inspection,

26   repair, operation, and control of the roadway, and surrounding area, including timing parameters

27   of traffic control devices, presented a reasonably foreseeable substantial risk of harm to

28   members of the public who were lawfully operating vehicles, or otherwise on the roadway.

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

11

**EXHIBIT "3"**
**PAGE 89**
**EXHIBIT "1"**
**PAGE 100**

49.    Defendant the CITY OF PASADENA and DOES 4 through 100 knowingly failed to properly install, work, and/or inspect and/or maintain the marked crosswalk that injured Ramirez. Said failure is part of a pattern whereby Defendant the CITY OF PASADENA and DOES 4 through 100 fail to install, inspect, maintain, and operate facilities and/or equipment within their control notwithstanding that they knew or should have known that the facilities' poor condition and/or changed circumstances posed a serious threat to public health and safety.

50.    This incident was directly and legally caused by acts and/or omissions of the CITY OF PASADENA, DOES 4 through 100, and/or their employees or agents, including but not limited to:

a.    Failure to install, maintain, and/or operate adequate timing on the traffic control devices present at the location, and/or unsafe mechanical maintenance of the same;

b.    Failure to establish adequate marking and delineation of the lanes, crosswalk, and other features of the SUBJECT INTERSECTION

c.    Failure to warn of and/or present and/or correct a "dangerous condition" (a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it would be used) on or immediately adjacent to, public property;

d.    Failure to provide and/or maintain adequate traffic control devices and warning signs alerting motorists to the crosswalk and the presence of those in the crosswalk;

e.    Failure to provide and/or maintain adequate signs, signals, "active" warning devices, channelizers, pavement markings and striping;

f.    Failure to post additional/supplemental signage, lighting, traffic control devices, and/or pavement markings in view of what defendant knew or should have known to have been dangerous for those using the crosswalk; and

g.    Failure to properly respond to the accident history in this area and complaints regarding collision dangers.

51.    The above-factors, both individually and in combination, created a dangerous

12

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

1    condition of public property and presented a substantial risk of injury to members of the general

2    public, including Andres Ramirez, who use the property, or adjacent property, with reasonable

3    care, and in a reasonably foreseeable manner. Likewise, these factors, both individually and in

4    combination, constituted a dangerous condition which had been, but was not, remedied by

5    agents and employees of CITY OF PASADENA and DOES 4 through 100.

6        52.    The CITY OF PASADENA and/or DOES 4 through 100, and each of them,

7    negligently created and/or possessed knowledge, actual or constructive, of the above described

8    dangerous conditions, as well as the hazards and defects present in said roadway, and the

9    surrounding area, but failed to take reasonable measures to address these dangers and hazards.

10    Said Defendants, and each of them, were aware of prior similar accidents at this location and at

11    other locations in the area and failed to take reasonable measures to mitigate the known dangers.

12        53.    As a proximate result of the above-described dangerous condition, Ramirez was

13    hurt and injured in his health, strength, and activity, sustaining injury to his body and shock and

14    injury to his nervous system and person.  Following the accident, Ramirez remained in a coma

15    for approximately two months. He eventually awoke from the coma but remained in a semi-

16    conscious state until his death on February 25, 2019. Such injuries caused Andres to experience

17    physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment,

18    inconvenience, anxiety, and emotional distress, all to his general damage.

19        54.    Andres Ramirez' personal injury claim survives his death and is now being

20    pursued in this action by Elba Hernandez, personal representative of the Estate of Andres

21    Ramirez and successor in interest to Andres Ramirez.

22        55.    As a direct and proximate result of the negligence of the DEFENDANTS, and

23    each of them, including DOES 4 through 100, PLAINTIFFS suffered wrongful death and other

24    damages in an amount exceeding the jurisdictional minimum of this Court.

25        56.    WHEREFORE, PLAINTIFFS pray for judgment against DEFENDANTS, and

26    each of them, as hereinafter set forth.

27    //

28    //

13

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

**THIRD CAUSE OF ACTION**

**WRONGFUL DEATH - VICARIOUS LIABILITY (Gov't Code §815.4)**

**(As Against City of Pasadena and DOES 4 through 100)**

57.   PLAINTIFFS incorporate all preceding and following paragraphs as if fully set forth herein.

58.   PLAINTIFFS are informed, believe, and thereon allege that various individuals and entities, unknown at the present time, and therefore sued as DOE defendants, at all times mentioned herein, were independent contractors of Defendants the CITY OF PASADENA and DOES 4 through 100, and that Defendants the CITY OF PASADENA and DOES 4 through 100 were/are public entities pursuant to Government Code 811.2, and are, along with their employees, vicariously liable for the tortious acts and omissions of the independent contractors, sued herein as DOES pursuant to Government Code sections 815.2, 815.4, 820(a), 840.2, and 840.4.

59.   On the morning of Monday, November 30, 2015, Andres Ramirez was severely injured after being struck by an automobile while traveling on his bicycle on the southern portion of the SUBJECT INTERSECTION in the SUBJECT ACCIDENT. Andres Ramirez succumbed to injuries sustained as a result of SUBJECT ACCIDENT and passed on February 25, 2019.

60.   At the aforementioned time and place, Defendants the CITY OF PASADENA and DOES 4 through 100, individually and/or by and through their agents, servants, employees, and/or independent contractors, had a non-delegable duty to maintain and/or operate the traffic control devices in the SUBJECT INTERSECTION where the SUBJECT ACCIDENT occurred in a reasonable and safe condition to prevent injury or harm to members of the public, including Andres Ramirez, to avoid foreseeable accidents and to mitigate the potential harm occurring in such foreseeable accidents.

61.   DEFENDANTS, by and through their agents, servants and/or employees, disregarded said duty and allowed, caused, and/or failed to maintain and/or operate in a reasonably safe condition the traffic control devices where the SUBJECT INCIDENT occurred,

14

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

1    to prevent injury or harm to members of the public.

2    62.    As a direct and proximate result of the negligence of DEFENDANTS, and each

3    of them, including DOES 4 through 100, as aforesaid, Mr. Ramirez sustained severe bodily

4    injuries, ultimately leading to his untimely death.

5    63.    As a direct and proximate result of the negligence of DEFENDANTS, and each

6    of them, including DOES 4 through 100, as aforesaid, PLAINTIFFS suffered damages in an

7    amount exceeding the jurisdictional minimum of this Court.

8

9    **FOURTH CAUSE OF ACTION**

10    **SURVIVAL ACTION - VICARIOUS LIABILITY (GOV'T CODE §815.4)**

11    **(As Against City of Pasadena and DOES 4 through 100)**

12    64.    PLAINTIFFS incorporate all preceding and following paragraphs as if fully set

13    forth herein.

14    65.    On or about November 30, 2015 at or around 9:18 a.m., Andres Ramirez was

15    involved in a collision in which decedent was bicycling in an eastbound direction along the

16    southern side of East Mountain Street and legally entered the SUBJECT INTERSECTION after

17    the light turned green.  At that time he was struck by a car driving southbound on North Los

18    Robles Avenue.

19    66.    At the aforementioned time and place, DEFENDANTS individually and/or by

20    and through their agents, servants and/or employees, had a duty to maintain and/or operate in a

21    reasonably safe condition the traffic control devices where the SUBJECT INCIDENT occurred,

22    to prevent injury or harm to members of the public, including Andres Ramirez.

23    67.    DEFENDANTS, by and through their agents, servants and/or employees,

24    disregarded said duty and allowed, caused, and/or failed to properly maintain and/or operate in a

25    reasonably safe condition the traffic control devices where the SUBJECT INCIDENT occurred,

26    to prevent injury or harm to members of the public.

27    68.    As a direct and proximate result of the negligence of DEFENDANTS, and each

28    of them, including DOES 4 through 100, as aforesaid, Mr. Ramirez sustained severe bodily

15

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

1    injuries, ultimately leading to his untimely death.

2    69.    As a direct and proximate result of the negligence of DEFENDANTS, and each

3    of them, including DOES 4 through 100, as aforesaid, PLAINTIFFS suffered damages in an

4    amount exceeding the jurisdictional minimum of this Court.

5

6    **FIFTH CAUSE OF ACTION**

7    **WRONGFUL DEATH – NEGLIGENCE**

8    **(As Against Jacquelyn Licea and DOES 4 through 100)**

9    70.    PLAINTIFFS incorporate all preceding and following paragraphs as if fully set

10   forth herein.

11   71.    On or about November 30, 2015 at or around 9:18 a.m., Andres Ramirez was

12   involved in a collision in which decedent was bicycling in an eastbound direction along the

13   southern side of East Mountain Street and legally entered the SUBJECT INTERSECTION after

14   the light turned green.   At that time he was struck by a car driving southbound on North Los

15   Robles Avenue. The car was owned and/or operated by Jacquelyn Licea and DOES 4 through

16   100.

17   72.    Defendant Jacquelyn Licea and DOES 4 through 100, and each of them, were

18   negligent by, among other things, failing to keep a proper lookout, failing to drive in a

19   reasonable manner, violating various sections of the California Vehicle Code, and acting in such

20   a way as to endanger the life and safety of others, including Andres Ramirez.

21   73.    As a direct and proximate result of the negligence of the Defendant Licea and

22   DOES 4 through 100, Andres Ramirez sustained severe bodily injuries, ultimately leading to his

23   untimely death. Due to the passing of Andres Ramirez, his heirs now have a cause of action for

24   wrongful death through which they now seek all available damages.

25   74.    As a direct and proximate result of the negligence of the Defendant Licea and

26   DOES 4 through 100, PLAINTIFFS suffered damages in an amount exceeding the jurisdictional

27   minimum of this Court.

28   //

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

16
PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

**EXHIBIT "3"**
**PAGE 94**
**EXHIBIT "1"**
**PAGE 105**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

**SIXTH CAUSE OF ACTION**

**SURVIVAL - NEGLIGENCE**

**(As Against Jacquelyn Licea and DOES 4 through 100)**

75.     PLAINTIFFS incorporate all preceding and following paragraphs as if fully set forth herein.

76.     On or about November 30, 2015 at or around 9:18 a.m., Andres Ramirez was involved in a collision in which decedent was bicycling in an eastbound direction along the southern side of East Mountain Street and legally entered the SUBJECT INTERSECTION after the light turned green.  At that time he was struck by a car driving southbound on North Los Robles Avenue. The car was owned and/or operated by Jacquelyn Licea and DOES 4 through 100.

77.     Defendant Jacquelyn Licea and DOES 4 through 100, and each of them, were negligent by, among other things, failing to keep a proper lookout, failing to drive in a reasonable manner, violating various sections of the California Vehicle Code, and acting in such a way as to endanger the life and safety of others, including Andres Ramirez.

78.     As a direct and proximate result of the negligence of Defendant Licea and DOES 4 through 100, Andres Ramirez sustained severe bodily injuries, ultimately leading to his untimely death. His personal injury claims survive his death and PLAINTIFFS seek all available damages related thereto in this action.

79.     As a direct and proximate result of the negligence of Defendant Licea and DOES 4 through 100, PLAINTIFFS suffered damages in an amount exceeding the jurisdictional minimum of this Court.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray for judgment against DEFENDANTS, and each of them, as follows:

1.     For special damages, including medical expenses, according to proof;

2.     For other medical and related expenses, according to proof;

17

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

3.      For loss of care, comfort, society, solace, moral support, companionship, guidance and services;

4.      For loss of support and services in money or in kind;

5.      For loss of earnings and earning capacity;

6.      For funeral and burial expenses;

7.      For all past and future damages;

8.      For costs of suit incurred herein;

9.      For pre-judgment and post-judgment interest, at the maximum rate allowed by law, pursuant to Civil Code section 3291;

10.     Any further relief this Court deems appropriate.

Dated: July 16, 2019                    **THE X-LAW GROUP, P.C.**

                                        By: _____
                                        FILIPPO MARCHINO, ESQ.
                                        Attorneys for Plaintiffs


**DEMAND FOR A JURY TRIAL**

PLAINTIFFS hereby demand a trial by jury on all causes of action herein.

Dated: July 16, 2019                    **THE X-LAW GROUP, P.C.**

                                        By: _____
                                        FILIPPO MARCHINO, ESQ.
                                        Attorneys for Plaintiffs

THE X-LAW GROUP, P.C.
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

18
PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

# EXHIBIT 1

**EXHIBIT "3"**
**PAGE 97**

**EXHIBIT "1"**
**PAGE 108**

1    Michael J. Avenatti, State Bar No. 206929
     mavenatti@eaganavenatti.com
2    Carlos X. Colorado, Esq., State Bar No. 231031
     ccolorado@eaganavenatti.com
3    **EAGAN AVENATTI, LLP**
     520 Newport Center Drive, Suite 1400
4    Newport Beach, CA 92660
     Tel: (949) 706-7000
5    Fax: (949) 706-7050

6    Attorneys for Petitioner

7

8

9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11          **COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE**

12

13   ANDRES RAMIREZ, a minor, by and         Case No. BC644094
     through his mother ELBA HERNANDEZ,
14                                            ASSIGNED FOR ALL PURPOSES TO:
                  Petitioner,                Hon. James C. Chalfant
15                                            Dept. 85
            vs.
16                                           **NOTICE OF RULING ON
                                             PETITIONER'S SECOND AMENDED
17   CITY OF PASADENA, a public entity;      PETITION FOR LEAVE TO FILE
     COUNTY OF LOS ANGELES, a public         ACTION AGAINST RESPONDENT
18   entity; and DOES 1 through 10, inclusive GOVERNMENT ENTITIES**

19                Respondents.               Date: May 23, 2017

20                                           Time: 1:30 p.m.

21                                           Dept.: 85

22

23

24

25

26

27

28
                                    1
                             **NOTICE OF RULING**

1    **TO THE COURT AND ALL PARTIES OF RECORD:**

2    **PLEASE TAKE NOTICE** that on May 23, 2017, after review of the pleadings on file

3    and oral argument, Honorable James C. Chalfant granted Petitioner Andres Ramirez' Second

4    Amended Petition for Leave to File Action Against Respondent Government Entities, therefore

5    allowing Petitioner to file a lawsuit against the City of Pasadena per Government Code §946.6.

6    The matter came on for hearing at 1:30 p.m. on May 23, 2017 in Department 85 of the

7    above entitled Court, located at 111 N. Hill Street, Los Angeles, California, 90012. The Court

8    provided a tentative ruling to the parties before the hearing, attached hereto as Exhibit A.

9    During the hearing, the Court adopted its tentative ruling as its final decision.

10

11    Dated:  June 2, 2017            EAGAN AVENATTI, LLP

12

13                     By: _____

14                       MICHAEL J. AVENATTI
                            Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2
**NOTICE OF RULING**

**EXHIBIT "3"**
**PAGE 99**
**EXHIBIT "1"**
**PAGE 110**

# Exhibit A

EXHIBIT "3"
PAGE 100
EXHIBIT "1"
PAGE 111

Andres Ramirez v. City of Pasadena,          Tentative decision on petition for leave to
BC 644094                                     file a late claim: granted

Petitioner Andres Ramirez ("Ramirez"), by and through his mother Elba Hernandez, applies for leave to file a late claim for damages against the City of Pasadena ("City"). The court has read and considered the moving papers (no opposition was filed), and renders the following tentative decision.

### A. Statement of the Case

Petitioner Ramirez commenced this proceeding on December 20, 2016. The operative pleading is the Second Amended Petition ("SAP") filed May 1, 2017. The SAP alleges in pertinent part as follows.

On November 30, 2015, Petitioner Ramirez was severely injured after being struck by an automobile while traveling on his bicycle on the southern portion of the intersection at North Los Robles Avenue and East Mountain Street in the City. On the date of the accident, Petitioner Ramirez was 12 years old and a minor. Following the accident, Ramirez remained in a coma for approximately two months. When he awoke from the coma, Ramirez was unresponsive and is currently in a vegetative state.

Petitioner's mother first discovered a cause of action against the City on April 18, 2016 when she received a report from the Pasadena Police Department ("PPD"). Petitioner's original attorney's, through mistake and inadvertence, did not file a government tort claim within six months of the accident. On October 7, 2016, Petitioner timely presented a tort claim to the City. The claim stated that the date of accrual was April 18, 2016. On October 17, 2016, the City rejected the claim as untimely. On October 21, 2017, Petitioner filed an application for leave to present a late claim. The City denied the application on November 2, 2016.

Petitioner alleges that the claim against the City was timely filed based on the accrual of the claim on April 18, 2016. In the alternative, Petitioner alleges that the City should have granted the application for leave to present a late claim because Petitioner was a minor and incapacitated during the entire claim period.

### B. Applicable Law

Under the Government Claims Act, a plaintiff bringing suit for monetary damages against a public entity or employees thereof must first present a claim to the public entity ("government claim") which must be acted upon or deemed rejected by the public entity. Govt. Code[1] §§945.4, 950.2, 950.6(a). To be timely, a government claim for damages must be presented to the public entity within six months of the date the cause of action accrued. §911.2.

If a plaintiff fails to present a government claim within the six-month period, he or she may apply to the public entity for permission to present a late claim. §911.4. Such an application must be presented within a reasonable time, and not later than one year after the cause of action's accrual. §911.4(b).

If the public entity denies the application for permission to present a late claim, the

_____

[1] All further statutory references are to the Government Code.

1

plaintiff may file a civil petition for relief from section 945.4's requirement of timely claim presentation prior to suit. §946.6. The petition must be filed within six months after the application to the public entity is denied or deemed to be denied. §946.6(b). The petition must show: (1) that an application was made to the public entity under section 911.4 and was denied or deemed denied; (2) the reason for failure to timely present the claim to the public entity within the time limit specified in section 911.2; and (3) the information required by section 910. §946.6(b).

The court shall grant relief only if it finds that (1) the application to the public entity for leave to file a late claim was made within a reasonable time not to exceed one year after accrual of the claim as specified in section 911.4(b), (2) was denied or deemed denied by the public agency pursuant to section 911.6, and (3) one or more of the following is applicable: (a) the failure to timely present the claim was through mistake, inadvertence, surprise, or excusable neglect, unless the public entity establishes that it would be prejudiced in the defense of the claim if the court relieves the petitioner from the requirements of section 945.4; (b) the person who sustained the alleged injury, damage or loss was a minor during all of the time specified in section 911.2 for the presentation of the claim; (c) the person who sustained the alleged injury, damage or loss was physically or mentally incapacitated during all of the time specified in section 911.2 for the presentation of the claim and by reason of that disability failed to present a claim during that time; or (d) the person who sustained the alleged injury, damage or loss died before the expiration of the time specified in section 911.2 for the presentation of the claim. §946.6(c).

### C. Analysis

Petitioner Ramirez, by and through his mother, seeks leave to file a late claim. The pertinent facts are as follows. Ramirez was struck by an automobile on November 30, 2015, while traveling on his bicycle on the southern portion of the intersection at North Los Robles Avenue and East Mountain Street. Hernandez Decl. ¶2. On the date of the accident, Ramirez was 12 years old. Hernandez Decl. ¶3. Due to the accident, Ramirez suffered from a skull fracture, lung contusion, arachnoid bleed, mastoid bone fracture, cerebral edema, and a lift tibia compound fracture. Hernandez Decl. ¶4. Andres remained in a coma for two months following the accident. Id. He is currently in a vegetative state and unresponsive. Id.

The investigation by PPD was beset with lengthy delays and not completed until months after the accident. Hernandez Decl. ¶5. The police report was provided to Ramirez's family on April 18, 2016. Id.; Avenetti Decl. Ex. E. The report contains substantial errors, including a failure to provide relevant information in the diagram such as the area of impact. Hernandez Decl. ¶6. The report also made no reference to the presence or lack of skid marks. Id. Ramirez's prior counsel did not appreciate that the accident was caused by faulty traffic light timing at the subject intersection. Id.

Ramirez presented a tort claim to the City on October 7, 2016. Avenetti Decl. ¶6, Ex. A. On October 17, 2016, the City rejected the claim as untimely. Avenetti Decl. ¶8, Ex. B. On October 21, 2016, Ramirez presented an application for leave to file a late claim to the City. Avenetti Decl. ¶10, Ex. C. On November 2, 2016, the City denied the application. Avenetti Decl. ¶13, Ex. D.

### 1. Accrual of the Claim

2

A cause of action accrues at the time a claim is complete with all of its elements. Norgart v. Upjohn, (1999) 21 Cal.4th 383, 397. An exception to this usual rule exists where accrual is delayed until the plaintiff discovers, or has reason to discover, the cause of action. Id. A plaintiff has reason to discover a cause of action when he or she "has reason to at least suspect factual basis for its elements." Id.

Ramirez's accident occurred on November 30, 2015. Hernandez Decl. ¶2. Ramirez alleges, however, that the cause of action did not accrue until April 18, 2016, when his mother learned for the first time of the existence of a claim against the City. Avenetti Decl. ¶6.

## 2. Presentation of the Claim

Section 911.2 mandates that claims based on causes of action for death and personal injury must be presented "not later than six months after the accrual of the cause of action."

According to Ramirez, his claim for personal injuries accrued on April 18, 2016. To be timely, Ramirez was required to present his claim to the City within six months of April 18, 2016, or by October 18, 2016. §911.2. He presented his claim within six months, on October 7, 2016. On October 17, 2016, the City rejected the claim as untimely. If the November 30, 2015 date of the accident is used, his claim was untimely.

## 3. The application to the public entity for leave to file a late claim was made within a reasonable time not to exceed one year after accrual of the claim

Ramirez was required to present his application for leave to file a late claim by April 18, 2017. The actual application was presented to the City on October 21, 2016. This was well within a year. Even if the November 30, 2015 date of the accident were used, the application was timely.

## 4. The application was denied or deemed denied by the public agency pursuant to section 911.6.

The City denied the application to present a late claim on November 2, 2016.

## 5. The Petition is timely

The petition for leave to file a late claim must be filed with the court within six months after the application to the public entity is denied or deemed to be denied. §946.6(b). The Petition was filed on December 20, 2016, within six months of the City's November 2, 2016 denial of leave to present a late claim.

## 6. The failure to timely present the claim was through mistake, inadvertence, surprise, or excusable neglect.

There is no reason to relieve Ramirez from the Government Claims Act's claim presentation requirements. Ramirez contends that his cause of action did not accrue when the accident occurred, but rather that it was delayed until April 18, 2016, because that was when Ramirez's mother first became aware of the claims against the City. Ramirez was in a coma and then unresponsive following the accident. Hernandez Decl. ¶4. The first time that Ramirez's mother was aware of a potential claim against the City was after receiving the PPD police report on April 18, 2016. The City has not opposed this petition or provided any evidence to counter Ramirez's assertion of delayed accrual.

3

EXHIBIT "3"
PAGE 103
EXHIBIT "1"
PAGE 114

Where a petitioner contends that his claim was timely presented because of delayed accrual, he may simply file a complaint for damages alleging timely compliance with the Claims Act. *See* Ngo v. County of Los Angeles, 207 Cal.App.3d 946, 950. The jury will then try the issue of claim accrual as a question of fact. Id. The court hearing a late claim petition under section 946.6 may not take from the jury the factual question of claim accrual. Id. A section 949.6 proceeding is akin to a relief from default, permitting a petitioner to proceed on the underlying suit. Id. By contending that his claim was timely, Ramirez may already do so.

Assuming *arguendo*, that Ramirez's claim accrued on November 30, 2015, Ramirez would be entitled to relief from the claims presentation requirement. Ramirez was a minor during the entire period specified under section 911.2 for presentation of a government claim, and is therefore relieved of the untimely failure to present his initial claim. §946.6(c)(2).[2]

In sum, Ramirez is not barred by the Government Claims Act from proceeding with his lawsuit, and the trial of that case will determine when his claim accrued. To the extent that Ramirez is wrong about the date of accrual, however, he was relieved from presentation requirements by his minor status.

---

[2] Ramirez's additional arguments that he should be excused for the additional reasons that he was incapacitated and that his former attorneys acted through mistake and inadvertence are not well taken. While Ramirez was in a coma and later vegetative state during the entire claims presentation period (Hernandez Decl. ¶4), Ramirez's mother, not Ramirez, was required to present the claim. His incapacity is technically irrelevant to this issue. The failure of Ramirez's former attorneys to appreciate that the City might be liable is not excused by flaws in the delayed police report. The attorneys must make their own investigation and cannot wait for and be excused by flaws in a police investigation.

4

1

<u>**PROOF OF SERVICE – 1013a, 2015**</u>

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

    At the time of service, I was over 18 years of age and **not a party to this action**.  I am

4

employed in the County of Orange, State of California.  My business address is 520 Newport
Center Dr., Suite 1400, Newport Beach, CA 92660.

5

    On June 2, 2017, I served the following document(s) described as **NOTICE OF**

6

**RULING ON PETITIONER'S SECOND AMENDED PETITION FOR LEAVE TO FILE**
**ACTION AGAINST RESPONDENT GOVERNMENT ENTITIES** on the interested parties

7

in this action as follows:

8

John Nam, Esq., Deputy City Attorney        Attorneys for Defendant
Pasadena City Attorney's Office              CITY OF PASADENA

9

100 N. Garfield Avenue, Rm. N210
Pasadena, CA 91109

10

Tel: (626) 744-4141
Fax: (626) 744-4190

11

jnam@cityofpasadena.net

12

[  ] **BY PERSONAL HAND DELIVERY SERVICE:**  I enclosed the document(s) in a sealed envelope or

13

package addressed to the persons at the addresses listed in the Service List and personally hand delivered it to the
attorneys of record for Defendants, at the above address.

14

[  ] **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the

15

addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary
business practices.  I am readily familiar with Eagan Avenatti, LLP's practice for collecting and processing

16

correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is
deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage

17

fully prepaid.

18

[ X ] **BY FEDEX/OVERNITE**: I am familiar with the practice of Eagan Avenatti for collection and processing of

19

correspondence for delivery by overnight courier.  Correspondence so collected and processed is deposited in a box
or other facility regularly maintained by FedEx/Overnite that same day in the ordinary course of business. On this

20

date, a copy of said document was placed in a sealed envelope designated by FedEx/Overnite with delivery fees
paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx/Overnite at
Eagan Avenatti, Newport Beach, California, following ordinary business practices.

21

    I declare under penalty of perjury under the laws of the State of California that the

22

foregoing is true and correct.

23

    Executed on June 2, 2017, at Newport Beach, California.

24

25

                             Suzy Garcia

26

27

28

3

**NOTICE OF RULING**

**EXHIBIT "3"**
**PAGE 105**
**EXHIBIT "1"**
**PAGE 116**

# EXHIBIT 2

**EXHIBIT "3"**
**PAGE 106**

**EXHIBIT "1"**
**PAGE 117**

## CLAIM AGAINST THE CITY OF PASADENA
(FOR DAMAGES TO PERSONS OR PERSONAL PROPERTY)

*19 MAY 22 04:33PM    CITY CLERK

### FOR CITY USE - DO NOT WRITE IN THIS AREA

**Received via**

U.S. Mail ☐    Date: _____

Inter-Office Mail ☐    Time: _____

Over the Counter ☑    *Darlene Hopkins*    CLAIM # _____
SIGNATURE OF EMPLOYEE ACCEPTING CLAIM

A claim must be filed with the City Clerk's Office of the City of Pasadena no later than six (6) months after the incident or occurrence for death, injury to person or damage to personal property. Be sure your cause of action is against the City of Pasadena, not another public entity. Where space is insufficient, please use additional paper and identify information by paragraph number. All blanks must be completed. Completed claims must be mailed or delivered to: City Clerk, 100 N. Garfield Ave., Room S228, P.O. Box 7115 Pasadena, California 91109-7215. See Government Code § 911.2 and Pasadena City Charter § 1011 for filing information on other types of claims.

**TO: The Council Members of the City of Pasadena, California**
**The undersigned respectfully submits the following claim:**

1. NAME OF CLAIMANT: Elba Hernandez, individually and on behalf of the Estate of Andres Ramirez and Andres Ramirez, deceased

   a. ADDRESS OF CLAIMANT: 5028 Templeton Street ___ City: Los Angeles  ZIP CODE: 90032

   b. PHONE NO. (626) 807-59 34 ___ c. BUS. PHONE NO. (626) 278-2565 ___ d. DATE OF BIRTH 08/08/1972

   e. SOCIAL SECURITY NO. 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 ___ f. DRIVER'S LIC. NO. (Y3328709

2. Name, telephone and post office address to which claimant desires notices to be sent if other than above:

   The X-Law Group, PC, 625 Fair oaks Avenue, Suite 390, South Pasadena, CA 91030, Tel: (213) 599-3380, Fax: (213) 599-3370

3. Occurrence or event from which the claim arises (see Government Code § 910c and d):
   **"See Attachment "A""**

   a. DATE: November 30, 2015 ___ b. TIME: 9:18 a.m. ___ c. PLACE (state exact and specific

   location, including distances from known objects): At the intersection of North Los Robles Avenue and East Mountain Street

   in Pasadena, California, 91104.

   d. State the circumstances of the occurrence, transaction, act or defect you claim caused the injury or damage (use additional paper if necessary). State details describing any hazardous condition or wrongful actions of any City employee. Include measurements (including height, width and depth) of any property defect. Attach available photographs.

   See Attachment "A"

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

1

STR0061 (Rev. 7/07)

**EXHIBIT "3"**
**PAGE 107**
**EXHIBIT "1"**
**PAGE 118**

**READ CAREFULLY**

For all non-vehicle accident claims place names of streets (including North, East, South, and West) on the following diagram, and indicate place of accident by "X" and by showing house numbers or distances to street corners or known objects.

If a vehicle was involved, identify location on the diagram of City or other vehicle when you first saw it by letter "A"; location of yourself or your vehicle when you first saw City or other vehicle by letter "B"; and the point of impact by "X". Please use a box such as Ⓐ or Ⓑ to represent a vehicle.

NOTE: If diagrams below do not fit the situation, attach a proper diagram signed by claimant.

**FOR MOTOR VEHICLE ACCIDENTS**



f. State exactly how the injury or damage occurred: See Attachment "A"

_____

_____

_____

4. Give the name(s) of the City employee(s) causing the damage or injury if known (see Government Code § 910e):

Unknown

_____

_____

2

STR0081 (Rev. 7/07)

**EXHIBIT "3"**
**PAGE 108**
**EXHIBIT "1"**
**PAGE 119**

5. Give a description of the injury, property damage, loss or indebtedness, so far as is known at the time of this claim.  If there were no personal injuries, state "no injuries" (see Government Code § 910d):

See Attachment "A"

_____

_____

_____

_____

6. Damages claimed (see Government Code § 910f):

    a. If under $10,000, complete the following:

        (1) Amount claimed as of this date:                          $ _____

        (2) Estimated amount of future costs:                  $ _____

        (3) Total amount claimed:                               $ _____

        (4) Basis of computation of amounts (include copies of all bills, invoices, estimates, etc.):_____

        _____

        _____

    b. If over $10,000, check either:

        (1) _____ under $25,000 (Municipal Court jurisdiction)

        (2) ___X____ over $25,000 (Superior Court jurisdiction)

7. Names, addresses and telephone numbers of all witnesses, hospitals, doctors, other persons injured, property owners, etc.:

    a. Rosalba Pacheco (witness): 829 N. Los Robles, Avenue, #1, Pasadena, CA 91101, (626) 321-2026

    b. Daniel Bennington (witness) 902 N. Los Robles Avenue, Pasadena, CA 91104, (213) 458-3696

    c. Cullen Armet (Witness): 491 Eldora Rd., Pasadena, CA 91104, (757) 645-8256

    d. Yajaidra Mendoza (Witness): 829 N. Los Robles Avenue, #1, Pasadena, CA 91101, (626) 321-2026

    e. Hospitals: (1) Huntington Hosp., (2) Kaiser Perm. Los Angeles Med. Ctr., (3) Totally Kids Sun Valley, (4) Totally Kids Loma Linda, (5) Children's Hospital Los Angeles, (6) Providence St. Joseph Med. Ctr.

8. Any additional information that might be helpful in considering the claim:

See Attachment "A"

_____

_____

_____

_____

**_CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS._** Every person who, with intent to defraud, presents any false claim or writing to the City for payment may be subject to imprisonment in a state prison and a fine of $10,000 (Penal Code § 72).

I have read the matters and statements made in the above claim and I know the same to be true of my own knowledge, except as to those matters stated upon information or belief, and as to such matters I believe the same to be true.  I certify under penalty of perjury that the foregoing is TRUE and CORRECT.

Signed this __22nd__ day of __May__ _____, 20 _19_

at _South Pasadena, California_ _____      _____

                                                        CLAIMANT'S SIGNATURE

                       Filippo Marchino, Esq., Attorney for Elba Hernandez

                                   PRINTED OR TYPED NAME

STR0081 (Rev. 7/07)

**EXHIBIT "3"**
**PAGE 109**
**EXHIBIT "1"**
**PAGE 120**

ATTACHMENT "A" TO CLAIM AGAINST THE CITY OF PASADENA

**Further Information Regarding Question 3(a)**

This is the **2ⁿᵈ** Government Tort Claim submitted surrounding the accident that occurred on November 30, 2015 in the City of Pasadena, involving Andres Ramirez. The reason for this 2ⁿᵈ Government Tort Claim is that during the pendency of the civil case against the City of Pasadena, the Plaintiff and prior claimant, Andres Ramirez, tragically passed away from the injuries he sustained in the subject accident.

Now, his mother and guardian Elba Hernandez intends to continue the currently-pending litigation on behalf of herself, her deceased son, his Estate, and his heirs. Elba Hernandez thus intends to now bring wrongful death and survival claims against the City of Pasadena relating to the death of her son Andres Ramirez from the accident on November 30, 2015 at the intersection of North Los Robles Avenue and East Mountain Street in the City of Pasadena. In order to do so, she will amend the Complaint in the currently-pending action to substitute herself as the new plaintiff and to add causes of action for wrongful death and survival damages arising from the dangerous condition of public property that existed in the City of Pasadena on November 30, 2015, ultimately causing fatal injuries to the decedent, Andres Ramirez.

**The full procedural history is as follows:**

1. On October 7, 2016, Decedent Andres Ramirez, prior to his death, timely presented a government tort claim to the City of Pasadena through his mother and guardian, Elba Hernandez.

2. On October 17, 2016, the City of Pasadena rejected the claim as untimely.

3. On October 21, 2016, Decedent Andres Ramirez filed an application for leave to present a late claim.

4. On November 2, 2016, the City denied the application.

5. On December 20, 2016, Decedent Andres Ramirez filed a Petition in the Los Angeles County Superior Court, case number BC644094, seeking Leave to File an Action

1

**EXHIBIT "3"**
**PAGE 110**
**EXHIBIT "1"**
**PAGE 121**

against Respondent Government Entities (the prior action).

6.  On May 23, 2017, the Honorable James C. Chalfant granted Decedent Andres Ramirez' Second Amended Petition for Leave to File Action Against Respondent Government Entities, therefore allowing Andres Ramirez to file a lawsuit against the City of Pasadena.

7.  Therefore, on June 5, 2017, Andres Ramirez filed an action in the Los Angeles County Superior Court entitled *Andres Ramirez, a minor, by and through his mother and guardian ad litem Elba Hernandez v. City of Pasadena*, Los Angeles Superior Court case number **BC664114** (the current action).

8.  Tragically, on February 25, 2019, during the pendency of the current action, Andres Ramirez tragically passed away from complications arising from the injuries he sustained in the subject accident.

9.  On May 21, 2019, Elba Hernandez obtained Special Letters of Administration allowing her to bring claims for wrongful death and survival on behalf of herself, the Estate of Andres Ramirez, Andres Ramirez, and the Andres Ramirez heirs.

10. This 2nd Government Tort Claim is therefore now being presented to the City of Pasadena so that Ms. Hernandez can continue the currently-pending action in the Los Angeles County Superior Court, amend the operative complaint to substitute herself as the plaintiff instead of her deceased son, and to assert causes of action for wrongful death and survival damages on behalf of herself, the Estate of Andres Ramirez, Andres Ramirez, and the Andres Ramirez heirs.

11. Accordingly, both the original plaintiff Andres Ramirez, and the new plaintiff Elba Hernandez, timely complied with the presentation requirements of the Government Tort Claims Act by presenting timely government tort claims to the City of Pasadena.

//

//

2

**EXHIBIT "3"**
**PAGE 111**
**EXHIBIT "1"**
**PAGE 122**

Responses 3(d), 3(f) and 8:

On the morning of Monday, November 30, 2015, twelve year- old Andres Ramirez was severely injured after being struck by an automobile while traveling on his bicycle on the southern portion of the intersection at North Los Robles Avenue and East Mountain Street in Pasadena. Andres was bicycling in an eastbound direction along the southern side of East Mountain Street and legally entered the intersection after the light turned green. Andres Ramirez was then struck by a car driven by Jacquelyn Licea, who was driving southbound on North Los Robles Avenue.

The accident was a result of dangerous conditions created by the City of Pasadena and its agents, representatives and employees, which existed at the time Andres Ramirez was struck by the vehicle operated by Ms. Licea. The dangerous conditions included, by way of examples and not limitation, (1) an inadequate timing on the traffic control devices present at the location, and/or unsafe mechanical maintenance of the same; and (2) inadequate marking and delineation of the lanes, cross walk, and other features of the intersection. The dangerous conditions created a reasonably foreseeable risk of the harm that Andres Ramirez sustained. The dangerous conditions were the result of the City of Pasadena, its agents, representatives and employees performing their public employment and public duties in a negligent manner. The City of Pasadena, its agents, representatives and employees knew or should have known of the dangerous conditions.

The accident was also caused by negligent acts and/or omissions of the City of Pasadena and its agents, representatives and employees, which owned a duty of care to maintain the traffic control devices in a reasonable and safe condition to prevent injury or harm to members of the public, including Andres Ramirez. The negligent or wrongful acts or omissions of the City of Pasadena and its agents, representatives and employees within the purpose, scope, or course of their employment, to repair and maintain the traffic control device in an operable and safe condition, including with respect to its timing mechanism, resulted in a breach of that duty and created a dangerous condition. As a direct and proximate result of the dangerous condition, Andres Ramirez was required to and did employ physicians and surgeons and other medical personnel for the treatment and care of his injuries and thereby incurred medical expenses all to the damage of him and his Estate. As a further direct and proximate result of the dangerous condition, Andres Ramirez tragically passed away on February 25, 2019 from complications arising from the devastating injuries he sustained in the subject accident.

Response 5:

Andres Ramirez suffered a skull fracture, long contusion requiring a bilateral chest tube, small arachnoid bleed, bleeding from the left ear case by Mastoid bone fracture, cerebral edema which required an intra cranial monitor, and a left tibia compound fracture. Following the accident, Andres Ramirez remained in a coma for approximately two months. He eventually awoke from the coma but remained in a semi-conscious state until his tragic and untimely death on February 25, 2019. Andres Ramirez and the Estate of Andres Ramirez have claims for survival damages and Elba Hernandez and the other Andres Ramirez heirs have claims for wrongful death. This is an unlimited civil case.

3

Response 6:

Damages sought exceed $10,000,000.00; this case is an unlimited civil case. The exact amount will require expert evidence to ascertain.





Filippo Marchino, Esq.

4

# EXHIBIT 3

EXHIBIT "3"
PAGE 114

EXHIBIT "1"
PAGE 125



OFFICE OF THE CITY ATTORNEY/CITY PROSECUTOR
LIABILITY DIVISION

July 2, 2019

The X-Law Group, PC
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
Attn: Filippo Marchino

RE:             City of Pasadena Claim No.: 13,330
Date of Loss:   11/30/2015
Your Client:    Elba Hernandez

Dear Mr. Marchino:

Notice is hereby given that the claim you presented to the City Clerk, on May 22, 2019, was rejected on July 2, 2019. This notice shall not be considered a waiver of any right which the City of Pasadena may have to object to the sufficiency or timeliness of your claim.

### **WARNING**

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Sincerely,

Razmik Serkisian
Insurance and Claims Specialist

**EXHIBIT "3"**
**PAGE 115**
**EXHIBIT "1"**
**PAGE 126**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I hereby declare and state:

I am employed in the County of Los Angeles. I am over the age of eighteen years and not a party to the within entitled action. My business address is 100 North Garfield Avenue, Suite N-210, Pasadena, California. My mailing address is P.O. Box 7115, Pasadena, CA 91109-7215.

On July 2, 2019 I served the foregoing document described as:

**Notice of Claim Rejection**

On the interested parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

The X-Law Group, PC
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
Attn: Filippo Marchino

[ **X** ]    BY MAIL:

[ **X** ]    As follows:  I am "readily familiar" with the City's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pasadena, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

EXECUTED on July 2, 2019, at Pasadena, California.

Razmik Serkisian

**EXHIBIT "3"**
**PAGE 116**
**EXHIBIT "1"**
**PAGE 127**

**THE X-LAW GROUP, P.C.**
625 Fair Oaks Avenue, Suite 390
South Pasadena, CA 91030
213.599.3380 phone • 213.599.3370 fax

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 625 Fair Oaks Avenue, Suite 390, South Pasadena, CA 91030.

4

5

On July 16, 2019, I served the following document(s) described as **PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES** on the interested parties in this action as follows:

6

7

8

Brian I. Hamblet, Esq.
Carmen M. Aguado, Esq.
**BURKE WLLIAMS & SORENSON LLP**
444 South Flower Street, Suite 2400
Los Angeles, CA 90071
Tel: (213) 236-0600
Fax: (213) 236-2700
BHamblet@bwslaw.com
CAguado@bwslaw.com

Attorneys for Defendant
CITY OF PASADENA

Jim B. Abeltin, Esq.
**ABELTIN & MIGOYA LLP**
250 N. Golden Circle Dr., Suite 115
Santa Ana, CA 92705
Tel: (714) 480-1080
Fax: (714) 480-1079
JAbeltin@AbeltinMigoya.com

Attorneys for Defendant,
JACQUELINE LICEA

9

10

11

12

13

14

15

**[ X ] BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons identified in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with my firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

16

17

18

19

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

20

Executed on July 16, 2019, at South Pasadena, California.

21

22

23



_____
Declarant

24

25

26

27

28

19
PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

**EXHIBIT "2"**

1  RICHARD L. KELLNER (State Bar No. 171416)
   rlk@kellnerlaw.com
2  KELLNER LAW GROUP PC
   1180 South Beverly Drive, Suite 610
3  Los Angeles, California 90035
   Telephone: (310) 780-6759
4  Facsimile: (310) 277-0635

5  Special Litigation Attorneys for Plaintiff and
   Chapter 7 Trustee, RICHARD A. MARSHACK
6
   D. EDWARD HAYS, #162507
7  ehays@marshackhays.com
   TINHO MANG, #322146
8  tmang@marshackhays.com
   870 Roosevelt
9  Irvine, CA 92620
   Telephone: 949-333-7777
10 Facsimile: 949-333-7778

11 General Counsel for Plaintiff and Chapter 7 Trustee,
   RICHARD A. MARSHACK

12              **UNITED STATES BANKRUPTCY COURT**

13        **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

14 In re                              Case No.: 8:19-bk-13560-SC

15 EAGAN AVENATTI, LLP,               Chapter 7

16        Debtor.                     Adv. No.: 8:20-ap-01086-SC

17 _____   ~~SECOND~~**THIRD** AMENDED
                                      **COMPLAINT FOR**
18 RICHARD A. MARSHACK, Chapter 7 Trustee   **(1) DECLARATORY JUDGMENT;**
   for Eagan Avenatti, LLP,          **(2) QUANTUM MERUIT;**
19                                    **(3) VIOLATION OF THE**
        Plaintiff,                    **AUTOMATIC STAY AND OTHER**
20                                    **COURT ORDERS;**
   v.                                 **(4) AVOIDANCE, RECOVERY,**
21 THE X-LAW GROUP, PC, a professional   **AND PRESERVATION OF**
   corporation; FILIPPO MARCHINO, an   **FRAUDULENT**
22 individual; ELBA HERNANDEZ, individually   ~~TRANSFER~~**TRANSFERS**
   and as personal representative and successor in
23 interest to Andres Ramirez, deceased,

24        Defendants.

25
   _____
26      Plaintiff is Richard A. Marshack, chapter 7 trustee ("Trustee") for the bankruptcy estate

27 ("Estate") of Eagan Avenatti, LLP ("EA"). Because the Trustee was not appointed until after EA

28
   _____
                              1
                    ~~SECOND~~**THIRD** AMENDED COMPLAINT

1  filed bankruptcy on September 13, 2019 ("Petition Date"), the Trustee does not have personal

2  knowledge of alleged facts that occurred prior to the Petition Date and therefore makes those

3  allegations on information and belief. Such allegations are based on the following: EA's files; the

4  records of EA's former equity receiver, Brian Weiss ("Receiver"); the testimony of EA's former

5  managing partner, Michael J. Avenatti, in various proceedings; information provided by other

6  attorneys who worked at EA; information provided by counsel for the City of Pasadena in the

7  Hernandez case; the trial testimony of Filippo Marchino in Michael Avenatti's criminal trial; and

8  documents filed with the Los Angeles County Superior Court, the United States Bankruptcy Court

9  for the Central District of California, and the United States District Court for the Central District

10 of California.

**JURISDICTION AND VENUE**

11

12      1.   In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Santa Ana

13 Division of the United States Bankruptcy Court for the Central District of California ("Bankruptcy

14 Court") has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334, because the

15 claims asserted arise under Title 11 of the United States Code or arise in or relate to the Chapter 7

16 case of the debtor, EA, currently pending in the Bankruptcy Court as Case No. 8:19-bk-13560-CB

17 ("EA Bankruptcy Case"). The outcome of this adversary proceeding will have a significant effect

18 on the Estate because it asserts claims for the establishment and protection of the Estate's property

19 rights and recovery of the proceeds of those rights. The claims for relief in this Complaint

20 constitute a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O). Regardless of whether

21 this is a core proceeding, consent is given to the entry of final orders and judgment by the

22 Bankruptcy Court. The defendants are notified that Fed. R. Bankr. P. 7012(b) requires each

23 defendant to state whether the defendant does or does not consent to entry of final orders or

24 judgment by the Bankruptcy Court.

25      2.   Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409

26 because the EA Bankruptcy Case is pending in this district and division. This Court also has

27 personal jurisdiction over defendants.

28 / / /

2

SECONDTHIRD AMENDED COMPLAINT

1

**PARTIES**

2       3.   Plaintiff, Richard A. Marshack, is the chapter 7 trustee of the Estate.

3       4.   Defendant The X-Law Group, PC ("X-Law"), is a California professional corporation

4   with a primary place of business in Los Angeles County, California. On February 10, 2020, X-

5   Law filed proof of claim number 36-1 in the above-captioned bankruptcy case in the face amount

6   of $28,537,939.33.

7       5.   Defendant Filippo Marchino ("Marchino") is an individual with a primary place of

8   business in Los Angeles County, California, and the president of X-Law.

9       6.   Defendant Elba Hernandez, individually and as personal representative and successor

10  in interest to Andres Ramirez, deceased ("Hernandez"), is an individual who resides in Los

11  Angeles County, California. Hernandez is a former client of EA.

12                      **GENERAL ALLEGATIONS**

13      7.   EA was a California based litigation law firm formed in the mid-2000s. From

14  approximately 2011 through 2019, the managing partner of EA was Michael J. Avenatti

15  ("Avenatti").

16      8.   EA primarily handled plaintiff contingency matters, whereby the firm customarily

17  received legal fees after a case was resolved in favor of EA's client. EA's general business

18  practice was to enter into a fee agreement with each client providing that EA would be paid a

19  certain percentage of the proceeds of any judgment or settlement obtained on behalf of the client

20  and granting EA a lien on those proceeds to secure its right to fees.

21  **A.    Co-Defendant Filippo Marchino Was An EA Attorney Who Held Himself Out as an**

22  **EA Partner**

23

24

25

26

27

28

---

3

~~SECOND~~THIRD AMENDED COMPLAINT

9.      Beginning in or around August 2016, co-defendant Filippo Marchino was an attorney at EA who expressly represented himself as an EA partner.  In emails, Mr. Marchino would customarily include the following signature block representing himself as an EA partner:

Filippo Marchino, Esq.
Partner

Eagan
Avenatti LLP

1910 W. Sunset Blvd,
Suite 450
Los Angeles, CA 90026

520 Newport Center Drive,
Suite 1400
Newport Beach, CA 92660

Tel  +1 (949) 706-7000
Fax +1 (949) 706-7050

Formatted: Indent: Left:  0.5"

Formatted: Indent: First line:  0"

10.      Marchino sent out emails to publicize that he had joined EA and also identified himself in his e-mail signature block as a "Partner" of EA.

11.      Consistent with the foregoing, Marchino used the EA email address of fmarchino@eaganavenatti.com in connection with his work on EA cases, had access to the EA server, worked at EA offices, and had EA legal assistants, law clerks, and attorneys providing him with services in connection with his litigation of EA cases.  Notwithstanding his recent representations to the contrary, Marchino was an EA attorney who informed colleagues and the public that he was an EA partner.

12.      Consistent with his employment as an agent, attorney and/or partner of EA, Marchino received biweekly payments of approximately $4,800 on the EA payroll, at least through July or August 2017, as shown in the monthly operating reports filed in the 2017 Bankruptcy.

13.      On August 3-4, 2021, Marchino testified under oath in the criminal trial of Michael Avenatti, case number SACR-19-00061-JVS. Marchino testified that X-Law partnered with EA beginning in late 2012 or early 2013. Additionally, Marchino testified that eventually, the employees of X-Law became employees of EA on the EA payroll, and the rent was paid by EA.

**B.      Co-Defendant Marchino Worked On and Supervised Other EA Attorneys in Connection with the Hernandez/Ramirez Action for EA**

13.14.  From 2016 through late 2018, Marchino continued to work as an EA attorney and represent himself as an EA partner.

14.15.  From 2016 through late 2018, Marchino supervised EA's prosecution of numerous EA contingency litigation matters – including the Hernandez/Ramirez matter.

15.16.  From retention in 2016 through mid-2018, Marchino was the EA attorney supervising the prosecution of the Hernandez/Ramirez matter.  Marchino supervised other EA attorneys who were working on the case – and those attorneys would not only report developments in the case, but also seek his advice and consent regarding many litigation issues. Marchino edited, prepared, and directed the content and filing of various pleadings in the Hernandez/Ramirez matter. Marchino supervised and was involved in the propounding and responding of discovery requests, and conducted multiple depositions stating his appearance as an attorney for EA, without any mention of the X-Law Group.

16.17.  During this time period, Marchino received compensation in the form of paychecks from EA.  Indeed, in post-petition filings, Marchino was listed as being on the payroll of EA as an attorney – including the time period when Marchino was handling the Hernandez/Ramirez case for EA. Specifically, in several monthly operating reports filed by EA, Marchino was listed as receiving biweekly payments for "Payroll" in the approximate amount of $4,877.

18.    On May 25, 2017, X-Law filed a proof of claim in the 2017 Bankruptcy (defined below), seeking an unsecured nonpriority claim of $17,000,000 for "services rendered." The proof of claim was signed by Marchino.

17.19.  Further, in its Third Chapter 11 Status Report filed on October 18, 2017 in the 2017 Bankruptcy, EA represented that X-Law (of which Marchino is the principal) has unsecured claims against EA's contingency attorneys' fees "from certain of its litigation assets."

18.20.  As a result, Marchino had a direct financial and professional interest in the recoveries generated by EA cases, including the Hernandez/Ramirez matter.

**C.    EA and Marchino (As an EA Attorney) Performed Significant Work on the Hernandez/Ramirez Matter and, By the Spring of 2018, Had Determined That It Had Substantial Value.**

5
SECONDTHIRD AMENDED COMPLAINT

1    ~~19.~~21.   EA represented Hernandez both in her individual capacity and in her capacity as

2   guardian *ad litem* for her minor son, Andres Ramirez ("Ramirez"), who was severely injured when

3   he was struck by a car while riding his bicycle through an intersection in the city of Pasadena,

4   California ("Pasadena").

5    ~~20.~~22.   In 2015, Ramirez was twelve years old and was riding his bicycle alongside an

6   unreasonably dangerous traffic intersection located in Pasadena.  Ramirez was critically injured by

7   a car and was in a state of unresponsive wakefulness (commonly referred to as a vegetative state).

8   Accordingly, Ramirez's mother, Elba Hernandez ("Hernandez") acted as Ramirez's guardian *ad*

9   *litem* and retained EA to represent him.

10    ~~21.~~23.   In or around June 2016, EA substituted as counsel for Hernandez/Ramirez in place

11   of Jacobs & Jacobs LLP ("Jacobs Firm").  EA rejected the Jacobs Firm's position that the case

12   was not viable against the City of Pasadena, and worked up the case so that it had significant value

13   against the City of Pasadena.

14    ~~22.~~24.   In a letter dated January 20, 2016, the Jacobs Firm stated that it represented "Elba

15   Hernandez, as the mother ***and*** on behalf of Andres Ramirez, a minor." (emphasis added).

16    ~~23.~~25.   Trustee is in possession of an executed retainer agreement (in Spanish) executed by

17   Hernandez with EA. Paragraph 8 of the retainer agreement contains an attorney lien provision.

18   The Trustee has yet to locate a copy of the retainer agreement that was countersigned by EA.

19    ~~24.~~26.   Hernandez's primary language is Spanish, not English, and EA attorney Carlos X.

20   Colorado acted as primary communicator with Hernandez due to his fluency in the Spanish

21   language.

22    ~~25.~~27.   The subject case has been litigated in the Los Angeles Superior Court under Case

23   No. BC664114 ("Hernandez Case"), which case remains pending as to only the "driver." A true

24   and correct copy of the state court docket for the Hernandez Case is attached as Exhibit "1."

25    ~~26.~~28.   Marchino was the attorney in charge of the Hernandez/Ramirez matter from the

26   time of EA's retention in June 2016 through at least August 2018.

27    ~~27.~~29.   The initial trial date of December 5, 2018, was still on as of the Spring of 2018.

28    ~~28.~~30.   Under Marchino's supervision, EA performed substantial work in the litigation of

6

~~SECOND~~THIRD AMENDED COMPLAINT

1   the Hernandez/Ramirez matter.  Among other things, EA performed at least the following legal

2   services on behalf of Ramirez and Hernandez:

3        a.  filing a tort claim with Pasadena on October 7, 2016, including discussion and

4           legal research regarding the filing of a late claim against the city, including the

5           legal exceptions and excuses for the late-filing, which EA ultimately prevailed

6           on;

7        b.  when the claim was rejected as untimely (an administrative prerequisite for

8           filing a petition against the city), filing an application with Pasadena for leave

9           to file a late claim;

10       c.  when that application was denied (i.e. exhausting administrative remedies),

11          filing a petition in the Los Angeles Superior Court ("Superior Court") for leave

12          to file a complaint against Pasadena, which was granted based on arguments

13          generated by EA attorneys;

14       d.  preparing and filing the operative complaint against Pasadena in the Superior

15          Court;

16       e.  amending the complaint to add as a defendant Jacquelyn Licea, the driver of the

17          car that struck Ramirez, and corresponding with counsel for Ms. Licea;

18       f.  conducting independent discovery, including the acquisition and review of

19          public records underlying the accident;

20       g.  retaining, paying, and working with experts regarding accident reconstruction,

21          medical issues, and biomechanical issues;

22       h.  making inquiries regarding a life-planning expert for the case;

23       i.  conducting depositions of multiple parties, including the two first responders;

24       j.  exchanging written discovery; and

25       k.  otherwise preparing the case for trial.

26     ~~29.~~31.  Indeed, the billing of costs – including the depositions and experts – were sent

27   directly to Marchino – at his EA law firm and email address.

28     ~~30.~~32.  Notably, Marchino himself conducted the two depositions and stated that he was

7<br>~~SECOND~~THIRD AMENDED COMPLAINT

1  doing so in his capacity as "Filippo Marchino from Eagan Avenatti." With respect to litigation

2  questions on the case, EA attorneys sought and obtained Marchino's advice and consent.

3        31.33.  EA and Marchino were aware of the substantial attorneys' fees that were likely

4  recoverable in the Hernandez case. In fact, on April 27, 2018, EA filed a Statement of Damages

5  of $116,801,000 for the case. This included a claim of $40 million in future medical expenses and

6  $30 million in emotional distress.

7        32.34.  During the litigation, Hernandez advised EA that she did not expect Ramirez to

8  survive the litigation and still had EA continue to provide legal representation in the case (which

9  was expected to solely compensate her for the damages suffered). Ramirez was in a vegetative

10  state with no true hope of recovery. These discussions began no later than May 2018.

11        33.35.  Further, Hernandez maintains that she is the sole heir of her son, Andres Ramirez.

12  As a result, she would be the person to receive any financial benefit for the damages recovered in

13  the litigation upon her son's anticipated death.

14        34.36.  Thus, both Hernandez and EA were aware that the representation that EA was

15  providing in the litigation was for Hernandez's ultimate benefit.

16  ///

17

18  **D.    The JFL Judgment of $10 Million Against EA.**

19        35.37.  On June 1, 2018, less than two weeks after the JFL Judgment was entered against

20  EA, X-Law obtained a substitution of attorney from Avenatti pursuant to which it became

21  Hernandez' counsel in place of EA in the Hernandez Case. Marchino signed the substitution on

22  behalf of X-Law. The substitution was filed with the Superior Court on July 26, 2018, fifteen days

23  *after* the Bankruptcy Court had entered the order restraining EA from "assigning, encumbering, or

24  in any way transferring" its fee rights in a number of cases, specifically including the Hernandez

25  Case.

26        36.38.  Nonetheless, Marchino continued to work on the Hernandez Case and continued to

27  represent that he was a partner of EA on emails relating to the case – through at least August 2018.

28

1    37.39.  Even in October 2018, EA continued to participate in the case, including the tender

2  of jury fees by EA and filing of notices, instead of X-Law.

3  **D.      The JFL $10 Million Judgment Against EA.**

4    38.40.  In 2016, an arbitration claim was filed against EA and Avenatti by Jason Frank

5  Law ("JFL"), the professional corporation of Jason Frank.  Mr. Frank is an attorney who

6  previously worked at EA. EA fared badly in the early stages of the arbitration due to Avenatti's

7  refusal to comply with discovery requests. Two days before a major discovery deadline in the

8  arbitration, Avenatti orchestrated the filing of an involuntary bankruptcy case against EA in the

9  Middle District of Florida on March 1, 2017, thereby staying the arbitration.

10    39.41.  Avenatti consented to EA being placed into Chapter 11 bankruptcy on March 10,

11  2017, and the case was subsequently transferred to the Bankruptcy Court on May 16, 2017 (*In re

12  Eagan Avenatti, LLP*, Case No. 8:17-bk-11961-CB) ("2017 Bankruptcy"). Upon the filing of the

13  2017 Bankruptcy, all assets of EA became property of the bankruptcy estate subject to the

14  automatic stay of 11 U.S.C. § 362.

15    40.42.  The 2017 Bankruptcy was dismissed on March 15, 2018, as part of a structured

16  settlement approved by the Bankruptcy Court. That structured settlement required EA, following

17  the dismissal of the bankruptcy, to pay certain debts it owed to creditors, including JFL. The

18  dismissal order specifically provides that the Court would retain post-dismissal jurisdiction.

19  Shortly after the 2017 Bankruptcy was dismissed, EA defaulted on its obligations under the

20  settlement agreement. As a result of EA failing to make any of the required payments to JFL, the

21  Bankruptcy Court entered a judgment in favor of JFL and against EA in the amount of $10 million

22  on May 22, 2018 ("JFL Judgment").

23    41.43.  For Marchino, the JFL Judgment of $10 million against EA directly affected his

24  financial interests.  Until the $10 million JFL Judgment against EA was satisfied, the revenues

25  from EA would first have to be used to satisfy the judgment – before Marchino could receive

26  compensation for his services and any percentage interest in any EA contingency fees.

1    42.44.  As a result, as long as the contingency cases remained at EA, Marchino knew that

2    he could potentially be working on matters for which he would receive no compensation – with all

3    of the EA fees/revenues going to satisfy the $10 million JFL judgment.

4    43.45.  Further, at the time the JFL Judgment was entered, Marchino was aware of the

5    substantial potential value of the Hernandez/Ramirez matter – because he was the supervising

6    attorney working on the case through discovery and depositions.

7    44.46.  Accordingly, the only way that Marchino could be guaranteed the ability to retain

8    his interest in the Hernandez/Ramirez case would be to prevent the JFL Judgment from being

9    enforced against the fee rights in the case, which was sought to be accomplished by: (a) moving

10   the case to his separate law firm entity – X Law; (b) stripping EA of its interest in the fees on the

11   case; and (c) X-Law continuing to work on the case until its conclusion with substantially the

12   same EA attorneys that previously worked on the case.

13   45.47.  Indeed, the same EA attorneys and staff who worked on the Hernandez/Ramirez

14   case while at EA (including Marchino), continued to litigate the case on behalf of X-Law when the

15   case was moved over to that firm.

16   46.48.  However, EA/Marchino/X-Law took actions relating to the Hernandez/Ramirez

17   matter that were done in direct violation of Bankruptcy Court Orders.

18   47.49.  On June 20, 2018, as Docket No. 470 in the 2017 Bankruptcy (post-dismissal), JFL

19   filed a motion in the 2017 Bankruptcy, seeking assignment of EA's fee rights to JFL to satisfy the

20   JFL Judgment or entry of a restraining order against EA regarding certain specified "Lawsuit

21   Receivables." Among the Lawsuit Receivables were the following two specifically identified

22   actions:

| | Case Name | Court | Case Number | Date Commenced | Source |
|---|---|---|---|---|---|
| 45. | Ramirez v. City of Pasadena | LASC | BC644094 | 12/20/2016 | Andres Ramirez, a minor |
| 46. | Ramirez v. City of Pasadena | LASC | BC664114 | 6/5/2017 | Andres Ramirez, a minor; Elba Hernandez, Guardian |

28   48.50.  On July 11, 2018, as Docket No. 498 in the 2017 Bankruptcy, the Bankruptcy

1    Court entered an order restraining EA from "assigning, encumbering, or in any way transferring

2    any proceeds, attorney's fees, costs, rights to payments and accounts receivable it is or may be

3    entitled to receive from the lawsuits and clients listed on Exhibit A to the Frank Declaration

4    attached to the Motion" (including the two actions identified above) and requiring EA to disclose

5    the receipt of fees by EA or Avenatti ("July 11th Order"). A copy of the July 11th Order is

6    attached as Exhibit "2." No appeal of the July 11th Order was ever filed.

7        ~~49.~~51.  On August 31, 2018, the JFL Judgment was registered before the United States

8    District Court for the Central District of California and was assigned to Chief Judge Virginia A.

9    Phillips [*In re Eagan Avenatti*, 8:18-cv-01644-VAP-KES] ("Judgment Enforcement Case").

10        ~~50.~~52.  As part of the Judgment Enforcement Case, JFL moved for the appointment of an

11   independent receiver for the assets of EA. Avenatti stipulated to the appointment of Brian Weiss

12   as the equity receiver for EA ("Receiver"). Pursuant to that stipulation, on February 13, 2019, the

13   District Court entered a Receivership and Restraining Order against EA and Avenatti.

14        ~~51.~~53.  On September 13, 2019 ("Petition Date"), the Receiver filed a voluntary petition

15   under Chapter 7 of Title 11, initiating this case. Richard A. Marshack is the duly appointed and

16   acting Chapter 7 Trustee for the Debtor.

17        ~~52.~~54.  Marchino had knowledge of the JFL arbitration award and the JFL Judgment at or

18   around the time of entry.  Marchino also had knowledge that the only assets that might be

19   sufficient to satisfy the entire $10 million JFL Judgment would come from EA attorneys' fees

20   derived from its pending contingency matters. Marchino also knew or should have known of the

21   directive in the July 11th Order, and its application to pending actions in which EA represented

22   clients, including any action on behalf of Ramirez. In fact, notice of the July 11th Order was served

23   on Marchino's attorneys of record in the bankruptcy, ~~the Levene Neale firm.~~including David

24   Golubchik "on behalf of Creditor X Law Group" via electronic notice. *See* 2017 Bankruptcy,

25   Docket No. 508.

26   **E.    X-Law/Marchino Enter Agreements with EA to Circumvent the JFL Judgment**

27        ~~53.~~55.  Marchino's scheme was likely hatched even before entry of the JFL Judgment.

28        ~~54.~~56.  On February 2, 2018, one of the experts in the Hernandez case wrote to EA, "I

1 understand that your firm has requested all items from us to be sent to a Los Angeles location: The

2 X Law Group – 1910 W. Sunset Blvd., Suite 450, Los Angeles, CA 90026." **At the time, it is**

3 **undisputed that EA was the law firm handling the case, and Marchino was the partner in**

4 **charge of the matter.**

5 ~~55.~~57.  In fact, during this period of time (approximately 2016 through 2018), EA was

6 paying the rent for X-Law at the address on Sunset Boulevard directly to the landlord, the

7 International Church of the Four Square, despite EA not being a party to the lease agreement.

8 ~~56.~~58.  After entry of the JFL Judgment and July 11th Order, and with knowledge of the

9 same, Marchino and EA (by and through Michael Avenatti) entered into a series of agreements

10 with the intent to strip EA of its financial interest in attorneys' fees derived from its large

11 contingency fee cases – and provide them to Marchino without any referral fee or other

12 consideration.

13 ~~57.~~59.  Among other things, Avenatti asserted during the 2017 Bankruptcy that EA had

14 entered into an agreement with X-Law under which EA purportedly agreed to assign a portion of

15 its fee rights to X-Law, pay the salaries of X-Law employees, and pay the entire rent for office

16 space shared by EA and X-Law. –In fact, Avenatti testified that during the pendency of the

17 bankruptcy, there were X-Law attorneys who remained on EA's payroll and provided attorney

18 services to EA for EA cases.

19 ~~58.~~60.  Avenatti and Marchino signed an agreement dated "as of August 1, 2018" under

20 which EA purported to transfer all of its personal property, including the computer servers on

21 which its client files were stored, to X-Law.

22 61.    Further, Avenatti and Marchino entered into agreements with clients and others to

23 have another entity through June 2018 – Avenatti & Associates – represent clients in lieu of EA,

24 despite Marchino's direct knowledge that Avenatti & Associates was a legal fiction and *alter ego*

25 of EA.  This was all done in cooperation with Avenatti to defraud EA's creditors, including the

26 JFL and the eventual $10 million JFL Judgment.

27

28

1    59.62.  On July 26, 2018 (after the entry of the $10 million JFL Judgment), Marchino

2    arranged for his separate firm (co-defendant X-Law) to be substituted as counsel in the Hernandez

3    action.

4    60.63.  The substitution was executed on June 1, 2018 (shortly after the JFL Judgment was

5    entered), and Marchino continued to work on the Ramirez matter as an EA attorney (representing

6    himself to be an EA partner) through at least August 8, 2018 (weeks after the substitution was

7    filed and entered).

8    61.64.  On September 18, 2018, Avenatti and Marchino prepared and transmitted a letter

9    ("Fee Waiver Letter") written to "Andres Ramirez, c/o The X-Law Group" – stating that EA was

10   waiving its claim to attorneys' fees for a case that it had been litigating for well over one year

11   because EA had provided a "limited amount of time" on the case.  This was an untrue statement,

12   as EA had provided considerable substantive work in the Ramirez matter, including motion

13   practice, the conduct of depositions, retention and work with experts, the production of documents

14   and other written discovery.  Indeed, the case was being fully "worked up" by EA for trial.

15   62.65.  In preparing the Fee Waiver Letter, Avenatti and Marchino intended to strip EA of

16   its right or interest in fees or contingent receivables owed to EA, which constituted property of

17   EA.  These actions were taken with actual intent to hinder, delay, or defraud creditors of EA

18   including JFL.

19   63.66.  Additionally, the Fee Waiver Letter was in direct violation of the Court's July 11th

20   Order and constituted an actual and constructive fraudulent transfer. Moreover, when the Fee

21   Waiver Letter was written, EA and its principals actually knew or should have known of the July

22   11th Order restraining EA from transferring its fee rights.  The existence of the Fee Waiver Letter

23   was not disclosed to the Receiver prior to bankruptcy or the Trustee after the bankruptcy until

24   September 16, 2020, in connection with X-Law's motion to strike the EA liens.

25   64.67.  Also, EA was not provided a referral fee by X-Law - which is customarily provided

26   in a situation where (a) it is a high damages case; (b) where the prior law firm had done substantial

27   work on the case; and (c) where there is a "friendly" relationship between the law firms. X-Law

28   and Marchino were aware that such referral fees are enforceable with client approval – which was

13

SECONDTHIRD AMENDED COMPLAINT

1   not sought by X-Law and Marchino.  Absent Marchino's relationship, EA would have sought to

2   negotiate and receive a referral fee as part of the transition of the case to a new firm.

3       65.68.   There is no reason to believe that Hernandez would have rejected the provision of a

4   referral fee to EA if that referral fee would not reduce the total amount of attorneys' fees that

5   would be charged in the case.

6       66.69.   Notwithstanding the purported substitution, on November 19, 2018, EA filed and

7   served a notice of case management conference on behalf of "Plaintiffs" in the Hernandez Case.

8       67.70.   EA also conversed about experts on the case following the substitution.

9       68.71.   Further, even though he ostensibly claimed to work on the Ramirez matter as a

10  partner of X-Law, Marchino continued to work on other EA cases as an EA attorney through at

11  least November 2018.

12      69.72.   At the same time, EA acted as counsel for Marchino and X-Law in an action

13  relating to a fee dispute they had with Dordick Law Corporation in the Los Angeles Superior

14  Court, Case No. BC 689324.  The last filing of record that has been located is a February 15, 2019

15  demurrer that was filed by EA for X-Law and Marchino in the Dordick action.

16  **F.    X-Law/Marchino Continue EA's Representation of Hernandez/Ramirez**

17      70.73.   The EA team working on the Hernandez/Ramirez matter (including Marchino)

18  continued to litigate the case at X-Law.

19      71.74.   Unfortunately, as anticipated, 13-year-old Ramirez passed away on February 25,

20  2019. Prior to passing away, Ramirez never fully regained consciousness and persisted in a state

21  of unresponsive wakefulness from November 30, 2015, to February 25, 2019.

22      72.75.   On April 26, 2019, Hernandez filed an action in the Probate Court of the Los

23  Angeles Superior Court under Case Number 19STPB03950, seeking to be appointed the personal

24  representative of her son's estate ("Probate Action"). Hernandez contends that she is the sole heir

25  and has the sole right to any proceeds generated in the Hernandez Case on behalf of her deceased

26  son.

27      73.76.   On May 30, 2019, Hernandez was appointed the personal representative of

28  Ramirez's estate – based upon the representation that he had died intestate.

1    74.77.  On June 12, 2019, the Receiver filed a Notice of Lien in the Hernandez Case –

2    based upon EA's quantum meruit entitlement to fees.

3    75.78.  Consistent with the foregoing, as well as her prior conversations with EA attorney,

4    Hernandez filed an amended complaint in the Hernandez Case on July 16, 2019, in which she was

5    added as a party and asserted her sole claim to damages that she was the sole heir to son

6    (Ramirez). A true and correct copy of the amended complaint filed by Hernandez on July 16, 2019

7    is attached as Exhibit "3." Specifically, Hernandez alleged in paragraph 9:

8          9.  Plaintiff ELBA HERNANDEZ is the mother of decedent Andres
           Ramirez. She is also the personal representative of the ESTATE OF ANDRES
9          RAMIREZ and is a successor in interest of Ramirez. She is entitled to bring this
           wrongful death/survivorship action pursuant to Code of Civil Procedure
10         Sections 377.60 and 377.30 on behalf of Plaintiff The Estate of ANDRES
           RAMIREZ, on behalf of Andres Ramirez, deceased, and on behalf of herself
11         and the other Andres Ramirez heirs. Ramirez died without issue, and ELBA
           HERNANDEZ would be entitled to Ramirez's estate through the rules of
12         intestate succession."

13

14    79.    In order for permission to file the amended complaint, Hernandez (through X-Law)

15    filed a motion for leave to amend on May 23, 2019. The motion to amend the complaint requested

16    both permission to "pursue unabated claims" *and* to file additional claims for wrongful death and

17    survival claims.

18    76.80.  Upon the filing of Debtor's bankruptcy petition on September 13, 2019, all assets

19    of EA, including any contingent right to payment or creditor claims in probate became property of

20    the bankruptcy estate pursuant to 11 U.S.C. § 541(a), to which the automatic stay of 11 U.S.C.

21    § 362 applied.

22    77.81.  From the latter part of 2019 through August 2020, first the Receiver and then the

23    Trustee (by and through his counsel) attempted to get information regarding the status of the

24    Hernandez Case. In response, X-Law (through Mr. Marchino) denied the existence of any valid

25    lien and even stated that it wanted the Trustee to produce a copy of the retainer – even though X-

26    Law had continued representation of Hernandez (and, until his passing, Hernandez's son).

27    78.82.  On August 6, 2020, Mr. Marchino made the following representation to Trustee's

28    counsel:

15

SECONDTHIRD AMENDED COMPLAINT

1
2
3   I write today to inform you and the Trustee that our case, *The Estate of Andres Ramirez v. City of Pasadena*, has now concluded and the Estate of Andres Ramirez received no net recovery. There being no recovery, the Estate of Eagan Avenatti LLP is not entitled to assert a lien in the matter. . . .

4   ~~79.~~83.   Upon information and belief, Mr. Marchino's representation and statement on
5   August 6, 2020, was false and deceitful. Upon further information and belief, the Hernandez Case
6   was actually settled for approximately $10.35 million – and the attorney fees that X-Law is
7   claiming for the Hernandez Case (that originated and was litigated by EA) is likely to be in excess
8   of $4 million.

9   ~~80.~~84.   ~~Upon further information and belief, the~~The settlement ~~was~~ on behalf of Hernandez
10  was intentionally structured so that the ~~Estate of Ramirez received nothing – but Hernandez~~ EA
11  bankruptcy estate would not receive ~~the entirety of the $10.35 million (less attorneys' fees and~~
12  ~~costs).  To date, the Trustee has not been provided a copy~~any portion of the settlement proceeds,
13  or that the EA bankruptcy estate's ability to receive any portion of the proceeds would be greatly
14  diminished. The settlement agreement ~~but expects that it will include releases~~has been provided to
15  Plaintiff for review under a stipulated protective order and no specific details shall be disclosed
16  herein – except that Plaintiff alleges that the settlement agreement was drafted with the intention
17  of defrauding the ~~claims filed by Hernandez in her capacity as guardian *ad litem*~~bankruptcy estate.

18  ~~81.~~85.   As a wrongful death action, all of Hernandez's recovery is derivative of those to
19  which her son (Ramirez) would have been entitled.

20  ~~82.~~86.   Indeed, Hernandez's claims in the action were expressly (and entirely) based upon
21  her status as the sole heir to Ramirez.

22  ~~83.~~87.   In or about May 2020, a petition was filed by Hernandez in the Probate Action for a
23  Court determination that Hernandez is the sole heir and entitled to all distributions of the
24  Decedent's Estate (as her deceased son's only legal heir). In the Petition, there is no mention in the
25  Petition about the settlement in the Hernandez Case or EA's claim to fees from settlement
26  proceeds in the Hernandez Case.

27  ~~84.~~88.   The Trustee has no knowledge whether X-Law has already appropriated all of the
28  fees generated in the Hernandez Case, or if the funds remain in an X-Law trust account.

**G.    Other Known Transfers to X-Law**

89.    EA maintained a business checking account with California Bank & Trust ("CBT"), account number ending in -2851 ("EA Checking Account").

90.    EA also maintained an attorney client trust account with CBT, account number ending in -8671 ("EA Client Trust Account").

91.    On February 9, 2015, a check numbered 15801 was written from the EA Checking Account to X-Law in the amount of $7,500.

92.    On April 20, 2015, EA made a $100,000 wire transfer to X-Law from the EA Checking Account.

93.    On September 25, 2015, EA made a $200,000 wire transfer to X-Law from the EA Checking Account.

94.    On February 18, 2016, EA made two separate $13,000 wire transfers to X-Law from the EA Checking Account, for a total transfer of $26,000.

95.    On August 19, 2016, a check numbered 15755 was written from the EA Checking Account to X-Law in the amount of $5,718.17.

96.    On September 12, 2016, EA made a $15,000 wire transfer to X-Law from the EA Checking Account.

97.    On September 13, 2016, EA made a $2,000 wire transfer to X-Law from the EA Checking Account.

98.    On November 8, 2016, a check numbered 15856 was written from the EA Checking Account to X-Law in the amount of $2,800.

99.    On January 25, 2017, the EA Client Trust Account received a wire transfer of $2,750,000 which Trustee is informed and believes was a confidential settlement payment on behalf of an EA client. On January 26, 2017, EA made a wire transfer of $2,500,000 from the EA Client Trust Account to X-Law. On the same date, the remaining balance of the settlement payment ($250,000) was transferred to a demand deposit account in the name of EA.

100.    On June 18, 2018 (approximately 4 weeks after the entry of the JFL Judgment), the EA Client Trust Account received a wire transfer totaling $1,200,000 from entities in the name of

17
~~SECOND~~THIRD AMENDED COMPLAINT

1    Michael Avenatti. On the same date, EA made a wire transfer of $1,000,000 from the EA Client
2    Trust Account to X-Law. At the end of the day, the balance of the EA Client Trust Account was
3    $100,368.62. By the end of June, the balance of the EA Client Trust Account was $683.75.
4    Trustee alleges that the $1 million payment was the transfer of an interest of the Debtor in
5    property in that it could not have used funds in its client trust account to pay its debts without
6    having an interest in such funds.

7         101.    Marchino testified under oath that the $1,000,000 transfer was for "an accrual of
8    fees owed to the X-Law Group."[1]  At the time, Marchino had actual knowledge of the $10 million
9    JFL Judgment and had already engaged in actions with Avenatti to divert potential EA assets and
10   cases to third parties, including himself and the *alter ego* Avenatti & Associates.

11        102.    In total, X-Law received no less than $3,500,000 in transfers from the EA Client
12   Trust Account. Mr. Avenatti is under criminal prosecution in California for the misappropriation
13   of client funds and has been convicted in two separate criminal trials in New York for stealing
14   client property and extortion.

15                        **FIRST CLAIM FOR RELIEF**

16               **(Against Hernandez and X-Law, For Declaratory Judgment**

17                        **Under 28 U.S.C. § 2201)**

18        85.103.    The Trustee incorporates by reference and realleges paragraphs 1-84102 of
19   this SecondThird Amended Complaint.

20        86.104.    In or around June 2016, EA was retained to represent Hernandez in her
21   capacity as guardian ad litem for her minor son, Andres Ramirez ("Ramirez"), who was severely
22   injured when he was struck by a car while riding his bicycle through an intersection in the city of
23   Pasadena, California ("Pasadena").

24        87.105.    Trustee is in possession of an executed retainer agreement (in Spanish)
25   executed by Hernandez with EA. Paragraph 8 of the retainer agreement contains an attorney lien
26   provision.  The Trustee has yet to locate a copy of the retainer agreement that was countersigned

27

28   _____
     [1] The answer was stricken from the criminal trial record but not from the transcript.

1 | by EA.

2 | 88.106.       EA provided representation to Hernandez as a representative of the Andres

3 | Ramirez in the Hernandez Case and performed substantial services on her behalf.

4 | 89.107.       The Trustee has a valid and enforceable quantum meruit claim for services

5 | rendered by EA in the Hernandez Case.

6 | 90.108.       Upon information and belief, the Hernandez Case has settled, and X-Law

7 | Group received and/or is in possession of the entirety of the attorneys' fees generated in the

8 | Hernandez case – believed to be in excess of $4 million.  Only the minor portion of the case

9 | relating to claims against the driver survive (with limited insurance coverage).

10 | 91.109.       Marchino was the attorney in charge of the Hernandez/Ramirez matter from

**Formatted:** Widow/Orphan control

11 | the time of EA's retention in June 2016 through at least August 2018.

12 | 92.110.       Under Marchino's supervision, EA performed substantial work in the

13 | litigation of the Hernandez/Ramirez matter.  Among other things, EA performed at least the

14 | following legal services on behalf of Ramirez and Hernandez:

15 |        a.  filing a tort claim with Pasadena on October 7, 2016, including discussion and

16 |            legal research regarding the filing of a late claim against the city, including the

17 |            legal exceptions and excuses for the late-filing, which EA ultimately prevailed

18 |            on;

19 |        b.  when the claim was rejected as untimely (an administrative prerequisite for

20 |            filing a petition against the city), filing an application with Pasadena for leave

21 |            to file a late claim;

22 |        c.  when that application was denied (i.e. exhausting administrative remedies),

23 |            filing a petition in the Los Angeles Superior Court ("Superior Court") for leave

24 |            to file a complaint against Pasadena, which was granted based on arguments

25 |            generated by EA attorneys;

26 |        d.  preparing and filing a tort complaint against Pasadena in the Superior Court;

27 |        e.  amending the complaint to add as a defendant Jacquelyn Licea, the driver of the

28 |            car that struck Ramirez, and corresponding with counsel for Ms. Licea;

SECONDTHIRD AMENDED COMPLAINT

      f.   conducting independent discovery, including the acquisition and review of

          public records underlying the accident;

      g.   retaining, paying, and working with experts regarding accident reconstruction,

          medical issues, and biomechanical issues;

      h.   making inquiries regarding a life-planning expert for the case;

      i.   conducting depositions of multiple parties, including the two first responders;

      j.   exchanging written discovery; and

      k.   otherwise preparing the case for trial.

~~93.~~111.     Indeed, the billing of costs – including the costs of depositions and fees for experts – were sent directly to Marchino at his EA law firm and email address.

~~94.~~112.     Notably, Marchino himself conducted the two depositions and stated that he was doing so in his capacity as an EA attorney.  With respect to litigation questions on the case, EA attorneys sought and obtained Marchino's advice and consent.

~~95.~~113.     EA and Marchino were aware of the substantial attorneys' fees that were likely recoverable in the Hernandez case.  In fact, on April 27, 2018, EA filed a Statement of Damages of $116,801,000 for the case.  This included a claim of $40 million in future medical expenses and $30 million in emotional distress.

~~96.~~114.     During the litigation, Hernandez advised EA that she did not expect Ramirez to survive the litigation and she still had EA continue to provide legal representation in the case (which was expected to solely benefit her).  Ramirez was in a vegetative state with no hope of recovery.  These discussions began no later than May 2018.

~~97.~~115.     Further, Hernandez maintains that she is the sole heir of her son, Andres Ramirez.  As a result, she would financially benefit from any recovery in the litigation upon her son's anticipated death.

~~98.~~116.     Thus, both Hernandez and EA were aware that the representation that EA was providing in the litigation was for Hernandez's ultimate financial benefit.  Pursuant to that understanding, EA continued to provide legal services for Hernandez's ultimate benefit.

~~SECOND~~THIRD AMENDED COMPLAINT

1    ~~99.~~117.        Hernandez, in her individual capacity and as the alleged sole heir to

2    Ramirez has benefited from the legal services provided by EA, and was actually represented in her

3    individual capacity by EA.

4    ~~100.~~118.        EA provided legal services to Hernandez at her explicit and/or implicit

5    request for the legal services. Even if there were no valid and enforceable contract for EA's

6    representation in the Hernandez Case, the amount owed to EA may still be fixed by the court

7    pursuant to Cal. Fam. Code § 6602.

8    ~~101.~~119.        The services provided by EA to Hernandez contributed to a substantial

9    benefit to her, in the full amount of the ultimate recovery in the Hernandez Case, which is believed

10   to be $10.35 million. The amount of the contribution by EA is subject to further court

11   determination.

12   ~~102.~~120.        X-Law Group and Marchino have disavowed the attorney lien filed by the

13   Trustee in the Hernandez Case (which lien has been stricken by this Court given the Trustee's

14   inability to date to locate a countersigned copy of the retainer agreement), and have stated that

15   they will not provide any payment to the Trustee for EA's quantum meruit claim. In fact, X-Law

16   Group and Marchino have actually materially lied to the Trustee by falsely stating that there has

17   been no recovery in the Hernandez case.

18   ~~103.~~121.        The Fee Waiver Letter violated the July 11th Order by seeking to assign,

19   encumber, or in any way transfer or otherwise dispose of specified property of EA without specific

20   authorization by the Court. At the time the Fee Waiver Letter was prepared, executed, and

21   transmitted, the parties to the Fee Waiver Letter, including Avenatti and Marchino, knew or

22   should have known of the existence, scope, and application of the July 11th Order to the subject

23   matter of the Fee Waiver Letter.

24   ~~104.~~122.        Because the Fee Waiver Letter violated the July 11th Order, any transfer,

25   waiver, assignment, or hypothecation intended to be effectuated by the Fee Waiver Letter and any

26   subsequent actions based thereon was void *ab initio* or voidable as a fraudulent transfer.

27   Specifically, to the extent that Defendants claim that the Fee Waiver Letter resulted in a valid and

28   enforceable waiver of EA's right to any recovery from the Hernandez Case, such argument fails.

21

~~SECOND~~THIRD AMENDED COMPLAINT

**Formatted:** Widow/Orphan control

1    105.123.    Accordingly, an actual controversy has arisen and exists between the

2    Trustee and the Hernandez/the Attorney Defendants concerning EA's right to a portion of the

3    monies recovered from the settlement in the Hernandez case.

4    106.124.    A judicial determination is necessary and appropriate at this time under the

5    circumstances so that the parties can ascertain the extent of the Trustee/EA's right to a portion of

6    the proceeds from the settlement of the Hernandez case.

7    107.125.    The Trustee seeks a declaratory judgment under 28 U.S.C. § 2201

8    establishing the reasonable value of fees to which the Estate is entitled.

9    **SECOND CLAIM FOR RELIEF**

10    **(For Quantum Meruit Against Hernandez)**

11    108.126.    The Trustee incorporates by reference and realleges paragraphs 1–107125 of

12    this SecondThird Amended Complaint.

13    109.127.    In or around June 2016, EA was retained to represent Hernandez in her

14    capacity as guardian *ad litem* for her minor son, Andres Ramirez ("Ramirez"), who was severely

15    injured when he was struck by a car while riding his bicycle through an intersection in the city of

16    Pasadena, California ("Pasadena").  It was also understood by Hernandez and EA that EA's legal

17    services would be provided for her individual benefit.

18    110.128.    Trustee is in possession of an executed retainer agreement (in Spanish)

19    executed by Hernandez with EA. Paragraph 8 of the retainer agreement contains an attorney lien

20    provision.  The Trustee has yet to locate a copy of the retainer agreement that was countersigned

21    by EA. Notwithstanding any defect in any retainer agreement between Hernandez and EA

22    (including any failure to have the retainer agreement approved by a court of competent jurisdiction

23    pursuant to California statutes), EA provided substantial legal services to Hernandez both in her

24    individual capacity and in her capacity as guardian *ad litem* for Ramirez.

25    111.129.    Marchino was the attorney in charge of the Hernandez/Ramirez matter from

26    the time of EA's retention in June 2016 through at least August 2018.

27    112.130.    Under Marchino's supervision, EA performed substantial work in the

28    litigation of the Hernandez/Ramirez matter.  Among other things, EA performed at least the

22

1    following legal services on behalf of Ramirez and Hernandez:

2            a.   filing a tort claim with Pasadena on October 7, 2016, including discussion and

3                 legal research regarding the filing of a late claim against the city, including the

4                 legal exceptions and excuses for the late-filing, which EA ultimately prevailed

5                 on;

6            b.   when the claim was rejected as untimely (an administrative prerequisite for

7                 filing a petition against the city), filing an application with Pasadena for leave

8                 to file a late claim;

9            c.   when that application was denied (i.e. exhausting administrative remedies),

10                filing a petition in the Los Angeles Superior Court ("Superior Court") for leave

11                to file a complaint against Pasadena, which was granted based on arguments

12                generated by EA attorneys;

13           d.   preparing and filing a tort complaint against Pasadena in the Superior Court;

14           e.   amending the complaint to add as a defendant Jacquelyn Licea, the driver of the

15                car that struck Ramirez, and corresponding with counsel for Ms. Licea;

16           f.   conducting independent discovery, including the acquisition and review of

17                public records underlying the accident;

18           g.   retaining, paying, and working with experts regarding accident reconstruction,

19                medical issues, and biomechanical issues;

20           h.   making inquiries regarding a life-planning expert for the case;

21           i.   conducting depositions of multiple parties, including the two first responders;

22           j.   exchanging written discovery; and

23           k.   otherwise preparing the case for trial.

24    113.131.     Indeed, the billing of costs – including the depositions and experts – were

25    sent directly to Marchino – at his EA law firm and email address.

26    ///

27    114.132.     Notably, Marchino himself conducted the two depositions and stated that he

28    was doing so in his capacity as an EA attorney.  With respect to litigation questions on the case,

23

SECONDTHIRD AMENDED COMPLAINT

1   EA attorneys sought and obtained Marchino's advice and consent.

2   115.133.    EA and Marchino were aware of the substantial attorneys' fees that were

3 likely recoverable in the Hernandez case. In fact, on April 27, 2018, EA filed a Statement of

4 Damages of $116,801,000 for the case. This included a claim of $40 million in future medical

5 expenses and $30 million in emotional distress.

6   116.134.    During the litigation, Hernandez advised EA that she did not expect

7 Ramirez to survive the litigation and still had EA continue to provide legal representation in the

8 case (which was expected to solely benefit her). Ramirez was in a vegetative state with no hope of

9 recovery. These discussions began no later than May 2018.

10   117.135.    Further, Hernandez maintains that she is the sole heir of her son, Andres

11 Ramirez. As a result, she would financially benefit from any recovery in the litigation upon her

12 son's anticipated death.

13   118.136.    Thus, both Hernandez and EA were aware that the representation that EA

14 was providing in the litigation was for Hernandez's ultimate financial benefit. Hernandez, either

15 individually or on behalf of her son Ramirez, requested and received legal services from EA in

16 connection with an accident in which he was severely injured when he was struck by a car while

17 riding his bicycle through an intersection in the city of Pasadena, California.

18   119.137.    Hernandez, in her individual capacity and as the alleged sole heir to

19 Ramirez has benefited from the legal services provided by EA, notwithstanding the filing of an

20 amended complaint after Ramirez passed away on February 25, 2019. The benefit conferred on

21 Hernandez resulted from the substantial litigation efforts of EA prior to Ramirez's death including,

22 without limitation, those set forth in paragraphs 112-114 above.130-132 above. The amount of

23 benefit is quantified by the settlement payment(s) from defendants in the Hernandez Action, which

24 Plaintiff is informed and believes are in excess of $10 million.

25   120.138.    EA provided legal services to Hernandez at her explicit and/or implicit

26 request for the legal services. Even if there were no valid and enforceable contract for EA's

27 representation in the Hernandez Case, the amount owed to EA may still be fixed by the court

28 including pursuant to Cal. Fam. Code § 6602.

1    121.139.    The services provided by EA to Hernandez contributed to a substantial

2    benefit to her, in the full amount of the ultimate recovery in the Hernandez Case, which is believed

3    to be $10.35 million. The value of the contribution by EA is subject to further court determination

4    according to proof at the time of trial.

5    122.140.    Accordingly, the Estate is entitled to an award of the reasonable value of

6    EA's legal services that benefited Hernandez, from the recovery obtained by Hernandez from

7    Pasadena and/or any other defendants.

8    123.141.    To the extent that Hernandez obtains any future recovery from any co-

9    defendant, the Trustee reserves the right to file a claim against Hernandez for such future

10   recoveries.

11                          **THIRD CLAIM FOR RELIEF**

12   **(Against X-Law and Marchino For Violations of Automatic Stay and the July 11th Order –**

13                          **11 U.S.C. §§ 362, 105)**

14   124.142.    The Trustee incorporates by reference and realleges paragraphs 1-123141 of

15   this SecondThird Amended Complaint.

16   125.143.    The July 11th Order qualified as a specific and definite order of the Court

17   which prohibited EA and Avenatti from "assigning, encumbering, or in any way transferring any

18   proceeds, attorney's fees, costs, rights to payments and accounts receivable it is or may be entitled

19   to receive from the lawsuits and clients listed on Exhibit A to the Frank Declaration attached to the

20   Motion." The July 11th Order specifically applied to the Hernandez Case.

21   126.144.    The Fee Waiver Letter violated the July 11th Order, which prohibited

22   Avenatti and any party from transferring (including waiving) any fee rights of EA in the

23   Hernandez Case. As a violation of a federal court order, the Fee Waiver Letter and any attempt to

24   waive EA's fee rights through the Fee Waiver Letter or any other action, such as the substitution

25   of attorney from EA to X-Law, was void *ab initio* and of no legal force and effect or subject to

26   avoidance as a fraudulent transfer.

27   127.145.    On the Petition Date, EA had a right to fees, whether based on contract,

28   claim in probate or, at a minimum, under a quantum meruit theory in connection with the

---

                          25
                SECONDTHIRD AMENDED COMPLAINT

1  Hernandez Case and any recoveries therefrom.

2  ///

3      ~~128.~~146.      EA has a written fee agreement executed by Hernandez which grants EA a

4  right to payment of fees, and includes an attorney's lien provision.

5      ~~129.~~147.      EA's right to fees and any enforceable lien on the recovery constitutes

6  property of the Estate that is protected by 11 U.S.C. § 362(a)(3).

7      ~~130.~~148.      The automatic stay broadly enjoins any type of action, formal or informal,

8  which interferes with the administration of a bankruptcy estate and bankruptcy estate property.

9  *Delpit v. Commissioner*, 18 F.3d 768, 771 (9th Cir. 1994).

10     ~~131.~~149.      The Fee Waiver Letter was intended to provide X-Law/Marchino with

11 control over property of the Estate, and the structure of the settlement with the City of Pasadena,

12 was intended to result in the destruction of property of the Estate (i.e. the Estate's contingent right

13 to payment from recoveries in the Hernandez Case based on services rendered).  The Trustee

14 alleges that the City of Pasadena conditioned the settlement and $10.35 million payment on

15 releases for the pre-February 2019 claims prosecuted by EA on behalf of Hernandez, (i.e. claims

16 prior to Mr. Ramirez's death).

17     ~~132.~~150.      Plaintiff alleges that the case was settled and that X-Law/Marchino received

18 all attorneys' fees likely in excess of $4 million. Because some portion of the settlement

19 constitutes estate property, X-Law/Marchino have exercised control over and are in possession of

20 property of the Estate. Any portion of the settlement payment(s) which attorneys (whether it be X-

21 Law or EA or some other attorneys) were not entitled to receive does not constitute property of the

22 Estate.

23     ~~133.~~151.      X-Law/Marchino have failed and refused to turn over any portion of the

24 attorneys' fees to the estate even though such fees are property that the trustee can use for the

25 benefit of the estate. Plaintiff is informed and believes that Hernandez has no economic interest in

26 the apportionment of attorneys' fees as between X-Law and EA and likely followed the advice of

27 X-Law in apportioning attorneys' fees.

28     ~~134.~~152.      Defendants' violations of the automatic stay were willful, because

26

~~SECOND~~THIRD AMENDED COMPLAINT

1 Defendants had knowledge of the existence of both the 2017 Bankruptcy and this current

2 bankruptcy case, and knowledge of the scope, extent, and application of the automatic stay is

3 imputed on Defendants based on their knowledge of the existence of the bankruptcy case.

4 Additionally, Defendants had actual knowledge of the July 11th Order (notice of which was

5 served on Marchino's and X-Law's attorneys of record at the Levene, Neale firm, *see* Docket No.

6 508 in the 2017 Bankruptcy showing electronic service of the July 11th Order completed on

7 attorneys for X Law Group) and knew or should have known that it applied to the Hernandez

8 Case.

9 ~~135.~~153.    As a result of X-Law/Marchino's violations of the stay, the bankruptcy

10 estate has suffered damages including attorneys' fees and costs in seeking to remedy the stay

11 violations.

12 ~~136.~~154.    Plaintiff is entitled to recover all such damages according to proof pursuant

13 to 11 U.S.C. § 105(a). *Havelock v. Taxel (In re Pace)*, 67 F.3d 187, 193 (9th Cir. 1995).

14 **FOURTH CLAIM FOR RELIEF**

15 **(Against X-Law and Marchino to Avoid, Recover, and Preserve Fraudulent Transfers**

16 **11 U.S.C. §§ 544, 548, 550, and 551 and Civil Code § 3439, et seq.)**

17 ~~137.~~155.    The Trustee incorporates by reference and realleges paragraphs 1-~~136~~154 of

18 this ~~Second~~Third Amended Complaint.

19 ~~138.~~156.    On May 22, 2018, the Bankruptcy Court entered a judgment in favor of JFL

20 and against EA in the amount of $10 million ("JFL Judgment").

21 ~~139.~~157.    Beginning in or around August 2016, co-defendant Filippo Marchino was

22 an attorney at EA who expressly represented himself as an EA partner.  In emails, Mr. Marchino

23 would customarily include the                    following signature block

24 representing himself as an EA                    partner:

Filippo Marchino, Esq.
Partner

Eagan
Avenatti LLP

1910 W. Sunset Blvd,
Suite 450
Los Angeles, CA 90026

520 Newport Center Drive,
Suite 1400
Newport Beach, CA 92660

Tel +1 (949) 706-7000
Fax +1 (949) 706-7050

27
~~SECOND~~THIRD AMENDED COMPLAINT

1

2

3

4    140.158.    Marchino sent out emails to publicize that he had joined EA and also

5    identified himself in his e-mail signature block as a "Partner" of EA.

6    141.159.    Consistent with the foregoing, Marchino used the EA email address of

7    fmarchino@eaganavenatti.com in connection with his work on EA cases, had access to the EA

8    server, worked at EA offices and had EA legal assistants, law clerks, and attorneys providing him

9    with services in connection with his litigation EA cases. **Notwithstanding his representations to**

10   **the contrary, Marchino was an EA attorney who informed colleagues that he was an EA**

11   **partner.**

12   142.160.    From 2016 through late 2018, Marchino continued to work as an EA

13   attorney and represent himself as an EA partner. Additionally, Marchino formally "partnered" X-

14   Law, his law firm, with EA, including profit-sharing and the full integration of X-Law employees

15   as EA employees.

16   143.161.    From 2016 through late 2018, Marchino supervised EA's prosecution of

17   numerous EA contingency litigation matters – including the Hernandez/Ramirez matter.

18   144.162.    From retention in 2016 through mid-2018, Marchino was the EA attorney

19   supervising the prosecution of the Hernandez/Ramirez matter.  Marchino supervised other EA

20   attorneys who were working on the case – and those attorneys would not only report developments

21   in the case, but also seek his advice and consent regarding many litigation issues.

22   145.163.    During this time period, Marchino received compensation in the form of

23   paychecks from EA.  Indeed, in post-petition filings, Avenatti and Marchino were both listed as

24   being on the payroll of EA as attorneys – including the time period when Marchino was handling

25   the Hernandez/Ramirez case for EA.

26   146.164.    Further, in its Third Chapter 11 Status Report filed on October 18, 2017,

27   EA represented that X-Law (of which Marchino is the principal) has unsecured claims against

28   EA's contingency attorneys' fees "from certain of its litigation assets."

28

SECONDTHIRD AMENDED COMPLAINT

1      147.165.       Marchino's law firm and codefendant X-Law also had a close, entangled

2   relationship with EA such that it should be considered an insider of the Debtor. For example,

3   Debtor and X-Law shared office space at 1910 W. Sunset Blvd., Suite 450, Los Angeles, CA –

4   and Debtor paid the rent for this location on behalf of X-Law from 2016 to 2018 directly to the

5   landlord.

6      166.    Marchino also worked with Avenatti through June 2018 to divert EA law firm

7   business to an *alter ego* entity called Avenatti & Associates by, among other things, jointly

8   retaining clients with Avenatti & Associates with full knowledge that it was an *alter ego* of EA

9   and that EA had the substantial claims by JFL against it – which eventually became the JFL $10

10   million judgment.

11      167.    Marchino also continued his close personal relationship with Avenatti through at

12   least June 2018.

13      148.168.       X-Law also shared staff and attorneys with Debtor, (including that X-Law's

14   employees were placed on the EA payroll), and the current attorneys working at X-Law include a

15   substantial number of attorneys who were formerly employed by Debtor.

16      149.169.       As a result, Marchino had a direct financial and professional interest in the

17   recoveries generated by EA cases, including the Hernandez/Ramirez matter. After entry of the JFL

18   Judgment and July 11th Order, and with constructive and actual knowledge of the same, Marchino

19   and EA (by and through Michael Avenatti) entered into a series of agreements with the intent to

20   strip EA of its financial interest in attorneys' fees derived from its large contingency fee cases –

21   and provide them to Marchino without any referral fee or other consideration.

22      150.170.       Among other things, Avenatti asserted during the 2017 Bankruptcy that EA

23   had entered into an agreement with X-Law under which EA purportedly agreed to assign a portion

24   of its fee rights to X-Law, pay the salaries of X-Law employees, and pay the entire rent for office

25   space shared by EA and X-Law.   In fact, Avenatti testified that during the pendency of the

26   bankruptcy, there were X-Law attorneys who remained on EA's payroll and provided attorney

27   services to EA for EA cases.

28

29

SECONDTHIRD AMENDED COMPLAINT

1  151.171.  On July 26, 2018 (after the entry of the $10 million JFL Judgment),

2  Marchino arranged for his separate firm (co-defendant X-Law) to be substituted as counsel in the

3  Hernandez Case.

4  152.172.  The substitution was executed on June 1, 2018 (shortly after the JFL

5  Judgment was entered), and Marchino continued to work on the Ramirez matter as an EA attorney

6  (representing himself to be an EA partner) through at least August 8, 2018 (weeks after the

7  substitution was filed and entered).

8  153.173.  On September 18, 2018, Avenatti transmitted a letter ("Fee Waiver Letter")

9  written to "Andres Ramirez, c/o The X-Law Group" – stating that EA was waiving its claim to

10 attorneys' fees for a case that it had been litigating for well over one year because EA had

11 provided a "limited amount of time" on the case.  This was an untrue statement, as EA had

12 provided considerable work in the Ramirez matter.

13 154.174.  This was part of a scheme by Avenatti and Marchino to strip EA of its right

14 or interest in fees or contingent receivables owed to EA, which constituted property of EA that

15 should have been available to pay EA's creditors.

16 155.175.  Additionally, the Fee Waiver Letter was in direct violation of the Court's

17 July 11th Order and constituted an actual and constructive fraudulent transfer. Moreover, when the

18 Fee Waiver Letter was written, EA and its principals actually knew and should have known of the

19 July 11th Order restraining EA from transferring its fee rights.

20 156.176.  Also, EA was not provided a referral fee by X-Law - which is customarily

21 provided in a situation where (a) it is a high damages case; (b) where the prior law firm had done

22 substantial work on the case; and (c) where there is a "friendly" relationship between the law

23 firms. X-Law and Marchino were aware that such referral fees are enforceable upon client

24 approval – which was not sought by X-Law and Marchino.

25 157.177.  There is no reason to believe that Hernandez would have rejected the

26 provision of a referral fee to EA if that referral fee would not reduce the total amount of attorneys'

27 fees that would be charged in the case.

28

1    158.178.    Notwithstanding the purported substitution, on November 19, 2018, EA

2    filed and served a notice of case management conference on behalf of "Plaintiffs" in the

3    Hernandez Case.

4    159.179.    EA also conversed about experts on the case following the substitution.

5    160.180.    Further, even though he ostensibly claimed to work on the Ramirez matter

6    as a partner of X-Law, Marchino continued to work on other EA cases **as an EA attorney** through

7    at least November 2018.

8    161.181.    Marchino was an attorney/partner at EA at the time the JFL Judgment was

9    entered. Irrespective of whether he was an employee or partner of EA, Marchino qualifies as an

10    insider of the Debtor.

11    162.182.    In fact, Marchino was the attorney in charge of the Hernandez case at EA,    **Formatted:** Widow/Orphan control

12    was paid by EA for his work on the case, had direct knowledge of the substantial potential

13    attorneys' fees that would be generated by EA on the Hernandez case, had direct knowledge of the

14    high settlement value of the case, and had a personal interest in the EA attorneys' fees that would

15    be generated by the case.

16    163.183.    On July 11, 2018, the Bankruptcy Court entered an order that, among other

17    things,  restrained EA from transferring its fee rights in a number of cases. X-Law's and

18    Marchino's counsel were served with notice of entry of this Order.

19    164.184.    Though at least August 8, 2018, Marchino worked on the Hernandez case as

20    an EA partner and/or attorney.

21    ///

22    165.185.    In violation of the July 11th Order and with full knowledge of the $10

23    million JFL Judgment, Avenatti and Marchino entered into an agreement where the Hernandez

24    Case was transferred to Marchino's firm (X-Law).  Pursuant to their agreement, EA waived its

25    right to fees in the Hernandez Case.  If the Fee Waiver Letter is upheld (i.e. to the extent that it is

26    not void as alleged in the Third Claim for Relief above), it would result in no division of

27    compensation between EA and X-Law based on EA's quantum meruit contribution to the result

28    obtained in any future settlement, and constitutes a transfer pursuant to 11 U.S.C. § 101(54).

31

1    166.186.        Additionally, to the extent that X-Law and EA engaged in any transaction

2   whatsoever whereby EA's contingent right to receive compensation from the cases for which it

3   performed valuable services was abandoned in favor of X-Law, such transaction, abandonment, or

4   waiver constitutes a transfer pursuant to 11 U.S.C. § 101(54) to the extent that X-Law asserts that

5   it is entitled to compensation which would otherwise be collected by EA.

6    167.187.        The transfer or the Hernandez case and the waiver of the right to fees

7   occurred after the JFL Judgment was entered and in contempt of the Court's July 11th Order.

8    168.188.        The aforesaid transfer and waiver was made with actual intent to hinder,

9   delay and defraud JFL – a creditor of the debtor holding the $10 million JFL Judgment.

10    169.189.        The aforesaid transfer and waiver were made without Debtor receiving any

11   value, let alone equivalent value, in exchange for the transfer.

12    170.190.        At the time of the transfer and waiver, EA, X-Law, and Marchino believed

13   or reasonably should have believed that the JFL Judgment was beyond the ability of EA to pay the

14   obligation when due.

15    171.191.        At the time of the transfer and waiver, Marchino had full knowledge of the

16   value of the Hernandez case, the JFL judgment against EA, EA's insolvency, and EA's quantum

17   meruit claims as a result of his work on the case as a partner at EA.

18    172.192.        In addition, at around the same time of the transfer and waiver, EA entered

19   a separate agreement that transferred many of its other assets of EA to X-Law and/or Marchino for

20   no actual consideration. Upon information and belief, Marchino is the sole principal of X-Law.

21   ///

22    173.193.        The transfer and waiver of EA's rights to a portion of the fees in the

23   Hernandez case has been concealed until it was recently revealed in a Motion to Strike that was

24   filed by X-Law and Marchino in this case.

25    174.194.        At the time of the transfer and waiver of EA's rights to portion of the fees in

26   the Hernandez case, EA was insolvent.

27

28

1    175.195.    Pursuant to 11 U.S.C. §§ 544, 548, 550, and 551, and Cal. Civ. Code §

2    3439.07, the waiver of EA's claim to fees should be avoided, recovered, and preserved for the

3    benefit of the Estate.

4    176.196.    Pursuant to Cal. Civ. Code § 3439.07, Plaintiff is further entitled to

5    injunctive and other equitable relief as provided by statute.

6    197.    From February 2015 to the Petition Date, EA made transfers totaling $351,518.17

7    to X-Law through checks and wire transfers from the EA Checking Account ("Checking

8    Transfers").

9    198.    Within the two-year period prior to the Petition Date, EA made transfers totaling

10    $3,500,000 to X-Law through wire transfers from the EA Client Trust Account ("Trust Transfers"

11    and together with the Checking Transfers, "Cash Transfers").

12    199.    At the time the Cash Transfers were made, X-Law and Marchino constituted

13    insiders of the Debtor.

14    200.    At the time of the Cash Transfers, especially the Trust Transfers, were made,

15    Debtor was insolvent.

16    201.    Debtor did not receive reasonably equivalent value for the Cash Transfers to X-

17    Law and Marchino.

18    202.    The Cash Transfers were made with the actual intent to hinder, delay, or defraud

19    Debtor's creditors, especially JFL. Specifically, the $1,000,000 transfer from the EA Client Trust

20    Account to X-Law/Marchino in June 2018 was made four weeks after the entry of the JFL

21    Judgment and shortly before the JFL Judgment was executed against Debtor and/or Michael

22    Avenatti. The express, fraudulent intention of the $1,000,000 transfer in June 2018 was to

23    unlawfully prevent JFL from receiving this money on account of the JFL Judgment.

24    **WHEREFORE,** the Trustee, on behalf of the Estate, prays for judgment against

25    defendants as follows:

26    1.    On the First Claim for Relief, for a declaratory judgment against Hernandez and X-

27    Law establishing the amount of fees to which the Estate is entitled and allocating the contingency

28    fee in the Hernandez Case between the Estate and X-Law;

1    2.    On the Second Claim for Relief, for damages from Hernandez to the Estate in the

2    amount of the benefit conferred on Hernandez by the services performed by EA attorneys, and the

3    various costs expended by EA in connection with the Hernandez Case;

4    3.    On the Third Claim for Relief, for a determination that the Fee Waiver Letter and

5    all actions taken in violation of the July 11th Order and the automatic stay are void *ab initio*, for

6    compensatory damages (including the imposition of reasonable attorneys' fees) for X-Law and

7    Marchino's violations of the automatic stay in amounts to be determined by the Court;

8    4.    On the Fourth Claim for Relief, the avoidance, recovery, and preservation any and

9    all transfer of assets, including the value of the Hernandez Case and the avoidable balance of the

10   Cash Transfers, from EA to X-Law, and all other relief and remedies as provided under Cal. Civ.

11   Code § 3439.07 *et seq.* and 11 U.S.C. §§ 544, 548, 550, and 551.

12   ///

13   ///

14   5.    On all claims for relief, to the extent not otherwise requested herein, for such other

15   and further relief as the Court deems just and proper.

16

17   Dated: February 25, 2021March __, 2022       KELLNER LAW GROUP PC

18                                                RICHARD L. KELLNER

19                                                In Association with,

20                                                MARSHACK HAYS LLP

21

22                                                By    */s/ D. Edward Hays*

23                                                      D. EDWARD HAYS
                                                        TINHO MANG

24                                                General Counsel for Plaintiff and
                                                  Chapter 7 Trustee Richard A. Marshack,
25                                                Chapter 7 Trustee for Eagan Avenatti, LLP

26

27

28

SECONDTHIRD AMENDED COMPLAINT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **THIRD MOTION FOR LEAVE TO AMEND COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 14, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2**.  **SERVED BY UNITED STATES MAIL**:  On **March 14, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**MAIL REDIRECTED TO TRUSTEE 09/23/19**
**DEBTOR**
EAGAN AVENATTI, LLP
~~20341 SW BIRCH, SUITE 220~~
~~NEWPORT BEACH, CA 92660-1514~~

☐  Service information continued on attached page

**3**.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 14, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT,
CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND
COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM
5C
SANTA ANA, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 14, 2022 | Cynthia Bastida | */s/ Cynthia Bastida* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
4839-2771-4732, v. 1

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **ATTORNEY FOR DEFENDANT THE X-LAW GROUP, PC AND DEFENDANT FILIPPO MARCHINO:** David B Golubchik    dbg@lnbyb.com, stephanie@lnbyb.com
- **ATTORNEY FOR PLAINTIFF RICHARD A MARSHACK:** D Edward Hays    ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR PLAINTIFF RICHARD A MARSHACK:** Richard L Kellner    rlk@kellnerlaw.com, irma.c.deleon@gmail.com
- **ATTORNEY FOR PLAINTIFF RICHARD A MARSHACK:** Tinho Mang    tmang@marshackhays.com, tmang@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com
- **DEFENDANT AND ATTORNEY FOR DEFENDANT THE X-LAW GROUP, PC; DEFENDANT YOUNG BLUE LLC; DEFENDANT ELBA HERNANDEZ, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE AND SUCCESSOR IN INTEREST TO ANDRES RAMIREZ, DECEASED; DEFENDANT FILIPPO MARCHINO; AND DEFENDANT SANDY LE, INDIVIDUALLY AND ON BEHALF OF TINA NGAN LE, DECEDENT:** Filippo Marchino    fm@xlawx.com, tc@xlawx.com; tg@xlawx.com
- **CHAPTER 7 TRUSTEE:** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
- **MEDIATOR:** Alan I Nahmias    anahmias@mbn.law, jdale@mbnlawyers.com
- **ATTORNEY FOR DEFENDANTS THE X-LAW GROUP, PC AND FILIPPO MARCHINO:** Kurt Ramlo    kr@lnbyb.com, kr@ecf.inforuptcy.com
- **ATTORNEY FOR PLAINTIFF RICHARD A MARSHACK:** John P. Reitman    jreitman@landaufirm.com, vrichmond@landaufirm.com; avedrova@landaufirm.com; hrichmond@landaufirm.com
- **UST:** United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
4839-2771-4732, v. 1                                                                 **F 9013-3.1.PROOF.SERVICE**