David B. Golubchik (State Bar No. 185520)
Kurt Ramlo (State Bar No. 166856)
**LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.**
2818 La Cienega Avenue
Los Angeles, California 90034
Tel: (310) 229-1234; Fax: (310) 229-1244
dbg@lnbyg.com; kr@lnbyg.com;

Attorneys for Defendants The X-Law
Group, P.C. and Filippo Marchino

Filippo Marchino (State Bar No. 256011)
Thomas E. Gray (State Bar No. 299898)
**THE X-LAW GROUP, P.C.**
625 Fair Oaks Ave, Suite 390
South Pasadena, CA 91030
Tel: (213) 599-3380; Fax: (213) 599-3370
FM@XLAWX.com; TG@XLAWX.com

Attorneys for Defendant Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No.: 8:19-bk-13560-SC |
| EAGAN AVENATTI, LLP, | Chapter 7 |
| Debtor. | |
| RICHARD A. MARSHACK, Chapter 7 Trustee for Eagan Avenatti, LLP, | Adv. No.: 8:20-ap-01086-SC |
| Plaintiff, | **Notice of Opposition to Motion for Order Granting Leave to Conduct Deposition of Federal Prisoner, Michael J. Avenatti; and Directing Federal Bureau of Prisons to Allow Deposition Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B); Declaration of Kurt Ramlo; and** |
| v. | |
| THE X-LAW GROUP, PC, a professional corporation; FILIPPO MARCHINO, an individual; and ELBA HERNANDEZ, individually and as personal representative and successor in interest to Andres Ramirez, deceased, | |
| | **Request for Hearing** |
| Defendants. | |

Defendants The X-Law Group, P.C., Filippo Marchino, and Elba Hernandez oppose the

*Motion for Order Granting Leave to Conduct Deposition of Federal Prisoner, Michael J. Avenatti;*

*and Directing Federal Bureau of Prisons to Allow Deposition Pursuant to Federal Rule of Civil*

*Procedure 30(a)(2)(B)* dated July 10, 2023 (ECF No. 318, the "**Motion**") filed by Plaintiff and Chapter 7 Trustee Richard A. Marshack (the "**Trustee**"), as set forth below, and requests a hearing.

### Introduction

Discovery in this action is closed (except for certain enumerated matters not relevant to the Motion). The Trustee filed last year a motion for permission to file a third amended complaint ("**TAC**"), which the Court granted in part based on the Trustee's representation that he required no additional discovery for the new claims alleged in the TAC. The Trustee's counsel expressly stated, "We've already completed the depositions." The Motion to conduct a deposition of the twice-convicted-for-wire-fraud Michael Avenatti violates the existing scheduling order and should be denied.

### Procedural Background

The Motion notes that when the Court granted permission to file the TAC, the order (ECF No. 285, entered July 25, 2022) provided that "[t]he parties may enter into a stipulation regarding a discovery schedule for new claims alleged in the TAC, or the Court may set a discovery schedule at the status conference on October 25, 2022." (Id. at ¶ 5.) That order, however, also provided that the "current operative scheduling order, entered as Adv. Dk. No. 259, shall remain in full force and effect as to the claims in the Second Amended Complaint, until further Ordered by this Court." The parties have modified that remaining discovery as to the claims in the Second Amended Complaint from time to time, but no additional discovery has been authorized. (*See, e.g.*, *Stipulation to Modify Scheduling Order* filed June 1, 2023 (ECF No. 303), attached as **Exhibit A**; *Order Approving Stipulation to Modify Scheduling Order* entered June 2, 2023 (ECF No. 315), attached as **Exhibit B**.)

More importantly, the contemplated discovery schedule for the new claims alleged in the TAC pertained to discovery by Defendants. When replying to Defendants' motion to file the TAC, the Trustee argued against reopening discovery, as follows:

> In fact, Defendants actually filed their answer on May 20, 2021, over one year after the filing of the original complaint. Now, Defendants (principally the Attorney Defendants) complain, oxymoronically: that (1) further discovery is so burdensome as to be unduly prejudicial to Defendants; and (2) further discovery is necessary to prevent prejudice to Defendants. See Opposition at 11:6-7 ("Discovery would have to be reopened, which, as the authorities above indicate, would be prejudicial. If the Court did not open discovery, Defendants would be even more

1  prejudiced.").

2  Finally, the amended allegations in the TAC arose out of ordinary-
course discovery in this case and it was Defendants that had actual knowledge
3  of the facts and circumstances surrounding the millions of dollars of transfers
made by EA to X-Law.  What other discovery could Defendants actually want
4  to pursue to obtain additional information regarding their knowledge of facts
at the time of the transfers?  If additional discovery is necessary for the
5  Attorney Defendants to adequately defend themselves, <u>Trustee has no
objection to the Court reopening discovery solely regarding the amended
6  allegations</u>.

7  (Reply at 7:20-8: (ECF No. 269, filed July 5, 2022) (emphasis in original), highlighted excerpts

8  attached as **Exhibit C**).

9  Additionally, Trustee has no objection to limited discovery related
solely to the amended claims, as a condition of granting the Motion.
10
(*Id.* at 13:9-11.)
11
At the July 14, 2022 hearing on the motion, the Trustee argue that he required no discovery
12
for the new claims in the TAC:
13
MR. KELLNER:  . . .  So the first one is a question of prejudice.  So I
14  haven't seen any issue of prejudice here.  **We've already completed the
depositions**.  The only prejudice that has been stated is that somehow this
15  would prolong the date for trial for Ms. Hernandez, and my response is
twofold.  . . . .
16
One, we have seen nothing from the other side saying what discovery
17  they would want to take . . . .

18  ([Amended] Transcript of July 14, 2022 hearing, at 24:17-23 (ECF No. 295, filed August 3, 2022)

19  (emphasis added), highlighted excerpt attached as **Exhibit D.**)

20  **Argument**

21  FRCP 16(b)(3), made applicable by FRBP 7016(a), requires the Court to issue a scheduling

22  order that "limit[s] the time to complete discovery . . . ."  The Court has modified the scheduling

23  order multiple times, but has not modified it to permit the Trustee to conduct additional depositions

24  (other than those specifically enumerated in the various stipulated orders modifying the scheduling

25  order, as noted above).

26  The Trustee did not request permission to conduct additional discovery with respect to his

27  new claims in the TAC.  He offered to allow Defendants to do so, in an effort to boost the chances of

28  success in obtaining permission to file the TAC.  His counsel expressly argued that the TAC would

3

1   not cause any prejudice to Defendants:  "So the first one is a question of prejudice.  . . .  We've

2   already completed the depositions."  (Ex. C at 24:16-19).)

3        The Motion seeks to conduct a deposition after the close of discovery for such a deposition.

4   Permission to conduct the deposition in accordance with FRCP 30(a)(2)(B) or otherwise should be

5   denied.

6                                            **Conclusion**

7        Based on the foregoing, the Court should deny the Motion.

8                                        **Request for Hearing**

9        In accordance with LBR 9013-1(o)(4), Defendants request that the Trustee schedule a

10  hearing on the Motion.

11                                            **Notice**

12       Any reply to this opposition must be filed with the Court and served on this opposing party

13  not later than 7 days before the hearing on the Motion.

14  Dated: July 24, 2023                    LEVENE, NEALE, BENDER, YOO &
                                            GOLUBCHIK L.L.P.
15

16                                          By ___*/s/ Kurt Ramlo*_____
                                                DAVID B. GOLUBCHIK
                                                KURT RAMLO
17                                          Attorneys for Defendants the X-Law Group, P.C.
                                            and Filippo Marchino
18
    Dated: July 24, 2023                    THE X-LAW GROUP, P.C.
19
                                            By_____
20                                              FILIPPO MARCHINO
                                                THOMAS E. GRAY
21                                          Attorneys for Defendant Elba Hernandez

22

23

24

25

26

27

28

## Declaration of Kurt Ramlo

I, Kurt Ramlo, declare:

1.      I am over 18 years of age.  I have personal knowledge of the facts set forth below, and, if called to testify, would and could competently testify thereto.

2.      I am senior counsel with the law firm of Levene, Neale, Bender, Yoo & Golubchik L.L.P. ("LNBYG"), counsel for Defendants The X-Law Group, P.C. and Filippo Marchino in this proceeding, and I make this declaration in support of Defendants' *Opposition to Motion for Order Granting Leave to Conduct Deposition of Federal Prisoner, Michael J. Avenatti; and Directing Federal Bureau of Prisons to Allow Deposition Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B).*

3.      Attached as **Exhibit A** is a copy of the *Stipulation to Modify Scheduling Order* filed June 1, 2023 (ECF No. 303).

4.      Attached as **Exhibit B** is a copy of the *Order Approving Stipulation to Modify Scheduling Order* entered June 2, 2023 (ECF No. 315).

5.      Attached as **Exhibit C** are highlighted excerpts of the Trustee's *Reply to Defendants' Opposition to Motion for Leave to File Third Amended Complaint* (ECF No. 269, filed July 5, 2022).

6.      Attached as **Exhibit D** are highlighted excerpts from the *Transcript of Proceedings* re July 14, 2022 *Cont'd Hearing Re: Motion For Leave To File Third Amended Complaint* (ECF No. 295, filed August 3, 2022; docket entry refers to transcript as "amended").

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 24, 2023, at Los Angeles, California.

_____*/s/ Kurt Ramlo*_____
Kurt Ramlo

# Exhibit A

# Exhibit A

1  David B. Golubchik (State Bar No. 185520)
   Kurt Ramlo (State Bar No. 166856)
2  **LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.**
   2818 La Cienega Avenue
3  Los Angeles, California 90034
   Tel: (310) 229-1234; Fax: (310) 229-1244
4  dbg@lnbyg.com; kr@lnbyg.com;

5  Attorneys for Defendants The X-Law
   Group, P.C. and Filippo Marchino
6

7  Filippo Marchino (State Bar No. 256011)
   Thomas E. Gray (State Bar No. 299898)
   **THE X-LAW GROUP, P.C.**
8  625 Fair Oaks Ave, Suite 390
   South Pasadena, CA 91030
9  Tel: (213) 599-3380; Fax: (213) 599-3370
   FM@XLAWX.com; TG@XLAWX.com
10

11 Attorneys for Defendant Elba Hernandez, individually
   and as personal representative and successor
12 in interest to Andres Ramirez, deceased

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP,<br><br>          Debtor. | Case No.: 8:19-bk-13560-SC<br><br>Chapter 7<br><br>Adv. No.: 8:20-ap-01086-SC |
| RICHARD A. MARSHACK, Chapter 7 Trustee for Eagan Avenatti, LLP,<br><br>          Plaintiff,<br>   v.<br><br>THE X-LAW GROUP, PC, a professional corporation; FILIPPO MARCHINO, an individual; and ELBA HERNANDEZ, individually and as personal representative and successor in interest to Andres Ramirez, deceased,<br><br>          Defendants. | STIPULATION TO MODIFY SCHEDULING ORDER<br><br>[NO HEARING REQUIRED] |

/ / /

/ / /

/ / /

/ / /

1  TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

2  AND ALL INTERESTED PARTIES:

3      This stipulation ("Stipulation") is entered into by and between Plaintiff, Richard A.

4  Marshack, in his capacity as the chapter 7 trustee ("Trustee") of the bankruptcy estate ("Estate") of

5  Eagan Avenatti, LLP ("Debtor"); and Defendants, The X-Law Group, PC, a professional corporation

6  ("X-Law"); Filippo Marchino, an individual ("Marchino"), Elba Hernandez, individually and as

7  personal representative and successor in interest to Andres Ramirez, deceased ("Hernandez")

8  (collectively, "Parties"), by and through their undersigned counsel as follows:

9  **Recitals**

10      A.    On September 13, 2019, Debtor, through its state court appointed receiver, filed a

11  voluntary petition for bankruptcy under Chapter 7 of Title 11 of the United States Code. Richard A.

12  Marshack is the duly-appointed and acting Chapter 7 Trustee for the Debtor.

13      B.    On May 19, 2020, Trustee filed a complaint initiating the above-captioned adversary

14  proceeding.

15      C.    On September 7, 2021, as Dk. No. 224, the Parties entered into a stipulation

16  extending certain dates and deadlines related to discovery and motion to withdraw reference

17  ("Discovery Stipulation"). On September 7, 2021, as Dk. No. 225, the Court entered an order

18  approving the Discovery Stipulation ("Discovery Order").

19      D.    On December 15, 2021, as Dk. No. 233, the Parties entered into a further stipulation

20  extending certain dates and deadlines related to discovery ("Second Discovery Stipulation"). On

21  December 20, 2021, as Dk. No. 234, the Court entered an order approving the Second Discovery

22  Stipulation ("Second Discovery Order").

23      E.    On February 2, 2022, as Dk. No. 245, the Parties entered into a further stipulation

24  extending certain dates and deadlines related to discovery ("Third Discovery Stipulation"). On

25  February 3, 2022, as Dk. No. 246, the Court entered an order approving the Third Discovery

26  Stipulation ("Third Discovery Order").

27      F.    On February 22, 2022, as Dk. No. 252, the Parties entered into a further stipulation

28  extending certain dates and deadlines related to discovery ("Fourth Discovery Stipulation"). On

February 23, 2022, as Dk. No. 253, the Court entered an order approving the Fourth Discovery

Stipulation ("Fourth Discovery Order").

G.      On April 6, 2022, as Dk. No, 257, the Parties entered into a further stipulation

extending certain dates and deadlines ("Fifth Discovery Stipulation"). On April 11, 2022, as Dk. No.

259, the Court entered an order approving the Fifth Discovery Stipulation ("Fifth Discovery Order").

H.      On July 29, 2022, as Dk. No. 289, the Parties entered into a further stipulation

extending certain dates and deadlines ("Sixth Discovery Stipulation"). On July 29, 2022, as Dk. No.

291, the Court entered an order approving the Sixth Discovery Stipulation ("Sixth Discovery

Order").

I.      On September 22, 2022, as Dk. No 299, the Parties entered into a further stipulation

extending certain dates and deadlines ("Seventh Discovery Stipulation").  On September 22, 2022,

as Dk. No. 300, the Court entered an order approving the Sixth Discovery Stipulation ("Seventh

Discovery Order").

J.      On October 27, 2022, as Dk. No 302, the Parties entered into a further stipulation

extending certain dates and deadlines ("Eighth Discovery Stipulation").  On October 31, 2022, as

Dk. No. 303, the Court entered an order approving the Sixth Discovery Stipulation ("Eighth

Discovery Order").

K.      On March 1, 2023, as Dk. No 308, the Parties entered into a further stipulation

extending certain dates and deadlines ("Ninth Discovery Stipulation").  On March 2, 2022, as Dk.

No. 309, the Court entered an order approving the Ninth Discovery Stipulation ("Ninth Discovery

Order").

L.      Pursuant to the Ninth Discovery Order, the following deadlines are currently in

effect:

1.      The Parties will agree to mutually convenient dates between June 12, 2023

and June 20, 2023 for Defendants to take the deposition of Mr. Abir and Mr.

Parker.

2.     Mr. Parker's and Mr. Abir's date for production of documents pursuant to the
August 17, 2022 subpoenas shall be continued to 21 days before their
depositions.

3.     Defendants' rebuttal expert designations and reports to the reports of Mr.
Parker and Mr. Abir will be due on June 30, 2023.

4.     The deadline for Defendants to file a motion for summary judgment and/or for
partial summary judgment for claims related to the <u>Ramirez</u> litigation is
extended to July 21, 2023.

5.     The reserved date for hearings on any motion for summary judgment is
September 28, 2023 at 11:00 a.m..

M.     Hernandez's counsel and Co-Defendant Filippo Marchino is continuing to undergo
medical treatment due to certain recently arising health issues and accordingly is unable to work on
this case until late August.

N.     Due to Mr. Marchino's ongoing medical treatment, he represents that it is not
possible to follow the current Ninth Discovery Order.

WHEREFORE, due Mr. Marchino's ongoing medical treatment, the Parties stipulate as
follows:

1.     The Parties will agree to mutually convenient dates between September 13 and
September 20, 2023 for Defendants to take the deposition of Mr. Abir and Mr. Parker.

2.     Mr. Parker's and Mr. Abir's date for production of documents pursuant to the August
17, 2022 subpoenas shall be continued to 21 days before their depositions.  It is agreed that the
documents will be produced in electronic form.

3.     Defendants' rebuttal expert designations and reports to the reports of Mr. Parker and
Mr. Abir will be due on October 2, 2023.

4.     The deadline for Defendants to file a motion for summary judgment and/or for partial
summary judgment for claims related to the <u>Ramirez</u> litigation is extended to October 23, 2023.

5.     The reserved date for hearings on any motion for summary judgment is continued
from September 28, 2023, to a date convenient to the Court in or after December 22, 2023.

STIPULATION TO MODIFY SCHEDULING ORDER

6.    This Stipulation may be executed in one or more counterparts and facsimile or electronic signatures may be used in filing this document.

Dated: May 31, 2023                        KELLNER LAW GROUP PC

In Association with,

MARSHACK HAYS LLP

By _D. Edward Hays_____
        D. EDWARD HAYS
        TINHO MANG
        Attorneys for Plaintiff and Chapter
        7 Trustee, RICHARD A.
        MARSHACK

Dated: May 31, 2023                        LEVENE, NEALE, BENDER, YOO & BRILL
                                                       L.L.P.

By____/s/ Kurt Ramlo_____
        DAVID B. GOLUBCHIK
        KURT RAMLO
        Attorneys for Defendants the X-Law
        Group, P.C. and Filippo Marchino

Dated: May 31, 2023                        THE X-LAW GROUP, P.C.

By_____
        FILIPPO MARCHINO
        THOMAS E. GRAY
        Attorneys for Defendant Elba Hernandez

STIPULATION TO MODIFY SCHEDULING ORDER

6. This Stipulation may be executed in one or more counterparts and facsimile or electronic signatures may be used in filing this document.

Dated: May 31, 2023            KELLNER LAW GROUP PC

In Association with,

MARSHACK HAYS LLP

By _____
       D. EDWARD HAYS
       TINHO MANG
       Attorneys for Plaintiff and Chapter
       7 Trustee, RICHARD A.
       MARSHACK

Dated: May 31, 2023            LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By _____.
       DAVID B. GOLUBCHIK
       KURT RAMLO
       Attorneys for Defendants the X-Law
       Group, P.C. and Filippo Marchino

Dated: May 31, 2023            THE X-LAW GROUP, P.C.

By _____
       FILIPPO MARCHINO
       THOMAS E. GRAY
       Attorneys for Defendant Elba Hernandez

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **STIPULATION TO MODIFY SCHEDULING ORDER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 1, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- David B Golubchik    dbg@lnbyg.com, stephanie@lnbyb.com
- D Edward Hays    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- Richard L Kellner    rlk@kellnerlaw.com, irma.c.deleon@gmail.com
- Tinho Mang    tmang@marshackhays.com,
  tmang@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com
- Filippo Marchino    fm@xlawx.com,
  tc@xlawx.com;sg@xlawx.com;tg@xlawx.com;cc@xlawx.com
- Richard A Marshack (TR)    pkraus@marshackhays.com,
  rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- Alan I Nahmias    anahmias@mbn.law, jdale@mbnlawyers.com
- Kurt Ramlo    kr@lnbyg.com, kr@ecf.inforuptcy.com
- John P. Reitman    jreitman@landaufirm.com,
  vrichmond@landaufirm.com;avedrova@landaufirm.com;hrichmond@landaufirm.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL**: On **June 1, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

None.

☐  *Service information continued on attached page*

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 1, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

None.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 1, 2023 | D. Woo | /s/ D. Woo |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# Exhibit B

# Exhibit B

1  David B. Golubchik (State Bar No. 185520)
   Kurt Ramlo (State Bar No. 166856)
2  **LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.**
   2818 La Cienega Avenue
3  Los Angeles, California 90034
   Tel: (310) 229-1234; Fax: (310) 229-1244
4  dbg@lnbyg.com; kr@lnbyg.com;

5  Attorneys for Defendants The X-Law
   Group, P.C. and Filippo Marchino
6
   Filippo Marchino (State Bar No. 256011)
7  Thomas E. Gray (State Bar No. 299898)
   **THE X-LAW GROUP, P.C.**
8  625 Fair Oaks Ave, Suite 390
   South Pasadena, CA 91030
9  Tel: (213) 599-3380; Fax: (213) 599-3370
   FM@XLAWX.com; TG@XLAWX.com
10
   Attorneys for Defendant Elba Hernandez, individually
11 and as personal representative and successor
   in interest to Andres Ramirez, deceased
12

**FILED & ENTERED**

**JUN 02 2023**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

13                    **UNITED STATES BANKRUPTCY COURT**

14            **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

15  | In re | Case No.: 8:19-bk-13560-SC |
    |---|---|
16  | EAGAN AVENATTI, LLP, | Chapter 7 |
    | Debtor. | |
17  | | Adv. No.:  8:20-ap-01086-SC |
18  | RICHARD A. MARSHACK, Chapter 7 Trustee for | **ORDER APPROVING STIPULATION** |
    | Eagan Avenatti, LLP, | **TO MODIFY SCHEDULING ORDER** |
19  | Plaintiff, | |
    | v. | [STIPULATION – DOCKET NO. 313] |
20  | | |
21  | THE X-LAW GROUP, PC, a professional | |
    | corporation; FILIPPO MARCHINO, an | |
22  | individual; and ELBA HERNANDEZ, | |
    | individually and as personal representative | |
23  | and successor in interest to Andres Ramirez, | |
    | deceased, | |
24  | Defendants. | |

25  / / /

26  / / /

27  / / /

28  / / /

1

The Court having read and considered the Stipulation to Modify Scheduling Order[1], filed June 1, 2023, as Docket No. 313 ("Stipulation"), and for good cause shown,

IT IS ORDERED:

1.      The Parties will agree to mutually convenient dates between September 13, 2023 and September 20, 2023 for Defendants to take the deposition of Mr. Abir and Mr. Parker.

2.      Mr. Parker's and Mr. Abir's date for production of documents pursuant to the August 17, 2022 subpoenas shall be continued to 21 days before their depositions.  It is agreed that the documents will be produced in electronic form.

3.      Defendants' rebuttal expert designations and reports to the reports of Mr. Parker and Mr. Abir will be due on October 2, 2023.

4.      The deadline for Defendants to file a motion for summary judgment and/or for partial summary judgment for claims related to the Ramirez litigation is extended to October 23, 2023.

5.      The reserved date for hearings on any motion for summary judgment is continued from September 28, 2023, to January 11, 2024, at 11:00 a.m.

6.      The Pre-Trial conference currently set for November 9, 2023, is continued to February 15, 2024, at 11:00 a.m.

7.      This Stipulation may be executed in one or more counterparts and facsimile or electronic signatures may be used in filing this document.

### 

Date: June 2, 2023

_Scott C Clarkson_
Scott C. Clarkson
United States Bankruptcy Judge

---

[1]  All terms not defined herein are used as they are defined in the Stipulation.

2

# Exhibit C

# Exhibit C

RICHARD L. KELLNER (State Bar No. 171416)
rlk@kellnerlaw.com
KELLNER LAW GROUP PC
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 780-6759
Facsimile: (310) 277-0635

Special Litigation Attorneys for Plaintiff and
Chapter 7 Trustee, RICHARD A. MARSHACK

D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
870 Roosevelt
Irvine, CA  92620
Telephone: 949-333-7777
Facsimile: 949-333-7778

General Counsel for Plaintiff and Chapter 7 Trustee,
RICHARD A. MARSHACK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP,<br><br>              Debtor.<br><hr>RICHARD A. MARSHACK, Chapter 7 Trustee for Eagan Avenatti, LLP,<br><br>              Plaintiff,<br><br>    v.<br><br>THE X-LAW GROUP, PC, a professional corporation; FILIPPO MARCHINO, an individual; ELBA HERNANDEZ, individually and as personal representative and successor in interest to Andres Ramirez, deceased,<br><br>              Defendants. | Case No.: 8:19-bk-13560-SC<br><br>Chapter 7<br><br>Adv. No.:  8:20-ap-01086-SC<br><br>**REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT; DECLARATION OF D. EDWARD HAYS IN SUPPORT**<br><br><u>Hearing Date and Time:</u><br>Date:   July 12, 2022<br>Time:  11:00 a.m.<br>Place:  Courtroom 5C[1]<br>         411 W. Fourth Street<br>         Santa Ana, CA 92701 |

/ / /

/ / /

---

[1] Hearing will be conducted via ZoomGov only.

---

December 15, 2021, as Adv. Dk. No. 233, the parties filed a stipulation seeking an extension of

discovery deadlines to participate in mediation. Thereafter, the parties participated in mediation

which, as stated in the Motion, was conducted on February 3, 2022. After the parties were unable to

reach a settlement during mediation, post-mediation settlement discussions were held but without

success. Approximately one month after mediation was unsuccessful, the Attorney Defendants

refused Trustee's request that they stipulate to leave to amend. (Hays Decl., ¶ 22.)

      Thus, examining the timeline as a whole, there was absolutely no undue delay.  Indeed, the

Attorney Defendants were well aware of Trustee's intent to pursue the allegations contained in the

TAC if settlement could not be reached.

### ii. There is no undue prejudice to the Attorney Defendants in allowing amendment of the complaint after less than one year of discovery.

      Defendants argue that Hernandez will be prejudiced by any further delays in this litigation,

pointing out that "this litigation had been pending for almost two years" at the time that Trustee filed

the Motion. *See* Opposition at 10:10-11. While Plaintiff's complaint was originally filed on May 19,

2020, it was ***Defendants*** who have prolonged the litigation, filing three motions to dismiss (Dk. Nos.

31, 96, 165), a special motion to strike under California's anti-SLAPP laws, a motion for sanctions, a

motion to withdraw the reference, and appeals. To date, all of these motions and appeals have been

unsuccessful.

      In fact, Defendants actually filed their answer on May 20, 2021, over one year after the filing

of the original complaint. Now, Defendants (principally the Attorney Defendants) complain,

oxymoronically: that (1) further discovery is so burdensome as to be *unduly* prejudicial to

Defendants; and (2) further discovery is necessary to prevent prejudice to Defendants. *See*

Opposition at 11:6-7 ("Discovery would have to be reopened, which, as the authorities above

indicate, would be prejudicial. If the Court *did not* open discovery, Defendants would be even more

prejudiced."). Defendants cite no authorities that additional discovery constitutes *per se* undue

prejudice within the meaning of the applicable legal standard – rather, the authorities cited in the

REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
4893-9422-6215v.1015-131.2

1   Motion and restated here are unambiguous regarding the trial court's broad discretion to grant leave

2   to amend.

3          Finally, the amended allegations in the TAC arose out of ordinary-course discovery in this

4   case and it was Defendants that had actual knowledge of the facts and circumstances surrounding the

5   millions of dollars of transfers made by EA to X-Law.  What other discovery could Defendants

6   actually want to pursue to obtain additional information regarding their knowledge of facts at the

7   time of the transfers? If additional discovery is necessary for the Attorney Defendants to adequately

8   defend themselves, Trustee has no objection to the Court reopening discovery solely regarding the

9   amended allegations.

10              **iii.     Defendants' subjective belief that they will prevail at trial does**

11                    **not mean that it is bad faith to proceed with litigation.**

12          The Attorney Defendants attempt to characterize the entire litigation as bad faith litigation

13  based on self-serving testimony regarding confidential settlement negotiations. *See* Opposition at 12-

14  13, Declaration of David B. Golubchik ¶¶ 5-9 (describing confidential settlement negotiations based

15  on one party's recollection and interpretation of such negotiations). None of this rhetoric is material

16  to the Motion, and this highly improper narration from Mr. Golubchik appears intended to

17  prematurely address the adequacy of Trustee's evidence prior to trial.  Further, as this Court has

18  repeatedly cautioned Defendants, it is improper for them to cite to confidential communications in

19  pleadings (*i.e.*, the Court cautioned Defendants to not repeat its prior conduct of providing

20  transcribed conversations between counsel in a discovery dispute) [Hays Decl., ¶ 5.])  Because

21  Plaintiff refuses to compound Mr. Golbuchik's improper conduct of discussing confidential

22  settlement communications by clarifying the context and actual language used, the most that

23  Trustee's counsel can do is lodge an objection to this improper stratagem.

24          Further, Attorney Defendants' denial of the allegations in the TAC is beyond the scope of a

25  motion for leave and hardly constitutes proof that the allegations are meritless. "[T]he arguments and

26  statements of counsel 'are not evidence and do not create issues of material fact…'" *Barcamerica*

27  *International USA Trust v. Tyfield Imports, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002); *see Crowley*

28  *v. Bannister*, 734 F.3d 967, 975 n.1 (9th Cir. 2013) (same). Simply because an attorney's argument

23.     Finally, Attorney Defendants seek to conflate a prior 2017 transaction in which X-Law facilitated a fraudulent transfer of $2.5 million in client money for the purchase of a Honda jet. (Opp., pp. 8-10)  That transaction involved monies **belonging to a client** that were sent to X-Law and then used to pay for Avenatti's Honda jet. (*See* Opp., p. 3:2-8).  With respect to the separate June 18, 2018 EA wire transaction of $1 million to X-Law, Trustee is unaware of any client entitlement to the monies and believe that these monies were attorneys' fees that were in the EA trust account (potentially through the *alter ego* Avenatti & Associates entity).

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 5, 2022.


  */s/. D. Edward Hays*
D. EDWARD HAYS

# Exhibit D

# Exhibit D

<pre>
 1                UNITED STATES BANKRUPTCY COURT

 2                CENTRAL DISTRICT OF CALIFORNIA

 3                         --oOo--

 4  In Re:                      )  Case No. 8:19-bk-13560-SC
                                )
 5  EAGAN AVENATTI, LLP,        )  Chapter 7
                                )
 6         Debtor.              )  Santa Ana, California
    _____)  Thursday, July 14, 2022
 7                              )  11:00 a.m.
                                )
 8  MARSHACK,                   )  Adv. No. 8:20-ap-01086-SC
                                )
 9         Plaintiff,           )
                                )
10     vs.                      )
                                )
11  THE X-LAW GROUP, PC, a      )
    professional corporation,   )
12  et al.,                     )
                                )
13         Defendants.          )
    _____)

14

15                         CONT'D HEARING RE: MOTION FOR
                           LEAVE TO FILE THIRD AMENDED
16                         COMPLAINT

17                  TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE SCOTT CLARKSON
18             UNITED STATES BANKRUPTCY JUDGE

19  APPEARANCES:

20  For the Trustee:           RICHARD L. KELLNER, ESQ.
                               Kellner Law Group, PC
21                             1180 South Beverly Drive
                               Suite 610
22                             Los Angeles, California 90035
                               (310) 780-6759
23

24
    Proceedings produced by electronic sound recording;
25  transcript produced by transcription service.
</pre>

ii

1   APPEARANCES:   (cont'd.)

2   For the Plaintiff/Trustee:        TINHO MANG, ESQ.
                                       Marshack Hays, LLP
3                                      870 Roosevelt
                                       Irvine, California 92620
4                                      (949) 333-7777

5   For The X Law Group and           DAVID B. GOLUBCHIK, ESQ.
       Filippo Marchino:              KURT E. RAMLO, ESQ.
6                                      Levene, Neale, Bender, Yoo
                                          & Golubchik
7                                      2818 La Cienega Avenue
                                       Los Angeles, California 90034
8                                      (310) 229-1234

9   For Elba Hernandez and            FILIPPO MARCHINO, ESQ.
       Andres Ramirez:                THOMAS E. GRAY, ESQ.
10                                     The X-Law Group P.C.
                                       625 Fair Oaks Avenue
11                                     Suite 390
                                       South Pasadena, California
12                                        91030
                                       (213) 599-3380
13

14  Court Recorder:                   Audrey McCall
                                       United States Bankruptcy Court
15                                     411 West Fourth Street
                                       Suite 2030
16                                     Santa Ana, California 92701

17  Transcriber:                      Briggs Reporting Company, Inc.
                                       9711 Cactus Street
18                                     Suite B
                                       Lakeside, California 92040
19                                     (310) 410-4151

20

21

22

23

24

25

23

1  2022, date to August 30, 2022?

2        MR. GOLUBCHIK:  I would have to discuss with my

3  client, but I have a feeling the answer is going to be no.

4        THE COURT:  Okay.  So you're now leaving the

5  plaintiff and the Court with only the option of allowing or

6  disallowing leave to file a third amended complaint?

7        MR. GOLUBCHIK:  That is correct, your Honor.

8  That's what we have.

9        THE COURT:  Okay.

10        MR. GOLUBCHIK:  And when we get to --

11        THE COURT:  Because otherwise it wouldn't be

12  practice, and it certainly wouldn't be effective, because of

13  that deadline.

14        MR. GOLUBCHIK:  Because of the deadline.

15        THE COURT:  Okay.

16        THE CLERK:  Your Honor, (indiscernible) turn off

17  their cell phone.  Thank you.

18        THE COURT:  Mr. Kellner, what are the standards

19  for this Court to grant your motion for leave to file a

20  third amended complaint, the legal standards?

21        MR. KELLNER:  There's generally a four-factor test

22  that the Court looks at, and first is a general rule that,

23  absent prejudice or a strong showing of any the four

24  factors, the presumption is in granting the request.  The

25  factors to look at are undue delay, bad faith or dilatory

24

1  motive on behalf of the moving party, repeated failure to

2  cure deficiencies by amendments previously allowed, and

3  undue --

4          THE COURT:  I'm sorry.  Say that again.

5          MR. KELLNER:  I'm sorry.

6          THE COURT:  Read slower.

7          MR. KELLNER:  I'm sorry.  It is "Repeated failure

8  to cure deficiencies by amendments previously allowed."

9          THE COURT:  Okay.  I got three there.  I didn't

10  get four.

11          MR. KELLNER:  "Undue prejudice to the opposing

12  party," and there's also futility, that this would be all a

13  waste of time.

14          THE COURT:  Would you like to go through your

15  motion and discuss those factors?

16          MR. KELLNER:  I can, if your Honor wants.  So the

17  first one is a question of prejudice.  So I haven't seen any

18  issue of prejudice here.  We've already completed the

19  depositions.  The only prejudice that has been stated is

20  that somehow this would prolong the date for trial for Ms.

21  Hernandez, and my response is twofold.

22          One, we have seen nothing from the other side

23  saying what discovery they would want to take, and the

24  second part is that an easy solution, if there is prejudice,

25  would be to sever out this particular claim and have it

1 separately litigated and tried.  So there's absolutely no

2 prejudice, from my vantage point, on the filing of this

3 motion for relief.  That's number one.

4          By the way, just to let your Honor know that I

5 know that defendants have the right to oppose motions, but

6 we did file this in March of 2022, and, you know, I'm not

7 saying they're using the motion practice as a sword and a

8 shield, but the delay from March to this present date is

9 literally the litigation of this particular motion.

10          THE COURT:  March '22?

11          MR. KELLNER:  Yes.

12          THE COURT:  So we're talking about April, May,

13 June --

14          MR. KELLNER:  Right.

15          THE COURT:  -- three months, 90 days?

16          MR. KELLNER:  I understand, your Honor.  I'm just

17 trying to make a full record here, from my vantage point,

18 the points I made before are the ones that are pertinent,

19 that, again, I haven't heard what other discovery they would

20 need for this, and, quite frankly, if there is any

21 legitimate prejudice from Ms. Hernandez having her,

22 quote/unquote, "day in court," we'd just sever it out and

23 have that separately litigated.

24          THE COURT:  Right.  Now, this motion was filed

25 March 14, 2022?

26

1          MR. KELLNER:  Correct, your Honor.

2          THE COURT:  Can you explain for the record why we

3 are only having this hearing today?

4          MR. KELLNER:  In March, on March 18th, 2022, I

5 believe there was a stipulation that was filed to continue

6 dates, and --

7          THE COURT:  Would you not use shorthand?

8          MR. KELLNER:  -- the hearing was -- in that

9 stipulation, the hearing --

10          THE COURT:  Who entered into that stipulation?

11          MR. KELLNER:  The defendants and the Trustee.

12          THE COURT:  Which defendant?

13          MR. KELLNER:  The attorney defendants.

14          THE COURT:  Okay.  Can you be more specific?

15          MR. KELLNER:  I believe it was X-Law and Filippo

16 Marchino.

17          THE COURT:  Okay.  And stipulation was entered

18 into when?

19          MR. KELLNER:  April 6, 2022, Docket Number 257.

20          THE COURT:  And what did it stipulate?

21          MR. KELLNER:  It stipulated, and I'll quote -- and

22 this is on page nine of our supplemental motion for leave --

23 supplement to the motion to (sic) leave.  It says:

24          "Recently the Office of the U.S.

25          Attorney stated its intention to the

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067

On **July 24, 2023**, a true and correct copy of the foregoing documents entitled

**Notice of Opposition to Motion for Order Granting Leave to Conduct Deposition of Federal Prisoner, Michael J. Avenatti; and Directing Federal Bureau of Prisons to Allow Deposition Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B); Declaration of Kurt Ramlo; and**

### Request for Hearing

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David B Golubchik on behalf of Interested Party Courtesy NEF
dbg@lnbyb.com, stephanie@lnbyb.com

D Edward Hays on behalf of Plaintiff Richard A. Marshack
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Richard L Kellner on behalf of Plaintiff Richard A. Marshack
rlk@kellnerlaw.com, irma.c.deleon@gmail.com

Tinho Mang on behalf of Interested Party Courtesy NEF
tmang@marshackhays.com,
tmang@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com

Filippo Marchino on behalf of Defendant The X-Law Group, PC, a professional corporation
fm@xlawx.com, tc@xlawx.com

Filippo Marchino on behalf of Defendant Young Blue LLC, a limited liability company
fm@xlawx.com, tc@xlawx.com

Filippo Marchino on behalf of Defendant Elba Hernandez, individually and as personal representative and successor in interest to Andres Ramirez, deceased
fm@xlawx.com, tc@xlawx.com

Filippo Marchino on behalf of Defendant Filippo Marchino
fm@xlawx.com, tc@xlawx.com

Filippo Marchino on behalf of Defendant Sandy Le, individually and on behalf of Tina Ngan Le, decedent
fm@xlawx.com, tc@xlawx.com

Richard A Marshack (TR)

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

1  pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

2  Kurt Ramlo on behalf of Defendant The X-Law Group, PC, a professional corporation
   kr@lnbyb.com, kr@ecf.inforuptcy.com

3
   Kurt Ramlo on behalf of Defendant Filippo Marchino
4  kr@lnbyb.com, kr@ecf.inforuptcy.com

5  John P. Reitman on behalf of Plaintiff Richard A. Marshack
   jreitman@landaufirm.com,
6  srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com

7  United States Trustee (SA)
   ustpregion16.sa.ecf@usdoj.gov

8
                                      ☐ *Service information continued on attached page*
9

10 **2.  SERVED BY UNITED STATES MAIL**: I served the following persons and/or entities at the last known
   addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in
   a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.
11 Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than
   24 hours after the document is filed.

12
   Hon. Scott C. Clarkson
13 United States Bankruptcy Court
   Ronald Reagan Federal Building and Courthouse
14 411 West Fourth Street, Suite 5130
   Santa Ana, CA 92701-4593

15
                                      ☐ *Service information continued on attached page*
16
   **3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR**
17 **EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR,
   I served the following persons and/or entities by personal delivery, overnight mail service, or (for those
18 who consented in writing to such service method), by facsimile transmission and/or email as follows.
   Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge
19 will be completed no later than 24 hours after the document is filed.

20 Judge's Copy

21 ~~Bin by 5th floor elevators~~
   ~~Hon. Scott C. Clarkson~~
22 ~~United States Bankruptcy Court~~
   ~~Ronald Reagan Federal Building and Courthouse~~
23 ~~411 West Fourth Street, Suite 5130~~
   ~~Santa Ana, CA 92701-4593~~

24
                                      ☐ *Service information continued on attached page*
25
   I declare under penalty of perjury under the laws of the United States of America that the foregoing is
26 true and correct.

27 **7/24/2023**          Kurt Ramlo                  */s/ Kurt Ramlo*
   *Date*                *Type Name*                 *Signature*
28

   This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                              **F 9013-3.1.PROOF.SERVICE**