

D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, CA 92620

Attorneys for Plaintiff and Chapter 7 Trustee,
RICHARD A. MARSHACK

**FILED & ENTERED**

**MAR 09 2026**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP,<br><br>           Debtor. | Case No.: 8:19-bk-13560-SC<br><br>Chapter 7<br><br>Adv. No.:  8:20-ap-01086-SC |
| RICHARD A. MARSHACK, Chapter 7 Trustee for Eagan Avenatti, LLP,<br><br>           Plaintiff,<br>   v.<br><br>THE X-LAW GROUP, PC, a professional corporation; FILIPPO MARCHINO, an individual; and ELBA HERNANDEZ, individually and as personal representative and successor in interest to Andres Ramirez, deceased,<br><br>           Defendants. | ORDER APPROVING STIPULATION FOR ASSIGNMENT TO MEDIATION AND CONTINUING PRE-TRIAL CONFERENCE AS A MEDIATION STATUS CONFERENCE<br><br><u>Mediation Status Conference</u><br><br>Date:  May 5, 2026<br>Time:  1:30 p.m.<br>Ctrm:  5C |

On March 2, 2026, as Adv. Dk. No. 496, a stipulation ("Stipulation") was filed between Plaintiff, Richard A. Marshack, Chapter 7 trustee ("Trustee" or "Plaintiff"), and Defendants The X-Law Group, P.C., Filippo Marchino, and Elba Hernandez ("Defendants"), in advance of the pre-trial conference on March 3, 2026, seeking assignment of this matter to mediation. The Court has reviewed the Stipulation, considered the arguments of counsel on the record during a hearing held on February 19, 2026, and further statements on the record during the pre-trial conference on March 3, 2026, at 1:30 p.m., and for good cause, the Court enters its order as follows:

IT IS ORDERED:

1.      The Stipulation is approved.

2.      This Adversary is assigned to mediation. Professor, Nancy J. Rapoport, and The Hon. J. Barrett Marum, United States Bankruptcy Judge for the Southern District of California, are both approved as mediators (referred to interchangeably herein as "Mediator"). The Parties shall work to secure mutually agreeable dates to commence mediation, if possible, on or before March 31, 2026 but no later than April 30, 2026. Each side shall pay one-half of any fees and costs of the mediator, if any. For the reasons discussed on the record, for all sums to be paid by the Estate, prior approval by the Court is required, and Trustee shall promptly seek authority from the Court to make such payments from the Estate in compliance with the Federal Rules of Bankruptcy Procedure.

3.      The Mediator is appointed to conduct a mediation for all remaining issues in this adversary proceeding. The parties are ordered to appear and participate in good faith in the mediation conference. If the parties do not come to an independent agreement of such value, the Mediator shall determine the "Settlement Value" of the claims alleged by the Trustee in this adversary proceeding, if any, and is empowered to conduct all proceedings necessary to conduct and complete a mediation of this proceeding.

4.      The Mediation shall be governed by the mutually executed agreement of the parties entitled "SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE" which was executed as of February 19, 2026, and as supplemented by the Addendum executed on March 2, 2026 ("Procedures Agreement"). Such Procedures Agreement shall remain confidential and the parties are authorized to transmit a copy of the Procedures Agreement with certain mutually agreed-upon portions redacted to preserve the independence and impartiality of the Mediator to determine the Settlement Value of the claims; however, the inadvertent or intentional disclosure of any of these redacted provisions to the Mediator shall not prevent the mediation from proceeding and concluding. The violation of this provision shall not constitute grounds to avoid the binding nature of the Procedures Agreement. The entry of this order confirms the modification of the Procedures Agreement, previously agreed upon by the parties, with respect only to paragraph 3(d), where the Mediator shall no longer be informed of the existence of the high/low brackets previously agreed to

by the parties.

     5.    Unless otherwise agreed by all parties in writing, after the earlier of the completion of one day of mediation or the mediator determining that an impasse has been reached, the mediator shall announce that mediation is concluded. Unless the parties reach a consensual written agreement signed by all parties, as soon as practicable after mediation has concluded, the mediator shall serve on all parties, but not file, the report described in the Procedures Agreement.

     6.    Within seven days after service of the mediator's report, the Trustee shall file a motion seeking approval of the compromise pursuant to FRBP 9019.

     7.    The pre-trial conference currently scheduled for March 3, 2026, is vacated. The Court sets a mediation status conference for May 5, 2026, at 1:30 p.m. If the mediation has not concluded and a motion to approve compromise under FRBP 9019 has not been filed prior to April 28, 2026, the Parties shall file a joint status report regarding the status and conclusion of mediation no later than seven days prior to the hearing. If such motion has been filed prior to the mediation status conference, the Court may, on its own motion, continue the mediation status conference to the date and time of the hearing on the motion to approve compromise.

     8.    The Trustee shall promptly serve a copy of this order on the mediators.

####

Date: March 9, 2026

Scott C. Clarkson
United States Bankruptcy Judge

1  APPROVED AS TO FORM AND CONTENT:

2  LEVENE, NEALE, BENDER, YOO, &
   GOLUBCHIK L.L.P.
3
   By:
4      DAVID B. GOLUBCHIK
       Attorneys for Defendants Filippo Marchino
5      & The X-Law Group, P.C.

6

7  THE X-LAW GROUP, P.C.

8
   By:
9      FILIPPO MARCHINO
10     Attorneys for Defendant Elba Hernandez

11 KELLNER LAW GROUP PC

12
   By:  *See next page for signature*
13     RICHARD L. KELLNER
       Special Litigation Counsel for Chapter 7
14     Trustee, Richard A. Marshack

15

16 MARSHACK HAYS WOOD LLP

17
   By:
18     D. EDWARD HAYS
       TINHO MANG
19     General Counsel for Chapter 7 Trustee
       Richard A. Marshack

20

21

22

23

24

25

26

27

28

1  APPROVED AS TO FORM AND CONTENT:

2  LEVENE, NEALE, BENDER, YOO, &
   GOLUBCHIK L.L.P.

3
   By:  *See previous page for signature*
4       DAVID B. GOLUBCHIK
        Attorneys for Defendants Filippo Marchino
5       & The X-Law Group, P.C.

6

7  THE X-LAW GROUP, P.C.

8
   By:  *See previous page for signature*
9       FILIPPO MARCHINO
        Attorneys for Defendant Elba Hernandez
10

11  KELLNER LAW GROUP PC

12
   By:  _____
13       RICHARD L. KELLNER
        Special Litigation Counsel for Chapter 7
14       Trustee, Richard A. Marshack

15

16  MARSHACK HAYS WOOD LLP

17
   By:  *See previous page for signature*
18       D. EDWARD HAYS
        TINHO MANG
19       General Counsel for Chapter 7 Trustee
        Richard A. Marshack
20

21

22

23

24

25

26

27

28