RICHARD L. KELLNER (State Bar No. 171416)
rlk@kellnerlaw.com
KELLNER LAW GROUP PC
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 780-6759
Facsimile: (310) 277-0635

Special Litigation Attorneys for Plaintiff and
Chapter 7 Trustee, RICHARD A. MARSHACK

*In Association with,*

D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, CA 92620
Telephone: 949-333-7777
Facsimile: 949-333-7778

General Counsel for Plaintiff and Chapter 7 Trustee,
RICHARD A. MARSHACK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP,<br><br>Debtor. | Case No.: 8:19-bk-13560-SC<br><br>Chapter 7<br><br>Adv. No.: 8:20-ap-01086-SC |
| RICHARD A. MARSHACK, Chapter 7 Trustee for Eagan Avenatti, LLP,<br><br>Plaintiff,<br><br>v.<br><br>THE X-LAW GROUP, PC, a professional corporation; FILIPPO MARCHINO, an individual; and ELBA HERNANDEZ, individually and as personal representative and successor in interest to Andres Ramirez, deceased,<br><br>Defendants. | PLAINTIFF'S SUPPLEMENT TO MEDIATION STATUS CONFERENCE<br><br><u>Continued Mediation Status Conference</u><br><br>Date: November 17, 2026<br>Time: 1:30 p.m.<br>Ctrm: 5C |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, DEFENDANTS, AND ALL INTERESTED PARTIES:

Plaintiff, Richard A. Marshack, the chapter 7 trustee ("Trustee") of the bankruptcy estate ("Estate") of Eagan Avenatti, LLP ("Debtor"), and plaintiff in this action, submits this supplement pursuant to the Court's tentative ruling in advance of the mediation status conference on November 17, 2026, at 1:30 p.m.

## 1. Restatement of Facts and Plaintiff's Supplemental Statement

On April 29, 2026, the parties attended a mediation in this matter before the Hon. J. Barrett Marum, United States Bankruptcy Judge ("Mediator").

On September 8, 2026, the Mediator issued his determination of the settlement value of the action as previously contemplated by the parties.

On October 22, 2026, Trustee's counsel circulated to Defendants' counsel the proposed definitive settlement agreement required by the parties' existing written agreement. A true and correct copy of that draft agreement is enclosed hereto as Exhibit "1."

Since the filing of the mediation status report on November 5, 2026, the parties have been in some communication via e-mail and telephone. Defendants have generally claimed that some changes are needed to the draft settlement but have yet to provide any redlined revisions, despite Trustee's counsel's requests for them to do so. Once Trustee receives the proposed revisions, Trustee will diligently respond. Trustee appreciates the Court's facilitation and acceleration of this process and will cooperate to expedite the settlement – especially after reviewing Defendants' draft pursuant to this Court's tentative order.

Dated: November 16, 2026

KELLNER LAW GROUP PC

By: ______________________
RICHARD L. KELLNER

In Association with,

MARSHACK HAYS WOOD LLP

By: */s/ Tinho Mang*
D. EDWARD HAYS
TINHO MANG
Attorneys for Plaintiff and Chapter 7 Trustee, RICHARD A. MARSHACK

# Exhibit “1”

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and Mutual General Release ("Settlement Agreement") is made and entered into as of September 8, 2026, by and between (i) Richard A. Marshack, in his capacity as Chapter 7 Trustee ("TRUSTEE") for the bankruptcy estate ("Estate") of Eagan Avenatti, LLP ("EA"), *In re Eagan Avenatti, LLP,* Case No. 8:19-bk-13560-SC ("EA Bankruptcy Case"), pending in the United States Bankruptcy Court, Central District of California, Santa Ana Division ("Bankruptcy Court"), and (ii) Elba Hernandez ("HERNANDEZ"), The Estate of Andres Ramirez ("RAMIREZ"), The X-Law Group, P.C. ("X-LAW"), and Filippo Marchino ("MARCHINO" and, collectively with HERNANDEZ, RAMIREZ, and X-LAW, the "DEFENDANTS"). The TRUSTEE and DEFENDANTS shall be collectively referred to as the "Parties" and singularly as a "Party." The Parties hereby stipulate, represent, and agree as follows:

## RECITALS

A. On September 13, 2019 ("Petition Date"), EA, through its court-appointed receiver, filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code commencing the EA Bankruptcy Case.

B. The TRUSTEE was appointed by the Office of the United States Trustee on September 13, 2019.

DRAFT

C. On May 19, 2020, the TRUSTEE filed an adversary complaint against DEFENDANTS, commencing adversary Case Number 8:20-ap-01086-SC ("ACTION"). In the ACTION, the TRUSTEE asserted four claims for relief under various theories.

D. The ACTION is presently pending before the Hon. Scott C. Clarkson, United States Bankruptcy Judge for the Central District of California.

E. On March 2, 2026, as Docket No. 496 in the ACTION, the Parties filed a Stipulation for Assignment to Mediation ("Stipulation") pursuant to a separate agreement referred to in the Stipulation as the "Settlement Agreement and Mutual General Release" and "Addendum" (collectively "Procedures Agreement"). The Procedures Agreement and Stipulation bound the parties to settle the ACTION for the amount determined by the Mediator subject to a floor and ceiling.

F. On March 9, 2026, as Dk. No. 497, the Court entered an Order approving the Stipulation ("Order").

G. On April 29, 2026, the Parties attended an in-person mediation before the Hon. J. Barrett Marum, United States Bankruptcy Judge ("Mediator"). At the conclusion of the mediation and the discussions afterwards, the Parties reached an impasse. After the mediation, the Mediator conducted additional efforts to determine if the parties could reach a settlement. When no settlement was reached, the matter was submitted to the Mediator for his binding determination of the settlement value of the ACTION pursuant to the Procedures Agreement, Stipulation, and Order.

H. On September 8, 2026, the Mediator made his determination that the settlement value of the ACTION was [redacted] plus daily interest of [redacted] from and after September 8, 2026. [redacted] ("SETTLEMENT AMOUNT").

I. On September 17, 2026, the Bankruptcy Court entered an order dismissing the A&A BANKRUPTCY. The dismissal of the A&A BANKRUPTCY is on appeal.

J. Pursuant to Paragraph 4(a) of the Procedures Agreement, the Parties enter into this long-form settlement agreement upon the following terms and conditions.

K. Pursuant to the Procedures Agreement, if the Trustee does not timely receive the full SETTLEMENT AMOUNT, the Trustee may file a previous Stipulation for Entry of Judgment signed by the parties and provide the Court with the previously agreed-upon form of Stipulated Judgment to be entered jointly and severally against the DEFENDANTS.

L. Subject to Court approval, and solely to avoid the further expense, inconvenience, delay, and uncertainty of future litigation, and without admission of liability in any respect, the Parties have negotiated the terms of this Agreement as set forth herein.

## AGREEMENT

DRAFT

**NOW THEREFORE,** pursuant to the foregoing Recitals, which are true and correct, and for good and valuable consideration, the sufficiency of which is acknowledged by the Parties, the Parties agree as follows:

## ARTICLE 1.
## Court Approval

**1.1 Court Approval.** Promptly after full execution of this Agreement, the Trustee shall file a motion seeking approval of this Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019 ("9019 Motion"). The TRUSTEE shall be responsible for preparation and filing of the 9019 Motion within one week after receipt of a fully executed copy of this final Settlement Agreement. The Parties agree to cooperate in seeking Bankruptcy Court approval of this Agreement and any required extension of deadlines in the ACTION pending approval of this Agreement. The Parties hereby reaffirm their agreement to waive any objections or grounds to contest or appeal the determination of the Mediator of the SETTLEMENT AMOUNT, the terms of prior agreements and orders relating to the settlement, and any potential resulting judgment or obligation. Neither Party shall file or cause any objections to the approval of the Settlement, nor any appeals of the same. If the Bankruptcy Court denies approval of the Settlement Agreement, or in any way limits the releases contained therein, then it shall be null and void and the Parties shall resume litigation of the ACTION.

**1.2 Standstill.** Pending entry of an order by the Bankruptcy Court granting or denying the 9019 Motion, the Parties shall execute one or more stipulations to extend all deadlines in the ACTION, if necessary. After the entry of the 9019 Order and pending full performance of the requirements of this Agreement, the Parties agree that all dates and deadlines in the ACTION shall be vacated.

## ARTICLE 2.
## Effective Date

**2.1 Effective Date.** The term "Effective Date" means the date on which all of the following conditions precedent to effectiveness of this Agreement have been satisfied:

**2.1.1** Execution of this Agreement by all Parties; and

**2.1.2** Entry of a final order of the Bankruptcy Court approving this Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019 and granting the 9019 Motion ("9019 Order").

## ARTICLE 3.
## Terms of Settlement

**3.1 Settlement Payment.** The Settlement Amount to be paid to TRUSTEE is One Million, Seven Hundred Fifty Thousand United States Dollars ($1,750,000) ("Settlement Payment"). ¶ 4(c) of the Procedures Agreement provides:

> "The Settlement shall provide for the payment of the Settlement Amount by DEFENDANTS to TRUSTEE's bankruptcy estate account: the entire settlement amount shall be paid within 90 days after entry of the Order by the United States Bankruptcy Court for the Central District of California approving the compromise."

DRAFT

**3.1.1 Release of Gammill Law Funds.** Five Hundred Thousand United States Dollars ($500,000) were previously deposited by X-Law into the trust account of GAMMILL LAW and governed by a separate agreement. Defendants agree that GAMMILL LAW shall promptly remit, no later than 10 calendar days after entry of the 9019 Order, the entire sum of $500,000 to the TRUSTEE. Such funds shall be credited towards the Settlement Payment upon receipt by the TRUSTEE.

**3.1.2 Balance of the Settlement Payment.** The balance of the Settlement Payment (the $1,750,000 settlement minus the $500,000 payment from GAMMILL LAW trust account or $1,250,000.00) must be timely paid to avoid entry of the Stipulated Judgment referenced in ¶ 3.2, below.

**3.2 Stipulated Judgment.** In connection with the Procedures Agreement, a separate stipulated judgment was provided as a condition of enforcement. If DEFENDANTS fail to timely pay the Settlement Payment, the TRUSTEE may immediately file the stipulation for entry of judgment with the Court along with a sworn statement regarding the default, and seek entry of the stipulated judgment by the Court, including the imposition of additional attorneys' fees and interest.

> "IT IS ORDERED, ADJUDGED, AND DECREED that judgment is entered in favor of Plaintiff in the principal amount of $_______, representing the amount of the settlement agreement between the parties, minus the funds already received by the Plaintiff, jointly and severally against all Defendants, Defendants [sic], THE X-LAW GROUP, PC, a professional corporation, FILIPPO MARCHINO, an

individual, ELBA HERNANDEZ, an individual, and THE ESTATE OF ANDRES RAMIREZ."

**3.3** The Stipulation for Entry of Judgment provides that the amount of the blank in the foregoing quoted provision from the Judgment will be completed by the Bankruptcy Court upon proof of the Settlement Value as determined by the Mediator less payments received, if any, prior to entry of the Judgment.

**3.4** **Dismissal of Action.** Conditioned upon timely receipt of the full Settlement AMOUNT, the TRUSTEE shall prepare and DEFENDANTS shall execute a stipulation for dismissal of the ACTION, with prejudice. Such stipulation for dismissal shall be transmitted to DEFENDANTS within two business days after the TRUSTEE's receipt of timely payment. Upon receipt of such fully executed stipulation, the TRUSTEE shall promptly file it with the Court.

## ARTICLE 4.
## Representations and Warranties

**4.1** **No Additional Representations or Admissions.** Each Party represents and warrants that it has not transferred or assigned any of its rights, claims, or defenses prior to execution of this Agreement. Except for the representations and warranties expressly set forth in this Settlement Agreement, each Party acknowledges that he/she/it has relied wholly upon his/her/its own judgment, belief and knowledge of the existence, nature and extent of each claim, demand or cause of action that it may have against the other Party, which is to be released pursuant to this Settlement Agreement and that he/it has not been influenced to any extent in entering into this Settlement Agreement by any representation or statement regarding any such claim, demand or cause of action made by the other Party (except as expressly set forth in this Settlement Agreement).

DRAFT

## ARTICLE 5.
## Releases

**5.1** **Mutual General Release.** Except as to the obligations imposed upon the Parties as provided herein and expressly conditioned upon the receipt of the full and timely Settlement Amount, the TRUSTEE, and his successors and assigns, and each of them, on the one hand, and DEFENDANTS, and their successor and assigns, and each of them, on the other hand, do hereby forever relieve, release, acquit, and discharge the other(s). These releases extend the Parties' respective predecessors, successors, and assigns, and their respective past and present agents, attorneys, accountants, insurers, representatives, affiliates, partners, subsidiaries, officers, employees, directors, and shareholders, and each of them (collectively, the "Released Parties"), and apply to any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, costs and expenses (including, but not limited to, attorneys' fees), damages, injuries, actions and causes of action, of whatever kind or nature, whether legal or equitable, known or unknown, suspected or unsuspected, contingent or fixed, which the Parties, or any of them, now own or hold or have at any time heretofore owned or held or may at any time hereafter own or hold against the Released Parties, or any of them, by reason of any acts, facts, transactions or any circumstances whatsoever occurring or existing through the date of this Agreement, including, but not limited to, those based upon, arising out of, appertaining to, or in connection with the Recitals above, the

ACTION, the administration of the EA Bankruptcy Case, any right to assert a proof of claim against the EA Bankruptcy Estate, and/or the facts pertaining to this Agreement.

**5.1.1** As to the matters released herein, the Parties, and each of them, expressly waive any and all rights under Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

**5.1.2** For the avoidance of doubt, the Parties neither release Michael J. Avenatti for any reason whatsoever, nor to Avenatti & Associates, APC. The releases provided under this Agreement do not affect, in any way, the ongoing appeal over the dismissal of the A&A BANKRUPTCY or claims that any Party may have against A&A.

**5.1.3** Nothing in this Agreement shall be construed as a waiver by the TRUSTEE or his agents, attorneys, or professionals of any claim which is not property of the bankruptcy estate of Eagan Avenatti, LLP.

DRAFT

## ARTICLE 6.
## <u>Miscellaneous</u>

**6.1 Successors and Assigns.** This Settlement Agreement shall be binding on and shall inure to the benefit of the Parties and as may be applicable, their respective heirs, legal representatives, successors, and assigns.

**6.2 Choice of Law.** This Settlement Agreement is entered into and shall be performed in the State of California and shall be governed by and construed and interpreted in accordance with its internal laws and without regard to otherwise applicable principles of conflicts of laws or choice of laws, whether by statute, rule or judicial determination and whether of the State of California or any other jurisdiction.

**6.3 Interpretation.** Each of the Parties is represented by counsel and has reviewed this Settlement Agreement and agrees that any question of interpretation shall not be resolved by any rule providing for interpretation against the drafting Party. Whenever possible, each provision of this Settlement Agreement shall be interpreted in such manner as to be valid under applicable substantive laws (excluding choice of laws) of California.

**6.4 No Inducement.** Each Party acknowledges and represents to the other Party that no promise, representation or inducement not expressed herein has been made in connection with this Settlement Agreement.

**6.5 No Admission of Liability.** The execution of this Settlement Agreement and the performance of its terms and conditions effectuate the settlement of claims which are contested and denied. Nothing contained in this Settlement Agreement, nor the performance of any act

hereunder is or shall be construed as an admission by any Party of any wrongdoing or liability of any kind to the other Party.

**6.6 Attorneys' Fees and Costs.** The Parties shall bear their own attorneys' fees and costs in connection with (i) the ACTION; and (ii) the negotiation of the terms, preparation, and performance of this Settlement Agreement. If any legal action is necessary to interpret or enforce the terms and conditions of this Settlement Agreement, the substantially prevailing Party shall be entitled to recover all costs of suit, statutory interest, and attorneys' fees and expenses incurred as determined by the court in that action. In the event of a default, this provision does not alter the TRUSTEE's right to recovery attorneys' fees, costs, and interest pursuant to the terms of the Stipulation for Entry of Judgment.

**6.7 Jurisdiction and Venue.** Each Party hereby irrevocably consents to the exclusive personal jurisdiction of and proper venue in the Bankruptcy Court for the Central District of California in the Eagan Avenatti bankruptcy for the trial, entry of findings, entry of final orders and judgments solely for the purpose of resolving all disputes under, arising from or out of or relating to this Settlement Agreement, or the Parties' rights and obligations with respect thereto. The present is not to be construed, and will not be posited to be, a waiver of any right of the Parties was the Bankruptcy Court to refuse the Settlement Agreement.

**6.8 Additional Documents.** Each Party agrees to execute, and as appropriate cause to be acknowledged, and deliver such additional documents and instruments and perform such further acts as may be reasonably necessary or appropriate to effectuate the purposes of this Settlement Agreement.

DRAFT

**6.9 Notices.** Any notice, service or demand permitted under this Settlement Agreement may be given by electronic mail (with proof of receipt), postage prepaid first-class mail, Federal Express (or other over-night delivery service) (with proof of receipt), or personal delivery as follows:

> **To the Trustee**: c/o Richard Kellner (rlk@kellnerlaw.com) of Kellner Law Group P.C., 315 South Beverly Drive, Suite 504, Beverly Hills, CA 90212; copy to Ed Hays (ehays@marshackhays.com) and Tinho Mang (tmang@marshackhays.com) of Marshack Hays Wood LLP, 870 Roosevelt, Irvine, CA 92620.
>
> **To Defendants**: c/o Filippo Marchino (FM@xlawx.com) of The X-Law Group PC, 625 Fair Oaks Ave, Suite 390, South Pasadena, CA 91030.

**6.10 Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

**6.11 Signing by Facsimile and in Counterparts.** This Settlement Agreement may be executed by facsimile or pdf signature in separate counterparts and shall become effective when such separate counterparts have been exchanged between the Parties.

**6.12 Entire Agreement.** This Settlement Agreement contains the entire understanding between the Parties and supersedes any prior negotiations, representations, understandings, and agreements, whether oral or written, between them concerning its subject. No waiver of any of the

provisions of this Settlement Agreement shall be a continuing waiver unless expressly provided in writing.

IN WITNESS WHEREOF, the Parties hereto have executed this Settlement Agreement as of the date and year set forth below.

Dated: October __, 2026

THE BANKRUPTCY ESTATE OF EAGAN AVENATTI, LLP

By: ___________________________________
Richard A. Marshack, Chapter 7 Trustee

Dated: October __, 2026

THE X-LAW GROUP PC

By: ___________________________________
Filippo Marchino, President

Dated: October __, 2026

FILIPPO MARCHINO

By: ___________________________________
Filippo Marchino, Self

Dated: October __, 2026

ELBA HERNANDEZ

By: ___________________________________
Elba Hernandez, Self

Dated: October __, 2026

The Estate of Andres Ramirez

By: ___________________________________
Elba Hernandez, Mother

DRAFT

**APPROVED AS TO FORM:**

MARSHACK HAYS WOOD LLP

By:______________________________
D. Edward Hays
Attorneys for Plaintiff and Chapter 7 Trustee, Richard A. Marshack

**APPROVED AS TO FORM:**

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.

By:______________________________
David B. Golubchik
Attorneys for Defendants The X-Law Group, P.C. and Filippo Marchino

KELLNER LAW GROUP PC

By: ______________________________
Richard L. Kellner
Special Litigation Counsel for Chapter 7 Trustee, Richard A. Marshack

DRAFT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **PLAINTIFF'S SUPPLEMENT TO MEDIATION STATUS CONFERENCE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 16, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**: On **November 16, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 16, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 16, 2026 | Cynthia Bastida | */s/ Cynthia Bastida* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): CONTINUED:

- **ATTORNEY FOR DEFENDANT THE X-LAW GROUP, PC and DEFENDANT FILIPPO MARCHINO:** David B Golubchik dbg@lnbyg.com, dbg@lnbyg.com
- **ATTORNEY FOR PLAINTIFF RICHARD A MARSHACK:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; alinares@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR PLAINTIFF RICHARD A MARSHACK:** Richard L Kellner rlk@kellnerlaw.com, irma.c.deleon@gmail.com
- **ATTORNEY FOR PLAINTIFF RICHARD A MARSHACK:** Tinho Mang tmang@marshackhays.com, tmang@ecf.courtdrive.com; alinares@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com
- **DEFENDANT AND ATTORNEY FOR DEFENDANT THE X-LAW GROUP, PC; DEFENDANT YOUNG BLUE LLC; DEFENDANT ELBA HERNANDEZ, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE AND SUCCESSOR IN INTEREST TO ANDRES RAMIREZ, DECEASED; DEFENDANT FILIPPO MARCHINO; and DEFENDANT SANDY LE, INDIVIDUALLY AND ON BEHALF OF TINA NGAN LE, DECEDENT:** Filippo Marchino fm@xlawx.com, tc@xlawx.com; sg@xlawx.com; tg@xlawx.com; cc@xlawx.com
- **CHAPTER 7 TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **MEDIATOR ALAN I NAHMIAS:** Alan I Nahmias anahmias@mbn.law, jdale@mbn.law
- **ATTORNEY FOR DEFENDANTS THE X-LAW GROUP, PC; DEFENDANT ELBA HERNANDEZ, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE AND SUCCESSOR IN INTEREST TO ANDRES RAMIREZ, DECEASED; and DEFENDANT FILIPPO MARCHINO:** Kurt Ramlo kr@lnbyb.com, kr@ecf.courtdrive.com
- **ATTORNEY FOR PLAINTIFF RICHARD A MARSHACK:** John P. Reitman jreitman@landaufirm.com, vrichmond@landaufirm.com; amendes@landaufirm.com; hrichmond@landaufirm.com
- **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov